**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
May Mallari, Esq. (SBN 207167)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019
E-mail: Toni@tjjlaw.com | May@tjjlaw.com

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811
E: balexander@amfllp.com

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICHAEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiffs,<br>vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>1. Excessive Force Fourth Amendment (42 U.S.C. § 1983)<br>2. Substantive Due Process Fourteenth Amendment: Interference with Familial Relationship (42 U.S.C. § 1983)<br>3. Municipal Liability (Monell): Inadequate Training, Ratification, Unconstitutional Custom and Practice<br>4. Battery (Wrongful Death)<br>5. Negligence (Wrongful Death)<br>6. Violation of the Bane Act (Cal. Civil Code § 52.1)<br>7. Violation of the Ralph Civil Rights Act (Cal. Civil Code §51.7)<br>8. Intentional Infliction of Emotional Distress |

[DECLARATIONS OF MICKEL LEWIS JR., ORIONA LEWIS, and BRIONA LEWIS, PURSUANT TO CCP 377.32 FILED CONCURRENTLY]

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This is a civil rights and state tort action that seeks compensatory damages from the Defendants generally and punitive damages from Defendant Jason Ayala for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' father, Mickel E. Lewis Sr. on October 2, 2020.

2. Plaintiffs Mickel Erick Lewis Jr., Oriona Lewis, and Briona Lewis are the children and successors-in interest to Mickel E. Lewis Sr., an unarmed, 39 year-old African American man who was subjected to an unwarranted vehicle stop, then shot multiple times primarily in the back, by Kern County Sheriff's deputy, Deputy Ayala. After shooting him, Ayala took no action to seek immediate emergency medical care and attention before Mickel E. Lewis Sr. died on the street.

3. In the aftermath of Defendant Ayala killing Plaintiffs' father, Defendants engaged in acts of intimidation and harassment by (a) having multiple officers in marked Sheriff's vehicles congregate adjacent to the memorial, and surround and surveil Plaintiffs and their loved ones as they gathered to mourn the unjustified shooting and wrongful killing of Lewis Sr.; (b) making repeated passes by the memorial, and engaging in hide-and-seek maneuvers from their vehicles, and following Plaintiffs and Lewis Sr.'s loved ones home from the memorial; and (c) threatening adjacent business owners not to communicate or cooperate with Plaintiffs or their counsel as they gathered information and evidence.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983, 1985, 1986, and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §§1331,1343,and 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. **Decedent**: At all relevant times, MICKEL E. LEWIS SR. ("DECEDENT") was of mixed heritage, outwardly appearing and identifying as African American. He was also of German heritage. DECENDENT was a father, and an individual residing in the City of Mojave, California.

7. **Plaintiffs:** All Plaintiffs MICKEL ERICH LEWIS JR., ORIONA LEWIS and BRIONA LEWIS ("PLAINTIFFS") are individuals residing in the City of Mojave, California and are the biological children of DECEDENT. PLAINTIFFS sue both in their individual capacity and in a representative capacity as successors-in-interest to the DECEDENT, pursuant to California Code of Civil Procedure § 377.60. PLAINTIFFS seek both survival and wrongful death damages under federal and state law.

8. **Public Entity Defendant:** At all relevant times, Defendant KERN COUNTY ("COUNTY") was and is a municipal corporation existing under the laws of the State of California. COUNTY is a governmental subdivision of the State of

California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring the actions, omissions, policies, procedures, practices and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendant Deputy JASON AYALA and the DOE defendants.

9. **Individual Defendant**: At all relevant times, Defendant Deputy JASON AYALA ("AYALA") is a law enforcement deputy of the Sheriff's Department of the COUNTY. AYALA was acting under color of law within the course and scope of his duties as a Sheriff's deputy of the COUNTY. AYALA was acting with complete authority and ratification of his principal, Defendant COUNTY.

10. At all times mentioned herein, Defendant COUNTY had a legal duty to oversee and supervise the hiring, conduct and employment of Defendant AYALA.

11. All of the acts complained of herein by the PLAINTIFFS against Defendants were done and performed by said Defendants by and through their authorized agents and employees, namely AYALA, whom at all relevant times herein was acting within the course, purpose, and scope of said service and/or employment capacity. Moreover, Defendant COUNTY ratified AYALA and all of the acts complained of herein.

12. Defendant AYALA is sued both in his individual and personal capacity, as well as in his official capacity as a deputy of COUNTY's Sheriff's Department.

13. PLAINITFFS are informed and believe, and based thereon allege, that each of the Defendants DOES 1-20, inclusive ("DOES") were engaged in law enforcement as deputies, deputy sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COUNTY, duly employed as a police officer or sheriff's deputy by the COUNTY OF KERN Sherriff's Department,

who were acting in the course and scope of his/her employment at all times relevant to the acts and omissions herein alleged. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants. Each defendant, including DOES 1-20 inclusive are collectively referred to as "DEFENDANTS."

14. PLAINTIFFS are informed and believe, and based thereon allege, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On November 23, 2020, PLAINTIFFS filed a timely tort claim for damages with COUNTY in substantial compliance with California Government Code §910.

16. On or about December 10, 2020, the County of Kern sent a notice of rejection of PLAINTIFFS' claims.

## FACTUAL ALLEGATIONS

17. PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint as if fully set forth at length herein.

18. On October 2, 2020 at approximately 9.00 pm in the City of Mojave, AYALA initiated an unwarranted traffic stop of DECEDENT seconds after DECEDENT existed the driveway of the drive-through restaurant, Wienershnitzel, having just finished speaking to his daughter, Plaintiff BRIONA LEWIS, who was employed at that business establishment.

19. In the absence of reasonable suspicion or probable cause, AYALA followed and stopped DECEDENT's vehicle near the corner of "K" Street and Mono Street, behind the Denny's restaurant and Wienerschnitzel.

20. During the traffic stop, and after DECENDENT exited the vehicle, DECEDENT and AYALA engaged in conversation at various locations between and adjacent to DECEDENT and the Sheriff's vehicle. Ultimately, while DECEDENT was standing in the open car door of his vehicle with his back facing AYALA, AYALA issued a command that DECEDENT turn and walk toward the rear of DECEDENT's vehicle where AYALA was standing well over a car-length away. In response to AYALA's command, DECEDENT began to turn in the direction of AYALA. However, before DECEDENT was fully turned, without provocation and despite DECEDENT being unarmed with his hands up in surrender, AYALA shot DECEDENT six times in the back and side, with no bullet entering the front of DECEDENT's torso. At no time did this unarmed DECEDENT pose a threat of serious bodily injury or death to AYALA.

21. On information and belief, AYALA failed to issue a warning that deadly force was going to be used before shooting the DECEDENT, despite it being feasible to do so.

22. In the immediate aftermath of AYALA's use of deadly force, when it was readily evident that DECEDENT was seriously injured, a video recording shows that AYALA failed to perform life saving measures or to immediately summon medical care to treat the DECENDENT. The delay of expert medical care and assistance for the DECEDENT was a contributing cause of DECEDENT's harm, injury, pain, suffering and ultimate death. DECEDENT died in front of Plaintiff BRIONA LEWIS, who arrived shortly after the shooting to find her father dying and/or dead on the street.

23. In the aftermath of the shooting death of their father, and while

PLAINTIFFS and other grieving family members visited the site of the shooting to grieve, place flowers and tokens of love to commemorate DECEDENT's life, DEFENDANTS engaged in acts of intimidation and harassment against PLAINTIFFS, by (a) having multiple officers in multiple vehicles circle and congregate adjacent to the memorial; (b) by lining up in a show of force and callously laughing, yelling and glaring at PLAINTIFFS and family members, in a show of visible presence, while PLAINTIFFS mourned; (c) engaging in hide-and-seek maneuvers and making repeated vehicle passes by the memorial; (d) threatening witnesses not to communicate or cooperate with PLAINTIFFS or their counsel in collecting video evidence or statements from adjacent business establishments; and (e) following Plaintiffs and DECEDENT's loved ones home from the memorial.

24. Thereafter, Defendants authored and published a false narrative of the incident to the general public, with the objective of persuading and misleading the public and potential jurors that DECEDENT somehow provoked this incident, and that AYALA was justified in using deadly force against the DECEDENT, all of which is based on false and fabricated facts.

25. PLAINTIFFS are the DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to the DECENDENT's interest in this action as the natural children of the DECENDENT.

## <u>FIRST CLAIM</u>

**Excessive Force-Fourth Amendment**

**(42 U.S.C. § 1983)**

(Against AYALA and DOE OFFICERS)

26. PLAINTIFFS repeat, reallege, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

27. On October 2, 2020, Defendant AYALA was employed as a sheriff's

deputy of Defendant COUNTY. AYALA used excessive force against the DECEDENT when AYALA shot at the DECEDENT six times in the absence of reasonable suspicion or probable cause and failed to provide timely, appropriate medical attention and care to the DECEDENT. Defendant AYALA's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. As a result of the Defendant AYALA's actions, DECEDENT suffered unprecedented physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life and loss of earning capacity.

29. The conduct of Defendant AYALA was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant AYALA.

30. The use of force, namely the shooting, was excessive and unreasonable, and the DECEDENT posed no immediate threat of death or serious bodily injury to AYALA or to any other individual at the time of the shooting, as DECEDENT was unarmed, was complying with directions issued by AYALA and was in a position of surrender. Further, Defendant AYALA's shooting violated not only his training but that of standard police officer training.

31. PLAINTIFFS bring this claim as successors-in-interest to the DECEDENT, and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life and loss of enjoyment of life, for the violation of DECEDENT's rights.

32. As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to

reasonable attorney's fees and costs of suit.

## SECOND CLAIM

**Substantive Due Process (42 U.S.C. § 1983)**

(Against AYALA and DOE OFFICERS)

33. PLAINTIFFS repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

34. PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in PLAINTIFFS familial relationship with their father, DECEDENT.

35. The aforementioned actions of Defendant AYALA along with other undiscovered and discovered conduct, namely threats and intimidation incited by Defendant COUNTY, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of PLAINTIFFs, and with purpose to harm unrelated to any legitimate law enforcement objective.

36. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Defendant AYALA and COUNTY thus violated the substantive due process rights of PLAINTIFFS to be free from unwarranted interference with their familial relationship with DECEDENT.

37. As a direct and proximate cause of the acts of Defendant AYALA and COUNTY, PLAINTIFFS suffered emotional distress, mental anguish, and pain. PLAINTIFFS have also been deprived of having the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

38. The conduct of Defendant AYALA and COUNTY were willful, wanton, malicious, and done with reckless disregard for the rights and safety of the DECEDENT and PLAINTIFS and therefore warrants the imposition of exemplary and punitive damages as to Defendant AYALA.

39. PLAINTIFFS bring this individually for the interference with their relationship with their DECEDENT father and seek wrongful death damages for the violation of PLAINTIFFS' rights.

40. As a direct and proximate result of Defendants conduct, as alleged herein, Plaintiffs have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

**THIRD CLAIM**

**Municipal Liability (Monell)**

**Inadequate Training, Ratification, Unconstitutional Custom and Practice**

**(42 U.S.C. § 1983)**

(Against All Defendants)

41. PLAINTIFFS repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

42. Defendant AYALA acted under color of law.

43. The action of Defendant AYALA deprived DECEDENT and PLAINTIFFS of their particular rights under the United States Constitution.

44. A final policymaker, acting under the color of law, who had final policymaking authority concerning the acts of Defendant AYALA, ratified Defendant AYALA's acts and the basis for them. The final policymaker knew of and specifically approved Defendant AYALA's acts.

45. Defendant COUNTY failed to adequately and properly train its Deputies to handle the usual and recuring situations with which they must deal, or how, when

and under what circumstances lethal and nonlethal use of force is warranted. in the event that such force was warranted.

46. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

47. The failure of Defendant COUNTY to provide adequate training, including training with regards to use of force caused the deprivation of the DECEDENT's and PLAINTIFFS' rights by Defendant AYALA; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and PLAINTIFFS rights as to be the moving force that caused the ultimate injury.

48. On information and belief, with respect to Deputy AYALA, Defendant COUNTY failed to properly and adequately discipline, reprimand, retrained, suspend, or otherwise penalize conduct and actions in connection with the DECEDENT's death.

49. Defendant COUNTY and Deputy AYALA together with other COUNTY policy makers and supervisors, maintained, inter alia, engaged in the following unconstitutional customs, practices, and policies:

(a) Use of excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals, such as Defendant AYALA, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY officers, and other personnel, including Defendant AYALA, who Defendant COUNTY knew or in the

exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY officers, namely Defendant AYALA;

(f) Failing to adequately discipline Defendant AYALA regarding the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are “within policy,” including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings;

(j) Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

50. By reason of the aforementioned acts and omissions, PLAINTIFFS have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT’s pain and suffering, loss of enjoyment of life, and death.

51. Both Defendants, COUNTY and AYALA, together with various officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

52. By information and belief Defendant COUNTY has knowingly retrieved and withheld surveillance camera footage from various establishments, asking that this be withheld from the PLAINTIFFS' attorneys. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants acted with deliberate indifference to the foreseeable effects and consequences of these actions and policies with respect to the constitutional rights of DECEDENT, PLAINTIFFS, and other individuals similarly situated.

53. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant AYALA acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and AYALA were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and PLAINTIFFS, including but not limited to Defendant AYALA's use of deadly force, against DECEDENT.

54. Accordingly, Defendants COUNTY, AYALA, and DOES 1-20 inclusive, each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

55. PLAINTIFFS bring this claim as successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim.

56. As a direct and proximate result of Defendants conduct, as alleged

herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## FOURTH CLAIM

### Battery (Wrongful Death)

(Against all Defendants)

57. PLAINTIFFS repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

58. Defendant AYALA, while working as an officer of COUNTY in its Sheriff's Department and acting within the course and scope of his duties, intentionally conducted an unwarranted traffic stop of the DECEDENT, without reasonable suspicion and probable cause, before using unreasonable and excessive force in shooting at DECEDENT in the back and side six times. As a result of the actions of Defendant AYALA, DECEDENT ultimately died from his injuries. Defendant AYALA had no legal justification for using force against the DECEDENT, and the use of force exercised while carrying out his duties as a sheriff officer was an unreasonable and non-privileged use of force.

59. As a direct and proximate result of the conduct of Defendant AYALA as alleged above, DECEDENT sustained injuries and ultimately died, cutting off DECEDENT's earning capacity.

60. COUNTY is vicariously liable for the wrongful acts of Defendant AYALA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of Defendant AYALA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the PLAINTIFFS and

DECEDENT, entitling the PLAINTIFFS, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

62. PLAINTIFFS bring this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages under this claim.

## <u>FIFTH CLAIM</u>

### Negligence (Wrongful Death)

(Against All Defendants)

63. PLAINTIFFS repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

64. Sheriff officers, including DEFENDANT AYALA and DOES, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and avoiding use of any force unless necessary, using non-lethal force and less than lethal alternative, and only using deadly force as a last resort.

65. Defendant AYALA breached this duty of care. Upon information and belief, the actions and inactions of Defendant AYALA were negligent and reckless, including but not limited to:

(a) failure to properly and adequately assess the need to detain, arrest and use force or deadly force against DECEDENT;

(b) negligent tactics and handling of the situation with DECEDENT, including the pre traffic stop and search and the detention interaction;

(c) negligent failure to non-lethal force to neutralize the situation;

(d) negligent use of deadly force, against DECEDENT;

(e) failure to provide prompt medical care to DECEDENT;

(f) failure to properly train and supervise employees, both professional and non-professional, including Defendant AYALA

(g) negligent handling of evidence and witnesses; and

(h) negligent communication of information during and after the incident.

66. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died, and PLAINTIFFS suffered emotional distress and mental anguish. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives

67. COUNTY is vicariously liable for the wrongful acts of Defendant AYALA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68. PLAINTIFFS bring this claim individually and as successors-in-interest to DECEDENT and seek wrongful death damages under this claim.

## **SIXTH CLAIM**

**Violation of the Bane Act**

**Cal. Civil Code § 52.1**

(Against All Defendants)

69. PLAINTIFFS repeat, reallege, and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

70. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

71. On information and belief, Defendant AYALA, while working for COUNTY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against the DECEDENT or acted in reckless disregards of the DECEDENT's civil rights initiating an unwarranted traffic stop in the absence of reasonable suspicion or probable cause, by making the erroneous determination that lethal force was warranted under the circumstances; by firing six fatal shots in the continued absence of justification or excuse; to finally denying DECEDENT timely and necessary medical care.

72. When Defendant AYALA engaged in the above actions, they interfered with the DECEDENT's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty and property.

73. On information and belief, Defendant AYALA intentionally, spitefully, and willfully committed the above acts to discourage and prevent DECEDENT from exercising his civil rights, to retaliate against DECEDENT for invoking such rights, to prevent DECEDENT from exercising such rights, or acted in reckless disregard of DECEDENT's civil rights, which he was fully entitled to enjoy.

74. On information and belief, the DECEDENT reasonably believed and understood that the violent acts committed by Defendant AYALA, inclusive were intended to discourage DECEDENT from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

75. Defendant AYALA successfully interfered with the above civil rights of DECEDENT.

76. The conduct of Defendant AYALA was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

77. COUNTY is vicariously liable for the wrongful acts of Defendant AYALA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78. The conduct of Defendant AYALA was malicious, wanton, oppressive and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages against Defendant AYALA.

79. PLAINTIFFS bring this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress and loss of enjoyment of life under this claim. PLAINTIFFS also seeks treble damages.

80. As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

**<u>SEVENTH CLAIM</u>**

**Violation of the Ralph Civil Rights Act**

**Cal. Civil Code § 51.7**

(Against All Defendants)

81. PLAINTIFFS repeat, reallege and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

82. On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated DECEDENT'S and PLAINTIFFS' civil rights guaranteed by the United States Constitution, federal law, the California

Constitution and the laws of the State of California thereby providing a civil cause of action against defendant under California Civil Code Section 51.7.

83. DEFENDANTS, while working as deputies or agents for the COUNTY, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of DECEDENT and PLAINTIFFS to be free from unreasonable searches and seizures, unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation on the basis of a protected class, such as race.

84. On information and belief, DECEDENT reasonably believed that if he exercised his constitutional rights to be free from unreasonable seizures, arrests, searches and/or excessive force Defendants would commit acts involving violence, threats, coercion, or intimidation against his person.

85. On information and belief, Defendants seized, searched, arrested, used force against and/or injured DECEDENT to prevent DECEDENT from exercising his rights or to retaliate against DECEDENT for having exercised his rights.

86. Upon information and belief, a substantial and motivating reason for Defendants use of excessive force, unlawful detention, search and arrest was due to their being emboldened to commit misconduct to misuse and abuse their authority or power by taking advantage of some weakness or disability or misfortune of the DECEDENT because of DECEDENT's race or national origin in reckless disregard of DECEDENT's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

87. As a proximate result of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFFS suffered damage in a sum according to proof, and are entitled to the general, special, and exemplary damages and statutory damages.

88. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant AYALA pursuant to section 815.2 of the California Government Code,

which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee’s act would subject him or her.

89. As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit as provided by Civil Code section 52.1(h).

## EIGHTH CLAIM

### Intentional Infliction of Emotional Distress

(Against All Defendants)

90. PLAINTIFFS repeat, reallege and incorporate by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

91. DEFENDANTS were deputy officers who were acting in the course and scope of their employment and on behalf of Defendant COUNTY with all requisite authority conferred upon them by Defendant COUNTY.

92. COUNTY is vicariously liable for the wrongful acts of AYALA, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93. DEFENDANTS knew or had reason to know that the aforementioned unprivileged acts and omissions would cause PLAINTIFFS severe and ongoing mental and emotional distress. The above-mentioned acts were committed by DEFENDABTS were extreme and outrageous with willful intention and/or reckless disregard that PLAINTIFFS would, or the probability that PLAINTIFFS would suffer severe emotional and mental distress as a result.

94. By virtue of Defendants’ positions and employment, Defendant COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified Defendants’ wrongful, unlawful and unconstitutional

conduct before, during and/or after it occurred. PLAINTIFFS are informed and believe and thereon allege that the aforementioned acts and omissions of Defendants were willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of PLAINTIFFS' rights thereby justifying the award of punitive damages against Defendants and each of them.

95. Defendants knew or should have known that severe emotional distress would result from their conduct; or Defendants gave little or no thought to the probable effects of their conduct.

96. Defendants aforementioned conduct was a substantial factor in causing PLAINTIFFS severe emotional distress.

97. As sheriff officers, Defendants abused a position of authority that gave Defendants real or apparent power to affect PLAINTIFFS' interests;

98. As a direct and proximate result of the DEFENDANTS' actions, PLAINTIFFS' sustained severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS request entry of judgement in their favor and against the DEFENDANTS, as follows:

1. For compensatory damages in an amount to be proven at trial, including both survival damages and wrongful death damages under federal and state law;
2. For economic damages:
    a. Medical and funeral expenses
    b. Loss the DECEDENT's expected earnings
    c. Loss the DECEDENT's benefits, namely pension plans and/or medical coverage

d. Loss of an inheritance caused by the untimely death

e. The value of the goods and services the DECEDENT would have provided

3. For various non-economic damages:

a. Damages for the PLAINTIFFS' mental anguish, pain and suffering

b. Loss of care, protection, guidance, advice, training, and nurturing

c. Loss of DECEDENT's love, society, and companionship

4. For pre-judgment and post-judgment interest at the legal rate;

5. For reasonable attorney's fees, including litigation expenses;

6. For costs of suit; and

7. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: March 8, 2021

Respectfully submitted,

TONI JARAMILLA, A Professional Law Corp.

ALEXANDER MORRISON + FEHR LLP

By: s/ J. Bernard Alexander, III
Toni J. Jaramilla
J. Bernard Alexander, III

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 8, 2021

Respectfully submitted,

ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

By: s/ J. Bernard Alexander, III
J. Bernard Alexander, III
Toni J. Jaramilla

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS