MARGO A. RAISON, KERN COUNTY COUNSEL
KATHLEEN RIVERA, Deputy (SBN 211606)
Office of the County Counsel, County of Kern
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
Attorneys for Defendant Kern County and
Deputy Jason Ayala

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICHAEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiffs,<br><br>vs.<br><br>KERN COUNTY Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>Defendants.<br><br>R.L, M.L, and H.L, minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W, a minor, by and through guardian *ad litem* Alisha White, individually and as a successor in interest to Michael Lewis Sr., deceased, Alisha White, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  1:21-CV-00378-DAD-BAK (SKO)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER; ORDER**<br><br>Consolidated with Case No.<br><br>1:21-CV-01352-DAD-JLT |

WHEREAS the parties in the matter of Mickel Lewis, et al. v. Kern County, et al., previously presented a Stipulated Protective Order to this court which was signed by the court on June 21, 2021, Doc. 14;

1

AMENDED STIPULATED PROTECTIVE ORDER, 1:21-CV-00378-DAD-BAK

WHEREAS on September 9, 2021, a Complaint was filed in case no. 1:21-CV-01352 by R.L, et al. v. County of Kern, et. al.

WHEREAS on November 20, 2021, these cases where consolidated by this court, Doc. 17;

WHEREAS the parties in the consolidated matter of R.L, et al. v. County of Kern wish to join the existing Protective Order;

THEREFORE, the parties in this matter and jointly present this Amended Protective Order for the Court's approval.

## AMENDED STIPULATED PROTECTIVE ORDER

**1.    PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties in Mickel Erick Lewis, Jr., et al., v. Kern County, et al., USDC Eastern District 1:21-cv-00378-DAD-JLT, consolidated with R.L, et al. v. County of Kern, et al., USDC Eastern District 1:21-cv-01352, petition the Court to enter the following Protective Order. Good cause appearing, the Court ORDERS as follows:

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS:**

The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

(a)    CONFIDENTIAL Information.  "CONFIDENTIAL Information" means any and all information regardless of format or medium, that qualify for protection under Federal Rule of Civil Procedure 26(c).  In the context of the present case, it also includes: (1) Portions of Defendant Deputy Ayala's personnel file which would qualify for protection by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047 and (2) Kern County Coroner

2

AMENDED STIPULATED PROTECTIVE ORDER, 1:21-CV-00378-DAD-BAK

records, photographs and testing results regarding decedent Michael E. Lewis, Sr., which would qualify for protection pursuant to HIPAA.

(b) Disclosing Party. "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

(c) Information. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d) Notice. "Notice" means reasonable notice under the circumstances. The manner and amount of Notice shall be governed by the particular circumstances.

(e) Person. "Person" means person as defined in California Evidence Code § 175.

(f) Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential." The term "documents" is limited to material or information produced in the above-captioned litigation.

**3.     PARTICULARIZED NEED FOR PROTECTION; NEED FOR COURT ORDER:**

Pursuant to E.D. Cal. L.R. 141(c)(2), the parties maintain that a specific, particularized need for protection as to the information covered by this Stipulated Protective Order exists. In good faith, the parties represent to this Court that the materials designated to be covered by this Stipulated Protective Order are limited solely to those which would qualify for protection under Fed. R. Civ. P. 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis. *See e.g. In Re Roman Catholic Archbishop of Portland,* 661 F.3d 417, 424 (9th Cir. 2011)(identifying the applicable two-part test for protection under Fed. R. Civ. P. 26(c).

Pursuant to E.D. Cal. L.R. 141(c)(3), the parties maintain that the need for protection in this matter should be addressed by a court order, as opposed to a private agreement between the parties,

to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Fed. R. Civ. P. 26(c), and to provide a mechanism whereby third parties such as experts and deponents may be bound by this proposed Protective Order through the use of Exhibit A.

**4.    SCOPE AND INTENT:**

(a)    Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation. However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b)    The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties. Nothing in this stipulation shall be construed to change existing law or shift existing burdens. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

(c)    The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d)    The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation. In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(e) This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f) This stipulation shall be submitted for the signature of the Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

**5.    DESIGNATION OF "CONFIDENTIAL INFORMATION":**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information. By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

**6.    ORAL DEPOSITION TESTIMONY:**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript. Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

**7.    OBJECTION TO DESIGNATION:**

A party may at any time object to the designation of Information as CONFIDENTIAL. At that time, the burden shall be on the Designating Party to seek an order from the Court determining that the Information sought to be designated CONFIDENTIAL is and should be designated as CONFIDENTIAL. The Challenging Party shall initiate the dispute resolution process under Local Rule 251, FRCP 37 et seq. Failing informal resolution between the parties, the Designating Party may file and serve a Motion for Protective Order with the Court in compliance with Local Rule 251, FRCP 37, including the Joint Stipulation Procedure. The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon

5

AMENDED STIPULATED PROTECTIVE ORDER, 1:21-CV-00378-DAD-BAK

agreement of the Parties), the Document or Information will retain its original designation until the Court rules on the Motion for Protective Order. If the Designating Party does not file a motion within the 21 day period following a challenge, the material is no longer designated as CONFIDENTIAL for purposes of this Stipulation, but that change in designation does not bar the Designating Party from subsequently filing a motion for a protective order.

**8.     INFORMATION WHICH IS NOT CONFIDENTIAL:**

Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this stipulation where such Information, is at the time of disclosure, in the public domain by publication otherwise.

**9.     CONFIDENTIAL INFORMATION OBTAINED FROM THIRD PARTIES:**

If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the benefits and burdens of this stipulation. Likewise, any party may designate material or Information obtained from a third party as CONFIDENTIAL.

**10.    INADVERTENT FAILURE TO DESIGNATE:**

An inadvertent failure to designate qualified information or items as CONFIDENTIAL does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**11.    DOCUMENTS FILED WITH THE COURT:**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

**12.    DISSEMINATION TO THIRD PARTIES:**

(a)     CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel. Before any person receives access to

CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)     If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena.  The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

(c)     Upon being notified that a subpoena has been served seeking information designated as CONFIDENTIAL by a Designating Party, that Designating Party shall shoulder the burden of objecting to and opposing enforcement of any such subpoena.

**13.     <u>USE OF CONFIDENTIAL INFORMATION DURING TRIAL:</u>**

All documents produced in discovery, regardless of their designation, shall be identifiable as exhibits for purposes of trial.  The Designating Party shall bare responsibility for any special treatment to be given with respect to information designated as CONFIDENTIAL. The Parties will identify in their exchange of Pre-Trial exhibit lists any special treatment to be given to each CONFIDENTIAL document which may be used at trial.  To the extent that any party intends to object to the introduction of evidence, the objecting party shall identify how any CONFIDENTIAL Information shall be treated for purposes of use at trial.   Any party opposing the treatment of the CONFIDENTIAL information shall object in the exchange of Pre-Trial exhibit lists, and the party seeking CONFIDENTIAL treatment of information SHALL notify the Court in the joint pretrial conference statement of this intention and SHALL seek an order related to the introduction of this evidence at trial.  The moving party SHALL comply with the Court's pretrial order regarding whether this order will be sought in limine or otherwise.   If a party seeks to introduce at trial evidence which that party has designated as CONFIDENTIAL Information, other parties which desire to use said information, are not required to notify the Court of the intent to use the CONFIDENTIAL Information.

A party may also seek to use CONFIDENTIAL Information for purposes of rebuttal but are required to notify the Court prior to introducing the evidence at trial.

**14.   DUTY TO USE REASONABLE CARE:**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**15.   RETURN/DESTRUCTION OF DOCUMENTS:**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning or destroying all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16.   COMPLIANCE WITH DISCOVERY REQUESTS – PRIVILEGE LOG:**

If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified.  (See Fed. R. Civ. Proc. 26(b)(5).) The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents, and only where applicable information is available or

ascertainable: (a) the title and description of the documents, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identify and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged and protected. <u>Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log.</u>

**17.   MODIFICATIONS AND AMENDMENTS:**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

**18.   DURATION OF STIPULATION:**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

Respectfully submitted,

Dated: Feb. 15, 2022            MARGO A. RAISON, COUNTY COUNSEL

By:   /s/ Kathleen Rivera
      Kathleen Rivera, Deputy
      Attorneys for Defendant

Dated: Feb. 15, 2022            TONI JARAMILLA, A PROFESSIONAL LAW CORP.

By:   /s/ Toni Jaramilla
      Toni Jaramilla,
      Attorney for Plaintiffs

//

//

| | |
|---|---|
| Dated: Feb. 15, 2022 | ALEXANDER MORRISON + FEHR LLP |
| | By:  /s/ J. Bernard Alexander, III  <br>          J. Bernard Alexander, III <br>          Attorney for Plaintiffs |
| Dated: Feb. 15, 2022 | LAW OFFICES OF DALE K. GALIPO |
| | By:  /s/ Dale K. Galipo  <br>          Dale K. Galipo <br>          Ranhee Lee <br>          Attorney for Plaintiffs |

*As the filer of this document, I, Kathleen Rivera, attest that on 2/15/22 all counsel provided their consent to affix their electronic signatures.

**ORDER**

Based on the above-stipulation and the court finding good cause,

IT IS SO ORDERED.

Dated:   **February 16, 2022**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the U.S. Magistrate in the case of Mickel Erick Lewis, Jr., et al. v. Kern County, et al., USDC Eastern District 1:21-cv-00378-DAD-BAK., and I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____