**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
E-mail: Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Email: balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
Email: bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

JOINT PRETRIAL STATEMENT

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICH LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>　　　　　　　　Defendants. | Case No: 1:21−CV−00378−KES-CDB<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Hearing Date:  January 13, 2025<br>Hearing Time:  1:30 p.m.<br>Dept.:　　　　Courtroom 6<br><br>Consolidated with Case No. 1:21−CV−01352−DAD−JLT |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | |

TO THE HONORABLE COURT:

Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS, as well as Plaintiffs R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through her guardian *ad litem* Alisha White, ALISHA WHITE ("Plaintiffs") and Defendants KERN COUNTY and Deputy JASON AYALA ("Defendants") hereby submit the following Joint Pretrial Statement as required by Local Rule 281 and this Court's Standing Order.

| | |
|---|---|
| Date: January 21, 2025 | ALEXANDER MORRISON + FEHR LLP |
| | TONI JARAMILLA, A Professional Law Corp. |
| | s/J. Bernard Alexander, III |
| | J. Bernard Alexander, III |
| | Toni Jaramilla |
| | Britt L. Karp |
| | Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS |
| Dated: January 21, 2025 | Law Offices of Dale K. Galipo |
| | s/ Dale K. Galipo |
| | Renee V. Masongsong |
| | Dale K. Galipo |
| | Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White |
| Dated: January 21, 2025 | MARGO A. RAISON, COUNTY COUNSEL |
| | s/ Scott Fontes |
| | Marshall Scott Fontes, Chief Deputy |
| | Andrew C. Hamilton, Deputy |
| | Kimberly L. Marshall, Deputy |
| | Attorneys for Defendants, JASON AYALA and COUNTY OF KERN |

1. **Jurisdiction – Venue.**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §§1331, 1343, and 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

Jurisdiction and venue are not contested.

2. **Jury**

The Parties have requested a jury trial.

3. **Undisputed Facts.**

- Mickel Lewis, Sr. is the decedent.
- County of Kern was and is a municipal corporation existing under the laws of the State of California.
- The Kern County Sheriff's Office was and is a subdivision of the County of Kern.
- Jason Ayala was a deputy sheriff with the Kern County Sheriff's Department on October 2, 2020, at the time of the incident at issue in this case.
- On October 2, 2020, at approximately 9.00 pm in the City of Mojave, Jason Ayala initiated a traffic stop of Decedent near the corner of "K" Street and Mono Street, behind the Denny's restaurant and Wienerschnitzel.

- At the time of this incident, Jason Ayala was acting under color of state law and in the course and scope of his employment with the County of Kern.
- Plaintiffs R.L., M.L., H.L., A.W., Mickel Erick Lewis, Jr., Oriona Lewis, and Briona Lewis are the children of Decedent.
- Plaintiff Alisha White is the wife of Decedent.
- Decedent died as a result of the injuries from the gunshots.

4. **Disputed Factual Issues.**

    A. All Plaintiffs collectively contend that:

- Jason Ayala followed and stopped Decedent's vehicle in the absence of reasonable suspicion or probable cause.
- While Decedent was standing in the open car door of his vehicle with his back facing Jason Ayala, Jason Ayala issued a command that Decedent turn and walk toward the rear of Decedent's vehicle where Jason Ayala was standing well over a car-length away. In response to Jason Ayala's command, Decedent began to turn in the direction of Jason Ayala. However, before Decedent was fully turned, without provocation and despite Decedent being unarmed with his hands up in surrender, Jason Ayala shot Decedent six times: three times in the back; once in the side, and two bullets entering the front of Decedent's torso.
- At no time did this unarmed Decedent pose a threat of serious bodily injury or death to Jason Ayala or to any other individual, including at the time of the shooting, as Decedent was unarmed, was complying with directions issued by Jason Ayala and was in a position of surrender.
- Officers are trained to give a verbal warning before shooting, when feasible.
- Jason Ayala failed to issue a warning that deadly force was going to be used before shooting Decedent.

JOINT PRETRIAL STATEMENT
5

- Jason Ayala did not see a gun on Decedent's person or in his hands prior to shooting him.
- Prior to shooting Decedent, Jason Ayala searched Decedent's person.
- Decedent was struck by six gunshots.
- Defendant Jason Ayala's shooting violated standard police officer training.
- It would have been feasible for Jason Ayala to issue a warning that deadly force was going to be used before shooting Decedent.
- Jason Ayala used excessive and unreasonable deadly force against Decedent.
- There were reasonable options other than using the deadly weapon; it was feasible to use a warning that deadly force will be used; and the officer was negligent in his tactics.

Plaintiffs MICKEL ERICK LEWIS JR., ORIONA LEWIS, and BRIONA LEWIS further contend as follows:

- In the aftermath of the shooting death of their father, and while PLAINTIFFS and other grieving family members visited the site of the shooting to grieve, place flowers and tokens of love to commemorate DECEDENT's life, DEFENDANTS engaged in acts of intimidation and harassment against PLAINTIFFS, by (a) having multiple officers in multiple vehicles circle and congregate adjacent to the memorial; (b) by lining up in a show of force and callously laughing, yelling and glaring at PLAINTIFFS and family members, in a show of visible presence, while PLAINTIFFS mourned; (c) engaging in hide-and-seek maneuvers and making repeated vehicle passes by the memorial; (d) threatening witnesses not to communicate or cooperate with PLAINTIFFS MICKEL ERICK LEWIS JR., ORIONA LEWIS, and BRIONA LEWIS or their counsel in collecting video evidence or statements from adjacent business

establishments; and (e) following Plaintiffs and DECEDENT's loved ones home from the memorial.

- Defendants authored and published a false narrative of the incident to the general public, with the objective of persuading and misleading the public and potential jurors that DECEDENT somehow provoked this incident, and that AYALA was justified in using deadly force against the DECEDENT, all of which is based on false and fabricated facts.

B. Defendants submit that following issues are in dispute:

- Whether Jason Ayala properly conducted a traffic stop of the Decedent;
- Whether Jason Ayala used reasonable force when Decedent's actions caused Jason Ayala to believe he was in danger of immediate serious physical harm or death;
- Whether Jason Ayala used unreasonable and/or excessive force in violation of the Fourth and/or Fourteenth Amendments to the United States Constitution;
- Whether Jason Ayala committed a battery upon Decedent's person;
- Whether Jason Ayala violated Decedent's rights under the Bane Civil Rights Act, Cal. Civ. Code Section 52.1;
- Whether Plaintiffs are entitled to damages, and if so, the amount of said damages;
- Whether Plaintiffs are entitled to attorney's fees and costs;
- Whether Defendants are entitled to immunities, privileges, and/or offsets provided by California Tort Claims Act of the California Government Code (Government Code § 810 et seq.); California Government Code including, without limitation, §§ 820.8, 815; 815(b); 815.2; 818; 820.2; 820.4; 820.8; 956.4, and Penal Code §§ 834, 834a, 835, 835a and 836;

- Whether Jason Ayala is immune from liability under the doctrine of qualified immunity;
- Whether no more force was used on Decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public;
- Whether that Defendant Jason Ayala honestly and reasonably believed that the Decedent was about to inflict harm upon him and that the use of force, if any, was done reasonably and in self defense;
- Whether Jason Ayala acted without malice and with a good faith belief in the propriety of his conduct;
- Whether Jason Ayala's conduct at all times material herein was privileged and/or justified under applicable state and federal law;
- Whether the Decedent was negligent and contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof;
- Whether Defendants should be awarded their costs of suit incurred herein; and
- Whether Defendants are entitled to attorney's fees.

5.   **Disputed Evidentiary Issues.**

- Plaintiffs intend to file the following motions *in limine*: (1) to exclude information unknown to Defendant Jason Ayala at the time of the shooting under FRE 401, 402, and 403; (2) to exclude evidence of Decedent's criminal history; (3) to exclude evidence of Decedent's drug and alcohol use; (4) to exclude any post-shooting findings by any agency; (5) to exclude any evidence or argument that Decedent had a gun in his vehicle during this incident, including video evidence of individuals discarding the gun.

JOINT PRETRIAL STATEMENT
8

- Defendants intend to file the following motions *in limine* to exclude: (a) evidence argument that a lesser amount of force would have controlled the Decedent; (b) evidence of character, other bad acts or personnel actions relating to Jason Ayala; (c) evidence of Plaintiffs' later contact by Kern County Sheriff Deputies; (d) graphic and inflammatory photographs of the Decedent; (e) evidence of an unrelated investigation of the Kern County Sheriff's Office by the Department of Justice and subsequent consent decree in BCV-20102971; (f) evidence of the wealth or poverty of the County, including the existence of any excess insurance to cover any damages awarded; and (g) any testimony from John Hiserodt, M.D.

6. **Relief Sought.**

Plaintiffs seek the following damages: (1) survival damages, including Decedent's pre-death pain and suffering, loss of life; (2) wrongful death damages, including for funeral and burial expenses, loss of financial support, and the loss of Decedent's loss of care, protection, guidance, advice, training, nurturing, love, society companionship; (3) punitive damages. Plaintiffs also seek attorneys' fees under federal (Section 1988) and state law, including a multiplier under Cal. Civil Code Section 52.

Defendants contend that all actions taken were entirely lawful and reasonable. Defendants seek dismissal of this case, costs, and attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

7. **Points of Law.**

Plaintiffs R.L., M.L., and H.L., A.W., and Alisha White, MICKEL ERICK LEWIS JR., ORIONA LEWIS, and BRIONA LEWIS bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983, including unlawful detention and

arrest and excessive force; (2) Fourteenth Amendment substantive due process, interference with familial relationship; (3) false arrest/false imprisonment; (4) battery; (5) negligence; and (6) violation of the Tom Bane Civil Rights Act.  It is disputed as to whether there was a violation of the decedent's and Plaintiffs' civil and constitutional rights under federal and state law. Defendants dispute liability and have asserted various affirmative defenses under both state and federal law. Defendants intend to submit a trial brief on the claims and defenses at issue in this matter. The affirmative defenses Defendants intend to raise at trial include: (1) State immunity under California Government Code §§ 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2, and 823, and Penal Code § 834, 834a, 835, 835a, and 836; (2) qualified immunity for Officer Avila; (3) Plaintiffs', decedent's, and others' contributory negligence; and (4) Plaintiffs' failure to mitigate their damages.

**8.  Abandoned Issues.**

Plaintiffs are no longer pursuing their claims for *Monell* liability, violation of the Ralph Civil Rights Act, and intentional infliction of emotional distress.  Plaintiffs are also no longer pursuing their claim regarding failure to provide medical care to Decedent as alleged in their fifth cause of action for negligence, or anywhere else in their complaint.

**9.  Witnesses.**

- R.L. (Plaintiff)
- M.L. (Plaintiff)
- H.L. (Plaintiff)
- A.W. (Plaintiff)
- Mickel Erick Lewis, Jr. (Plaintiff)

- Oriona Lewis (Plaintiff)
- Briona Lewis (Plaintiff)
- Alisha White (Plaintiff)
- Jason Ayala (Defendant)
- Marlyn Komnenus (Decedent's girlfriend)
- Destiny Salcedo
- Jessica Salcedo
- Rodie Turner (Decedent's first wife and the mother of Plaintiffs Michel Erick Lewis, Jr., Oriona Lewis, and Briona Lewis)
- Leticia Castillo (Plaintiff Briona Lewis' co-worker)
- Bonnie Adamson (Plaintiff Briona Lewis' co-worker)
- John Gardiner, Ph.D., P.E. (Plaintiffs' expert)
- Scott A. DeFoe (Plaintiffs' expert)
- Morgan Scott (Paramedic)
- Cheyenne Caudillo (Paramedic)
- Brooke Hood (Deputy Coroner)
- Eugene Carpenter, Jr., M.D., Kern County Sheriff's Office, Coroner Section
- John C. Hiserodt, M.D., Ph.D., FCAP
- Nicholas Montoya
- Jeremy Terletter
- Jose Castillo
- Passion Perkins
- Iman Mareachly
- Leticia Castillo
- Frank Sheridan, M.D.

- Michael Levine, M.D.
- Clarence Chapman
- Paris Ward, J.D.
- Michael Kuzel, P.E.
- Rocky Edwards
- Heather Heider
- Ayako Chan-Hosokawa

**10.   Exhibits – Schedules and Summaries.**

Exhibit 1.  Denny's Video (19400300).

Exhibit 2.  Transcript of Video (COK 01201-1206).

Exhibit 3.  Video - Lewis. K and Mono OIS, Montoya.mp4 (1:54).

Exhibit 4.  Video, Channel 15_20201002211000.avi. (9:59).

Exhibit 5.  Transcript of Audio-Recorded Interview of Jason Ayala (COK 01366-1426).

Exhibit 6.  Audio-Recorded Interview of Jason Ayala, (38:40).

Exhibit 7.  Stipulated Judgment, Case No. BCV-20-102971.

Exhibit 8.  Photographs of Scene, (KCSO 00270-328).

Exhibit 9.  Photographs of Vehicle at Scene, (KCSO 00329-355).

Exhibit 10.  Photographs of KCSO Deputy Sheriff Jason Ayala, (KCSO 00370-389).

Exhibit 11.  Dispatch Audio-Recording, 2020-00137643-All Traffic, (1:15:26).

Exhibit 12.  Dispatch Audio-Recording, 2020-00141469, (3:48).

Exhibit 13.  Wienerschnitzel Surveillance Videos.

Exhibit 14.  Relevant Portions of the Autopsy Report

Exhibit 15.  Autopsy Photographs

Exhibit 16.    Photographs of Plaintiffs with Decedent / Family Photographs

Exhibit 17.    Cards between Decedent and Plaintiffs

Exhibit 18.    Photographs of Jason Ayala's weapon

Exhibit 19.    Funeral and Burial Expenses

Defendants intend to offer some, or all, of the following exhibits:

Exhibit A    All video capturing the incident, including that from Dennys, Wienerschnitzel and Montoya;

Exhibit B    KCSO Call for Services Detail Report;

Exhibit C    KCSO Incident Report No. 2020-00141469 and all supplemental reports;

Exhibit D    Audio recordings of all radio traffic concerning the incident;

Exhibit E    All photographs taken as part of the KCSO investigation of the incident;

Exhibit F    All recorded statements and interviews taken from witnesses to the incident, including audio and transcripts;

Exhibit G    Text messages to and from Ayala immediately before the incident;

Exhibit H    Diagrams, maps and overhead aerial views of the incident scene;

Exhibit I    Kern County Coroner's records and reports pertaining to the death of Lewis; and

Exhibit J    NMS laboratory records relating to toxicological testing of Lewis specimens.

**11.    Discovery Documents.**

Plaintiffs intend to use the following discovery documents:

- Defendant Kern County's Responses to Plaintiff Mickel Erick Lewis, Jr.'s Request for Production of Documents, Set One

JOINT PRETRIAL STATEMENT
13

- Defendant County of Kern's Responses to Plaintiffs R.L., M.L. and H.L.'s Special Interrogatories, Set One
- Defendant County of Kern's Responses to Plaintiffs R.L., M.L. and H.L.'s Request for Production of Documents, Set One

Plaintiffs also reserve the right to use the following deposition testimony for any permissible purpose but do not anticipate doing so in lieu of live testimony:

- Deposition of Defendant Deputy Ayala
- Deposition of Nicholas Montoya
- Deposition of Jeremy Terletter
- Deposition of Officer Jose Castellanos
- Deposition of Marlyn Komenenus
- Deposition of Destiny Salcedo
- Deposition of Jessica Salcedo
- Deposition of Leticia Castillo
- Deposition of Frank Sheridan, M.D.
- Deposition of Clarence Chapman
- Deposition of Michael Levine, M.D.
- Deposition of Parris Ward
- Deposition of Michael Kuzel, P.E.
- Deposition of Rocky Edwards

Defendants intend to use the following discovery documents:

- Plaintiff Briona Lewis Responses to County of Kern's RPD – Set 1
- Plaintiff Oriona Lewis Responses to County of Kern's RPD – Set 1
- Plaintiff Mickel Erik Lewis, Jr. Responses to County of Kern's RPD – Set 1
- Plaintiff H.L. Responses to County of Kern's RPD – Set 1

JOINT PRETRIAL STATEMENT
14

- Plaintiff M.L. Responses to County of Kern's RPD – Set 1
- Plaintiff A.W. Responses to County of Kern's RPD – Set 1
- Plaintiff R.L. Responses to County of Kern's RPD – Set 1
- Plaintiff Alisha White Responses to County of Kern's RPD – Set 1
- Plaintiff Briona Lewis Responses to County of Kern's Interrogatories – Set 1
- Plaintiff Oriona Lewis Responses to County of Kern's Interrogatories – Set 1
- Plaintiff Mickel Erick Lewis, Jr. Responses to County of Kern's Interrogatories – Set 1
- Plaintiff H.L. Responses to County of Kern's Interrogatories – Set 1
- Plaintiff M.L. Responses to County of Kern's Interrogatories – Set 1
- Plaintiff A.W. Responses to County of Kern's Interrogatories – Set 1
- Plaintiff R.L. Responses to County of Kern's Interrogatories – Set 1
- Plaintiff Alisha White Responses to County of Kern's Interrogatories – Set 1
- Plaintiff H.L. Responses to County of Kern's Request for Admissions – Set 1
- Plaintiff M.L. Responses to County of Kern's Request for Admissions – Set 1
- Plaintiff A.W. Responses to County of Kern's Request for Admissions – Set 1
- Plaintiff R.L. Responses to County of Kern's Request for Admissions – Set 1
- Plaintiff Alisha White County of Kern's Responses to Request for Admissions – Set 1
- Plaintiff Briona Lewis Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff Oriona Lewis Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff Mickel Erick Lewis, Jr. Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff H.L. Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff M.L. Responses to Jason Ayala's Interrogatories – Set 1

- Plaintiff A.W. Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff R.L. Responses to Jason Ayala's Interrogatories – Set 1
- Plaintiff Alisha White Responses to Jason Ayala's Interrogatories – Set 1

### 12. Further Discovery or Motions.

None are anticipated.

### 13. Stipulations.

None.

### 14. Amendments – Dismissals.

None.

### 15. Settlement Negotiations.

The Parties attended a mandatory settlement conference on May 19, 2023. A further settlement conference is not requested.

### 16. Agreed Statements.

The Parties do not believe that any part of this action can be or should be presented based upon an Agreed Statement of Facts. However, the parties will attempt to reach an agreement regarding an acceptable Neutral Statement to be read to the jury pool.

### 17. Separate Trial of Issues.

Plaintiffs do not seek a separate trial of any issues. Defendants request that the amount of punitive damages, if any, should be bifurcated from the issue of liability and damages. Plaintiffs agree to bifurcate the amount of punitive damages and contend that the predicate question of entitlement to punitive damages be presented in the same phase as liability and damages.

### 18. Impartial Experts - Limitation of Experts.

The parties do not believe there is any need to appoint an impartial expert.

**19.    Attorneys' Fees.**

Plaintiffs intend to seek attorneys' fees following the jury's verdict pursuant to California Civil Code § 52.1(i) and 42 U.S.C. § 1988.

Defendants seek recover of costs and attorneys' fees under 42 U.S.C § 1988 and 42 U.S.C § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

**20.    Trial Exhibits.**

The parties expect to retain their own exhibits at the conclusion of trial.

**21.    Trial Protective Order.**

The Parties do not believe a trial protective order is needed.

**22.    Miscellaneous.**

Defendants have retained outside counsel, Weakley & Arendt, to represent Defendant Ayala due to circumstances beyond the control of Defendants. Defendants will file a substitution of attorney.

Date: January 21, 2025

ALEXANDER MORRISON + FEHR LLP
TONI JARAMILLA, A Professional Law Corp.

s/J. Bernard Alexander, III
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

Dated: January 21, 2025

Law Offices of Dale K. Galipo

s/ Dale K. Galipo
Renee V. Masongsong
Dale K. Galipo
Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White

Dated: January 21, 2025

MARGO A. RAISON, COUNTY COUNSEL

s/ Scott Fontes

Marshall Scott Fontes, Chief Deputy
Andrew C. Hamilton, Deputy
Kimberly L. Marshall, Deputy
Attorneys for Defendants, JASON AYALA and COUNTY OF KERN