MARGO A. RAISON, COUNTY COUNSEL
By: Marshall S. Fontes, Chief Deputy (SBN 139567)
Andrew C. Hamilton, Deputy (SBN 299877)
Kimberly L. Marshall, Deputy (SBN 186838)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
Email: sfontes@kerncounty.com
         ahamilton@kerncounty.com
         marshallkim@kercounty.com

Attorneys for Defendant County of Kern

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiff,<br><br>vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No. 1:21-CV-01352-DAD-JLT*<br><br>**COUNTY OF KERN'S MOTIONS IN LIMINE NOS. 1 THROUGH 8**<br><br>*Concurrently filed with the Declaration of Andrew C. Hamilton in Support of MIL No. 2*<br><br>Judge: Hon. District Judge Kirk E. Sherriff<br>Department: 6<br>Date: March 11, 2025<br>Time: 8:30 a.m. |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br>Defendants. | |

On February 6, 2025, the parties met and conferred by phone regarding whether any of the motions in limine could be resolved. Counsel for Plaintiffs represented that there were some motions in limine that they could not agree to and some they may be able to agree to in part, as long as defense counsel does not open the door to the introduction of that evidence. On February 10, 2025, Defense Counsel emailed counsel for Plaintiffs regarding which motions in limine they could stipulate to and which motions Defendants would have present to the court.

As a result of the meet and confer efforts, Defendant. County of Kern (erroneously sued as "Kern County") (hereinafter "Defendant") in the above matter and before the trial and selection of the jury, hereby moves this Court, in limine, to instruct the parties and counsel as follows:

## I.

## THE COUNTY'S MOTION IN LIMINE NO. 1

## MOTION TO EXCLUDE EVIDENCE OF PAST BAD ACTS OF ANY INDIVIDUAL DEFENDANT AND/OR ANY OTHER LAWSUITS AGAINST THE COUNTY OF KERN, OR ANY LAW ENFORCEMENT WITNESS

Defendant anticipates that Plaintiffs, Plaintiffs' witnesses, and/or their experts may testify regarding prior actions of Defendant Deputy Ayala and/or prior lawsuits against Ayala and the County of Kern.

Defendant anticipates, based on questioning of Deputy Ayala at deposition, that Ayala may be questioned at trial about his use of force on occasions prior to the within incident. Defendant submits that such questioning amounts to questions about prior "bad acts."

### Exclude improper character evidence

Federal Rules of Evidence Rule 404, subdivision (a) prohibits the introduction of evidence of the character of the civil defendant to prove an act in conformity with that character trait. Fed. R. Evid. 404(a)(1); *United States v. Lynch,* 437 F.3d 902, 913-915 (9th Cir. 2006). Likewise, evidence of other crimes, wrongs or acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *United States v. Curtin,* 489 F.3d 935, 944 (9th Cir. 2007).

Therefore, evidence of Ayala's prior actions to this incident in his capacity as a Sheriff's

1  deputy should not be admissible in the instant case, as the purpose of soliciting such testimony would

2  only be to try to convince the jury that Ayala had a character trait for the use of force and acted in

3  conformity with that character trait in relation to Mr. Lewis.

4  Exceptions to the rule excluding character evidence exist, although none are applicable in the

5  instant case. For example, Fed. R. Evid. Rule 405(b) allows character evidence when character itself

6  is at issue, which is not the case here. Fed. R. Evid. Rule 608 allows character evidence for purposes

7  of impeachment, however Deputy Ayala's past actions does not relate to his character for truthfulness,

8  so this exception would not apply.

9  Another exception is Fed. R. Evid. Rule 404(b)(2) which allows crimes, wrongs or other acts

10  to prove something other than character such as motive, opportunity, intent, preparation, plan,

11  knowledge, identity, absence of mistake, or lack of accident. However, Plaintiffs bear a heavy burden

12  in demonstrating character evidence is being used *other* than to prove an act in conformity therewith.

13  In order to survive this motion in limine Plaintiffs would be required to clearly articulate the specific

14  purpose for which such evidence is offered and that such evidence is relevant to one or more issues

15  in the case. *Curtin,* 489 F.3d at 957-958; *United States v. Arambula-Ruiz,* 987 F.2d 599, 602-603 (9th

16  Cir. 1993). Plaintiffs would be required to "articulate precisely the evidential hypothesis by which a

17  fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,*

18  689 F.2d 822, 830 (9th Cir. 1982). Courts are required to ensure that the purpose for which the

19  evidence is offered is more than just a sham for using it as proof of character. *See, e.g., United States*

20  *v. Merriweather,* 78 F.3d 1070, 1074-1079 (6th Cir. 1996) (emphasizing the need for a cautious

21  analysis of evidence of uncharged misconduct).

22  Even if the Plaintiffs were to clear these hurdles and articulate an admissible reason *beyond*

23  showing that Ayala acted in conformity with the alleged character trait, the Court would need to

24  analyze the evidence of prior "bad acts" pursuant to Fed. R. Evid. Rule 403 and determine that its

25  probative value outweighs its prejudicial effect. *Arambula-Ruiz,* 987 F.2d at 602. In *Huddleston v.*

26  *United States*, 485 U.S. 681, 688 (1988), the Court stated that the decision to admit evidence under

27  Fed. R. Evid. Rule 404(b) depends on "whether the danger of unfair prejudice [substantially]

28  outweighs the probative value of the evidence in view of the availability of other means of proof and

1  other factors appropriate for making decisions of this kind under Fed. R. Evid. Rule 403." Thus, the

2  Court has recognized that exclusion is mandated if the probative value of the bad act, in proving the

3  permissible, not-for-character purpose, is substantially outweighed by the risk that the jury would

4  misuse the evidence as proof of bad character.

5  ## II.

6  ## THE COUNTY'S MOTION IN LIMINE NO. 2

7  ### MOTION TO EXCLUDE TESTIMONY OF WITNESS JOHN C. HISERODT AND

8  ### TESTIMONY REGARDING ANY PART OF HIS REPORT OR OPINION

9  Defendant anticipate based upon the witness list of Plaintiffs, that Plaintiffs will call Dr. John

10  C. Hiserodt to testify.

11  ### Unfairly Prejudicial

12  "The court may exclude relevant evidence if its probative value is substantially outweighed

13  by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

14  jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. Rules Evid.,

15  rule 403.

16  In *Salem v. U.S. Lines Co.* 370 U.S. 31 at 35 (1993) the United States Supreme Court held

17  "...the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence,

18  and his action is to be sustained unless manifestly erroneous. *Spring Co. v. Edgar*, 99 U.S. 645, 658,

19  25 L.Ed. 487." The U.S. District Court, E.D. of California in *Gomez v. Ryan* 2007 WL 2109168 at

20  10 (2007) followed the holding of *Salem v. U.S. Lines Co.* 370 U.S. Id at 35, citing *Congress and*

21  *Empire Spring Co. v. Edgar* Id at 658 on this issue.

22  Here, Dr. Hiserodt's testimony, opinion, and use of his report would be unfairly prejudicial

23  to the Defendants pursuant to FRE 403. On October 25, 2022, Plaintiffs timely served disclosure of

24  expert witness Dr. Hiserodt. Dr. Hiserodt was designated as an expert as he performed an autopsy of

25  Mikel Lewis, Sr. Dr. Hiserodt was expected to testify as to the nature of the injuries sustained by Mr.

26  Lewis Sr., the cause and manner of death, the trajectory of the gunshot wounds, pre-death pain and

27  suffering, and related body positions. (See Hamilton Decl. Exhibit A.) Plaintiffs' counsel Bernard

28  Alexander III, re-designated Dr. Hiserodt on January 11, 2023, as a non-testifying consultant. (See

1  Hamilton Decl. Exhibit B.) On January 28, 2023, the day before Dr. Hiserodt's scheduled deposition,
2  Plaintiffs' counsel, Bernard Alexander III, sent an email to Deputy County Counsel Kathleen Rivera
3  withdrawing Dr. Hiserodt as an expert and specifically stating "his deposition will be unnecessary."
4  (See Hamilton Decl. Exhibits C & D.) Plaintiffs did not produce Dr. Hiserodt for the scheduled
5  deposition and Defendants were not able to depose Dr. Hiserodt. Following meet and confer
6  discussions, Plaintiffs' counsel sent an email writing that "Plaintiffs do not intend to call Hiserodt,
7  provided that the parties able to work together to subpoena the medical examiner (or a substitute) for
8  trial testimony and, if necessary, have the autopsy report admitted into evidence." (Hamilton Decl.
9  Exhibit E.) This email suggests that Plaintiffs still remain open to calling Dr. Hiserodt.

10      To allow Dr. Hiserodt to testify in trial would reward Plaintiffs for misuse of the expert
11  designation process. Dr. Hiserodt is not a percipient witness to the events in question. He is an expert
12  hired by plaintiffs to perform an autopsy and testify to his opinion in this case. Federal Rule of
13  Evidence Rule 701 states "[i]f a witness is not testifying as an expert, testimony in the form of an
14  opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly
15  understand the witness's testimony or to determine a fact in issue; and (c) not based on scientific,
16  technical, or other specialized knowledge within the scope of Rule 702." In *U.S. v. Figueroa-Lopez*
17  125 F.3d 1241, 1246 (1997), the Ninth Circuit Court stated, "Lay witness testimony is governed
18  by Rule 701, which limits opinions to those 'rationally based on the perception of the witness.' Rule
19  702, on the other hand, governs admission of *expert* opinion testimony concerning
20  '*specialized* knowledge.' The testimony in this case is precisely the type of 'specialized knowledge'
21  governed by Rule 702. A holding to the contrary would encourage the Government to offer all kinds
22  of specialized opinions without pausing first properly to establish the required qualifications of their
23  witnesses. The mere percipience of a witness to the facts on which he wishes to tender an opinion
24  does not trump Rule 702. Otherwise, a layperson witnessing the removal of a bullet from a heart
25  during an autopsy could opine as to the cause of the decedent's death...." Here as a witness who
26  conducted an autopsy on the decedent, Dr. Hiserodt's testimony would clearly be based on scientific,
27  technical or other specialized knowledge within the scope of Rule 702.

28      Furthermore, plaintiffs have still failed to disclose what non-expert testimony Dr. Hiserodt

–5–

1  would give.  Plaintiffs have attempted to thwart the defense from legitimate and necessary discovery.
2  The probative value of such evidence is substantially outweighed by the danger that such evidence
3  would unfairly prejudice the Defendant.

## III.

## THE COUNTY'S MOTION IN LIMINE NO. 3

## MOTION TO EXCLUDE EVIDENCE OF PLAINTIFFS' LATER CONTACT BY KERN COUNTY SHERIFF DEPUTIES

8  Defendant anticipates, based upon their depositions, that Plaintiffs, Plaintiffs' witnesses,
9  and/or their experts may testify regarding Plaintiffs' contact with Kern County Sheriff Deputies after
10  the alleged shooting of decedent.

### Irrelevant

12  Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible."
13  Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would
14  be without the evidence" and "the fact is of consequence in determining the action." (Fed. R. Evid.
15  401.) There is no claim in the complaint relating to acts of any deputy or the County after the alleged
16  death of decedent, and Plaintiffs have also dropped their claim for failure to provide medical care
17  after the shooting. Evidence of Plaintiffs' contacts with deputies after the shooting would neither
18  make the facts leading up to the shooting more or less probable nor be of any consequence in
19  determining the action.

### Unfairly Prejudicial

21  "The court may exclude relevant evidence if its probative value is substantially outweighed
22  by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the
23  jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed. Rules Evid.,
24  rule 403.) Plaintiffs' negative contacts with deputies after the alleged shooting have no probative
25  value into the events leading to decedent's death. The probative value of such evidence is
26  substantially outweighed by the danger that such evidence would unfairly prejudice the jury against
27  Defendant. Evidence of Plaintiff's later contacts with deputies after the shooting would also confuse
28  and mislead the jury as to the issues of the case, particularly because Plaintiffs' abandoned their claim

1  for failure to provide medical aid.

2                                     **IV.**

3                    <u>**THE COUNTY'S MOTION IN LIMINE NO. 4**</u>

4              **MOTION TO EXCLUDE GRAPHIC AND INFLAMMATORY**

5                        **PHOTOS OF THE DECEDENT**

6          Defendant anticipates that Plaintiffs will attempt to introduce photographs of the Decedent

7  that are graphic and inflammatory in nature. The photographs of the injury may be gruesome and

8  emotionally disturbing.  The photos offer no information to the jury about how the shooting occurred

9  or the reasonableness of the force used by Ayala.

10         The Court has the discretion to exclude gruesome photos whose only purpose is to inflame

11 the jury. *Rivers v. United States,* 270 F.2d 435, 437-438 (9th Cir. 1959). Because the photos, if

12 admitted, would be for the sole purpose of inflaming the jury and, as a result, Defendants would suffer

13 unfair prejudice. Fed. R. Evid. 403; *Rivers* at 437-438; *Douglass v. Hustler Magazine,* 769 F.2d 1128,

14 1142 (7th Cir. 1985) (when the purpose of photos is "to assail the senses and distract the mind,"

15 presentation of the photos to the jury is error). Defendant requests the Court exclude these photos.

16                                    **V.**

17                   <u>**THE COUNTY'S MOTION IN LIMINE NO. 5**</u>

18              **MOTION TO EXCLUDE EVIDENCE AND ARGUMENT**

19     **THAT A LESSER AMOUNT OF FORCE WOULD HAVE CONTROLLED LEWIS**

20         Plaintiffs must establish that Ayala used excessive force. The question is whether the actions

21 Ayala took were lawful, not whether they could have acted in some manner the Plaintiff deems more

22 reasonable. *Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 442 (7th Cir. 1986) ("the Constitution

23 does not require the police to follow the best recommended practices."); *Scott v. Henrich*, 39 F.3d

24 912, 915 (9th Cir. 1994) (police need not "avail themselves of the least intrusive means of responding

25 to an exigent situation.") Further, officers have no obligation to negotiate with an assaultive suspect.

26 *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) (officer's failure to call for

27 backup, to talk to the suspect in calm tones and to refrain from approaching suspect irrelevant to

28 reasonableness of force).

1  Evidence or argument as to other actions that Ayala could have taken are speculative and
2  irrelevant to the determination of whether the actions he did take were reasonable.

### VI.

### THE COUNTY'S MOTIONS IN LIMINE NO. 6

### PRECLUDE EVIDENCE OR TESTIMONY OF THE POTENTIAL EXISTENCE OF
### INSURANCE FOR, OR THE WEALTH OF, THE COUNTY OF KERN

7  It is anticipated that Plaintiffs may attempt to present or elicit evidence concerning the
8  existence or potential existence of insurance coverage for, or the wealth of, the County of Kern
9  (hereinafter "County") or otherwise refer to, comment upon or present argument about said facts and
10 circumstances. Plaintiffs may also elicit testimony of or make argument regarding the insurance
11 coverage and insurance protection provided to the County. Since the introduction of this information,
12 or any comment thereon, is or may be highly prejudicial to Defendant's case, such that its admission
13 may constitute error, Defendant requests this Court to preclude such testimony.

14 Such testimony regarding the County's wealth or insurance is not relevant to any claim and
15 thus should be precluded pursuant to Federal Rule of Evidence 402. In *United States v. Socony-*
16 *Vacuum Oil Co.,* 310 U.S. 150, 239 (1940), the Supreme Court observed that "appeals to class
17 prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent
18 them." In that case, the Court counseled the jury that "any reference to the wealth of any of the
19 defendants is entirely immaterial." *Ibid. Socony-Vacuum* has been cited repeatedly by circuit courts
20 for the proposition that evidence of a party's wealth should be excluded where it is not relevant to the
21 issues in the case. *See Moore v. Telfon Communications Corp.,* 589 F.2d 959, 966 (9th Cir. 1978)
22 (holding that a single reference to defendant's bankruptcy was not prejudicial error where the trial
23 court "admonished the jury not to consider the wealth of the parties or Telfon's bankruptcy.").

24 Evidence that a person was, at the time a harm was suffered by another, insured wholly or
25 partially against loss arising from liability for that harm is inadmissible to prove negligence or other
26 wrongdoing. The County's insurance coverage or wealth has no bearing on the issue of liability or
27 damages suffered. In addition, evidence alluding to liability insurance coverage or wealth can be
28 substantially prejudicial. Jurors, knowing that insurance coverage exists, may make impermissible

1  inferences and be swayed by the commonly held belief that "insurance companies have a lot of
2  money" and "that any award of damages will not be coming out of defendant's pockets." Such
3  inflammatory evidence will substantially prejudice Defendants, and each of them, and will only
4  confuse the issues and/or mislead the jury to the detriment of the parties herein.

5      Defendant therefore respectfully requests the exclusion of such testimony.

6                                    **VII.**

7                   **THE COUNTY'S MOTION IN LIMINE NO. 7**

8        **MOTION TO EXCLUDE EVIDENCE OF OTHER BAD ACTS, USE OF FORCE**

9         **INCIDENTS, AND PERSONNEL ACTIONS RELATING TO DEPUTY AYALA**

10     Defendant anticipates that Plaintiffs will attempt to use improper character evidence in the
11  form of prior bad acts, other use of force incidents and personnel actions involving Deputy Ayala.
12  The County moves the Court for an order excluding this evidence or any other evidence of prior bad
13  acts.

14     **a.    Character evidence of the deputy is not admissible under FRE 404(a)**

15     Federal Rules of Evidence Rule 404, subdivision (a) prohibits the introduction of evidence of
16  the character of the civil defendant to prove an act in conformity with that character trait although the
17  defendants may introduce such evidence about the decedent. FRE 404(a). In *Perrin v. Anderson,* 784
18  F.2d 1040, 1044-1045 (10th Cir. 1986) the court held that when a § 1983 action involves actions that
19  are criminal in nature—such as the use of excessive force—a civil defendant stands in the shoes of a
20  criminal accused for purposes of FRE 404(a) and only the civil defendant may "invoke the exceptions
21  to Rule 404(a)." Because there is no authority that would allow Plaintiffs to introduce character
22  evidence regarding Deputy Ayala, the evidence should be excluded.

23     **b.    If the Court concludes that FRE 404(a) allows Plaintiffs to introduce character**
24  **evidence to admit "bad acts" evidence, Plaintiffs bear a heavy burden in demonstrating its**
25  **purpose is other than to prove an act in conformity therewith.**

26     For other "bad act" evidence to be admitted against Ayala, "the evidence must satisfy the
27  following four requirements: (1) it must prove a material element of the offense for which the
28  defendant is now charged; (2) in certain cases, the prior conduct must be similar to the charged

–9–

1  conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior
2  conduct must not be too remote in time. [Citation.] Finally, in addition to these requirements, we must
3  analyze the evidence pursuant to Rule 403 and determine whether its probative value outweighs its
4  prejudicial effect. [Citation.]" *United States v. Arambula-Ruiz*, 987 F.2d 599, 602-603 (9th Cir. 1993).

5      In addition to these factors, Plaintiffs are required to "articulate precisely the evidential
6  hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United*
7  *States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982).

8      In evaluating the request to introduce such evidence, courts are required to ensure that the
9  purpose for which the evidence is offered is more than just a sham for using it as proof of character.
10  *See, e.g.*, *United States v. Merriweather*, 78 F.3d 1070, 1074-1079 (6th Cir. 1996) (emphasizing the
11  need for a cautious analysis of evidence of uncharged misconduct). Courts are to be particularly wary
12  when the proponent of bad act evidence cites a "laundry list" of possible purposes, without being able
13  to articulate how the evidence is probative of those purposes or even that those matters are in issue
14  in the case. *United States v. Rivera,* 837 F.2d 906 (1988), modified on other grounds en banc, 874
15  F.2d 754 (10th Cir. 1989).

16      **c.    To be admissible, the probative value of the evidence must outweigh its**
17  **prejudicial effect**

18      In *Huddleston v. United States*, 485 U.S. 681, 688 (1988), the Court stated that the decision
19  to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice
20  [substantially] outweighs the probative value of the evidence in view of the availability of other
21  means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus,
22  the Court has recognized that exclusion is mandated if the probative value of the bad act, in proving
23  the permissible, not-for-character purpose, is substantially outweighed by the risk that the jury would
24  misuse the evidence as proof of bad character.

25      Again, in *Michelson v. United States,* 335 U.S. 469, 475-476 (1948) the Court held, "The
26  overriding policy of excluding such evidence, despite its admitted probative value, is the practical
27  experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue
28  prejudice." The "use of other crimes evidence is not looked on favorably and its use must be narrowly

1  circumscribed and limited." *United States v. Lewis,* 787 F.2d 1318, 1321 (9th Cir. 1986). Moreover,

2  where the evidence is plainly prejudicial and is not very important to the proponent's case, it should

3  be excluded. *United States v. Merriweather,* 78 F.3d 1070, 1079 (6th Cir. 1996).

4      Moreover, evidence of other incidents and personnel matters of the deputy would be more

5  prejudicial than probative. Federal Rules of Evidence, Rule 403.  The sole purpose for admission of

6  this evidence by Plaintiffs would be to mislead and inflame the jury.  It would also cause considerable

7  delay and a waste of time by requiring trial of collateral issues relating to these other incidents. As

8  such, this evidence should not be admitted.

9                                    **VIII.**

10                   **THE COUNTY'S MOTION IN LIMINE NO. 8**

11        **MOTION TO EXCLUDE EVIDENCE THAT IS PROTECTED BY THE CALIFORNIA**

12      **PENAL CODE § 832.7 AND 832.8 AND CALIFORNIA EVIDENCE CODE 1040 AND 1043**

13                      **AND THE OFFICERS' RIGHTS TO PRIVACY**

14      Defendant requests this Court preclude any questioning and testimony regarding their

15  personnel matters, prior complaints concerning job performance or prior disciplinary issues.  Further,

16  Defendant requests that the Court preclude such questions and testimony regarding any County

17  Sheriff Deputy who testifies in this matter.

18      Although federal courts are not bound by state statutes or privileges, federal common law

19  recognizes an "official information" privilege that embraces records or information compiled for law

20  enforcement purposes not otherwise available to the public pursuant to 5 U.S.C. § 552(b)(7). This

21  Court stated in *Brooks v. County of San Joaquin,* 275 F.R.D 528, 530 (E.D. Cal. 2011) that in § 1983

22  cases, with mixed state and federal claims, although federal law is binding, state privilege law which

23  is consistent with its federal equivalent significantly assists in applying privilege law to discovery

24  disputes. *See Pagano v. Oroville Hospital,* 145 F.R.D 683, 687 (E.D. Cal. 1993); *Martinez v. City of*

25  *Stockton,* 132 F.R.D. 677, 681-683 (E.D. Cal. 1990); *Cook v. Yellow Freight,* 132 F.R.D. 548, 551

26  (E.D. Cal. 1990). The Court in *Brooks* acknowledged that while other courts disagree (*see e.g.*

27  *Jackson v. County of Sacramento,* 175 F.R.D 653, 655 (E.D. Cal. 1997), stating that *Pagano /*

28  *Martinez / Cook* have been overruled), these other Courts "seemingly have overlooked binding

1   precedent. The Ninth Circuit continues to hold that '[i]n determining the federal law of privilege in a

2   federal question case, absent controlling statute, a federal court may consider state privilege law.'"

3   *Brooks,* 132 F.R.D at 530, citing *Lewis v. United States,* 517 F.2d 236, 237 (9th Cir. 1975).

4          The *Brooks* Court stated that the federal privilege applicable to the government interest in

5   preserving confidentiality of law enforcement records has various names: (1) the "official information

6   privilege," (2) the "law enforcement privilege," and (3) a type of "executive privilege."  The Court

7   went on to state that this federal "qualified" privilege is consistent with California statutes according

8   a qualified privilege to peace officer personnel records, i.e. California Penal Code § 832.7.  Disclosure

9   requires "good cause" (Cal. Evid. Code § 1043), relevance and unavailability by other means (Cal.

10  Evid. Code § 1045). *Brooks,* 132 F.R.D at 533.

11         Further, even where a claim is based on federal law rather than state law, federal courts may

12  defer to state law privilege as a matter of comity (i.e. not as a matter of obligation, but out of deference

13  and mutual respect.). *Pearson v. Miller*, 211 F.3d 57, 67 (3rd Cir. 2000). California Penal Code

14  section 832.7 provides for the confidentiality of peace officer personnel records. This includes

15  personnel records defined under Penal Code section 832.8, and records maintained pursuant to Penal

16  Code section 832.5.

17         Penal Code section 832.5 defines personnel records as "...any file maintained under that

18  individual's name by his or her employing agency and containing records "relating to:  (a) personal

19  data, including marital status, family members, educational and employment history, or similar

20  information; (b) medical history; (c) election of employee benefits; (d) employee advancement,

21  appraisal or discipline; (e) complaints, or investigation of complaints, concerning an event or

22  transaction in which he or she participated, or which he or she perceived and pertaining to the manner

23  in which he or she performed his or her duties; or (f) any other information the disclosure of which

24  would constitute an unwarranted invasion of personal privacy."

25         Penal Code section 832.5 applies to procedures for investigating citizen complaints against

26  law enforcement personnel, i.e. an internal affairs investigation. Evidence Code section 1040 is a

27  privilege relating to official information acquired in confidence from a public employee in the course

28  of his or her duty and not open or officially disclosed to the public prior to the time the claim of

1    privilege is made.

2        A public entity has a confidential privilege to refuse to disclose official information and to
3    prevent another person from disclosing such information if: (1) the privilege is claimed by a person
4    authorized by the public entity to do so; and (2) disclosure of the information is against the public
5    interest because there is a necessity for preserving the confidentiality of the information that
6    outweighs the necessity for disclosure in the interest of justice. *Shepherd v. Superior Court,* 17 Cal.3d
7    107, 124 (1976), overruled on other grounds. Thus, Plaintiffs should not be entitled to ask questions
8    soliciting information otherwise privileged because statutes which protect personnel records and
9    information from such records also protect the identical information about personnel history which
10   is within the officers' personal recollections. *City of San Diego v. Superior Court*, 136 Cal.App.3d
11   236, 239 (1981).

12       Further, only relevant evidence is admissible. Fed. R. Evid. Rule 402. Evidence is not relevant
13   unless it tends to prove or disprove a fact of consequence.  Fed. R. Evid. Rule 401. Evidence of other
14   citizen complaints or internal affairs investigations would be irrelevant since they do not prove any
15   fact of consequence in this matter. Moreover, such character evidence is not admissible to prove
16   conduct of a defendant (Fed. R. Evid. Rule 404) and admission of any such evidence would be unduly
17   prejudicial and subject to exclusion (Fed. R. Evid. Rule 403.).

18       Therefore, Defendant respectfully requests the Court to instruct Plaintiffs and their attorneys
19   (and through each of them, each of their witnesses and experts) not to mention, or in any other manner
20   convey to the jury any testimony relating to personnel matters, prior complaints concerning job
21   performance or prior disciplinary issues regarding any County Defendant. Further, County Defendant
22   requests that the Court preclude such questions and testimony regarding any County sheriff deputy
23   who testifies in this matter.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

## IX.

## JOINDER IN OTHER DEFENSE MOTIONS IN LIMINE

Defendant County of Kern hereby joins in and incorporates by reference all of the motions in limine filed by Defendant Jason Ayala.

Dated: February 11, 2025

Respectfully Submitted,

MARGO A. RAISON, COUNTY COUNSEL

By: /s/ Andrew C. Hamilton
Marshall S. Fontes, Chief Deputy
Andrew C. Hamilton, Deputy
Kimberly L. Marshall, Deputy
Attorneys for Defendant County of Kern

1  MARGO A. RAISON, COUNTY COUNSEL
   By: Marshall S. Fontes, Chief Deputy (SBN 139567)
2  Andrew C. Hamilton, Deputy (SBN 299877)
   Kern County Administrative Center
3  1115 Truxtun Avenue, Fourth Floor
   Bakersfield, CA 93301
4  Telephone: (661) 868-3800
   Facsimile: (661) 868-3805
5  Email: sfontes@kerncounty.com
           ahamilton@kerncounty.com
6          marshallkim@kercounty.com

7  Attorneys for Defendant Kern County

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 | MICKEL ERICK LEWIS JR., individually and | Case No. 1:21-CV-00378-KES-CDB
   as successor-in-interest to MICKEL E. LEWIS, | *Consolidated with Case No.*
11 SR., ORIONA LEWIS; and BRIONA LEWIS, | *1:21–CV–01352–DAD–JLT*
   individually and as successor-in-interest,
12 | | **DECLARATION OF ANDREW C.**
   Plaintiff, | **HAMILTON, DEPUTY, IN SUPPORT OF**
13 | | **MOTION IN LIMINE NO. 2 TO EXCLUDE**
   vs. | **TESTIMONY OF WITNESS JOHN CC.**
14 | | **HISERODT AND TESTIMONY**
   KERN COUNTY, Deputy JASON AYALA, | **REGARDING ANY PART OF HIS**
15 and DOES 1-20, inclusive, | **REPORT OR OPINION**
16 | Defendant. | Judge: Hon. District Judge Kirk E. Sherriff
   | Department: 6
17 | | Date: March 11, 2025
   | Time: 8:30 a.m.
18 |

19 | R.L., M.L., and H.L., minors, by and through
20 guardian *ad litem* Roberta Haro, individually
   and as successors in interest to Michel Lewis
21 Sr., deceased; A.W., a minor, by and through
   her guardian *ad litem* Alisha White,
22 individually and as a successor in interest to
   Michel Lewis Sr., deceased; ALISHA WHITE,
23 individually and as a successor in interest to
   Mickel Lewis Sr.,
24 | Plaintiffs,
25 | vs.
26 | COUNTY OF KERN; JASON AYALA; and
   DOES 1-10, inclusive,
27 | Defendants.
28 |

I, ANDREW C. HAMILTON, Deputy, declare as follows:

1.  I am one of the attorneys assigned to this matter for the County of Kern. I am licensed to practice law in all of the State and Federal Courts of the State of California. The following declaration is based upon my own personal knowledge.

2.  Attached hereto as Exhibit A is a true and correct copy of the Plaintiffs' Joint Initial Expert Disclosures in this matter.

3.  Attached hereto as Exhibit B is a true and correct copy of the Plaintiffs' Redesignation of Dr. John Hiserodt as a Nontestifying Consultant in this matter.

4.  Attached hereto as Exhibit C is a true and correct copy of the Plaintiffs' email to County Counsel, Kathleen S. Rivera, Chief Deputy, withdrawing Dr. Hiserodt as an expert in this matter.

5.  Attached hereto as Exhibit D is a true and correct copy of Defendants' Amended Notice of Taking Deposition of Plaintiffs' Expert John C. Hiserodt, M.D., Ph.D., FCAP and Request for Production of Documents in this matter.

6.  Attached hereto as Exhibit E is a true and correct copy of an email from Plaintiffs' Counsel Renee Valentine Masongsong to Defendants' Counsel on February 11, 2025.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 11th day of February 2025, in Bakersfield, California.

/s/ Andrew C. Hamilton
Andrew C. Hamilton, Deputy

# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Ranhee Lee (SBN 330979)
rlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs R.L., H.L., M.L., A.W., and Alisha White*

[Additional counsel stated below]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest, <br><br> Plaintiffs, <br><br> vs. <br><br> KERN COUNTY Deputy JASON AYALA, and DOES 1-20, inclusive, <br><br> Defendants. <br> _____ <br> R.L, M.L, and H.L, minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Mickel Lewis Sr., deceased; A.W, a minor, by and through guardian *ad litem* Alisha White, individually and as a successor in interest to Mickel Lewis Sr., deceased, Alisha White, individually and as a successor in interest to Mickel Lewis Sr., | Case No. **1:21-CV-00378-ADA-CDB** <br><br> *[Hon. District Judge Ana de Alba Hon. Magistrate Judge Christopher D. Baker]* <br><br> **PLAINTIFFS' JOINT INITIAL EXPERT DISCLOSURES** |

1            Plaintiffs,

2   vs.

3   COUNTY OF KERN; JASON AYALA;
4   and DOES 1-10, inclusive,

5   Defendants.

6

7

8   **TONI JARAMILLA, A Professional Law Corp.**
    Toni J. Jaramilla, Esq. (SBN 174625)
9   May Mallari, Esq. (SBN 207167)
10   1900 Avenue of the Stars, Suite 900
    Los Angeles, California 90067
11   T: (310) 551-3020 | F: (310) 551-3019
12   E-mail: Toni@tjjlaw.com | May@tjjlaw.com

13   **ALEXANDER MORRISON + FEHR LLP**
14   J. Bernard Alexander, III (State Bar No. 128307)
    Britt L. Karp (State Bar No. 278623)
15   1900 Avenue of the Stars, Suite 900
16   Los Angeles, California 90067
    T: (310) 394-0888 | F: (310) 394-0811
17   E: balexander@amfllp.com | bkarp@amfllp.com

18
    Attorneys for Plaintiffs
19   MICKEL ERICK LEWIS JR, ORIONA LEWIS
20   and BRIONA LEWIS

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs hereby designate the following retained and non-retained expert witnesses who may be called upon to give expert testimony at trial pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. Plaintiffs reserve their right to supplement and/or amend this disclosure.

**RETAINED EXPERTS**

1. **Scott A. DeFoe**
   On-Scene Consulting Group, LLC
   P.O. Box 4456, Huntington Beach
   CA 92605-4456
   (714) 655-4280

   Mr. DeFoe's Rule 26 report, C.V., fee schedule, and list of prior sworn testimony are collectively attached hereto as **Exhibit 1.**

2. **John Gardiner, Ph.D., P.E.**
   MEA Forensic Engineers & Scientists
   23281 Vista Grande Drive, Laguna Hills, CA 92653
   Telephone: (949) 855-4632

   Mr. Gardiner's Rule 26 report, C.V., and list of prior sworn testimony are collectively attached hereto as **Exhibit 2.**

3. **John C. Hiserodt, M.D., Ph.D., FCAP**
   PathLab Services, Inc.
   7707 Garden Grove Blvd, Garden Grove, CA 92841
   Telephone: (714) 743-5253

1    Dr. Hiserodt's Rule 26 report, C.V., and list of prior sworn testimony are

2  collectively attached hereto as **Exhibit 3.**

3  **NON-RETAINED EXPERTS**

4    **1. Brooke Hood, Deputy Coroner**
5      Kern County Sheriff's Office, Coroner Section.

6    Dr. Hood is a Deputy Coroner at Kern County Sheriff's Office, Coroner

7  Section.  Dr. Hood is expected to testify as to the nature of the injuries Mr. Lewis,

8  Sr. sustained, the cause and manner of Mr. Lewis, Sr.'s death, and the general

9  trajectory of the gunshot wound in the body which are included in the autopsy report

10  that is previously disclosed, pre-death pain and suffering and related body positions

11  at the time of the shooting based on hypothetical questions.

12

13    **2. Eugene Carpenter, Jr., M.D.**
      Kern County Sheriff's Office, Coroner Section
14

15    Dr. Carpenter, Jr. is a Forensic Pathologist at Kern County Sheriff's Office,

16  Coroner Section.  Dr. Carpenter, Jr. performed the autopsy of Mr. Lewis, Sr. and is

17  expected to testify as to the nature of the injuries Mr. Lewis, Sr. sustained, the cause

18  and manner of Mr. Lewis Sr.'s death, and the general trajectory of the gunshot

19  wound in the body which are included in the autopsy report that is previously

20  disclosed, pre-death pain and suffering and related body positions at the time of the

21  shooting based on hypothetical questions.

22

23    **3. John C. Hiserodt, M.D., Ph.D., FCAP**
      PathLab Services, Inc.
24      7707 Garden Grove Blvd, Garden Grove, CA 92841
      Telephone: (714) 743-5253
25

26    Dr. Hiserodt is a Pathologist at PathLab Services, Inc. Dr. Hiserodt performed

27  the autopsy of Mr. Lewis, Sr. and is expected to testify as to the nature of the

28  injuries Mr. Lewis, Sr. sustained, the cause and manner of Mr. Lewis Sr.'s death,

1  and the general trajectory of the gunshot wound in the body which are included in
2  the autopsy report that is previously disclosed, pre-death pain and suffering and
3  related body positions at the time of the shooting based on hypothetical questions.
4
5      **4. Scott Morgan (#1622)**
6         Hall Ambulance Service, Inc.
           1001 21st St
7         Bakersfield, CA 93301
           (661) 322-8741
8
9          Mr. Morgan is a Paramedic at Hall Ambulance Service, Inc. who responded
10 to the scene of the incident after the shooting.  Mr. Morgan made observations
11 regarding the condition of Mr. Lewis, Sr. after he was shot by Deputy Ayala as well
12 as nature and extent of injuries.  Mr. Morgan examined and evaluated Mr. Lewis, Sr.
13 at the scene, and provided medical treatments.
14
15     **5. Cheyenne Chudiuo (#2237)**
16        Hall Ambulance Service, Inc.
          1001 21st St
17        Bakersfield, CA 93301
          (661) 322-8741
18
19         Mr. Chudiuo is an EMT at Hall Ambulance Service, Inc. who responded to
20 the scene of the incident after the shooting.  Mr. Chudiuo made observations
21 regarding the condition of Mr. Lewis, Sr. after he was shot by Deputy Ayala as well
22 as nature and extent of injuries.  Mr. Chudiuo examined and evaluated Mr. Lewis,
23 Sr. at the scene, and provided medical treatments.
24
25         Plaintiffs reserve the right to call any non-retained witnesses, who may
26 qualify as experts, such as Plaintiffs' family members, friends, coworkers, and
27 medical professionals to discuss Plaintiffs' emotional distress damages.
28

1      Plaintiffs specifically reserve the right to call additional expert witnesses
2 unnamed herein for purposes of impeachment or rebuttal. Likewise, Plaintiffs
3 reserve the right to name and identify additional experts who may become necessary
4 or desirable following receipt of any other party's designation and after depositions
5 of all other experts are taken in this case.

6      Discovery and investigation are continuing at the time of this designation.
7 Plaintiffs reserve the right to supplement this designation based on later discovered
8 evidence and/or receipt of the other parties' designation, both with respect to expert
9 witnesses who may be retained by Plaintiffs and with respect to those who, although
10 not retained, are nonetheless expected to give testimony. Further, Plaintiffs reserve
11 the right to call, either as a result of supplemental designation or in the absence
12 thereof, individuals who, by virtue of having been percipient witnesses with the
13 appropriate knowledge, skills, training, experience, or education, may give
14 testimony in the form of an opinion. Plaintiffs likewise reserve the right to file
15 supplemental designation of expert witnesses as she deems necessary and
16 appropriate.

17      In addition, Plaintiffs reserve the right to call and examine any expert witness
18 designated by any other party in this litigation.

19

20

21 Dated: October 25, 2022          LAW OFFICES OF DALE K. GALIPO

22

23                          By:   */s/ Dale K. Galipo*

24                              Dale K. Galipo

25                              Ranhee Lee

26                              Attorneys for Plaintiffs

27

28

PLAINTIFFS' JOINT INITIAL EXPERT DISCLOSURES

1   Date: October 25, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

*/s/ J. Bernard Alexander, III*

J. Bernard Alexander, III
Toni Jaramilla

Counsel for Plaintiffs  MICKEL ERICK LEWIS
JR, ORIONA LEWIS and BRIONA LEWIS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Santiago Laurel, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On October 25, 2022, I served the foregoing document described as: PLAINTIFFS' JOINT INITIAL EXPERT DISCLOSURES on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

### METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

    ☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

    ☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2022, at Woodland Hills, California.

_____

Santiago Laurel

-8-

**PLAINTIFFS' JOINT INITIAL EXPERT DISCLOSURES**

1

## SERVICE LIST

2

3   MARGO A. RAISON, KERN COUNTY COUNSEL
4   KATHLEEN RIVERA, DEPUTY (SBN 211606)
    OFFICE OF THE COUNTY COUNSEL, COUNTY OF KERN
5   1115 TRUXTUN AVENUE, FOURTH FLOOR
    BAKERSFIELD, CA 93301
6   TELEPHONE: (661) 868-3800
7   FACSIMILE: (661) 868-3805
    EMAIL: KRIVERA@KERNCOUNTY.COM
8

9   *ATTORNEYS FOR DEFENDANTS, COUNTY OF KERN AND JASON AYALA*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
CITY COUNSEL

2022 OCT 28  PM 2: 29

# EXHIBIT B

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
May Mallari, Esq. (SBN 207167)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019
E-mail: Toni@tjjlaw.com | May@tjjlaw.com

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Britt L. Karp (State Bar No. 278623)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811
E: balexander@amfllp.com | bkarp@amfllp.com

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest, <br><br> Plaintiffs, <br><br> vs. <br><br> KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive, <br><br> Defendants. | Case No: 1:21–CV–00378–ADA-CDB <br><br> Assigned to Hon. Ana de Alba <br> Courtroom: 1, 8th Floor <br><br> **PLAINTIFFS' REDESIGNATION OF DR. JOHN HISERODT AS A NONTESTIFYING CONSULTANT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Plaintiffs hereby redesignate Dr. John Hiserodt as a nontestifying consultant.

Date: January 11, 2023                    Respectfully submitted,

                                          ALEXANDER MORRISON + FEHR LLP

                                          TONI JARAMILLA, A Professional Law Corp.

                                          *s/ J. Bernard Alexander, III*
                                          J. Bernard Alexander, III
                                          Toni Jaramilla

                                          Counsel for Plaintiffs  MICKEL ERICK
                                          LEWIS JR, ORIONA LEWIS and BRIONA
                                          LEWIS

1      **PROOF OF SERVICE**

2      I am over the age of 18 years, not a party to this action, and am employed in the County of Los Angeles, State of California. My business address is ALEXANDER
3      MORRISON + FEHR LLP, 1900 Avenue of the Stars, Suite 900, Los Angeles, California 90067.

4
       On, January 11, 2023, following the ordinary business practices of
5      ALEXANDER MORRISON + FEHR LLP as set forth below, I served a true and correct copy of the foregoing document described as **PLAINTIFFS' REDESIGNATION OF DR.**
6      **JOHN HISERODT AS A NONTESTIFYING CONSULTANT** in a sealed envelope, with postage fully prepaid, addressed as follows:

7      _COUNSEL FOR DEFENDANT:_                      _CO-COUNSEL FOR PLAINTIFF:_
       Kathleen Rivera, Deputy (SBN211606)          TONI JARAMILLA, A Professional Law Corp.
8      Office of the County, County of Kern          Toni J. Jaramilla, Esq. (SBN 174625)
                                                     May Mallari, Esq. (SBN 207167)
       1115 Truxton Avenue, 4ᵗʰ Floor               1900 Avenue of the Stars, Suite 900
9      Bakersfield, California 93301                 Los Angeles, California 90067
       T: 661.868.3800                              T: 310.551.3020
10     F: 661.868.3805                              F: 310.551.3019
                                                     E  toni@tjjlaw.com
11     E: krivera@kerncounty.com                    E: may@tjjlaw.com

12
       _COUNSEL FOR PLAINTIFFS_: R.L., M.L., H.L.
13     Dale K. Galip, Esq.
       Ranhee Lee, Esq.
14     21800 Burbank Blvd., Suite 310
       Woodland Hills, CA 91367
       T:    818.347.3333
15     F:    818.347.4118

16     ()    BY MAIL.  I am readily familiar with ALEXANDER MORRISON + FEHR LLP's
             practice for collection and processing of correspondence for mailing with the U.S.
17           Postal Service.  Under that practice, in the ordinary course of business,
             correspondence would be deposited with the U.S. Postal Service on the same
18           day with postage fully prepaid at ALEXANDER MORRISON + FEHR LLP, 1900
             Avenue of the Stars, Suite 900, Los Angeles, California 90067. The above
19           envelope was placed for collection and mailing on the above date following our
             firm's ordinary business practice.  I am aware that on motion of the party served,
20           service is presumed invalid if the postal cancellation date or postage meter date
             is more than one day after date of deposition for mailing.
21
       ()    VIA UPS.  I sent said document via UPS overnight delivery.
22
       (X)   VIA EMAIL. Based on a court order or an agreement of the parties to accept
23           service by e-mail or electronic transmission, I caused the documents to be sent
             to the persons at the e-mail addresses on the attached service list on the dates
24           and at the times stated thereon. I did not receive, within a reasonable time after
             the transmission, any electronic message or other indication that the
25           transmission was unsuccessful. The electronic notification address of the person
             making the service is GHAM@AMFLLP.COM
26
       ()    VIA FACSIMILE.  I sent said documents via facsimile.
27
       ()    BY PERSONAL SERVICE.  I delivered such envelope by hand to the offices of
28           the addressee(s).

       SERVICE

1    ()    (STATE)  I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

2

3    (X)    (FEDERAL)  I declare that I am employed in the office of a member of the bar of
this Court at whose direction the service was made.

4
                                                                    *s/Gustin Ham*
Dated:        January 11, 2023                          _____

5                                                              Gustin Ham

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SERVICE                                        -2-

# EXHIBIT C

**Kimberly L. Marshall**

| | |
|---|---|
| **From:** | Kathleen Rivera |
| **Sent:** | Tuesday, January 28, 2025 2:42 PM |
| **To:** | Kimberly L. Marshall |
| **Subject:** | Fw: Lewis et al. v. Kern County et al. |

Kathleen Rivera, Chief Deputy County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Direct Line: (661) 868-3820
krivera@kerncounty.com

---

**From:** J. Bernard Alexander, III <balexander@amfllp.com>
**Sent:** Wednesday, January 11, 2023 8:34 AM
**To:** Aida Navarro <anavarro@kerncounty.com>; Ranhee Lee <rlee@galipolaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; Toni Jaramilla (toni@tjjlaw.com) <toni@tjjlaw.com>; Karen Slyapich <kslyapich@galipolaw.com>
**Cc:** Britt Karp <bkarp@amfllp.com>; Esmeralda Apodaca <eapodaca@kerncounty.com>; Kathleen Rivera <krivera@kerncounty.com>
**Subject:** RE: Lewis et al. v. Kern County et al.

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Hello Kathleen and Ms. Navarro,

You are one step ahead of me this morning.

We will be de-designating and withdrawing Dr. Hiserodt as an expert. Therefore, his deposition will be unnecessary. We will send formal written notice of the de-designation later today. If you have any questions regarding this de-designation, please feel free to contact me. Thank you.

Kind regards,
J. Bernard Alexander, III. **Partner.**

*2021, 2022 Top 10 Southern California SuperLawyer*
*American College of Trial Lawyers Fellow*
*College of Labor and Employment Fellow*
*2020 Jim Robie Professionalism and Civility Award*
*2009-2021 Top 75 California Labor & Employment Attorney by the LA Daily Journal*

1

*2019, 2020 , 2021 Top 100 Attorneys in California by the LA Daily Journal*
*2009-2022 SuperLawyer*

balexander@amfllp.com
T: 310.394.0888
F: 310.394.0811

1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
www.amfllp.com
https://www.hightail.com/u/AKG
https://www.facebook.com/akgllp

# ALEXANDER
# MORRISON +
# FEHR LLP

Employee Justice  -  Civil Rights

*The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product.  If you have received this e-mail in error, please respond to the sender immediately to so indicate, delete this email from your computer, and destroy any copies of this e-mail.  Thank you.*

**From:** Aida Navarro <anavarro@kerncounty.com>
**Sent:** Wednesday, January 11, 2023 8:30 AM
**To:** Ranhee Lee <rlee@galipolaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; Toni Jaramilla (toni@tjjlaw.com) <toni@tjjlaw.com>; Karen Slyapich <kslyapich@galipolaw.com>
**Cc:** J. Bernard Alexander, III <balexander@amfllp.com>; Britt Karp <bkarp@amfllp.com>; Esmeralda Apodaca <eapodaca@kerncounty.com>; Kathleen Rivera <krivera@kerncounty.com>
**Subject:** RE: Lewis et al. v. Kern County et al.

Good morning Counsel,

Please confirm that you will produce Mr. Gardiner for deposition tomorrow.

Thank you,

Office of County Counsel

*Aida Romero Navarro*

Senior Paralegal
1115 Truxtun Ave., 4th Floor
Bakersfield CA 93301
Phone: (661) 868-3887
Fax: (661) 868-3805
Front Desk: (661)868-3800
anavarro@kerncounty.com



# EXHIBIT D

1  MARGO A. RAISON, KERN COUNTY COUNSEL
   Kathleen Rivera, Deputy (SBN 211606)
2  Office of the County Counsel, County of Kern
3  1115 Truxtun Avenue, Fourth Floor
   Bakersfield, CA 93301
4  Telephone: (661) 868-3800
   Facsimile: (661) 868-3805
5
   Attorneys for Defendants, Kern County,
6  Deputy Jason Ayala

7
                    UNITED STATES DISTRICT COURT
8
                  EASTERN DISTRICT COURT OF CALIFORNIA
9

10 MICKEL ERICK LEWIS JR., individually          )    Case No. 1:21-CV-00378-ADA-CDB
   and as successor-in-interest to MICKEL E.     )
11 LEWIS, SR., ORIONA LEWIS; and                 )
   BRIONA LEWIS, individually and as             )    DEFENDANTS' AMENDED NOTICE OF
12 successor-in-interest,                        )    TAKING DEPOSITION OF PLAINTIFFS'
                                                 )    EXPERT JOHN C. HISERODT., M.D., Ph.D.,
13              Plaintiffs,                       )    FCAP AND REQUEST FOR PRODUCTION
                                                 )    OF DOCUMENTS
14 vs.                                            )
                                                 )
15 KERN COUNTY Deputy JASON AYALA,              )
   and DOES 1-20, inclusive,                     )
16                                               )
                Defendants.                       )
17 _____           )
   R.L, M.L, and H.L, minors, by and through     )
18 guardian ad litem Roberta Haro, individually  )
   and as successors in interest to Mickel Lewis )
19 Sr., deceased; A.W, a minor, by and through    )
   guardian ad litem Alisha White, individually  )
20 and as a successor in interest to Mickel Lewis )
   Sr., deceased, Alisha White, individually and )
21 as a successor in interest to Mickel Lewis Sr.,)
                                                 )
22              Plaintiffs,                       )
                                                 )
23 vs.                                            )
                                                 )
24 COUNTY OF KERN; JASON AYALA; and              )
   DOES 1-10, inclusive,                         )
25                                               )
                Defendants.                       )
26

27

28
                                          1

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

YOU ARE HEREBY NOTIFIED that DEFENDANT COUNTY OF KERN, will take the deposition of the following individual, at the date, time and location as forth below:

| DEPONENT | DATE / TIME | PLACE |
|---|---|---|
| John C. Hiserodt., M.D., Ph.D., FCAP | January 12, 2023    1:30 p.m. | ZOOM |

The deposition will be taken, via video conference, before a certified shorthand reporter. Additionally, this deposition may be recorded by sound-and-visual video tape before a certified videographer, the video of which may be used for trial purposes. If for any reason said deposition is not completed on said date, the taking thereof will be continued from day-to-day, excluding Sundays and holidays, until completed.

YOU ARE FURTHER NOTIFIED THAT each deponent listed above shall bring and produce at the deposition the following writings and/or other tangible things:

1.    The deponent's entire file concerning the above-captioned lawsuit;

2.    All time and billing records deponent has prepared in connection with the above-captioned lawsuit;

3.    All correspondence sent by deponent or received by her/him in connection with the above-captioned lawsuit;

4.    Any and all writings, drawings, photographs, books, journals, charts, graphs, recordings (whether audio or video), memoranda, notes, reports, and any other material used, consulted or relied on by deponent to form her/his opinions as an expert witness in this matter;

5.    Any and all writings, drawings, photographs, charts, graphs, recordings (whether audio or video), memoranda, notes, reports, and any other material produced, generated or prepared by deponent in connection with the deponent's testimony or opinions in this matter, or to be relied upon at the trial of this matter;

6.    Any reports, conclusions, opinions prepared by deponent in connection with the above-captioned lawsuit;

///

7.    Any "engagement letter" or similar instructions received by deponent in connection with the above-captioned lawsuit;

8.    The deponent's most recent curriculum vitae or resume; and

9.    Any and all writings, drawings, diagrams, photographs, charts, graphs, videotapes, audio recordings and other documents which will be introduced through the testimony of the deponent.

10.    A list of all cases by name, venue and date in which you have testified at deposition and at trial, including but not limited to Federal Rule of Civil Procedure, Rule 26 Disclosure.

Expert witness fees will be tendered at the time of the commencement of the deposition. Failure to produce the expert witness listed for their deposition as specified herein will result in a motion to exclude said experts from testifying at trial.

Dated: January 6, 2023                    MARGO A. RAISON, COUNTY COUNSEL

By: _____
       Kathleen Rivera, Deputy
       Attorney for Defendants,
       County of Kern, Deputy Jason Ayala

3

## <u>PROOF OF SERVICE</u>

I am over the age of eighteen years and not a party to the within action; my business address is 1115 Truxtun Avenue, Fourth Floor, Bakersfield, CA 93301.

On the date last written below, I served the attached **DEFENDANTS' AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFFS' EXPERT JOHN C. HISERODT, M.D., Ph.D., FCAP AND REQUEST FOR PRODUCTION OF DOCUMENTS**, on the party(ies) listed below, through their attorneys of record, if any, by facsimile transmission, by personal delivery or by placing true copies/originals thereof in sealed envelope(s) addressed/designated as shown below:

**A.      BY MAIL** - I enclosed such document(s) in sealed envelope(s) or package(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**B.      BY OVERNIGHT SERVICE** - I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**C.      BY FACSIMILE SERVICE** – Based on an agreement of the party(ies) to accept service by fax transmission, I placed such document in a facsimile machine (pursuant to California Rules of Court, Rule 2.301(3)) with the fax number of (661) 868-3805. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

**D.      BY PERSONAL SERVICE** – I caused such envelope(s) to be personally delivered by hand to the addressee(s) listed below.

**E.      BY ELECTRONIC MAIL** – Pursuant to C.C.P. 1010.6, C.R.C. 2.251, 2.252 et. seq., and local rule of court 1.10, I caused a copy of such document(s) to be transmitted via electronic mail in Portable Document Format ("PDF") Adobe Acrobat from the electronic address: anavarrol@kerncounty.com

| Type of Service | Addressee |
|---|---|
| E | SEE ATTACHED |

☐      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒      (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **January 6, 2023**, at Bakersfield, California.

_____
AIDA R. NAVARRO

**Lewis, et al. v. County, et al. – Proof of Service**

## SERVICE LIST/MAILING LIST

| ADDRESSEE | TYPE OF SERVICE |
|---|---|
| J. BERNARD ALEXANDER, III, ESQ.<br>ALEXANDER MORRISON + FEHR LLP<br>1900 AVENUE OF THE STARS, SUITE 900<br>LOS ANGELES, CA 90067 | E<br>balexander@amfllp.com<br>bkarp@amfllp.com |
| TONI JARAMILLA, ESQ.<br>A PROFESSIONAL LAW CORP.<br>1900 AVENUE OF THE STARS, SUITE 900<br>LOS ANGELES, CA 90067 | E<br>Toni@tjilaw.com<br>Stefanie@tjilaw.com |

*As To Plaintiffs Mickel Erick Lewis Jr., et al.*

| | |
|---|---|
| DALE K. GALIPO, ESQ.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 BURBANK BOULEVARD, SUITE 310<br>WOODLAND HILLS, CALIFORNIA 91367 | E<br><br>dalekgalipo@yahoo.com<br>rlee@galipolaw.com<br>kslyapich@galipolaw.com |

*As to Plaintiffs R.L., M.L., and H.L., et al.*

#25F9993

**Lewis v. County – Proof of Service**

# EXHIBIT E

**Andrew Hamilton**

| | |
|---|---|
| **From:** | rvalentine@galipolaw.com |
| **Sent:** | Tuesday, February 11, 2025 8:51 AM |
| **To:** | Brande Gustafson; Scott Fontes; Britt Karp; Stacy Willard; J. Bernard Alexander, III; Toni Jaramilla; dalekgalipo@yahoo.com; jim |
| **Cc:** | Michele R. Goldsberry; Stefany Anderson; Andrew Hamilton; Kimberly L. Marshall; meschele |
| **Subject:** | RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB |

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Good Morning Brande,

Plaintiffs do not intend to call Hiserodt, provided that the parties able to work together to subpoena the medical examiner (or a substitute) for trial testimony and, if necessary, have the autopsy report admitted into evidence.

Renee

**From:** Brande Gustafson <brande@walaw-fresno.com>
**Sent:** Monday, February 10, 2025 5:26 PM
**To:** rvalentine@galipolaw.com; Scott Fontes <sfontes@kerncounty.com>; Britt Karp <bkarp@amfllp.com>; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com; Jim Weakley <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>; Meschele Schoolfield <meschele@walaw-fresno.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Good Afternoon Renee and Britt,

I wanted to follow up on our phone conversation from last week to see if there were any motions in limine that plaintiffs would be willing to stipulate to, in whole or in part. That way we can prepare a stipulation or alternatively inform the court of our meet and confer efforts.

Thank you,

*Brande L. Gustafson*
Weakley & Arendt
A Professional Corporation
5200 N. Palm Avenue, Ste. 211
Fresno, CA 93704
Phone: (559) 221-5256
Facsimile: (559) 221-5262
Email: brande@walaw-fresno.com

CONFIDENTIALITY NOTICE: This electronic transmission is intended for the addressee(s) named above. It contains information that may be privileged, confidential, or otherwise protected from use and disclosure. If you are not the intended recipient, you are hereby notified that any review, disclosure,

copying, or dissemination of this transmission, or the taking of any action in reliance in its contents, or other use is strictly prohibited. If you have received this transmission in error, please notify the sender that this message was received in error and delete this message. Thank you for your cooperation.

**From:** rvalentine@galipolaw.com <rvalentine@galipolaw.com>
**Sent:** Thursday, February 6, 2025 2:03 PM
**To:** Brande Gustafson <brande@walaw-fresno.com>; Scott Fontes <sfontes@kerncounty.com>; Britt Karp <bkarp@amfllp.com>; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com; Jim Weakley <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Thank you.

Our emails crossed.  We can use your information below.

**From:** Brande Gustafson <brande@walaw-fresno.com>
**Sent:** Thursday, February 6, 2025 2:02 PM
**To:** Scott Fontes <sfontes@kerncounty.com>; Britt Karp <bkarp@amfllp.com>; rvalentine@galipolaw.com; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com; Jim Weakley <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Here is a call-in number and access code:

Dial-in number: **(605) 472-5656**
Access code: **623842**

Sincerely,
**Brande L. Gustafson**
Weakley & Arendt
A Professional Corporation
5200 N. Palm Avenue, Ste. 211
Fresno, CA 93704
Phone:  (559) 221-5256
Facsimile:  (559) 221-5262
Email:  brande@walaw-fresno.com

**CONFIDENTIALITY NOTICE:**  This electronic transmission is intended for the addressee(s) named above. It contains information that may be privileged, confidential, or otherwise protected from use and disclosure. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, or dissemination of this transmission, or the taking of any action in reliance in its contents, or other use is strictly prohibited. If you have received this transmission in error, please notify the sender that this message was received in error and delete this message. Thank you for your cooperation.

**From:** Scott Fontes <sfontes@kerncounty.com>
**Sent:** Thursday, February 6, 2025 2:00 PM
**To:** Brande Gustafson <brande@walaw-fresno.com>; Britt Karp <bkarp@amfllp.com>; rvalentine@galipolaw.com; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Can someone take the laboring oar and set the call up? If not, let me know and I can try to have my staff do it.

Scott Fontes
Chief Deputy County Counsel
Office of County Counsel, Kern County
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Phone: (661) 868-3836
Fax:    (661) 868-3805
Email:  sfontes@kerncounty.com


NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
To contact our e-mail administrator directly, send to cocohelpdesk@co.kern.ca.us

**From:** Brande Gustafson <brande@walaw-fresno.com>
**Sent:** Thursday, February 6, 2025 1:23 PM
**To:** Scott Fontes <sfontes@kerncounty.com>; Britt Karp <bkarp@amfllp.com>; rvalentine@galipolaw.com; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Jim and I are available at 4:00 p.m. too.

Sincerely,
**Brande L. Gustafson**
Weakley & Arendt
A Professional Corporation
5200 N. Palm Avenue, Ste. 211
Fresno, CA 93704
Phone:  (559) 221-5256
Facsimile:  (559) 221-5262
Email:  brande@walaw-fresno.com

CONFIDENTIALITY NOTICE: This electronic transmission is intended for the addressee(s) named above. It contains information that may be privileged, confidential, or otherwise protected from use and disclosure. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, or dissemination of this transmission, or the taking of any action in reliance in its contents, or other use is strictly prohibited. If you have received this transmission in error, please notify the sender that this message was received in error and delete this message. Thank you for your cooperation.

**From:** Scott Fontes <sfontes@kerncounty.com>
**Sent:** Thursday, February 6, 2025 1:02 PM
**To:** Britt Karp <bkarp@amfllp.com>; rvalentine@galipolaw.com; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com

**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB


I can be available at 4 p.m.

Scott Fontes
Chief Deputy County Counsel
Office of County Counsel, Kern County
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Phone: (661) 868-3836
Fax:    (661) 868-3805
Email:  sfontes@kerncounty.com


NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
To contact our e-mail administrator directly, send to cocohelpdesk@co.kern.ca.us

---

**From:** Britt Karp <bkarp@amfllp.com>
**Sent:** Thursday, February 6, 2025 12:53 PM
**To:** rvalentine@galipolaw.com; Scott Fontes <sfontes@kerncounty.com>; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** Re: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB


**CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

I can do later today like 4-4:30pm. Would that work?


Sincerely,
Britt Karp. Senior Associate.


bkarp@amfllp.com
T: 310.394.0888
F: 310.394.081
M: 917.923.9905

1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
www.amfllp.com
https://www.hightail.com/u/AMF
https://www.facebook.com/amfllp

ALEXANDER
MORRISON +
FEHR LLP

Employee Justice.

The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product. If you have received this e-mail in error, please respond to the sender immediately to so indicate, delete this email from your computer, and destroy any copies of this e-mail. Thank you.

---

**From:** rvalentine@galipolaw.com <rvalentine@galipolaw.com>
**Sent:** Thursday, February 6, 2025 10:55:40 AM
**To:** Scott Fontes <sfontes@kerncounty.com>; Britt Karp <bkarp@amfllp.com>; Stacy Willard <swillard@kerncounty.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

I can be available today as well.

**From:** Scott Fontes <sfontes@kerncounty.com>
**Sent:** Thursday, February 6, 2025 10:21 AM
**To:** Britt Karp <bkarp@amfllp.com>; Stacy Willard <swillard@kerncounty.com>; rvalentine@galipolaw.com; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Hi Britt,

Have you heard anything from other counsel? We need to comply with the meet and confer obligations imposed by the Court before filing the motions in limine. Mr. Weakley and I can be available for a conference call anytime today. We would like to discuss those being brought by the defense, as well as those you listed in your email.

Scott Fontes
Chief Deputy County Counsel
Office of County Counsel, Kern County
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Phone: (661) 868-3836

Fax:   (661) 868-3805
Email:  sfontes@kerncounty.com

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
To contact our e-mail administrator directly, send to cocohelpdesk@co.kern.ca.us

**From:** Britt Karp <bkarp@amfllp.com>
**Sent:** Wednesday, February 5, 2025 10:17 AM
**To:** Scott Fontes <sfontes@kerncounty.com>; Stacy Willard <swillard@kerncounty.com>; rvalentine@galipolaw.com; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** Re: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

CAUTION: This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Great. I should be able to speak from 3:30pm and on today or any time tomorrow morning. I would want to know if other counsel for Plaintiffs/Dale Galipo's office would want to join as well.


Sincerely,
Britt Karp. Senior Associate.


bkarp@amfllp.com
T: 310.394.0888
F: 310.394.081
M: 917.923.9905

1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
www.amfllp.com
https://www.hightail.com/u/AMF
https://www.facebook.com/amfllp

ALEXANDER
MORRISON +
FEHR LLP

Employee Justice.

The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product. If you have received this e-mail in error, please respond to the sender immediately to so indicate, delete this email from your computer, and destroy any copies of this e-mail. Thank you.

---

**From:** Scott Fontes <sfontes@kerncounty.com>
**Sent:** Wednesday, February 5, 2025 9:29:22 AM
**To:** Britt Karp <bkarp@amfllp.com>; Stacy Willard <swillard@kerncounty.com>; rvalentine@galipolaw.com <rvalentine@galipolaw.com>; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

Good morning,

I think there is some room for discussion on a couple of the motions.  Perhaps, we can schedule a phone call for this afternoon or tomorrow morning to discuss the matter?

Scott Fontes
Chief Deputy County Counsel
Office of County Counsel, Kern County
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Phone: (661) 868-3836
Fax:    (661) 868-3805
Email:  sfontes@kerncounty.com


NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
To contact our e-mail administrator directly, send to cocohelpdesk@co.kern.ca.us

---

**From:** Britt Karp <bkarp@amfllp.com>
**Sent:** Monday, February 3, 2025 10:59 AM
**To:** Stacy Willard <swillard@kerncounty.com>; Scott Fontes <sfontes@kerncounty.com>; rvalentine@galipolaw.com; J. Bernard Alexander, III <balexander@amfllp.com>; Toni Jaramilla <toni@tjjlaw.com>; dalekgalipo@yahoo.com <dalekgalipo@yahoo.com>; jim <jim@walaw-fresno.com>
**Cc:** Michele R. Goldsberry <goldsberrymic@kerncounty.com>; Stefany Anderson <sanderson@galipolaw.com>; Andrew Hamilton <ahamilton@kerncounty.com>; jim <jim@walaw-fresno.com>; Brande Gustafson <brande@walaw-fresno.com>; Kimberly L. Marshall <MarshallKim@kerncounty.com>
**Subject:** RE: Lewis, Mickel Jr., et al. v. Kern County, et al. USDC Case No.: 1:21-CV-00378-ADA-CDB

> **CAUTION:** This email originated from outside of the organization. Do not click links, open attachments, or provide information unless you recognize the sender and know the content is safe.

Dear Counsel,

I am writing to meet and confer with you regarding Plaintiffs' anticipated motions in limine. Below is the list we set forth in the pre-trial order. Please let us know if you think we may be able to stipulate in lieu of needing to file a motion to exclude the evidence referenced. As a note, in looking at Defendants' list from the order, we believe that we can likely reach an agreement on some of them as well.

Plaintiffs' Motions in Limine
1. To exclude information unknown to Defendant Jason Ayala at the time of the shooting under FRE 401, 402, and 403.
2. To exclude evidence of Decedent's criminal history.
3. To exclude evidence of Decedent's drug and alcohol use.
4. To exclude any post-shooting findings by any agency.
5. To exclude any evidence or argument that Decedent had a gun in his vehicle during this incident, including video evidence of individuals discarding the gun.

We look forward to hearing from you.

Sincerely,
Britt L. Karp. **Senior Associate.**

bkarp@amfllp.com
T: 310.394.0888
F: 310.394.0811

1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
www.amfllp.com
https://www.hightail.com/u/AMF

**ALEXANDER MORRISON + FEHR** LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product. If you have received this e-mail in error, please respond to the sender immediately to so indicate, delete this email from your computer, and destroy any copies of this e-mail. Thank you.*
NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To contact our e-mail administrator directly, send to
cocohelpdesk@kerncounty.com
NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To contact our e-mail administrator directly, send to
cocohelpdesk@kerncounty.com

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To contact our e-mail administrator directly, send to cocohelpdesk@kerncounty.com

Kern County - County Counsel Confidentiality Notice: The information contained in this e-mail message and any attachment(s) is the property of the County of Kern and may be protected by County, State and Federal laws governing disclosure of private information. It is intended solely for the use of the entity to whom this e-mail is addressed. If you are not the intended recipient, you are hereby notified that reading, copying, distribution or use of the information contained herein is STRICTLY PROHIBITED. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender by returning the e-mail, and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.