LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

PLAINTIFF'S MOTION IN LIMINE NO. 1

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>　　　　　　　　　Defendants.<br>_____<br>R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>　　　　　　　　　Defendants.<br>_____ | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE INFORMATION UNKNOWN TO DEFENDANT OFFICERS AT TIME OF INCIDENT**<br><br>Trial Date:　March 11, 2025<br>Time:　　　 8:30 a.m.<br>Dept.:　　　Courtroom 6<br><br>Consolidated with Case No. 1:21−CV-01352−DAD−JLT |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE** that Plaintiffs R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through her guardian ad litem Alisha White, ALISHA WHITE, MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS ("Plaintiffs") will and do hereby move to exclude any evidence, testimony, argument, or reference at trial to information that was unknown to Defendants COUNTY OF KERN and JASON AYALA ("Defendants") at the time of the incident, including the following evidence: (1) drug and/or alcohol use by Mickel Lewis Sr. ("Decedent"), including the toxicology report, drugs and/or drug paraphernalia found on Decedent's person and/or in his car after the shooting and photographs thereof, and testimony by Defendants' expert Michael Levine, M.D.; (2) evidence of Decedent's criminal history and the knife found in his vehicle after the shooting; (3) argument that Decedent had a gun on his person or in his car at the time of the incident; (4) argument and evidence regarding actions taken by Marylyn Komnenus after the shooting, including the video footage indicating that she may have discarded a gun after the shooting. This Motion is made under the following independent and sufficient reasons: (1) this evidence is irrelevant under Rule 401 and 402; (2) this evidence is unduly prejudicial under Rule 403 as unduly prejudicial; (3) this evidence is improper character evidence under Rule 404; and (4) as to the toxicology report, as well as hearsay statements by the confidential informant that Decedent had a gun, this evidence is inadmissible hearsay under Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing. A proposed order is submitted herewith.

This motion is made following a conference of counsel during which no resolution could be reached.

Respectfully submitted,

Date: February 11, 2025                ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

<u>s/J. Bernard Alexander, III</u>
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

Dated: February 11, 2025               Law Offices of Dale K. Galipo

<u>s/ Dale K. Galipo</u>
Renee V. Masongsong
Dale K. Galipo
Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White

**TABLE OF CONTENTS**

I.  Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. Information Not Known to Deputy Ayala at the Time of the Shooting Should Be Excluded as Irrelevant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  Drug and Alcohol Evidence Should be Excluded as Irrelevant. . . . . . . . . . . . . . . 4

    B.  Evidence of Decedent's Criminal History Should be Excluded as Irrelevant. . . . 5

    C.  Evidence Regarding the Gun . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. This Evidence Should Further Be Excluded as Unduly Prejudicial under Rule 403. . . . . . 9

IV. This Evidence Should Further Be Excluded as Impermissible Character Evidence under Rule 404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

V. The Toxicology Report and Out-of-court Statements by the Confidential Informant Should Also Be Excluded as Hearsay under Rules 801 and 802. . . . . . . . . . . . . . . . . . . 13

VI. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

/ / /

/ / /

/ / /

**TABLE OF AUTHORITIES**

**CASES**

*Aims Back,* 588 F.2d 1285 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*All Am. Life and Casualty Co. v. Oceanic Trade Alliance Council Int'l, Inc.*, 756 F.2d 474 (6th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Conan*, 2017 WL 8941499 (C.D. Cal. Oct. 6, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Doran v. Eckold*, 409 F.3d 958 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dunivin v. Cnty. of Riverside*, 2024 WL 3468785 (C.D. Cal. June 14, 2024). . . . . . . . . . . . . . . 7

*Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016). . . . . . . . . . . . . . . . . 6, 10

*Gates v. Rivera*, 993 F.2d 697 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Glenn v. Wash. Cnty.*, 673 F.3d 864 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Graham v. Connor*, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gregory v. Oliver,* 2003 WL 1860270 (N.D. Ill. Apr. 9, 2003). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hayes v. Cnty. of San Diego*, 736 F.3d 1223 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hernandez v. City of Los Angeles*, 2022 WL 16551705 (C.D. Cal. Aug. 1, 2022). . . . . . . . . 7, 8

*Herrera v. City of Ontario*, 2016 WL 9176322 (C.D. Cal. Oct. 24, 2016) . . . . . . . . . . . . . . . . . 6

*Kunz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*McEwen v. City of Norman*, 926 F.2d 1539 (10th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Palmerin v. Riverside*, 794 F.2d 1409 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ruvalcaba v. City of Los Angeles*, 2014 WL 4426303 (C.D. Cal. Sept. 8, 2014) . . . . . . . . 6, 7, 8

*Speer v. County of San Bernardino*, 2021 WL 5969521 (C.D. Cal. Aug. 9, 2021). . . . . . . . . . 11

*Tabares v. City of Huntington Beach,* 988 F.3d 1119 (9th Cir. 2021). . . . . . . . . . . . . . . . . . . . . 5

*Tofte v. City of Longview,* 2024 WL 4451403 (W.D. Wash. Oct. 8, 2024). . . . . . . . . . . . . . . . . 7

*Tucker v. Cnty. of Riverside*, 2018 WL 6074550 (C.D. Cal. Oct. 4, 2018). . . . . . . . . . . . . . 8, 11

*United States v. Brady*, 595 F.2d 359 (6th Cir.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000)......................................9

*United States v. Mendoza-Prado*, 314 F.3d 1099 (9th Cir. 2002).......................13

*V.V. v. City of Los Angeles,* 2022 WL 3598167 (C.D. Cal. July 6, 2022)..................10

*Watson v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019).......................7

*Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1986)..........................11

*Wilson v. City of Chicago,* 6 F.3d 1233 (7th Cir. 1993)....................................12

*Wisler v. City of Fresno*, 2008 WL 2954179 (E.D. Cal. 2008)..............................10

*Yount v. City of Sacramento*, 43 Cal. 4th 885 (2004).....................................5

**STATUTES & REGULATIONS**

Federal Rules of Evidence
    §401, et seq............................................................................9
    §403....................................................................... 9, 10, 11
    §404, et seq.................................................................... 12, 13
    §405, et seq.........................................................................13
    §602.................................................................................14
    §801.................................................................................13
    §802.................................................................................13
    §805.................................................................................13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by Kern County Sheriff Department Deputy Jason Ayala against Mickel Lewis, Sr. ("Decedent") on October 2, 2020. The primary issue in this case is whether Defendant Ayala's use of deadly force against Decedent was excessive and unreasonable under the circumstances known to him at the time of the use of force. Thus, information of which Deputy Ayala was unaware at the time of the shooting is generally irrelevant and should be excluded by way of this motion.

By way of this motion *in limine*, Plaintiffs move to exclude any evidence, testimony, argument, or reference at trial to the following information that was not known to any defendant officer at the time of the incident: (1) drug and/or alcohol use by Decedent, including the toxicology report, drugs and/or drug paraphernalia found on Decedent's person and/or in his car after the shooting and photographs thereof, and testimony by Defendants' expert Michael Levine, M.D.; (2) evidence of Decedent's criminal history; (3) argument that Decedent had a gun on his person or in his car at the time of the incident; (4) argument and evidence regarding actions taken by Marylyn Komnenus after the shooting, including video footage indicating that she may have discarded a gun after the shooting. This evidence should be excluded because it was unknown to Deputy Ayala at the time of the incident and thus is wholly irrelevant to whether the force he used was excessive and unreasonable under Federal Rules of Evidence ("FRE") 401 and 402. Because this evidence has little or no probative value but is highly prejudicial to Plaintiff, it should also be excluded under FRE 403. Much of this evidence is also improper character evidence and should be excluded under FRE 404. The toxicology report itself, as well as hearsay statements by the confidential informant that Decedent had a gun, should be excluded as inadmissible hearsay under FRE 802.

## II. INFORMATION NOT KNOWN TO DEPUTY AYALA AT THE TIME OF THE SHOOTING SHOULD BE EXCLUDED AS IRRELEVANT

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Fourth Amendment claims for excessive force—as with claims for battery and negligent wrongful death under California law—depend on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2004) (battery); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (negligence). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Accordingly, facts of which officers were unaware "are irrelevant to the reasonableness analysis," *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1123 n.4 (9th Cir. 2021), and may not be considered. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways."); *Hayes*, 736 F.3d at 1232-33 ("[W]e can only consider the circumstances of which [the deputies] were aware when they employed deadly force.").

Here, multiple areas of information unknown to Deputy Ayala at the time of the shooting must be excluded.

### A. Drug and Alcohol Evidence Should be Excluded as Irrelevant

Plaintiffs anticipate that Defendants will seek to introduce evidence of drug and/or alcohol use by Decedent, of which Deputy Ayala was unaware. The sources of this evidence include: (1) a post-incident toxicology report purporting to show methamphetamines and marijuana in Decedent's system; (2) testimony by lay

witnesses regarding Decedent's prior drug or alcohol use; (3) testimony by Defendants' expert Michael Levine, M.D., regarding the methamphetamines identified in the post-mortem toxicology report; and (4) evidence of methamphetamine and marijuana and related drug paraphernalia recovered from inside the decedent's vehicle and/or on his person after the shooting.

Although Defendant Ayala testified in deposition that, based on his demeanor, Mr. Lewis *may* have been under the influence of drugs during the incident, Defendant Ayala had no specific information that Decedent was under the influence at the time of the incident. (*See* Ayala Depo. at 29:25-30:4). Deputy Ayala obviously could not have seen the post-mortem toxicology results prior to shooting Decedent. Prior to the shooting, Deputy Ayala had not spoken to any of Decedent's friends or family members regarding Decedent's drug or alcohol use. And Jessica Salcedo, Destiny Salcedo, and Marlyn Komenenus provided no testimony at deposition regarding Decedent's drug or alcohol use.

Accordingly, the toxicology report purportedly showing the presence of methamphetamines and marijuana in Decedent's system, any related testimony by Defendants' expert Michael Levine, M.D., and photographs of drugs and drug paraphernalia found after the shooting constitutes information unknown by Ayala. *See Herrera v. City of Ontario*, No. EDCV 15-1370 JGB (SPx), 2016 WL 9176322, at *2 (C.D. Cal. Oct. 24, 2016) (excluding toxicology report as information unknown); *Ruvalcaba v. City of Los Angeles*, No. 2:12-cv-06683-ODW (MANx), 2014 WL 4426303, at *2 (C.D. Cal. Sept. 8, 2014) (same). Likewise, Deputy Ayala has not testified that he was aware of any alleged drug or alcohol use by Mr. Lewis on prior occasions. *See Conan*, 2017 WL 8941499, at *8 (C.D. Cal. Oct. 6, 2017) ("[T]he Court finds Plaintiff's prior drug use has limited, if any, relevance to liability for excessive force, battery, or negligence . . . ."). Moreover, as the Ninth Circuit has explained, in cases challenging excessive force by police, "evidence of [a decedent]'s drug use . . . has marginal, if any, probative value as to damages, and

none as to liability." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (reversing jury verdict and remanding for new trial where extensive evidence of drug use was admitted "under the guise of impeaching [a mother's] testimony that she loved her son"); *see Watson v. City of San Jose*, 765 F. App'x 248, 251 (9th Cir. 2019) (explaining that evidence of plaintiff's "intoxication" at time of incident "would be impermissible" as information unknown to officers at time of incident) (citations omitted). Such evidence is irrelevant and cannot be considered by the jury. Accordingly, drug and alcohol evidence should be excluded from the trial of this matter as irrelevant.

### B. Evidence of Decedent's Criminal History Should be Excluded as Irrelevant

Plaintiffs anticipate that Defendants will seek to introduce evidence of Decedent's criminal history. The Ninth Circuit has explained that in excessive force cases, it is permissible for officers to testify "in a limited manner" about "their knowledge of [a decedent's] criminal history," because the testimony is "relevant to establish the facts and circumstances known to the officers" during the confrontation. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). However, Deputy Ayala has not testified or otherwise stated that he had any specific information regarding whether Mr. Lewis' had any criminal history at the time of the incident, only that Deputy Ayala had information that Mr. Lewis was on probation. (Ayala Depo. at 31:8-12). Deputy Ayala did not have information that Decedent had ever physically assaulted, shot or pointed a weapon at anyone; or committed a prior act of physical violence, a violent crime, a violent felony, or been incarcerated. Additionally, there was a knife found in Decedent's car after the shooting.  Deputy Ayala had no information that Decedent had a knife in his car and never saw the knife. Therefore, any evidence of the knife should also be excluded.

Thus, any specific information regarding Decedent's criminal history is irrelevant and cannot be considered at trial. *See Tofte v. City of Longview*, No. 3:22-

cv-05700-TMC, 2024 WL 4451403, at *1-2 (W.D. Wash. Oct. 8, 2024) (excluding criminal history information unknown to officers as irrelevant); *Dunivin v. Cnty. of Riverside*, EDCV 21-0040 JGB (DTBx), 2024 WL 3468785, at *6 (C.D. Cal. June 14, 2024) ("The Court agrees with Plaintiff that evidence of his criminal history is irrelevant and prejudicial as to the question of liability . . . ."); *Hernandez v. City of Los Angeles*, No. 2:19-CV-00441 CAS (GJSx), 2022 WL 16551705, at *7-8 (C.D. Cal. Aug. 1, 2022) (excluding criminal history information unknown to officers as irrelevant); *Tucker v. Cnty. of Riverside*, EDCV 16-2274 JGB (DTBx), 2018 WL 6074550, at *2-4 (C.D. Cal. Oct. 4, 2018) (excluding criminal history information unknown to officers); *Ruvalcaba*, 2014 WL 4426303, at *1-2 (same).

### C. Evidence and Argument Regarding the Gun Should be Excluded as Irrelevant

Plaintiffs anticipate that Defendants will argue at trial that Decedent had a gun inside his car or was armed at the time of the shooting. This argument confuses the facts and calls for speculation.

Prior to the shooting, Deputy Ayala received information from a confidential informant that Decedent was armed. However, Deputy Ayala did not substantiate this hearsay information. The fact is Decedent was unarmed at the time of the shooting. Deputy Ayala never saw a gun inside Decedent's vehicle, and never saw the Decedent holding a gun at any point before the shooting. (Ayala Depo. at 54:21-58:14)

Deputy Ayala testified that after he pulled Decedent's vehicle over, he did not see any weapons in Decedent's hand or in the vehicle, and that he did not find any weapons on Decedent's person during the pat-down search he conducted. (Ayala Depo. at 35:20-37:15) Deputy Ayala also testified that he never saw Decedent pull a gun from under his seat in the vehicle. (Ayala Depo. at 54:21-23) After the shooting, no gun was found on Decedent or in his vehicle. (Ayala Depo. at 102:6-8)

A gun was later found, long after the shooting, in a field some distance away from Decedent's vehicle. (Ayala Depo. at 102:6-22). An occupant of the Decedent's vehicle, Marlyn Komenenus, testified that she had the gun on her person throughout the incident and placed the gun in the field after the incident. (Komenenus Depo. 24:9-25:1, 25:17-26:24, 34:25-35:11).

Given that Deputy Ayala's search of Decedent and observations of the vehicle contradicted the confidential informant's tip: to Deputy Ayala's knowledge no gun was present. Given that Deputy Ayala never saw a gun prior to the shooting, there was no factual basis for Deputy Ayala to have information that Decedent was armed. Any evidence or argument that Decedent was armed at the time of the shooting, or he had a gun in his vehicle is therefore inadmissible.

Relatedly, Plaintiffs seek to preclude Defendants from arguing that Marlyn Komenenus (the front-seat passenger and Decedent's girlfriend) removed a gun from Decedent's vehicle and discarded it in a field. Ms. Komenenus testified that upon entering Decedent's vehicle she saw a gun and immediately hid it in her shirt because she did not want her daughters to see it. The gun remained in her shirt throughout the shooting. (Komenenus Depo., 24:9-25:24) Ms. Komenenus testified that after the shooting, she dropped in the grass in a nearby field. (Komeneus Depo., 34:25-35:11). Surveillance video shows Ms. Komenenus near an area where a gun was subsequently found.

Plaintiffs anticipate that Defendants will argue that there was a gun in Decedent's car during this incident, and that Ms. Komenenus discarded that gun in a field some distance from Decedent's vehicle after Decedent was shot. Neither the presence of the gun in the vehicle, nor its discovery in a nearby field are relevant to the shooting, in that the gun played no role in the death of the Decedent. The gun was not present on Decedent's person at the point of the shooting. The gun was not known by Deputy Ayala to be present inside the Decedent vehicle prior to the shooting. It is undisputed that Ms. Komenenus took the actions shown on the

1  surveillance video after the shooting. Likewise, it is undisputed that Deputy Ayala
2  had no knowledge of any facts regarding the gun at the time of the subject shooting
3  or directly thereafter. As such, any reference to Komenenus having the gun,
4  disposing of the gun, or surveillance video showing Komenenus discarding the gun
5  should be excluded as irrelevant. To allow evidence as to the existence of the gun
6  confuses the facts and the issues, since the gun was unknown to Deputy Ayala at the
7  time of the shooting. Therefore, this argument and evidence is irrelevant and should
8  be excluded on this basis.

### III. THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS UNDULY PREJUDICIAL UNDER RULE 403

Although the evidence referenced above is irrelevant and should be excluded on that ground, this evidence should also be excluded under FRE 403 because it is unfairly prejudicial, confusing, and would waste time. FRE 403 requires exclusion even of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 641 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

First, evidence of alleged drug or alcohol use by Decedent, including the toxicology report, testimony regarding prior drug or alcohol use, evidence of drugs and drug paraphernalia found on Decedent's person or in his car after the shooting, and testimony by Defendants' expert Dr. Levine, are unduly prejudicial because they have significant potential to unjustly inflame a jury's passions and prejudices against Decedent and Plaintiffs. *See V.V. v. City of Los Angeles*, No. 2:21-cv-01889-MCS-PD, 2022 WL 3598167, at *4 (C.D. Cal. July 6, 2022) (excluding toxicology report

and evidence of prior drug use as information unknown to officers at time of shooting under FRE 403, and explaining, that "[t]he Ninth Circuit has set a high bar for the admissibility of intoxication evidence in the liability phase of an excessive force case") (citing *Estate of Diaz*, 840 F.3d at 603); *Conan*, 2017 WL 8941499, at *8 (excluding evidence of drug use under FRE 403); *Gregory v. Oliver*, 2003 WL 1860270 at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* to exclude drug evidence officers discovered after use of force as irrelevant and unduly prejudicial under FRE 403); *id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming exclusion of "use of the word 'heroin,' because at the time of the arrest, the officers did not know the nature of the drug or Kunz's usage and because mention of heroin would be more prejudicial than helpful"); *Wisler v. City of Fresno*, 2008 WL 2954179 at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on grounds it was unduly prejudicial and was not known by defendants). Evidence that Decedent was on drugs during the incident that was not known by Defendant Ayala is likely to prejudice Plaintiffs and mislead the jury about the issues to be tried in this case.

Second, evidence of Decedent's criminal history, including the knife found after the shooting is unduly prejudicial because it is likely to lead a jury to make negative assumptions about Decedent's character that do not pertain to the incident at issue in this case. *See Speer v. County of San Bernardino*, No. EDCV 20-44 JGB (SPx), 2021 WL 5969521, at *4 (C.D. Cal. Aug. 9, 2021) (finding "that any evidence of Plaintiff's criminal history and prior contacts with law enforcement that Deputy Millan was unaware of at the time of the incident has no likelihood of proving any material facts relevant to Plaintiff's claim and would be highly

prejudicial" and excluding it on that basis); *Tucker*, 2018 WL 6074550, at *4 (holding criminal history not known to defendant officers was inadmissible under FRE 403, given that its "minimal probative value" was outweighed by risk of prejudice). As set forth above, there is little or no probative value to evidence regarding Decedent's criminal history and "[i]t certainly possesse[s] the potential for unfair prejudice.  It [is] thus within the discretion of the trial court to exclude the evidence under [Rule] 403." *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) (finding evidence of Plaintiff's prior criminal conduct a collateral issue in a civil action where such evidence could not be used to rebut any of Plaintiff's claims) (citing *All Am. Life and Casualty Co. v. Oceanic Trade Alliance Council Int'l, Inc.*, 756 F.2d 474, 479 (6th Cir. 1985)); *United States v. Brady*, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979); *Doran v. Eckold*, 409 F.3d 958, 964, fn. 3 (8th Cir. 2005) (motion *in limine* granted to exclude evidence that witnesses had criminal records in a civil rights case).

Third, evidence that there was a gun in Decedent's vehicle during the shooting and that Ms. Komenenus took a gun from Decedent's vehicle and discarded the gun in a field after the shooting is highly prejudicial to Plaintiffs. The mere reference to the presence of a gun is also likely to confuse the issues for the jury, since the issue of whether Deputy Ayala actions were reasonable is based on what he knew, and the presence of a gun was not within his knowledge.

Fourth, in this case, a real danger exists that the jury could improperly infer that Decedent had a criminal and violent disposition based on evidence that was completely unknown to Deputy Ayala at the time of the shooting. In comparison to its low probative value, the fact that Decedent has a criminal record and evidence that there was a gun in his car during the shooting is highly likely to arouse the jury's anger or punitive impulses, by painting him as a criminal and undeserving of redress for the injuries he suffered.  *See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (evidence is likely to inflame the jury if it tends to

evoke a juror's anger or punitive impulses). "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993) ("Although a district judge has broad discretion in ruling on the admissibility of evidence, especially when balancing intangibles as Rule 403 requires . . . the limits of permissible judgment were exceeded" in allowing the introduction of "inflammatory evidence," including prior murder convictions "having little or no relevance" to Plaintiff's claims). "[W]hen the propensity of the evidence [is] to prove only criminal disposition," the probative value of prior criminal acts is outweighed by unfair prejudice. *Aims Back*, 588 F.2d at 1285 (improper to admit evidence of other crimes or acts having no probative value as to an essential element of claim). The instant motion *in limine*, therefore, will enable Plaintiffs to avoid the obviously futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. *See McEwen v. City of Norman*, 926 F.2d 1539, 1548 (10th Cir. 1991).

IV. **THIS EVIDENCE SHOULD FURTHER BE EXCLUDED AS IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404**

Under FRE 404, the foregoing items of evidence Plaintiffs seeks to exclude cannot be used to show that Decedent acted in conformity with some general poor character during the incident. Rule 404(a)(1) specifically prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is not normally admissible in a civil rights case. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to any claim or defense to be tried in this case. For example, testimony or evidence

1  regarding information gathered after the incident relating to any drug use, criminal
2  history, and the gun in Decedent's vehicle may (1) improperly infer that Deputy
3  Ayala knew this information, (2) improperly infer that Decedent had the propensity
4  to engage in criminal or inappropriate conduct, including brandishing a gun on the
5  date of the subject incident (which he did not), and (3) reach a verdict that does not
6  reflect the circumstances that Deputy Ayala faced during the incident.

7       Plaintiffs anticipate that Defendants will seek to use this unknown information
8  as evidence of a propensity for violence. "Corroborating" evidence is propensity
9  evidence. *See Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding
10 "any circumstantial evidence that requires an inference of a person's character to
11 make it relevant"). Admission of this unknown information would serve little
12 purpose other than to tarnish Decedent's character and pollute the jury against him
13 and Plaintiffs. *See* Adv. Comm. Notes, Fed. R. Evid. 405 (stating specific instances
14 of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise,
15 and to consume time"). Accordingly, this evidence should further be excluded under
16 FRE 404.

### V. THE TOXICOLOGY REPORT AND OUT-OF-COURT STATEMENTS BY THE CONFIDENTIAL INFORMANT SHOULD ALSO BE EXCLUDED AS HEARSAY UNDER RULES 801 AND 802

20      Finally, the Court should also exclude certain of the aforementioned evidence
21 as inadmissible hearsay without any exception under FRE 801, 802, and 805,
22 including the toxicology report, any records showing Decedent's criminal history,
23 and any out-of-court statements by the confidential informant. Because all evidence
24 that is the subject of this Motion constitutes information that was unknown to
25 Deputy Ayala during the incident, Deputy Ayala cannot testify to this information
26 based on personal knowledge. *See* Fed. R. Evid. 602. Any records purporting to
27 establish this information, including the toxicology report and any documents
28 pertaining to Decedent's criminal history, contain hearsay statements and should not

be admitted as exhibits. Statements made by a confidential informant to law enforcement are considered hearsay if they are used to prove something—here, that Decedent had a gun or was armed at the time of the incident. Here, there are no indicia of this confidential informant's credibility.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude the above-referenced categories of evidence.

Dated: February 11, 2025                LAW OFFICES OF DALE K. GALIPO

                                        By:    /s/ Dale K. Galipo
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        Attorneys for Plaintiffs

Date: February 11, 2025                 ALEXANDER MORRISON + FEHR LLP

                                        TONI JARAMILLA, A Professional Law Corp.

                                        s/J. Bernard Alexander, III
                                        J. Bernard Alexander, III
                                        Toni Jaramilla
                                        Britt L. Karp
                                        Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS