LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro;
A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
E-mail: Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Email: balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
Email: bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,

Plaintiffs,

vs.

KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,

Defendants.

R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,

Plaintiffs,

vs.

COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,

Defendants.

Case No: 1:21−CV−00378−KES-CDB
Hon. District Judge Kirk E. Sherriff

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF ANY FINDINGS BY ANY AGENCY**

Trial Date: March 11, 2025
Time: 8:30 a.m.
Dept.: Courtroom 6

Consolidated with Case No. 1:21−CV−01352−DAD−JLT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs hereby move *in limine* for an order excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Deputy Ayala's use of deadly force against Mr. Lewis was justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District Attorney's decision not to press charges against Deputy Ayala, including any reference (whether implicit or explicit) to the fact that the District Attorney reviewed the shooting incident;

(3) Any evidence, testimony, argument, or reference at trial to the County of Kern's findings that Deputy Ayala's use of deadly force against Mr. Lewis was reasonable, justified, and/or within policy.

Plaintiffs make this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. This Motion is also made on the grounds that the District Attorneys' conclusions, including the District Attorney's report or letter, as well as the County's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This motion is made following a conference of counsel.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Date: February 11, 2025        ALEXANDER MORRISON + FEHR LLP
                               TONI JARAMILLA, A Professional Law
Corp.

                               s/J. Bernard Alexander, III

J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

Dated: February 11, 2025

Law Offices of Dale K. Galipo

s/ Dale K. Galipo
Renee V. Masongsong
Dale K. Galipo
Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to the District Attorney's conclusion that Deputy Ayala' use of deadly force against Mickel Lewis, Sr., was any of the following: (1) not criminal; (2) reasonable; and/or (3) justified. Plaintiffs further seek to exclude any evidence, testimony, argument or reference at trial to the District Attorney's decision not to press charges against Deputy Ayala. Also by way of this Motion, Plaintiffs seek to exclude evidence, testimony, argument, or reference at trial to the County of Kern's findings that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under Rule 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the District Attorney's conclusions and the County's internal investigative findings are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

//

//

//

//

## II. ARGUMENT

### A. Evidence of the District Attorney's Conclusions Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). This includes the post-shooting findings of Defendant County of Kern, as well as the conclusions of the District Attorney. At trial, the jury must determine whether Deputy Ayala used unreasonable force and was negligent when he shot Mr. Lewis. To determine whether the shooting was lawful, the jury will be asked to consider factors such as "the type and amount of force used" and "[w]hether [Mr. Lewis] posed an immediate threat to the safety of [Deputy Ayala] or others." Ninth Circuit Manual of Model Jury Instructions, 9.25 (2017). What the County investigators and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case. Indeed, the subsequent findings of the County, as well as the subsequent conclusions of the District Attorney, are in no way probative of the factual circumstances confronting Deputy Ayala at the time of the shooting incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Lewis' rights under federal and state law. Because evidence of the County's findings and the District Attorney's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded.

Evidence regarding whether the County found this shooting to be "within policy" is also irrelevant because Plaintiffs are not bringing any municipal liability or *Monell* claims at trial. This evidence is also irrelevant to the opinions by the police practices experts, who make their opinions based on the perspective of a reasonably well-trained police officer in the position of Deputy Ayala with the information known by Deputy Ayala at the time of the shooting. Plaintiffs' police practices expert (Scott DeFoe) intends to opine that the shooting was contrary to basic police training and Peace Officer Standards and Training (POST), but Mr. DeFoe does not intend to testify that Deputy Ayala violated County of Kern policies specifically. Plaintiffs' instant motion does not contemplate excluding investigative materials listed in Plaintiffs' exhibit list, including the scene photographs, autopsy findings, or witness and officer interviews.

**B. Evidence of the County's Findings and the District Attorney's Conclusions Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.**

Even if the foregoing evidence had some speculative probative value, which Plaintiff contends it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of Deputy Ayala's actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the County, as well as the conclusions of the District Attorney. On the

basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law and the jury instructions, and instead decide that the shooting of Mr. Lewis was justified simply because an authority figure already purported to have determined that the shooting was justified. The jury might feel bound to abide by the conclusions of the District Attorney and/or the findings of the County rather than reaching its own independent conclusions based on all of the evidence.

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, as opposed to the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the District Attorney reviewed this shooting and opted not to criminally prosecute Deputy Ayala will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against Deputy Ayala. When balanced against the substantial risk that the District Attorney's conclusions or the findings of the County may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. Evidence of the County's Findings and the District Attorney's Conclusions Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the District Attorney's conclusions and the County's findings—that the shooting was "justified," "within policy," "lawful," and/or "not criminal" would constitute hearsay under Federal Rules of

Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. First, the County's findings and District Attorney's conclusions themselves are hearsay if offered at trial to prove that Deputy Ayala's conduct was reasonable. If documentation of the findings and/or conclusions are proffered at trial, such as the District Attorney's report or letter, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the District Attorney's report and the County's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on the parties' motions *in limine*. Accordingly, Plaintiffs contend that such determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

## III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and issue an order excluding these post-shooting findings.

Date: February 11, 2025                    ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

s/J. Bernard Alexander, III
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

Dated: February 11, 2025

Law Offices of Dale K. Galipo

s/ Dale K. Galipo__________
Renee V. Masongsong
Dale K. Galipo
Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White