LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:    (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, Alisha White


TONI JARAMILLA, A Professional Law Corp.
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

ALEXANDER MORRISON + FEHR LLP
J. Bernard Alexander, III (State Bar No. 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                Plaintiffs,<br>    vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>                Defendants. | Case No: 1:21−CV−00378−KES−CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' PROPOSED (DISPUTED) JURY INSTRUCTIONS**<br><br>Trial Date: March 11, 2025 |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; Alisha White, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>                Plaintiffs,<br>    vs.<br>COUNTY OF KERN; JASON AYALA,<br><br>                Defendants. | |

1

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2

**RECORD**:

3

        Plaintiffs hereby submit their Proposed (Disputed) Jury Instructions.

4

5    DATED:  February 25, 2025

6                                              **LAW OFFICES OF DALE K. GALIPO**

7                                                      */s/ Renee V. Masongsong*
                                               By: _____

8                                                      Dale K. Galipo
                                                      Renee V. Masongsong

9

10

11

12    Date: February 25, 2025              ALEXANDER MORRISON + FEHR LLP

13                                              TONI JARAMILLA, A Professional Law Corp.

14                                              /s/ *J. Bernard Alexander, III*
                                               J. Bernard Alexander, III

15                                              Toni Jaramilla
                                               Britt L. Karp

16                                              Counsel for Plaintiffs MICKEL ERICK LEWIS

17                                              JR, ORIONA LEWIS and BRIONA LEWIS

18

19

20

21

22

23

24

25

26

27

28

iii

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Claims and Defenses | Ninth Cir. 1.5 | 1 |
| 2. | Stipulations of Fact | Ninth Cir. 2.2 | 2 |
| 3. | Section 1983 Claim—Introductory Instruction | Ninth Cir. 9.1 | 3 |
| 4. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | Ninth Cir. 9.3 | 4 |
| 5. | Unreasonable Search and Seizure—Excessive Force | Ninth Cir. 9.25 | 5 |
| 6. | Fourteenth Amendment—Substantive Due Process—Interference with Parent/Child Relationship | Ninth Cir. 9.32 | 7 |
| 7. | Fourteenth Amendment—Substantive Due Process—Interference with Parent/Child Relationship (pertaining to events after the shooting) | Ninth Cir. 9.32 | 8 |
| 8. | Battery by Peace Officer (Deadly Force) | CACI 1305B | 9 |
| 9. | Negligent Use of Deadly Force by Peace Officer | CACI 441 | 11 |

iv

| No. | Title | Source | Page |
|---|---|---|---|
| 10. | Violation of the Bane Act | *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)). | 13 |
| 11. | Causation: Multiple Causes | CACI 431 | 14 |
| 12. | Vicarious Liability | CACI 3700 | 15 |
| 13. | Damages | Ninth Cir. 5.1, 5.2 | 16 |
| 14. | Punitive Damages—Predicate Question | Ninth Cir. 5.5 | 17 |
| 15. | Expert Opinion | Ninth Cir. 2.13 | 18 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NUMBER 1**

To help you follow the evidence, I will give you a brief summary of the position of the parties:

The decedent in this case is Mickel Lewis.  The Plaintiffs in this case are the decedent's children, Mickel Erick Lewis, Jr., Oriona Lewis, Briona Lewis, R.L., M.L., H.L., and A.W., as well as the decedent's wife, Alisha Lewis. The Defendants are the County of Kern and Kern County Sheriff's Deputy Jason Ayala.  Plaintiffs contend that Deputy Ayala used excessive and unreasonable deadly force and was negligent in his conduct with the decedent. Plaintiffs Mickel Lewis, Jr., Oriona Lewis and Briona Lewis also contend that the County Sheriff Deputies interfered with their relationship with their father by the Deputies' interactions with the Plaintiffs after Mickel Lewis, Sr.'s death. Plaintiffs seek damages to the extent permitted by law.

The defendants deny these claims and contend that Deputy Ayala's use of force was reasonable under the circumstances, and that the Deputies' interactions with the Plaintiffs after Mickel Lewis, Sr.'s death caused no harm.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5 (modified).

# INSTRUCTION NUMBER 2

The parties have agreed to certain facts that will now be read to you.

1.    Mickel Lewis, Sr. is the decedent.

2.    County of Kern was and is a municipal corporation existing under the laws of the State of California.

3.    The Kern County Sheriff's Office was and is a subdivision of the County of Kern.

4.    Jason Ayala was a deputy sheriff employed with the Kern County Sheriff's Department on October 2, 2020, the date of the incident at issue in this case.

5.    On October 2, 2020, at approximately 9.00 pm in the City of Mojave, Jason Ayala initiated a traffic stop of Decedent near the corner of "K" Street and Mono Street, behind the Denny's and Wienerschnitzel restaurants.

6.    At the time of this incident, Jason Ayala was acting under color of state law and in the course and scope of his employment with the County of Kern.

7.    Plaintiffs R.L., M.L., H.L., A.W., Mickel Erick Lewis, Jr., Oriona Lewis, and Briona Lewis are the children of Decedent.

8.    Plaintiff Alisha White is the wife of Decedent.

9.    Decedent died as a result of injuries from gunshots.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 2.2.

2

**INSTRUCTION NUMBER 3**

Plaintiffs bring some of their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 9.1.

# INSTRUCTION NUMBER 4

In order to prevail on their § 1983 claims against Deputy Ayala, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    Deputy Ayala acted under color of state law; and

2.    The acts of Deputy Ayala deprived decedent Mickel Lewis, Sr. of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Deputy Ayala acted under color of law.

If you find that Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under instructions [*Fourth Amendment—Unreasonable Search and Seizure—Excessive Force, and Fourteenth Amendment—Interference with Familial Relations*], your verdict should be for the Plaintiffs on that claim. If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants on that claim.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 9.3.

4

**INSTRUCTION NUMBER 5**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, Plaintiffs must prove by a preponderance of the evidence that Deputy Ayala used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Deputy Ayala used excessive force in this case, consider all of the circumstances known to Deputy Ayala, including:

1.  the nature of the crime or other circumstances known to Deputy Ayala at the time force was applied;

2.  whether decedent Mickel Lewis, Sr. posed an immediate threat of death or serious bodily injury to Deputy Ayala or to others;

3.  whether decedent Mickel Lewis, Sr. was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time Deputy Ayala had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  the relationship between the need for the use of force and the amount of force used;

6.  the extent of decedent Mickel Lewis, Sr.'s injuries;

7.  any effort made by Deputy Ayala to temper or to limit the amount of force;

5

8.      the availability of alternative methods to take decedent Mickel Lewis, Sr. into custody or subdue decedent Mickel Lewis, Sr.;

9.      the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

10.     whether it was practical for Deputy Ayala to give warning of the imminent use of force, and whether such warning was given;

11.     whether it should have been apparent to Deputy Ayala that Mickel Lewis, Sr. was emotionally disturbed

12.     whether there was probable cause for a reasonable officer to believe that Mickel Lewis, Sr. had committed a crime involving the infliction or threatened infliction of serious physical harm.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 9.25.

# INSTRUCTION NUMBER 6

Plaintiffs claim that Deputy Ayala deprived them of their right under the Fourteenth Amendment to be free from unlawful state interference with their familial relationship with their father and husband, Mickel Lewis, Sr.

In order to prove that Deputy Ayala deprived Plaintiffs of their Fourteenth Amendment right to be free from unreasonable state interference with their relationship with Mickel Lewis, Sr., Plaintiffs must prove that Deputy Ayala acted with deliberate indifference when he used deadly force against Mickel Lewis, Sr. Deliberate indifference is reflected by a conscious disregard of a risk to the decedent's health or safety. However, if you find that it was impracticable for Deputy Ayala to deliberate before he used force against Mickel Lewis, Sr., then Plaintiffs must instead prove that Deputy Ayala acted with a purpose to harm Mickel Lewis, Sr. that was unrelated to a legitimate law enforcement objective.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 9.32 (modified).

1

**INSTRUCTION NUMBER 7**

2   Plaintiffs claim that multiple  Kern County Deputy Sheriffs deprived Plaintiffs of

3   their right under the Fourteenth Amendment to be free from unlawful state interference

4   with their familial relationship with their father, Mickel Lewis, Sr.

5   In order to prove that Kern County Deputy Sheriffs deprived Plaintiffs of their

6   Fourteenth Amendment right to be free from unreasonable state interference with their

7   relationship with Mickel Lewis, Sr., Plaintiffs must prove that the deputies acted with

8   either the purpose to harm or deliberate indifference to Plaintiffs' rights by engaging in

9   acts of  intimidation while Plaintiffs were mourning their father. Deliberate indifference is

10   reflected by a conscious disregard of the Plaintiffs' rights.  A purpose to harm is unrelated

11   to a legitimate law enforcement objective.

12

13   Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 9.32 (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**INSTRUCTION NUMBER 8**

A peace officer may use deadly force only when necessary in defense of human life.  Plaintiffs claim that Deputy Ayala unnecessarily used deadly force against decedent Mickel Lewis, Sr. when Deputy Ayala fatally shot him.  To establish a state law claim for "battery by a peace officer (deadly force)," Plaintiffs must prove all of the following:

1.    That Deputy Ayala used deadly force against decedent Mickel Lewis, Sr.;

2.    That the use of deadly force by Deputy Ayala was not necessary to defend human life;

3.    That decedent Mickel Lewis, Sr. was harmed; and

4.    That the use of deadly force by Deputy Ayala was a substantial factor in causing decedent Mickel Lewis, Sr.'s harm.

The use of deadly force by Deputy Ayala was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Deputy Ayala at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Deputy Ayala or to another person.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.  An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Deputy Ayala and Mickel Lewis, Sr. leading up to the use of deadly force.  In determining whether the use of deadly force by Deputy Ayala was

9

1  necessary in defense of human life, you must consider Deputy Ayala's tactical conduct
2  and decisions before using deadly force against Mickel Lewis, Sr. and whether the
3  officers used other available resources and techniques as alternatives to deadly force, if it
4  was reasonably safe and feasible to do so.

5      A peace officer who makes or attempts to make an arrest does not have to retreat or
6  stop because the person being arrested is resisting or threatening to resist. Tactical
7  repositioning or other de-escalation tactics are not retreat. A peace officer does not lose
8  the right to self-defense by use of objectively reasonable force to effect the arrest or to
9  prevent escape or to overcome resistance. A peace officer does, however, have a duty to
10  use reasonable tactical repositioning or other de-escalation tactics.

11

12  Authority: CACI 1305B.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NUMBER 9

Under California law, a peace officer may use deadly force only when necessary in defense of human life.  Plaintiffs assert a state law claim for "negligent use of deadly force by a peace officer," on behalf of decedent Mickel Lewis, Sr., claiming that Deputy Ayala was negligent in using deadly force against decedent Mickel Lewis, Sr.  To establish this claim, Plaintiffs must prove all of the following:

1.      That Deputy Ayala was a peace officer;

2.      That Deputy Ayala used deadly force against decedent Mickel Lewis, Sr.;

3.      That the use of deadly force by Deputy Ayala was not necessary to defend human life;

4.      That decedent Mickel Lewis, Sr. was harmed; and

5.      That the use of deadly force by Deputy Ayala was a substantial factor in causing decedent Mickel Lewis, Sr.'s harm.

The use of deadly force by Deputy Ayala was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Deputy Ayala was at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to the officers or others.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves (here, Mickel Lewis, Sr.), if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person.  An imminent harm is not

1    merely a fear of future harm, no matter how great the fear and no matter how great the

2    likelihood of the harm, but is one that, from appearances, must be instantly confronted and

3    addressed.

4         "Totality of the circumstances" means all facts known to or perceived by the peace

5    officer at the time, including the conduct of Deputy Ayala and decedent Mickel Lewis, Sr.

6    leading up to the use of deadly force.  In determining whether the use of deadly force by

7    Deputy Ayala was necessary in defense of human life, you must consider Deputy Ayala's

8    tactical conduct and decisions before using deadly force on decedent Mickel Lewis, Sr.,

9    and whether Deputy Ayala used other available resources and techniques as alternatives to

10   deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

11        A peace officer who makes or attempts to make an arrest does not have to retreat

12   or stop because the person being arrested is resisting or threatening to resist. Tactical

13   repositioning or other de-escalation tactics are not retreat. A peace officer does not lose

14   the right to self-defense by using objectively reasonable force.

15

16   Authority: CACI 441.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 10**

Plaintiffs claim that Deputy Ayala intentionally interfered with Mickel Lewis, Sr.'s constitutional right to be free from excessive force under state law by using excessive force against him.

To establish this claim, Plaintiffs must prove the following:

1. Deputy Ayala used excessive force against Mickel Lewis, Sr.

2. Deputy Ayala intended to violate Mickel Lewis, Sr.'s constitutional rights by demonstrating a reckless disregard for Mickel Lewis, Sr.'s constitutional right to be free from excessive force.

3. The use of excessive force caused Mickel Lewis, Sr.'s harm, injuries, or death.

If you find that Plaintiffs have proved each of these elements by a preponderance of the evidence, then your verdict should be for Plaintiffs on that claim.

Authority: *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

**INSTRUCTION NUMBER 11**

A person's conduct may combine with another factor to cause harm.  If you find that Deputy Ayala's conduct was a substantial factor in causing decedent Mickel Lewis, Sr.'s harm, then Deputy Ayala is responsible for the harm.  Deputy Ayala cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing decedent Mickel Lewis, Sr.'s harm.

Authority: CACI 431.

**INSTRUCTION NUMBER 12**

**VICARIOUS LIABILITY**

As to Plaintiffs' claims for battery, negligence and violation of the Bane Act, the County of Kern is responsible for harm caused by the wrongful conduct of Deputy Ayala while acting within the scope of his employment.

The parties have stipulated that Deputy Ayala was acting within the scope of his employment with the County of Kern at the time of the incident.

Authority: CACI 3700.

# INSTRUCTION NUMBER 13

## DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of their claims, you must determine the Plaintiffs' respective damages.  The Plaintiffs have the burden of proving their respective damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs or Mickel Lewis, Sr. for any injury you find was caused by the Defendants.

You should consider the following as to Mickel Lewis, Sr.'s damages:

1.    The nature and extent of his injuries;

2.    The loss of life and loss of enjoyment of life; and

3.    The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiffs:

1.    The loss of Mickel Lewis, Sr.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2.    Funeral and burial expenses.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 5.1, 5.2.

1

2

**INSTRUCTION NUMBER 14**
**PUNITIVE DAMAGES—PREDICATE QUESTION**

3

4

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the

purpose of injuring the decedent.  Conduct is in reckless disregard of the decedent's rights

5

if, under the circumstances, it reflects complete indifference to the decedent's safety or

6

rights, or the defendant acts in the face of a perceived risk that its actions will violate the

7

decedent's rights under federal law.  An act or omission is oppressive if the defendant

8

injures or damages or otherwise violates the decedent's rights with unnecessary harshness

9

or severity, such as by the misuse or abuse of authority or power or by the taking

advantage of some weakness or disability or misfortune of the decedent.

10

11

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 5.5.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**INSTRUCTION NUMBER 15**

You have heard testimony from experts Scott DeFoe, John Gardiner, Clarence Chapman, Frank Sheridan, Michael Kuzel, Michael Levine, Parris Ward, and Rocky Edwards, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, 2.13.