LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>　　　　　　Defendants.<br>_____<br><br>R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants.<br>_____ | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT AYALA'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF INDEMNIFICATION OF DEPUTY AYALA BY HIS EMPLOYER AND VICARIOUS LIABILITY OF THE COUNTY OF KERN; CONSOLIDATED WITH PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION IN LIMINE NO. 6 TO PRECLUDE EVIDENCE OR TESTIMONY OF THE POTENTIAL EXISTENCE OF INSUREANCE FOR, OR THE WEALTH OF, THE COUNTY**<br><br>Trial Date:　March 11, 2025<br>Time:　　　8:30 a.m.<br>Dept.:　　　Courtroom 6<br><br>Consolidated with Case No. 1:21−CV−01352−DAD−JLT |

PLAINTIFFS' OPPOSITION TO AYALA'S MIL NO. 3 and COUNTY'S MIL NO. 6

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT AYALA'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF INDEMNIFICATION OF DEPUTY AYALA BY HIS EMPLOYER AND VICARIOUS LIABILITY OF COUNTY OF KERN; CONSOLIDATED WITH PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION IN LIMINE NO. 6 TO PRECLUDE EVIDENCE OR TESTIMONY OF THE POTENTIAL EXISTENCE OF INSURANCE FOR, OR THE WEALTH OF, THE COUNTY**

In his Motion in Limine No. 3, Defendant Ayala seeks to preclude Plaintiffs and their counsel from presenting evidence or comments that (1) the County of Kern may indemnify an adverse judgment against Defendant Ayala and (2) the County of Kern is vicariously liable for Defendant Ayala's misconduct. Defendant Ayala argues that this evidence is prejudicial because a jury may be more inclined to deliver a verdict against Defendant Ayala if the jury understands that the County is responsible for paying an adverse judgment, as opposed to Defendant Ayala alone being required to satisfy the judgment. Plaintiffs disagree and assert that the reverse is true—if the jury incorrectly believes that Defendant Ayala is responsible for satisfying any judgment against him, then this may impact the jury from awarding fair compensatory damages to Plaintiffs. The jury may also be left wondering why the County of Kern is a named defendant in this case.

It is undisputed that the County of Kern is required to indemnify its employees in litigation arising from the course and scope of their employment. Cal. Gov't Code § 825 ("Except as otherwise provided in this section, if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity and the request is made in writing not less than 10 days before the day of trial, and the employee or

former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed."). The Parties have stipulated that Defendant Ayala was acting in the course and scope of his employment with the County at the time of this incident.  Additionally, with respect to Plaintiffs' claims arising under California law (battery, negligence, and violation of the Bane Act), there is absolutely no question that the County is vicariously liable for Defendant Ayala's conduct.  *See* Cal. Gov't Code § 815.2(a).  Plaintiffs are requesting, in their jury instructions filed concurrently herewith, that this Court appropriately instruct the jury on vicarious liability pursuant to CACI 3700.  Plaintiffs' counsel anticipates explaining the jury instructions to the jury, including during his closing argument, and Plaintiffs' counsel should be permitted to discuss the County's vicarious liability for Defendant Ayala's conduct.

Relatedly, Defendant County of Kern, in its Motion in Limine No. 6, moves to preclude evidence concerning the existence of insurance coverage for, or the wealth of, the County.  Plaintiffs and their counsel do not specifically intend to present or elicit evidence of the existence of insurance coverage for, or the wealth of, the County.  However, as indicated above, Plaintiffs submit that they are entitled to present evidence of, or make reference to, the County's requirement to indemnify Defendant Ayala and the County's vicarious liability for Defendant Ayala's conduct as to the state law claims.

Dated: February 25, 2025                    LAW OFFICES OF DALE K. GALIPO

                                         By:        */s/ Renee V. Masongsong*
                                                    Dale K. Galipo
                                                    Renee V. Masongsong

| | |
|---|---|
| Date: February 25, 2025 | ALEXANDER MORRISON + FEHR LLP |
| | TONI JARAMILLA, A Professional Law Corp. |
| | |
| | <u>s/J. *Bernard Alexander, III*</u> |
| | J. Bernard Alexander, III |
| | Toni Jaramilla |
| | Britt L. Karp |
| | Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS |
| | Attorneys for Plaintiffs |