LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE


**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019


**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>                    Defendants.<br>_____<br><br>R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>                    Defendants.<br>_____<br>_ | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE GRAPHIC AND INFLAMMATORY PHOTOS OF THE DECEDENT**<br><br>Trial Date:  March 11, 2025<br>Time:         8:30 a.m.<br>Dept.:         Courtroom 6<br><br>Consolidated with Case No.<br>1:21−CV−01352−DAD−JLT |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT COUNTY'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE GRAPHIC AND INFLAMMATORY PHOTOS OF THE DECEDENT**

## I. INTRODUCTION

This civil rights and state tort action arises from the use of deadly force by Defendant Ayala against decedent Mickel E. Lewis, Sr., on October 2, 2020. Plaintiffs hereby oppose Defendants County of Kern's Motion in Limine No. 4, which seeks to exclude photographs depicting the decedent's body and injuries following his fatal shooting. Contrary to Defendant's Motion, which assumes that the "only purpose of the photos is to inflame the jury," the limited photographs Plaintiffs intend to introduce at trial depicting the decedent's injuries are probative to liability and damages, and not substantially outweighed by any risks of unfair prejudice. Importantly, Plaintiffs have retained biomechanical engineer John Gardiner to testify as an expert witness in this case. Dr. Gardiner reviewed the post-mortem photographs, including the autopsy photographs and photographs of the decedent at the scene after the shooting, and made opinions regarding the trajectory of the gunshots and locations of the gunshot wounds. Dr. Gardiner's expert report, which was exchanged during discovery, provides approximately seven (7) autopsy photographs with trajectory rods and two photographs of the decedent at the scene. These photographs support Dr. Gardiner's expert opinions and are helpful to the jury's understanding of the positions of the decedent and Defendant Ayala at the time of the gunshots, the bullet paths, and the decedent's injuries. For these reasons and the reasons set forth below, Plaintiffs respectfully request the Court deny Defendant County's Motion in Limine No. 4.

## II. ARGUMENT

**A. Photographs of the decedent's Body After the Shooting Are Relevant to Liability and Damages**

All admissible evidence must be relevant, making "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Here, photographs of the decedent's injuries are relevant to show the manner and location in which the decedent was shot, the trajectory of the gunshots, and to support Plaintiffs' survivorship claim for damages for the decedent's pre-death pain and suffering. Contrary to Defendant County's assertion in its Motion, Plaintiffs certainly do not intend to introduce post-mortem photographs for the purpose of inflaming the jury, and do not intend to introduce any more post-mortem photographs than necessary to establish the decedent's injuries, pain and suffering, and cause and manner of death. Plaintiffs identify the following specific autopsy photographs that show the trajectory of the gunshots and which their expert Dr. Gardiner relied on in forming his opinions: KCSO 00424; KCSO 00425; KCSO 00427; KCSO 00428; KCSO 00430; KCSO 00441; KCSO 00442.

The jury must determine whether Defendant Ayala used unreasonable or excessive force when he fatally shot the decedent. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them. . ." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Photographs of the decedent's injuries, including his gunshot wounds, are probative of the nature of the force used by Defendant Ayala and the circumstances that confronted Defendant Ayala at the time of the shooting. One of the major factual disputes in this case involves the decedent's actions and position at the time he was shot. *See People v. Allen*, 42 Cal. 3d 1222, 1256 (photographs of victims were "clearly relevant" to corroborate witnesses' testimony "concerning the location and manner in which the victims were shot"). Dr. Gardiner opines that the gunshot wounds sustained by the decedent are not consistent with Defendant Ayala's description that the decedent was running towards him and facing him when all shots were fired. Therefore, photographs of the location of the bullet wounds, including those contained within Dr.

Gardiner's expert report showing trajectory rods, are part of the physical evidence that Plaintiffs should be allowed to present to the jury to prove that the shooting was unreasonable and excessive. Photographs of the scene depicting the position and location of the decedent on the ground after he was shot are also probative for these same reasons.

Further, photographs depicting the wounds the decedent sustained are also probative of Plaintiffs' damages for the decedent's pre-death pain and suffering, to which Plaintiffs have claimed an entitlement in their operative complaint as part of the decedent's survival damages. Photographs of the decedent's injuries depict the wounds caused and the pain they inflicted. Such evidence is admissible to show the pain the decedent experienced before he died. *See Hernandez v. Hodges*, No. 20-cv-01183-AGT, 2023 WL 5336856, at *22 (N.D. Cal. Aug. 17, 2023) (explaining, in addressing defendant officer's motion for new trial or remittitur, that photographs depicting plaintiff's injuries supported his claim for damages based on "significant physical pain").

### B. The Probative Value of the Photographs of the Decedent's Body After the Shooting Are Not Substantially Outweighed by any Risk of Unfair Prejudice

Showing the photographs, which are among the only available evidence addressing or depicting the decedent's injuries and thus revealing his pre-death pain and suffering, would not unfairly prejudice Defendants. Plaintiffs do not intend to introduce more than a few such photographs and would not show more than necessary to demonstrate the decedent's injuries and his consequent pain and suffering.  It is important for the jury to have some idea of the extent of the decedent's injuries, and a few photos of the severity of the wounds caused by Defendant Ayala would be more probative on this issue than prejudicial. Additionally, these photographs were reviewed by Plaintiffs' expert Dr. Gardiner and form the basis for Dr. Gardiner's opinions, including his opinions on the trajectory of the gunshots. It would be prejudicial to Plaintiffs to exclude the evidence forming the basis for Dr. Gardiner's opinions, particularly given that

Plaintiffs bear the burden of proof and given that these photographs are highly probative of the position of the decedent relative to Defendant Ayala at the time of the shooting.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant County's Motion in Limine No. 4 and allow Plaintiffs to show a reasonable number of relevant post-mortem photographs to the jury.

Dated: February 25, 2025         LAW OFFICES OF DALE K. GALIPO

                         By:    */s/ Renee V. Masongsong*
                                Dale K. Galipo
                                Renee V. Masongsong

Date: February 25, 2025          ALEXANDER MORRISON + FEHR LLP

                                 TONI JARAMILLA, A Professional Law Corp.

                                 s/J. Bernard Alexander, III
                                 J. Bernard Alexander, III
                                 Toni Jaramilla
                                 Britt L. Karp
                                 Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS
                                 Attorneys for Plaintiffs