James D. Weakley, Esq.      Bar No. 082853
Brande L. Gustafson, Esq.    Bar No. 267130
**WEAKLEY & ARENDT**
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone:  (559) 221-5256
Facsimile:  (559) 221-5262
Jim@walaw-fresno.com
Brande@walaw-fresno.com

Attorneys for Defendant, Deputy Jason Ayala

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                    Plaintiff,<br><br>           vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>                  Defendant. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No.*<br>*1:21−CV−01352−DAD−JLT*<br><br>**DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS**<br><br>Judge: Hon. District Judge Kirk E. Sherriff<br>Department: 6<br>Date:  March 11, 2025<br>Time: 8:30 a.m.<br><br>*Action Filed: March 9, 2021*<br>*Trial Date: March 11, 2025* |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>                  Plaintiffs,<br><br>         vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>                  Defendants. | |

Defendants, County of Kern and Deputy Jason Ayala hereby submit the following proposed

joint jury instructions:

| No. | Title | Source | Page |
|---|---|---|---|
| 1. | Claims and Defenses | Ninth Cir. 1.5 | 4 |
| 2. | Clear and Convincing Evidence | Ninth Cir. 1.7 | 5 |
| 3. | Evidence for Limited Purpose | Ninth Cir. 1.11 | 6 |
| 4. | Bench Conferences and Recesses | Ninth Cir. 1.20 | 7 |
| 5. | Use of Interrogatories | Ninth Cir. 2.11 | 8 |
| 6. | Expert Opinion | Ninth Cir. 2.13 | 9 |
| 7. | Introduction to Claims | | 10 |
| 8. | Federal Law Claims | | 11 |
| 9. | Section 1983 Claim | Ninth Cir. 9.1 | 12 |
| 10. | Ca Section 1983- Defendant in Individual Capacity, Elements and Burden of Proof | Ninth Cir. 9.3 | 13 |
| 11. | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive (Deadly and Non-Deadly) Force | Ninth Cir. 9.25 | 14 |
| 12. | Immediate Threat | Case Law Cited | 15 |
| 13. | Lesser Force 1 | Case Law Cited | 16 |
| 14. | Lesser Force 2 | Case Law Cited | 17 |
| 15. | Failure to Call for Back-Up | Case Law Cited | 18 |
| 16. | Fourteenth Amendment | Ninth Cir. 9.32 | 19 |
| 17. | State Law Claims | | 20 |
| 18. | Negligent Use of Deadly Force By Peace Officer – Essential Factual Elements | CACI No. 441 | 21 |
| 19. | Basic Standard of Care | CACI No. 401 | 23 |
| 20. | Battery by Peace Officer (Deadly Force) – Essential Factual Elements | CACI No. 1305B | 24 |
| 21. | Affirmative Defense – Self -Defense/Defense of Others | CACI 1304 | 26 |
| 22. | False Arrest Without Warrant by Peace Officer – Essential Factual Elements | CACI No. 1401 | 27 |
| 23. | False Arrest Without Warrant – Affirmative Defense – Peace Officer – Probable Cause to Arrest, Penal Code §§ 148 and 442) | CACI No. 1402 | 28 |
| 24. | Bane Act – Essential Factual Elements (Civ. Code, §52.1) | CACI No. 3066 | 29 |
| 25. | Damages Proof | Ninth Cir. 5.1 | 30 |
| 26. | Wrongful Death (Death of an Adult) | CACI No. 3921 | 31 |
| 27. | Punitive Damages – Individual Defendant – Bifurcated Trial (First Phase) | CACI No. 3941 | 33 |
| 28. | Punitive Damages – Individual Defendant – Bifurcated Trial (Second Phase) | CACI 3942 | 34 |
| 29. | Arguments of Counsel Not Evidence of Damages | CACI No. 3925 | 35 |
| 30. | Jurors Not to Consider Attorney Fees and Court Costs | CACI No. 3964 | 36 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Parties hereby submit their Proposed Jury Instructions.

DATED: February 25, 2025        **WEAKLEY & ARENDT**

By: /s/ James D. Weakley
           James D. Weakley
           Brande L. Gustafson
           Attorneys for Defendant Deputy Jason Ayala

DATED: February 25, 2025        **MARGO A. RAISON, COUNTY COUNSEL**

By: /s/ Marshall S. Fontes
           Marshall S. Fontes, Chief Deputy
           Andrew C. Hamilton, Deputy
           Attorneys for Defendant County of Kern

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 1**

**CLAIMS AND DEFENSES**

[Ninth Circuit Model Civil Jury Instruction 1.5]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs assert that the Defendants violated the constitutional rights of the Plaintiffs and or were negligent, causing Plaintiffs' damages. The plaintiffs have the burden of proving these claims.

The Defendants deny those claims.

1

**DEFENDANTS' INSTRUCTION NO. 2**

2

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

3

[Ninth Circuit Model Civil Jury Instruction 1.7]

4

5    When a party has the burden of proving any claim or defense by clear and convincing

6 evidence, it means that the party must present evidence that leaves you with a firm belief or

7 conviction that it is highly probable that the factual contentions of the claim or defense are true.

8    This is a higher standard of proof than proof by a preponderance of the evidence, but it does

9 not require proof beyond a reasonable doubt.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 3**

**EVIDENCE FOR A LIMITED PURPOSE**

[Ninth Circuit Model Civil Jury Instruction 1.11]

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**DEFENDANTS' INSTRUCTION NO. 4**

**BENCH CONFERENCES AND RECESSES**

[Ninth Circuit Model Civil Jury Instruction 1.20]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**DEFENDANTS' INSTRUCTION NO. 5**

**USE OF INTERROGATORIES**

[Ninth Circuit Model Civil Jury Instruction 2.11]

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**DEFENDANTS' INSTRUCTION NO. 6**

**EXPERT OPINION**

[Ninth Circuit Model Civil Jury Instruction 2.13]

You [have heard] [are about to hear] testimony from *expert witnesses* who [testified] [will testify] about *their* opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 7**

**INTRODUCTION TO CLAIMS**

Plaintiffs bring claims under both Federal law and State law. The law that applies to these claims are different.

1

**DEFENDANTS' INSTRUCTION NO. 8**

2

**FEDERAL LAW CLAIMS**

3

4

The following instructions apply to the Federal law claims

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' INSTRUCTION NO. 9**

**SECTION 1983 CLAIM**

[Ninth Circuit Model Civil Jury Instruction 9.1]

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**DEFENDANTS' INSTRUCTION NO. 10**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY –
ELEMENTS AND BURDEN OF PROOF**

[Ninth Circuit Model Civil Jury Instruction 9.3]

In order to prevail on his § 1983 claim against the defendant, Deputy Jason Ayala the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction for the FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE, your verdict should be for the plaintiffs.  If, on the other hand, you find that the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

**DEFENDANTS' INSTRUCTION NO. 11**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

[Ninth Circuit Model Civil Jury Instruction 9.25]

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force when *the decedent was shot*.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officers at the time force was applied;

(2) whether the decedent posed an immediate threat to the safety of the officer or to others;

(3) whether the plaintiff was actively resisting arrest;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

(6) whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

(7) whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(8) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

14

**DEFENDANTS' INSTRUCTION NO. 12**

**IMMEDIATE THREAT**

[*Napouk v. Las Vegas Metro. Police Dep't, 123 F.4th 906, 917 (9th Cir. 2024), See, Cruz v City of Anaheim, 765 F. 3d 1076, 1079 ((9th Cir. 2014)*]

If the person is armed—or reasonably suspected of being armed—a furtive movement, harrowing gesture, or serious verbal threat *can* create an immediate threat.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 13**

**LESSER FORCE 1**

[*Bryan v. MacPherson,* 630 F.3d 805, 831 (9th Cir. 2010)]

Although law enforcement officers must consider less intrusive methods of effecting the arrest they need not employ the least intrusive degree of force possible.

.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 14**

**LESSER FORCE 2**

[*Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994); Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010)]

Officers need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct *that is* reasonable. A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 15**

**FAILURE TO CALL FOR BACK-UP**

[*Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996), *overruled on other grounds Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997)]

A law enforcement officers failure to call for back-up does not make the use of force unreasonable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' INSTRUCTION NO. 16**

**FOURTEENTH AMENDMENT**

[Ninth Circuit Model Civil Jury Instruction 9.32; Cases Cited in Comments to Instruction]

*The Fourteenth Amendment provides that no state or government actor shall deprive any person of life, liberty or property without due process of law.*

*Spouses and children have a Fourteenth Amendment liberty interest in the companionship and society of their spouse and parent. The Plaintiffs bring a federal civil rights claim against Deputy Jason Ayala contending that his use of force against Mickel E. Lewis, Sr.. violated their Fourteenth Amendment rights. The only question being presented for your consideration is whether Deputy Jason Ayala's initial decision to use deadly force shocks the conscience. Any other use of force by Deputy Jason Ayala during the incident is irrelevant to the Plaintiffs' Fourteenth Amendment claim; and as such, should not be considered.*

*Only official conduct which shocks the conscious is enforceable under the Fourteenth Amendment. Two standards apply when determining whether a law enforcement officers actions shock the conscience: (1) deliberate indifference and (2) purpose to harm.*

*In determining whether the use of deadly force constitutes deliberate indifference, the critical question is whether the circumstances are such that actual deliberation by the officer was practical. Where actual deliberation is practical, then an officer's deliberate indifference may suffice to shock the conscience. Deliberation should not be interpreted in the narrow, technical sense. Even in cases where an officer giving chase could have deliberated while pursuing the suspect, the deliberate indifference standard is improper.*

*On the other hand, where an officer makes a snap judgment during a rapidly escalating situation, his or her conduct may only be found to shock the conscience if he or she acts with a purpose to harm unrelated to legitimate law enforcement objectives. A law enforcement officer's use of force necessary to protect himself constitutes a legitimate law enforcement purpose. The heightened purpose to harm standard applies in situations where a suspect's evasive actions force the officer(s) to act quickly. When an officer is required to make split-second decisions regarding whether to utilize deadly force, actual deliberation by an officer is impossible.*

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 17**

**STATE LAW CLAIMS**

The following instructions apply to the State law claims

# DEFENDANTS' INSTRUCTION NO. 18

## NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS

### [CACI Jury Instruction 441]

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Deputy Jason Ayala was negligent in using deadly force to arrest or overcome resistance by Mickel E. Lewis, Sr.. To establish this claim, Plaintiffs must prove all of the following:

1. That Deputy Jason Ayala was a peace officer;

2. That Deputy Jason Ayala used deadly force on Mickel E. Lewis, Sr.;

3. That Deputy Jason Ayala's use of deadly force was not necessary to defend human life;

4. That Mickel E. Lewis, Sr. was killed; and

5. That Deputy Jason Ayala's use of deadly force was a substantial factor in causing Mickel E. Lewis, Sr.'s death.

Deputy Jason Ayala's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Deputy Jason Ayala at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Deputy Jason Ayala.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person. "Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter

1  how great the fear and no matter how great the likelihood of the harm, but is one that, from

2  appearances, must be instantly confronted and addressed.

3       "Totality of the circumstances" means all facts known to or perceived by the peace officer at

4  the time, including the conduct of Deputy Jason Ayala and Mickel E. Lewis, Sr.  leading up to the

5  use of deadly force. In determining whether Deputy Jason Ayala's use of deadly force was

6  necessary in defense of human life, you must consider Deputy Jason Ayala's tactical conduct and

7  decisions before using deadly force on Mickel E. Lewis, Sr.  and whether Deputy Jason Ayala used

8  other available resources and techniques as alternatives to deadly force, if it was reasonably safe

9  and feasible to an objectively reasonable officer.

10       A peace officer who makes or attempts to make an arrest does not have to retreat or stop

11  because the person being arrested is resisting or threatening to resist. Tactical repositioning or other

12  de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by using

13  objectively reasonable force to arrest, detain, prevent escape, or overcome resistance.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 19**

**BASIC STANDARD OF CARE**

[CACI Jury Instruction 401]

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Mickel Erick Lewis Jr's situation.

**DEFENDANTS' INSTRUCTION NO. 20**

**BATTERY BY PEACE OFFICER (DEADLY FORCE)—ESSENTIAL FACTUAL ELEMENTS**

[CACI Jury Instruction 1305B]

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Deputy Jason Ayala unnecessarily used deadly force on Mickel Erick Lewis, Jr.. To establish this claim, Plaintiffs must prove all of the following:

1. That Deputy Jason Ayala intentionally touched Mickel Erick Lewis, Jr.;

2. That Deputy Jason Ayala used deadly force on Mickel Erick Lewis, Jr.;

3. That Deputy Jason Ayala's use of deadly force was not necessary to defend human life;

4. That Mickel Erick Lewis, Jr. was killed; and

5. That Deputy Jason Ayala's use of deadly force was a substantial factor in causing Mickel Erick Lewis, Jr.'s death.

Deputy Jason Ayala's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Deputy Jason Ayala at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Deputy Jason Ayala.

A person being arrested has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

24

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Deputy Jason Ayala and Mickel Erick Lewis, Jr. leading up to the use of deadly force. In determining whether Deputy Jason Ayala's use of deadly force was necessary in defense of human life, you must consider Deputy Jason Ayala's tactical conduct and decisions before using deadly force on Mickel Erick Lewis, Jr. and whether Deputy Jason Ayala used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**DEFENDANTS' INSTRUCTION NO. 21**

**AFFIRMATIVE DEFENSE—SELF-DEFENSE/DEFENSE OF OTHERS**

[CACI Jury Instruction 1304]

Deputy Jason Ayala claims that he is not responsible for Plaintiffs' harm because he was acting in self-defense. To succeed, Deputy Jason Ayala must prove both of the following:

1. That Deputy Jason Ayala reasonably believed that Mickel E. Lewis, Sr. was going to harm him; and

2. That Deputy Jason Ayala used only the amount of force that was reasonably necessary to protect himself.

1

**DEFENDANTS' INSTRUCTION NO. 22**

2

**FALSE ARREST WITHOUT WARRANT BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS**

3

4

[CACI Jury Instruction 1401]

5

Plaintiffs claim that Mickel E. Lewis, Sr. was wrongfully arrested by Deputy Jason Ayala.

6

To establish this claim, Plaintiffs must prove all of the following:

7

1. That Deputy Jason Ayala arrested Mickel E. Lewis, Sr. without a warrant;

8

2. That Plaintiffs were actually harmed; and

9

3. That Deputy Jason Ayala's conduct was a substantial factor in causing Plaintiff's harm.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

**DEFENDANTS' INSTRUCTION NO. 23**

**FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE DEFENSE—PEACE OFFICER—PROBABLE CAUSE TO ARREST**

[CACI Jury Instruction 1402, Penal Code §§ 148 and 442]

Deputy Jason Ayala claims the arrest was not wrongful because he had the authority to arrest Mickel E. Lewis, Sr. without a warrant.

*If Deputy Jason Ayala proves that he had reasonable cause to believe that Mickel E. Lewis, Sr. willfully resisted, delayed, or obstructed him in the discharge or attempt to discharge any duty of his, or that Mickel E. Lewis, Sr. willfully threatened to commit a crime which would result in death or great bodily injury to a person, in his presence, then Deputy Jason Ayala had the authority to arrest Mickel E. Lewis, Sr. without a warrant.*

**DEFENDANTS' INSTRUCTION NO. 24**

**BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

[CACI Jury Instruction 3066]

Plaintiffs claim that Deputy Jason Ayala intentionally interfered with or attempted to interfere with Mickel E. Lewis Sr's. civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiffs must prove all of the following:

1. That Deputy Jason Ayala *unlawfully* acted violently against Mickel E. Lewis Sr. to prevent him from exercising his right *to be free from excessive force under the Fourth Amendment*;

2. That Deputy Jason Ayala *had specific intent* to deprive Mickel E. Lewis Sr. of his enjoyment of the interests protected by the right *to be free from excessive force under the Fourth Amendment*;

3. That Mickel E. Lewis Sr. was harmed; and

4. That Deputy Jason Ayala's conduct was a substantial factor in causing Mickel E. Lewis Sr's harm.

**DEFENDANTS' INSTRUCTION NO. 25**

**DAMAGES - PROOF**

[Ninth Circuit Model Civil Jury Instruction 5.1]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which part your verdict should be rendered.

If you find for the Plaintiffs' on their *on their Federal law or State law claims*, you must determine the Plaintiffs damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants. You should consider the following:

The Plaintiffs anguish, pain, suffering and loss of love, care and affection.  The decedent's loss of expected income and benefits.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### DEFENDANTS' INSTRUCTION NO. 26
### WRONGFUL DEATH (DEATH OF AN ADULT)

[CACI Jury Instruction 3921; Life Expectancy Table CACI -VF 3904 Appx A]

If you decide that Plaintiffs have proved their claim against Deputy Jason Ayala for the death of Mickel E. Lewis, Sr., you also must decide how much money will reasonably compensate Plaintiffs for the death of Mickel E. Lewis, Sr.. This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

Plaintiffs claim the following damages:

1. The loss of Mickel E. Lewis, Sr.'s love, companionship, comfort, care, assistance, protection, affection, society, moral support;

2. The loss of the enjoyment of sexual relations; and

3. The loss of Mickel E. Lewis, Sr.'s training and guidance.

No fixed standard exists for deciding the amount of damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. This amount of damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

In determining Plaintiffs' loss, do not consider:

1. Plaintiffs' grief, sorrow, or mental anguish;

2. Mickel E. Lewis, Sr.'s pain and suffering; or

3. The poverty or wealth of Plaintiffs.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

According to the *Life Expectancy Table for Males*, the average life expectancy of a *39*-year-old male is *40.6* years. This published information is evidence of how long a person is likely to live

but is not conclusive. Some people live longer and others die sooner.

In computing these damages, consider the losses suffered by all plaintiffs and return a verdict of a single amount for all plaintiffs. I will divide the amount among the plaintiffs.

1

2

3

**DEFENDANTS' INSTRUCTION NO. 27**

**PUNITIVE DAMAGES – INDIVIDUAL DEFENDANT – BIFURCATED TRIAL
(FIRST PHASE)**

4

5

[CACI Jury Instruction 3941]
(First Phase)

6

7

8

9

If you decide that Deputy Jason Ayala's conduct caused Plainiffs' harm, you must decide whether that conduct justified an award of punitive damages.  At this time, you must decide whether Plaintiffs have proved by clear and convincing evidence that Deputy Jason Ayala engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

10

11

12

13

14

"Malice" means that Deputy Jason Ayala acted with intent to cause injury or that Deputy Jason Ayala's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

15

16

"Oppression" means that Deputy Jason Ayala's conduct was despicable and subjected Mickel E. Lewis, Sr., to cruel and unjust hardship in knowing disregard of his rights.

17

18

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

19

20

"Fraud" means that Deputy Jason Ayala, intentionally misrepresented or concealed a material fact and did so intending to harm Mickel E. Lewis, Sr.

21

22

23

24

25

26

27

28

33

**DEFENDANTS' INSTRUCTION NO. 28**

**PUNITIVE DAMAGES – INDIVIDUAL DEFENDANT – BIFURCATED TRIAL (SECOND PHASE)**

[CACI Jury Instruction 3942]

You must now decide the amount, if any, that you should award Plaintiffs in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixe formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)    How reprehensible was Deputy Jason Ayala's conduct? In deciding how reprehensible Deputy Jason Ayala's conduct was, you may consider, among other factors:

      1.    Whether the conduct caused physical harm;

      2.    Whether Deputy Jason Ayala disregarded the health or safety of others;

      3.    Whether decedent, Mickel E. Lewis, Sr., was financially weak or vulnerable and Deputy Jason Ayala knew Mickel E. Lewis, Sr. was financially weak or vulnerable and took advantage him;

      4.    Whether Deputy Jason Ayala's conduct involved a pattern or practice; and

      5.    Whether Deputy Jason Ayala acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm, or between the amount of punitive damages and potential harm to Mickel E. Lewis, Sr., that Mickel E. Lewis, Sr., knew was likely to occur because of his conduct?

(c)    In view of Deputy Jason Ayala's financial condition, what amount is necessary to punish them and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Deputy Jason Ayala has substantial financial resources.  Any award you impose may not exceed Deputy Jason Ayala's ability to pay.

Punitive damages may not be used to punish Deputy Jason Ayala for the impact of his alleged misconduct on persons other than Mickel E. Lewis, Sr.

**DEFENDANTS' INSTRUCTION NO. 29**

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

[CACI Jury Instruction 3925]

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**DEFENDANTS' INSTRUCTION NO. 30**

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COSTS**

[CACI Jury Instruction 3964]

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.