1  James D. Weakley, Esq.      Bar No. 082853
   Brande L. Gustafson, Esq.   Bar No. 267130
2  **WEAKLEY & ARENDT**
   A Professional Corporation
3  5200 N. Palm Avenue, Suite 211
   Fresno, California 93704
4  Telephone:  (559) 221-5256
   Facsimile:   (559) 221-5262
5  Jim@walaw-fresno.com
   Brande@walaw-fresno.com
6
   Attorneys for Defendant, Deputy Jason Ayala
7

8

9                      **UNITED STATES DISTRICT COURT**

10                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11  MICKEL ERICK LEWIS JR., individually and      Case No. 1:21-CV-00378-KES-CDB
    as successor-in-interest to MICKEL E. LEWIS,  *Consolidated with Case No.*
    SR., ORIONA LEWIS; and BRIONA LEWIS,          *1:21−CV−01352−DAD−JLT*
12  individually and as successor-in-interest,

13                          Plaintiff,            **JOINT [PROPOSED] JURY
                                                  INSTRUCTIONS**

14                  vs.                           Judge: Hon. District Judge Kirk E. Sherriff
                                                  Department: 6
15  KERN COUNTY, Deputy JASON AYALA,              Date:  March 11, 2025
    and DOES 1-20, inclusive,                     Time: 8:30 a.m.
16
                            Defendant.            *A*ction Filed: March 9, 2021
17                                                *Trial Date: March 11, 2025*

18  R.L., M.L., and H.L., minors, by and through
    guardian *ad litem* Roberta Haro, individually
19  and as successors in interest to Michel Lewis
    Sr., deceased; A.W., a minor, by and through
20  her guardian *ad litem* Alisha White,
    individually and as a successor in interest to
21  Michel Lewis Sr., deceased; ALISHA WHITE,
    individually and as a successor in interest to
22  Michel Lewis Sr.,

23

24                          Plaintiffs,
               vs.
25
    COUNTY OF KERN; JASON AYALA; and
26  DOES 1-10, inclusive,
                            Defendants.
27

28

Parties submit the following joint jury instructions:

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury (Beginning of Trial) | Ninth Cir. 1.3 | 4 |
| 2. | Duty of Jury (End of Case) | Ninth Cir. 1.4 | 5 |
| 3. | Preponderance of the Evidence | Ninth Cir. 1.6 | 6 |
| 4. | What it Evidence | Ninth Cir. 1.9 | 7 |
| 5. | What is Not Evidence | Ninth Cir. 1.10 | 8 |
| 6. | Direct and Circumstantial Evidence | Ninth Cir. 1.12 | 9 |
| 7. | Ruling on Objections | Ninth Cir. 1.13 | 10 |
| 8. | Credibility of Witnesses | Ninth Cir. 1.14 | 11 |
| 9. | Conduct of the Jury | Ninth Cir. 1.15 | 12 |
| 10. | Publicity During Trial | Ninth Cir. 1.16 | 14 |
| 11. | No Transcript Available to Jury | Ninth Cir. 1.17 | 15 |
| 12. | Taking Notes | Ninth Cir. 1.18 | 16 |
| 13. | Outline of Trial | Ninth Cir. 1.21 | 17 |
| 14. | Duty to Deliberate | Ninth Cir. 3.1 | 18 |
| 15. | Consideration of Evidence | Ninth Cir. 3.2 | 19 |
| 16. | Communications with the Court | Ninth Cir. 3.3 | 21 |
| 17. | Return of Verdict | Ninth Cir. 3.5 | 22 |
| 18. | Comparative Fault of Decedent | CACI No. 407 | 23 |
| 19. | Causation: Substantial Factor | CACI No. 430 | 24 |

1  **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**
2  **RECORD:**

3       Parties hereby submit their Proposed Jury Instructions.

4  DATED: February 25, 2025          **WEAKLEY & ARENDT**

5

6                                     By: /s/ James D. Weakley
                                           James D. Weakley
7                                          Brande L. Gustafson
                                           Attorneys for Defendant Deputy Jason Ayala
8

9  DATED: February 25, 2025          **MARGO A. RAISON, COUNTY COUNSEL**

10

11                                    By: /s/ Marshall S. Fontes, Chief Deputy
                                           Marshall S. Fontes, Chief Deputy
12                                         Andrew C. Hamilton, Deputy
                                           Attorneys for Defendant County of Kern
13

14  DATED: February 25, 2025         **LAW OFFICES OF DALE K. GALIPO**

15

16                                    By: /s/ Renee V. Masongsong
                                           Renee V. Masongsong
17                                         Attorney for Plaintiffs
                                           R.L., M.L., and H.L., minors by and through
18                                         GAL Roberta Haro; A.W., a minor by and through
                                           GAL Alisha White, Alisha White
19

20  DATED: February 25, 2025         **TONI JARAMILLA, A Professional Law Corp.**

21

22                                    By: /s/ Toni J. Jaramilla
                                           Toni J. Jaramilla
23                                         Attorney for Plaintiffs Mickel Erick Lewis Jr.,
                                           Oriona Lewis and Briona Lewis
24

25  DATED: February 25, 2025         **ALEXANDER MORRISON + FEHR LLP**

26                                    By: /s/ J. Bernard Alexander, III
                                           J. Bernard Alexander, III
27                                         Attorney for Plaintiffs Mickel Erick Lewis Jr.,
                                           Oriona Lewis and Briona Lewis
28

**JOINT INSTRUCTION NO. 1**

**DUTY OF JURY (BEGINNING OF TRIAL)**

[Ninth Circuit Model Civil Jury Instruction 1.3]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**JOINT INSTRUCTION NO. 2**
**DUTY OF JURY**

[Ninth Circuit Model Civil Jury Instruction 1.4]

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JOINT INSTRUCTION NO. 3**

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

[Ninth Circuit Model Civil Jury Instruction 1.6]

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JOINT INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

[Ninth Circuit Model Civil Jury Instruction 1.9]

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

**JOINT INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

[Ninth Circuit Model Civil Jury Instruction 1.10]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they *may say or have said* in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are, or have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear, when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

[Ninth Circuit Model Civil Jury Instruction 1.12]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**JOINT INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

[Ninth Circuit Model Civil Jury Instruction 1.13]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**JOINT INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

[Ninth Circuit Model Civil Jury Instruction 1.14]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JOINT INSTRUCTION NO. 9**

**CONDUCT OF THE JURY**

[Ninth Circuit Model Civil Jury Instruction 1.15]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this

case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**JOINT INSTRUCTION NO. 10**

**PUBLICITY DURING TRIAL**

[Ninth Circuit Model Civil Jury Instruction 1.16]

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**JOINT INSTRUCTION NO. 11**

**NO TRANSCRIPT AVAILABLE TO JURY**

[Ninth Circuit Model Civil Jury Instruction 1.17]

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**JOINT INSTRUCTION NO. 12**

**TAKING NOTES**

[Ninth Circuit Model Civil Jury Instruction 1.18]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**JOINT INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

[Ninth Circuit Model Civil Jury Instruction 1.21]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

**JOINT INSTRUCTION NO. 14**

**DUTY TO DELIBERATE**

[Ninth Circuit Model Civil Jury Instruction 3.1]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JOINT INSTRUCTION NO. 15**

**DUTY TO DELIBERATE**

[Ninth Circuit Model Civil Jury Instruction 3.2]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or Commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do  not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside

the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.   Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**JOINT INSTRUCTION NO. 16**

**COMMUNICATIONS WITH THE COURT**

[Ninth Circuit Model Civil Jury Instruction 3.3]

If it becomes necessary during your deliberations to communicate with me, you may send a note through *my staff*, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**JOINT INSTRUCTION NO. 17**

**RETURN OF VERDICT**

[Ninth Circuit Model Civil Jury Instruction 3.5]

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise *my staff* that you are ready to return to the courtroom.

**JOINT INSTRUCTION NO. 18**

**COMPARATIVE FAULT OF DECEDENT**

[CACI Jury Instruction 407]

Deputy Jason Ayala claims that decedent, Mickel E. Lewis, Sr.'s, own negligence contributed to his death. To succeed on this claim, Deputy Jason Ayala must prove both of the following:

1. That Mickel E. Lewis, Sr., was negligent; and

2. That Mickel E. Lewis, Sr.'s negligence was a substantial factor in causing his death.

If Deputy Jason Ayala proves the above, Plaintiffs' damages are reduced by your determination of the percentage of decedent, Mickel E. Lewis Sr.'s responsibility.  I will calculate the actual reduction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT INSTRUCTION NO. 19**

**CAUSATION:  SUBSTANTIAL FACTOR**

[CACI Jury Instruction 430]

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.