LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W.,
a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
E-mail: Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Email: balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
Email: bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest, | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KERN COUNTY'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF PLAINTIFFS' LATER CONTACT BY KERN COUNTY SHERIFF DEPUTIES** |

MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,

Plaintiffs,

vs.

KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,

Defendants.

---

R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Michel Lewis Sr.,

Plaintiffs,

vs.

COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,

Defendants.

---

Case No: 1:21−CV−00378−KES-CDB
Hon. District Judge Kirk E. Sherriff

**PLAINTIFFS' OPPOSITION TO DEFENDANT KERN COUNTY'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF PLAINTIFFS' LATER CONTACT BY KERN COUNTY SHERIFF DEPUTIES**

Trial Date: March 11, 2025
Time:       8:30 a.m.
Dept.:      Courtroom 6

Consolidated with Case No. 1:21−CV−01352−DAD−JLT

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD

HEREIN:

Plaintiffs R.L., M.L., and H.L., minors, by and through guardian ad litem

Roberta Haro; A.W., a minor, by and through her guardian ad litem Alisha White,

ALISHA WHITE, MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA

LEWIS ("Plaintiffs") ("Plaintiffs") hereby oppose Defendant KERN COUNTY's

("Defendant") Motion to Exclude Evidence of Plaintiffs' Later Contact by Kern

County Sheriff Deputies.

This Opposition is based upon the grounds that the evidence Defendant seeks to

exclude is relevant to Plaintiffs' substantive due process claim.

This Opposition will be based on the attached Memorandum of Points and

Authorities, and on such other and further oral and documentary evidence as may be

presented at the hearing of this motion.


Date: February 25, 2025          ALEXANDER MORRISON + FEHR LLP

                                 TONI JARAMILLA, A Professional Law Corp.

                                 s/J. Bernard Alexander, III
                                 J. Bernard Alexander, III
                                 Toni Jaramilla
                                 Britt L. Karp
                                 Counsel for Plaintiffs  MICKEL ERICK
                                 LEWIS JR, ORIONA LEWIS and BRIONA
                                 LEWIS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Summary of Argument.

Defendant's Motion should be denied because the evidence it seeks to exclude is unquestionably relevant to Plaintiffs' claims, and Defendant does not put forth a sound basis for its exclusion.  Specifically, evidence of the Kern County Sheriff Deputies' taunting and intimidating conduct against the Plaintiffs while they were attempting to grieve and mourn the death of their father at the site of the shooting is directly related to Plaintiffs' second cause of action for violation of their substantive due process rights.  Therefore, this evidence must be admitted.

### II.    Legal Argument.

#### A. Evidence of Plaintiffs' Later Contact by Kern County Sheriff Deputies Is Relevant to Plaintiffs' Substantive Due Process Claim.

Defendant asserts that there is no claim in the complaint relating to acts of any deputy or the County after the death of the decedent.  This is incorrect.  Plaintiffs' complaint specifically asserts as follows:

> In the aftermath of the shooting death of their father, and while PLAINTIFFS and other grieving family members visited the site of the shooting to grieve, place flowers and tokens of love to commemorate DECEDENT's life, DEFENDANTS engaged in acts of intimidation and harassment against PLAINTIFFS, by (a) having multiple officers in multiple vehicles circle and congregate adjacent to the memorial; (b) by lining up in a show of force and callously laughing, yelling and glaring at PLAINTIFFS and family members, in a show of visible presence, while PLAINTIFFS mourned; (c) engaging in hide-and-seek maneuvers and making repeated vehicle passes by the memorial; (d) threatening witnesses not to communicate or cooperate with PLAINTIFFS or their counsel in collecting video evidence or statements from adjacent business

1

2

establishments; and (e) following Plaintiffs and DECEDENT's loved ones home from the memorial. (Dkt. 6 at ¶ 23.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

These facts give rise to, and are alleged as part of, Plaintiffs' second cause of action for violation of their substantive due process rights protected by the Fourteenth Amendment.  Under this cause of action, the complaint sets forth: "PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in PLAINTIFFS familial relationship with their father, DECEDENT. The aforementioned actions of Defendant AYALA along with other undiscovered and discovered conduct, namely threats and intimidation incited by Defendant COUNTY, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of PLAINTIFFs, and with purpose to harm unrelated to any legitimate law enforcement objective." (Dkt. 6 at ¶¶ 34-35.) The "threats and intimidation incited by Defendant COUNTY" is particularly meant to refer to the post-shooting conduct of the Sheriff Deputies when Plaintiffs were trying to grieve their father's death.

23

24

25

26

27

Parents and children possess a constitutionally protected liberty interest in companionship and society with each other, *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc), and they have a substantive due process right

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PLAINTIFFS' LATER CONTACT BY KERN COUNTY SHERIFF DEPUTIES

2

to a familial relationship free from unwarranted state interference. *Scott v. Smith*, 109 F.4th 1215, 1228 (9th Cir. 2024); *Hardwick v. County of Orange*, 980 F.3d 733, 740–41 & n.9 (9th Cir. 2020).  This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A substantive due process claim may arise when the state interferes with the parent-child relationship "for purposes of oppression." *See City of Fontana*, 818 F.2d at 1419-20 ("whether a particular interference with a liberty interest constitutes a substantive or a procedural due process violation depends on whether the interference was 'for purposes of oppression,' rather than for the purpose of furthering legitimate state interests" (citation omitted)) (*quoting Daniels v. Williams*, 474 U.S. 327, 331 (1986)). A substantive due process claim of impermissible interference with familial association arises when a state official harms a parent or child in a manner that shocks the conscience. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

"There are two tests used to decide whether officers' conduct 'shocks the conscience.'" *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022).  A state official's conduct may shock the conscience if (1) the official acted with a "purpose to harm" the victim for reasons unrelated to legitimate law enforcement objectives; or (2) the official acted with "deliberate indifference" to the victim. *Scott* 109 F.4th at 1228.

The facts alleged in Plaintiffs' complaint fit squarely within the definition of a substantive due process violation.  These facts particularly consist of the despicable

taunting and harassment by the County Sheriff Deputies of the Plaintiffs after the death of the Decedent. Evidence of this later contact, which includes the testimony of the Plaintiffs recounting what they experienced, as well as photographic and video evidence, should certainly be admitted in order for Plaintiffs to prove their claim for a violation of their substantive due process rights.

## III.    Conclusion.

For all the foregoing reasons, Defendant's Motion must be denied.

Date: February 25, 2025                    ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

s/J. Bernard Alexander, III
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs  MICKEL ERICK
LEWIS JR, ORIONA LEWIS and BRIONA
LEWIS