1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
3  Renee V. Masongsong, Esq. (SBN 281819)
   rvalentine@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
   Woodland Hills, CA  91367
5  Telephone:    (818) 347-3333
   Facsimile:     (818) 347-4118

6  Attorneys for Plaintiffs
7  R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a
   minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE
8

9  **TONI JARAMILLA, A Professional Law Corp.**
10 Toni J. Jaramilla, Esq. (SBN 174625)
   Toni@tjjlaw.com
11 1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
12 T: (310) 551-3020 | F: (310) 551-3019

13
14 **ALEXANDER MORRISON + FEHR LLP**
   J. Bernard Alexander, III (State Bar No. 128307)
15 balexander@amfllp.com
   Britt L. Karp (State Bar No. 278623)
16 bkarp@amfllp.com
17 1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
18 T: (310) 394-0888 | F: (310) 394-0811

19 Attorneys for Plaintiffs
20 MICKEL ERICK LEWIS JR, ORIONA LEWIS
   and BRIONA LEWIS

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,

Plaintiffs,

vs.

KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,

Defendants.

---

R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,

Plaintiffs,

vs.

COUNTY OF KERN; JASON AYALA,

Defendants.

---

Case No: 1:21−CV−00378−KES-CDB
Hon. District Judge Kirk E. Sherriff

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT AYALA'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF CHARACTER, OTHER BAD ACTS OR PERSONNEL ACTIONS RELATING TO JASON AYALA AND DEFENDANT COUNTY'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF OTHER BAD ACTS, USE OF FORCE INCIDENTS, AND PERSONNEL ACTIONS RELATING TO DEPUTY AYALA**

Trial Date: March 11, 2025
Time:       8:30 a.m.
Dept.:      Courtroom 6

Consolidated with Case No. 1:21−CV−01352−DAD−JLT

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT AYALA'S MOTION *IN LIMINE* NO. 2 AND DEFENDANT COUNTY'S MOTION *IN LIMINE* NOS. 7 AND 8**

Defendant Jason Ayala's Motion in Limine No. 2 seeks to exclude evidence of character, other bad acts or personnel actions relating to Jason Ayala.  Relatedly, Defendant County of Kern's Motion in Limine No. 7 seeks to exclude evidence of other bad acts, use of force incidents, and personnel actions relating to Deputy Ayala, and Defendant County's Motion in Limine No. 8 seeks to exclude evidence that is protected by the officers' rights to privacy.  Defendant County's Motion in Limine No. 8 is overly broad, and it is unclear what specific information it seeks to exclude. Plaintiffs do not intend to present the information Defendants seek to exclude by way of their Motions in Limine Nos. 2, 7, and 8, including any personnel files, prior complaints or disciplinary issues, and other incidents involving the County unless: (1) the subject matter arises in jury selection; (2) Defendants open the door to such inquiry through evidence or testimony that they introduce; (3) to the extent that it is relevant to Plaintiffs' state law claims and the County of Kern's vicarious liability; or (4) to the extent that it is impeachment evidence.

Plaintiffs' counsel should be permitted to inquire during *voir dire* as to whether any potential jurors are aware of any other incidents involving the County of Kern. The "right to be tried by an impartial jury" includes "the right to an examination designed to ascertain possible prejudices of the veniremen ..." (*U.S. v. Lewin*, 467 F.2d 1132, 1138, 23 A.L.R. Fed. 448 (7th Cir. 1972); *U.S. v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977) ("Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself maybe unaware until certain facts are revealed").  Courts have consistently recognized that jurors are often unaware of their own prejudices and preconceptions and do not acknowledge them. (*U.S. v. Dellinger*, 472 F.2d 349, 367 (7th Cir. 1972) ("We do not believe that a prospective juror is alert

1    to his own prejudices [as to reveal prejudice in response to a general question. Thus, it

2    is essential to explore the backgrounds and attitudes of the jurors to some extent in

3    order to discover actual bias, or cause"); *U.S. v. Shavers*, 615 F.2d 266, 268, 5 Fed. R.

4    Evid. Serv. 1304 (5th Cir. 1980) (general questions were "too broad" and "might not

5    reveal latent prejudice").

6    　　　If Defendants open the door to the information they seek to exclude by testifying

7    about Deputy Ayala's exemplary record, job performance, or lack of prior disciplinary

8    issues or complaints, then Plaintiffs should be allowed to introduce rebuttal evidence of

9    the same subject matter.  In such a scenario, Deputy Ayala's personnel records would

10   become relevant for impeachment purposes, and the probative value of the records

11   would outweigh any potential prejudice. "[T]he introduction of inadmissible evidence

12   by one party allows an opponent, in the court's discretion to introduce evidence on the

13   same issue to rebut any false impression that might have resulted from the earlier

14   admission." *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988). For

15   example, in *Nguyen v. Southwest Leasing and Rental Inc.*, the Ninth Circuit held that

16   the District Court properly admitted rebuttal testimony on the same topic where the

17   other party "opened the door." 282 F.3d 1061, 1067 (9th Cir. 2002).  It is based on

18   these reasons that Plaintiffs partially oppose Defendant Ayala's Motion in Limine No. 2

19   and Defendant County's Motion in Limine Nos. 7 and 8.

20

21   Dated: February 25, 2025　　　　　　LAW OFFICES OF DALE K. GALIPO

22

23   　　　　　　　　　　　　　By:　　___*/s/ Renee V. Masongsong*___

24   　　　　　　　　　　　　　　　Dale K. Galipo
     　　　　　　　　　　　　　　　Renee V. Masongsong

25

26

27

28

Date: February 25, 2025

ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

s/J. Bernard Alexander, III
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS
JR, ORIONA LEWIS and BRIONA LEWIS
Attorneys for Plaintiffs