LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
E-mail: Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Email: balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
Email: bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT JOHN GARDINER

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiffs,<br>vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>Defendants.<br><br>_____<br><br>R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>Plaintiffs,<br>vs.<br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>_____ | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT DEPUTY AYALA'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE PLAINTIFFS' BIOMECHANICAL ENGINEER EXPERT JOHN GARDINER**<br><br>Trial Date: March 11, 2025<br>Time:       8:30 a.m.<br>Dept.:      Courtroom 6<br><br>Consolidated with Case No. 1:21−CV−01352−DAD−JLT |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiffs R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through her guardian ad litem Alisha White, ALISHA WHITE, MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS ("Plaintiffs") ("Plaintiffs") hereby oppose Defendant Deputy JASON AYALA's ("Defendant") Motion to Exclude Plaintiffs' Biomechanical Engineer Expert, John Gardiner, Ph.D.

This Opposition is based upon the grounds that Dr. Gardiner is sufficiently qualified to render opinions regarding the posture and positioning of the Decedent and Deputy Ayala at the time of the shooting.

This Opposition will be based on the attached Memorandum of Points and Authorities, Declaration of J. Bernard Alexander, accompanying exhibits, and on such other and further oral and documentary evidence as may be presented at the hearing of this motion.

Date: February 25, 2025         ALEXANDER MORRISON + FEHR LLP
                                TONI JARAMILLA, A Professional Law Corp.

                                s/J. Bernard Alexander, III
                                J. Bernard Alexander, III
                                Toni Jaramilla
                                Britt L. Karp
                                Counsel for Plaintiffs  MICKEL ERICK
                                LEWIS JR, ORIONA LEWIS and BRIONA
                                LEWIS

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Summary of Argument.**

Defendant's Motion to exclude Plaintiffs' biomechanical engineer and accident reconstruction expert from testifying at trial should be denied because Dr. Gardiner is qualified to offer opinions regarding the posture and positioning of the Decedent and Deputy Ayala at the time of the shooting.  Further, Dr. Gardiner relies on sound bases for his opinions, including his own site inspection and recreation of the incident, as well as evidence available in this case, such as the Deputy's testimony, photographs of the Decedent, and the coroner's report.

**II.     Legal Argument.**

**A. Dr. Gardiner's Opinions are Based on Specialized Knowledge and Grounded in the Available Evidence.**

"Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010) (citation omitted); see *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012) (finding that the challengers "disagreements are with the conclusions reached by [th]e expert and the factual assumptions and considerations underlying those conclusions, not his methodology," and "[t]hese disagreements go to the weight to be afforded the testimony and not its admissibility") (citation omitted).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT JOHN GARDINER

1

"The inquiry into the admissibility of expert testimony is 'a flexible one' in which '[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.'" *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 879–80 (N.D. Cal. 2022) (quoting Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010). Courts begin from a presumption that expert testimony is admissible. *Poosh v. Philip Morris USA, Inc.*, 287 F.R.D. 543, 546 (N.D. Cal. 2012) (citing *Daubert*); see also Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments ("[R]ejection of expert testimony is the exception rather than the rule.").

i.   Dr. Gardiner is Qualified to Offer Opinions Related to Biomechanics and Reconstruction.

Plaintiffs' biomechanical expert, John Gardiner, has a Ph.D. in Bioengineering, a bachelor's degree in Mechanical Engineering and is a licensed Mechanical Engineer in California. (Ex. 1 at p. 20). He has served as a Senior Biomechanical Engineer conducting accident reconstruction and biomechanical analysis of a variety of events including car accidents, slip and falls, sports injuries *and shootings* since 2002. *Id*. He has been repeatedly qualified to testify as an expert in the areas of reconstruction and injury biomechanics and has served as an expert witness on these issues over 300 times. *Id*.

Defendant confusingly argues that "ballistic analysis is squarely within the province of expert testimony and not a layperson's knowledge" (Dkt. 87 at 11:2-3) and

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT JOHN GARDINER

2

then states that Dr. Gardiner's opinion "does not aid the jury, as any lay person would understand that a gunshot entry wound to a person's back means the person's back was facing the shooter." (Dkt. 87 at 12:6-7). Defendant cannot have it both ways. It is generally not within common sense to be able to decipher the trajectory of gunshot wounds, and therefore, Dr. Gardiner's specialized knowledge is needed.

ii.    <u>Dr. Gardiner's Demonstrates Sound Bases for His Opinions.</u>

Defendants' claim that Gardiner's opinions are "merely reading from the autopsy report" (Dkt. 87 at 11:16-17), is incorrect. Not only did Gardiner rely on a number of different sources for his reconstruction but it is the product of reliable principles and methods. In order to create his reconstruction of the scene, Gardiner inspected the site of the incident and took 3D laser scans to document the physical lay-out, then used the physical evidence identified at the scene from scene photographs and deposition and interview testimony to re-create the scene. (Ex. 1 at. 6-8). Gardiner used the autopsy report from Kern County Sheriff Coroner's Office and Dr. Hiserodt to map the wounds that the Decedent received onto a 3D model of the Decedent's body (Ex. 1 at 8-12) and to place the parties at the time of the shooting. (Ex. 1 at 7-8, 33).

Contrary to Defendant's claims, Dr. Gardiner does not make a credibility determination. (Dkt. 87 at 11:20-12:1). Dr. Gardiner's opinion is specifically that his analysis does not comport with Deputy Ayala's recounting of the incident. (*See* Ex. 1

at 18 - "The totality of the gunshot wounds sustained by Mr. Lewis are not consistent with Deputy Ayala's description that Mr. Lewis was running towards the deputy and facing the deputy while all shots were fired.").

Accordingly, Defendants' contention that Gardiner's reconstruction and opinions should be excluded should be rejected.

### III. Conclusion.

For all the foregoing reasons, Defendants' Motion must be denied and Dr. Gardiner must be allowed to testify at trial.

Date: February 25, 2025                    ALEXANDER MORRISON + FEHR LLP

                                                TONI JARAMILLA, A Professional Law Corp.

<u>s/J. Bernard Alexander, III</u>
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

# DECLARATION OF J. BERNARD ALEXANDER, III

I, J. Bernard Alexander, III, declare:

1. I am an attorney at law duly admitted to practice before all of the courts of the State of California and the United State District Court for the Eastern District, and a partner in the law firm of Alexander Morrison + Fehr LLP, counsel of record for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS. I am familiar with this file and if called as a witness, I could and would competently testify to the following facts based on my own personal knowledge.

2. We served Plaintiff's expert disclosures on October 25, 2022. Attached hereto as Exhibit "1" is a true and correct copy of Dr. Gardiner's report which accompanied Plaintiffs' expert disclosures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of February 2025, in the County of Los Angeles, State of California.

s/ J. Bernard Alexander, III

_____
J. BERNARD ALEXANDER, III