LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
E-mail: Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Email: balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
Email: bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiffs,<br>vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>Defendants. | Case No: 1:21−CV−00378−KES-CDB<br>Hon. District Judge Kirk E. Sherriff<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS**<br><br>Trial Date: March 11, 2025<br>Time:       8:30 a.m.<br>Dept.:      Courtroom 6<br><br>Consolidated with Case No. 1:21−CV−01352−DAD−JLT |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>Plaintiffs,<br>vs.<br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>Defendants. | |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiffs R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through her guardian ad litem Alisha White, ALISHA WHITE, MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS ("Plaintiffs") ("Plaintiffs") hereby submit the following objections to Defendants' Jury Instructions. (Dkt. 106.)

| | |
|---|---|
| Date: March 4, 2025 | ALEXANDER MORRISON + FEHR LLP |
| | TONI JARAMILLA, A Professional Law Corp. |
| | s/J. Bernard Alexander, III |
| | J. Bernard Alexander, III |
| | Toni Jaramilla |
| | Britt L. Karp |
| | Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS |
| Dated: March 4, 2025 | Law Offices of Dale K. Galipo |
| | s/ Dale K. Galipo |
| | Renee V. Masongsong |
| | Dale K. Galipo |
| | Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White |

Defendants' Instruction No. 1 - Claims and Defenses: Plaintiffs propose their own version of this instruction which includes a more complete statement of the Parties' claims and defenses. (Dkt. No. 97 at p. 6.)

Defendants' Instruction No. 3 - Evidence for Limited Purpose: The need for this instruction, i.e., what evidence will be introduced for a limited purpose, is unclear to Plaintiffs.  However, if such evidence is introduced, and this instruction is applicable, then Plaintiffs have no objection to it.

Defendants' Instruction No. 6 - Expert Opinion: Plaintiffs propose their own version of this instruction which completes the bracketed parts of the Ninth Circuit Model Instruction No. 2.13. (Dkt. No. 97 at p. 23.)

Defendants' Instruction No. 9 - Section 1983 Claim: Plaintiffs propose their own version of this instruction which includes a clearer statement regarding Plaintiffs' federal claims. (Dkt. No. 97 at p. 8.)

Defendants' Instruction No. 10 - Section 1983- Claim Against Defendant in Individual Capacity - Elements and Burden of Proof: Plaintiffs propose their own version of this instruction which includes a more complete statement of the related instructions that deal with the particular rights violated. (Dkt. No. 97 at p. 9.)

Defendants' Instruction No. 11 - Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive (Deadly and Non-Deadly) Force: Plaintiffs propose their own version of this instruction which includes a more accurate statement of the applicable law. (Dkt. No. 97 at p. 10-11.)  Specifically, the parties'

two versions of the jury instruction on primarily differ with respect to the standard asserted in No. 2 of the list of circumstances to consider in determining whether the defendant deputy used excessive force.  This case involves the use of deadly force.  Where the use of deadly force is considered, the appropriate standard is whether the decedent posed an immediate threat of death or serious bodily injury to any person at the time of the shooting.  Plaintiffs have made this key modification to the model instruction in Plaintiffs' proposed version of this instruction.  Defendants' version proposes the language "threat to safety," which does not apply to the use of deadly force. *See, e.g., Graham v. Connor*, 490 U.S 386, 396 (1989).

Further, Plaintiffs' version also includes additional applicable circumstances relevant to determining whether Defendant Deputy Ayala used excessive force in this case.

<u>Defendants' Instruction No. 12 - Immediate Threat</u>: Plaintiffs object to this "special instruction" as argumentative and prejudicial.  This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiffs' claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

Additionally, the case law cited in support of this instruction is distinguishable from the facts of this case.  In *Napouk v. Las Vegas Metropolitan Police Department*, 123 F.4th 906 (9th Cir. 2024), the decedent held a large object that appeared to the

officers to be a machete, which he moved around and pointed in various directions. *Napouk*, 123 F.4th 906, 912-14, 917-18. In *Cruz v. City of Anaheim*, 765 F.3d 1076 (9th Cir. 2014), it was undisputed that the suspect was actively reaching for the waistband of his pants. *Cruz*, 765 F.3d 1076, 1078. Here, it is undisputed that the Decedent was unarmed. Further, multiple witnesses have and will testify that the Decedent was holding his hands up in surrender and facing away from the Deputy at the time he was shot.

<u>Defendants' Instruction No. 13 - Lesser Force 1</u>: Plaintiffs object to this "special instruction" as argumentative and prejudicial. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiffs' claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

Further, the case cited to support this special instruction, does not support the statement of law that "officers need not employ the least intrusive degree of force possible." *See Bryan v. MacPherson*, 630 F.3d 805, 831 (9th Cir. 2010) ("we have held that police are 'required to consider [w]hat other tactics if any were available to effect the arrest.' Officer MacPherson argues that there were no less intrusive alternatives available to apprehend Bryan. Objectively, however, there were clear, reasonable, and less intrusive alternatives. Officer MacPherson knew additional officers were en route to the scene. He was, or should have been, aware that the arrival

of those officers would change the tactical calculus confronting him, likely opening up additional ways to resolve the situation without the need for an intermediate level of force. Thus, while by no means dispositive, that Officer MacPherson did not provide a warning before deploying the X26 and apparently did not consider less intrusive means of effecting Bryan's arrest factor significantly into our Graham analysis.")

Defendants' Instruction No. 14 - Lesser Force 2: Plaintiffs object to this "special instruction" as argumentative and prejudicial. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiffs' claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

Defendants' Instruction No. 15 - Failure to Call for Back-Up: Plaintiffs object to this "special instruction" as argumentative and prejudicial. This proposed instruction is not based on any model instruction. The appropriate standards are set forth in the substantive instructions regarding Plaintiffs' claims, including but not limited to Ninth Circuit Model Instruction 9.25, CACI 441, and CACI 1305B, making this proposed instruction confusing and unnecessary.

Further, an officer's failure to call for backup has been properly considered in the analysis of the reasonable of the officer's use of force. *See, e.g.*, *Smith v. City of Los Angeles*, No. 2:19-CV-05370-CAS(JCX), 2025 WL 57327, at *8 (C.D. Cal. Jan. 6, 2025) ("Based on the lack of injury to the Officers, the contradictory testimony

about Rodriguez's taser, and the argument that Officers' failure to deescalate the situation or call for backup before using deadly force amounted to tactical negligence, the Court concludes there is a genuine dispute of fact as to the imminence of the threat posed by Dorsey and the reasonableness of force the Officers used in response, such that judgment as a matter of law is inappropriate on this basis."); *Gold v. California Highway Patrol*, No. 23-CV-03414-RFL, 2025 WL 315231 at *9 (N.D. Cal. Jan. 27, 2025) ("a jury could reasonably conclude that Officers Cho and Weaver breached their duty of care by entering the home without waiting for backup").

Defendants' Instruction No. 16 - Fourteenth Amendment: Plaintiffs propose their own version of this instruction which includes a more straightforward, concise and accurate statement of the law. (Dkt. No. 97 at p. 12.)

Defendants' Instruction No. 18 - Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements: Plaintiffs propose their own version of this instruction. (Dkt. No. 97 at p. 16-17.)

Defendants' Instruction No. 19 – Basic Standard of Care: The "basic standard of care" is not applicable to peace officers in using deadly force and Defendants do not cite to any authority indicating otherwise. It appears that Defendants intend for this instruction to apply to the Decedent's negligence. However, the way that it is worded is confusing to the jury as it may lead them to assume that this applies to Deputy Ayala's conduct, which it does not. *See* CACI 441 Directions for Use ("Penal Code section 835a preserves the 'reasonable force' standard for nondeadly force, but

creates a separate, higher standard that authorizes a peace officer to use deadly force only when 'necessary in defense of human life.'"

Defendants' No. 20 - Battery by Peace Officer (Deadly Force) – Essential Factual Elements: Plaintiffs propose their own version of this instruction. (Dkt. No. 97 at p. 14-15.)

Defendants' No. 21: Use of "CACI 1304: Affirmative Self-Defense/Defense of Others" confuses the standard applied to peace officers and the necessary elements that CACI 1305B already instructs the jury to take into account, i.e., "use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Deputy Ayala at the time, that deadly force was necessary."

Defendants' No. 22: CACI 1401: False Arrest Without Warrant by Peace Officer – Essential Factual Elements is inapplicable to the facts alleged in this case as Plaintiffs do not claim that Mickel E. Lewis, Sr., was wrongfully arrested by Deputy Jason Ayala.

Defendants' No. 23: This instruction entitled "False Arrest Without Warrant – Affirmative Defense – Peace Officer – Probable Cause to Arrest" is inapplicable to the facts alleged in this case as Plaintiffs do not claim that Mickel E. Lewis, Sr., was wrongfully arrested by Deputy Jason Ayala.

Defendants' No. 24 - Bane Act – Essential Factual Elements (Civ. Code, §52.1): Plaintiffs propose their own version of this instruction. (Dkt. No. 97 at p. 18.)

Defendants' version includes words which are not reflected in CACI No. 3066 (e.g., "unlawfully" and "*specific* intent") and improperly uses italics seemingly to emphasize certain sections which is certainly not proper.  Defendants' proposed instruction on the Bane Act ignores *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), which holds that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993).

<u>Defendants' No. 25 – Damages Proof</u>: Plaintiffs are proposing one consolidated instruction on damages, which covers survival damages and wrongful death damages. (Dkt. No. 97 at p. 21).  Plaintiffs' instruction more accurately states the damages that Plaintiffs are seeking in this case.  Importantly, Defendants' two proposed instructions on damages omit "loss of life" damages permitted by *Valenzuela v. City of Anaheim*, 29 F.4th 1093 (9th Cir. 2022).

<u>Defendants' No. 26 - Wrongful Death (Death of an Adult)</u>: This instruction inaccurately states the wrongful death damages Plaintiffs are seeking.  This instruction also improperly includes the bracketed text of CACI 3921 that one lump sum should be awarded to the plaintiffs, and the court should divide the amount, instead of requiring the jury to designate amounts for each.  This is not what Plaintiffs are seeking here. Additionally, Defendants' two proposed instructions on damages omit

"loss of life" damages permitted by *Valenzuela v. City of Anaheim*, 29 F.4th 1093 (9th Cir. 2022). Plaintiffs are proposing one consolidated instruction on damages, which covers survival damages and wrongful death damages.

Defendants' No. 27 - Punitive Damages – Individual Defendant – Bifurcated Trial (First Phase): Plaintiffs propose their own version of a punitive damages instruction relying on Ninth Circuit Model Instruction No. 5.5 instead of CACI 3941.

Defendants' No. 28 – Punitive Damages – Individual Defendant -Bifurcated Trial (Second Phase): As this instruction applies only in a second phase, it is not applicable now.

Defendants' No. 29 – Arguments of Counsel Not Evidence of Damages: This instruction is not part of the Ninth Circuit Model Instructions.

Defendants' No. 30 – Jurors Not to Consider Attorney Fees and Costs: This instruction is not part of the Ninth Circuit Model Instructions.

Date: March 4, 2025
ALEXANDER MORRISON + FEHR LLP
TONI JARAMILLA, A Professional Law Corp.

s/J. Bernard Alexander, III
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Counsel for Plaintiffs MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

| | | |
|---|---|---|
| 1 | Dated: March 4, 2025 | Law Offices of Dale K. Galipo |
| 2 | | s/ Dale K. Galipo_____ |
| 3 | | Renee V. Masongsong |
| | | Dale K. Galipo |
| 4 | | Counsel for Plaintiffs, R.L., M.L., and H.L., minors, by and through guardian ad litem Roberta Haro; A.W., a minor, by and through guardian ad litem Alisha White; and Alisha White |