1  James D. Weakley, Esq.     Bar No. 082853
   Brande L. Gustafson, Esq.  Bar No. 267130
2  **WEAKLEY & ARENDT**
   A Professional Corporation
3  5200 N. Palm Avenue, Suite 211
   Fresno, California 93704
4  Telephone: (559) 221-5256
   Facsimile: (559) 221-5262
5  Jim@walaw-fresno.com
   Brande@walaw-fresno.com
6
   Attorneys for Defendant, Deputy Jason Ayala
7
                   **UNITED STATES DISTRICT COURT**
8
                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                    Plaintiff,<br><br>       vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>                    Defendant. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No. 1:21−CV−01352−DAD−JLT*<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED (DISPUTED) JURY INSTRUCTIONS**<br><br><br><br>Judge: Hon. District Judge Kirk E. Sherriff |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br>                    Plaintiffs,<br>       vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br>                    Defendants. | |

27  / / /

28  / / /

---

1
Defendants' Objections to Plaintiffs' Proposed (Disputed) Jury Instructions

Defendants County of Kern ("County")—erroneously sued as Kern County—and Deputy Jason Ayala ("Deputy Ayala") hereby presents the following objections to Plaintiffs' Proposed (Disputed) Jury Instructions (Doc. No. 97).

Plaintiffs' Instruction No. 1

Lines 10-12 ("Plaintiffs Mickel Lewis, Jr., Oriona Lewis and Briona Lewis also contend that the County Sheriff Deputies interfered with their relationship with their father by the Deputies' interactions with the Plaintiffs after Mickel Lewis, Sr.'s death.") and Lines 15-16 ("and that the Deputies' interactions with the Plaintiffs after Mickel Lewis, Sr.'s death caused no harm.") on Plaintiffs' Instruction No. 1 are inappropriate and should be removed because there is no named defendant for which such claims have been alleged.

Plaintiffs abandoned their federal municipal liability (*Monell*) claims against County and no other individual defendants have been named in addition to Deputy Ayala. It is well-established that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Servs.*, 436 U.S. 691 (1978). Moreover, Plaintiffs failed to name and serve any potential Doe defendants within 120 days after their complaints were filed, nor are any Kern County Sheriff's Deputies, other than Deputy Ayala, identified as witnesses in the Final Pretrial Order. See Fed. R. Civ. P. 4(m); *Coley v. Baca,* No. CV 09–08595, 2011 WL 651457, at *2-*3 (C.D. Cal. Jan. 11, 2011) *report and recommendation adopted,* No. CV 09–08595, 2011 WL 641686 (C.D. Cal. Feb. 11, 2011).

As a result, the inclusion of such allegations in a jury instruction would only serve to confuse the jurors as it involves allegations that have nothing to do with any of the defendants in this case. For this reason, Defendants prefer Defendants' Jury Instruction No. 1.

Plaintiffs' Instruction No. 2

No objection.

Plaintiffs' Instruction No. 3

No objection.  This is the same as Defendants' Jury Instruction No. 9.

Plaintiffs' Instruction No. 4

No objection.

Plaintiffs' Instruction No. 5

Number 9 ("the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent") in Plaintiffs' instruction number 5 is not applicable to this case.  In fact, the cases cited in the comment section of the model Ninth Circuit Jury Instruction for this factor relate to the conduct of the arrestee ("Where an arrestee's conduct risks the lives or safety of innocent bystanders, the court also considers her relative culpability under the second factor." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1153 (9th Cir. 2022), *citing Scott*, 550 U.S. at 384).

Number 11 ("whether it should have been apparent to Deputy Ayala that Mickel Lewis, Sr. was emotionally disturbed") in Plaintiffs' instruction number 5, is likewise not applicable as there is no evidence that the decedent was emotionally disturbed in any way during the incident.

Defendants prefer Defendants' instruction number 11.

Plaintiffs' Instruction No. 6

Plaintiffs inaccurately state the standard with regard to interference with a familial relationship under the Fourteenth Amendment.   A substantive due process claim of impermissible interference with familial association arises when a state official harms a parent or child in a manner that shocks the conscience. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  Deliberate indifference is one of two ways of showing that conduct shocks the conscience.

/ / /

1       The way the Plaintiffs' instruction is worded makes it sound as though deliberate
2 indifference is what Plaintiffs have to prove, instead of deliberate indifference being one of the
3 two ways to establish that conduct shocks the conscience.
4       Defendants prefer Defendants' Jury Instruction No. 16, which borrows from the case
5 law in the comments of Ninth Circuit model jury instruction 9.32 to formulate the instruction
6 and appropriately set forth the requirements for establishing a claim for interference with a
7 familial relationship under the Fourteenth Amendment.

8

9 <u>Plaintiffs' Instruction No. 7</u>
10       There is no reason to include this instruction, as Plaintiffs do not allege that Deputy Ayala
11 engaged in acts of intimidation nor can County be held liable "solely because it employs a
12 tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat
13 superior theory." *Monell v. Department of Social Servs.*, 436 U.S. 691 (1978). Moreover,
14 Plaintiffs failed to name and serve any potential Doe defendants within 120 days after their
15 complaints were filed, nor are any Kern County Sheriff's Deputies, other than Deputy Ayala,
16 identified as witnesses in the Final Pretrial Order. See Fed. R. Civ. P. 4(m); *Coley v. Baca,* No.
17 CV 09–08595, 2011 WL 651457, at *2-*3 (C.D. Cal. Jan. 11, 2011) *report and recommendation*
18 *adopted,* No. CV 09–08595, 2011 WL 641686 (C.D. Cal. Feb. 11, 2011). Thus, this jury
19 instruction would not apply to any of the claims asserted against any of the named defendants and
20 would not help the jurors in any way.

21

22 <u>Plaintiffs' Instruction No. 8</u>
23       Plaintiffs' instruction number 8 omits some elements that are in California's model jury
24 instruction, CACI 1305B, namely the first element ("1. That [name of defendant] intentionally
25 touched [name of plaintiff/decedent] [or caused [name of plaintiff/decedent] to be touched]").
26 Additionally, Plaintiffs regularly reword the model instruction so it reads in a passive voice,
27 instead of an active voice, which is unnecessary and cumbersome.
28 / / /

Otherwise, Plaintiffs did not include the following optional language from the instruction "A person being [arrested/detained] has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force." Considering the facts of this case, and the conduct of the decedent, it is important to include this language.

Consequently, Defendants prefer Defendants' Instruction No. 20, with the typo of the decedent's name corrected so that it reads as "Mickel Erich Lewis, Sr.," instead of "Mickel Erick Lewis, Jr."

Plaintiffs' Instruction No. 9

Plaintiffs add a lot of unnecessary language identifying this claim as being a state law claim that is being brought under California law. This language is superfluous and not in California's model jury instruction, CACI 441. Plaintiffs also fail to include language relating to the use of deadly force being to "[arrest/detain/ [,/or] prevent escape of/ [,/or] overcome resistance to]" and instead replaces this language with the word "against" on line 5 and again on line 14 of their instruction.

As was done in Plaintiffs' Instruction No. 8, Plaintiffs elected not to include the following optional language from the instruction "[A person being [arrested/detained] has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.]" Considering the facts of this case, and the conduct of the decedent, it is important to include this language.

Defendants Jury Instruction No. 18 more closely follows California's model jury instruction, CACI 441 and should be used instead.

Plaintiffs' Instruction No. 10

Plaintiffs' proposed Bane Act instruction does not follow California's model jury instruction, CACI 3066, but instead purports to be based on a couple of cases, which both support the use of California's model jury instruction, CACI 3066:

> Similarly, the specific intent requirement articulated in *Cornell* is consistent with the language of Section 52.1, which requires interference with rights by

> "threat, intimidation or coercion," words which connote an element of intent. This is also reflected in California's model jury instruction, CACI 3066, which characterizes a Bane Act claim as one by the plaintiff that the defendant "intentionally interfered with [or attempted to interfere with] [his/her] civil rights by threats, intimidation, or coercion." CACI 3066 (emphasis added); *see also Cornell*, 225 Cal.Rptr.3d at 387 (approving use of CACI 3066 because it "properly focused the jury on intentional violation of Cornell's right to be free from unreasonable seizure").

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018).

In fact, the Ninth Circuit in *Reese* held that "[t]he district court's post-trial order correctly recognized that Defendants' proposed jury instruction, CACI 3066, should have been given, *see Cornell*, 225 Cal.Rptr. at 386–87." *Reese*, at 1045.

Defendants' Instruction No. 24, which is based on CACI 3066, with a couple of minor changes which were noted using italics (not for emphasis), better comports with *Reese v. Cnty. of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) and *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 804, 225 Cal. Rptr. 3d 356, 387 (2017), as modified (Nov. 17, 2017) and should be used instead.

Plaintiffs' Instruction No. 11

This instruction is not applicable in this case. Moreover, Plaintiffs modified CACI 431 by replacing the word "negligence" with "conduct" and should be corrected if it is used.

Plaintiffs' Instruction No. 12

No objection.

Plaintiffs' Instruction No. 13

No objection.

Plaintiffs' Instruction No. 14

Defendants' proposed instructions numbers 27 (punitive damages – individual defendant bifurcated trial (first phase)) and 28 (punitive damages - individual defendant - bifurcated trial

(second phase)) should be used in place of Plaintiffs' instruction number 14 (punitive damages – predicate question) as Defendants' instructions better provides instruction to the jury on punitive damages for both phases of trial, should the case go beyond the first phase.

Plaintiffs' Instruction No. 15

Defendants' instruction number 6 more closely follows Ninth Circuit model jury instruction 2.13 and Defendants would prefer that instruction be used because it is not clear at this time which of the parties expert witnesses will testify. Additionally, Plaintiffs did not list all of the witnesses who could give expert testimony, this includes Eugene Carpenter who performed the autopsy. Overall, it would be simpler and cleaner to just say "expert witnesses" instead of listing the names of all witnesses who will give expert opinions.

Dated: March 4, 2025

        WEAKLEY & ARENDT
        A Professional Corporation

By:  */s/ Brande L. Gustafson*
      James D. Weakley
      Brande L. Gustafson
      Attorneys for Defendant,
      Deputy Jason Ayala

MARGO A. RAISON, COUNTY COUNSEL

By:  */s/ Andrew C. Hamilton*
      Marshall S. Fontes, Chief Deputy
      Andrew C. Hamilton, Deputy
      Kimberly L. Marshall, Deputy
      Attorneys for Defendant County of Kern,
      ("erroneously sued as Kern County")