UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; Deputy JASON AYALA,<br><br>Defendants. | No. 1:21-cv-00378-KES-CDB<br><br>ORDER ON MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS MICHAEL J. KUZEL<br><br>(Doc. 86) |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; Deputy JASON AYALA,<br><br>Defendants. | |

1

This civil rights and state tort action is brought in connection with the fatal officer-involved shooting of plaintiffs' father and husband, Mickel E. Lewis, Sr. ("Lewis Sr.") on October 2, 2020. The trial of this action proceeds on plaintiffs' 42 U.S.C. § 1983 claims for: (1) excessive force in violation of the Fourth Amendment, and (2) interference with familial relationship in violation of the Substantive Due Process Clause of the Fourteenth Amendment; and on state law claims for (3) battery, (4) negligence, and (5) violation of the Bane Act, Cal. Civ. Code § 52.1.

The Court held oral argument on the parties' motions in limine on March 3, 2025. The Court took under submission plaintiffs' motion in limine to exclude or limit the testimony of Michael J. Kuzel, defendants' "human factors" expert. Doc. 86. Defendants oppose the motion. Doc. 104. For the reasons set forth below and at the hearing, plaintiffs' motion is granted.

## I. LEGAL STANDARD

A witness who has been qualified as an expert by knowledge, skill, experience, training, or education may give an opinion on scientific, technical, or otherwise specialized topics if (1) the expert's scientific, technical, or other special knowledge will help the trier of fact understand the evidence or determine a fact in issue, (2) the testimony is based upon sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043–44 (9th Cir. 2014). The Court serves as a gatekeeper by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993).

Scientific evidence is reliable if it is based on an assertion that is grounded in methods of science—the focus is on principles and methodology, not on conclusions. *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832, 841 (9th Cir.2001). The Court has discretion to decide how to test an expert's reliability based on the type of expert testimony offered. *City of Pomona*, 750 F.3d at 1045. The test of reliability is flexible, and the Court "must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Id.* at 1044. Other factors that

1  may be considered include whether an expert has unjustifiably extrapolated from an accepted

2  premise to an unfounded conclusion, *see General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997),

3  and whether an expert has adequately accounted for obvious alternative explanations, *see Claar v.*

4  *Burlington Northern R. Co.,* 29 F.3d 499, 502 (9th Cir. 1994).  A key issue is the soundness of the

5  methodology.  *See City of Pomona*, 750 F.3d at 1045.  The party offering the expert bears the

6  burden of establishing that Rule 702 is satisfied.  *Daubert*, 509 U.S. at 593 n.10.

7  **II.   ANALYSIS**

8        1.   <u>Summary of Kuzel's "Human Factors" Report</u>

9        Kuzel has a bachelor's degree in Bioengineering from Arizona State University, a

10  master's degree in Industrial Engineering (with an emphasis in Human Factors Industrial

11  Engineering) from Arizona State University, and a second master's degree in Applied Psychology

12  (with an emphasis in Human Factors Sensation of Perception) from Arizona State University.

13  Doc. 104 at 8.  Kuzel indicates that he has investigated and evaluated cases as a reconstruction,

14  injury biomechanics, and human factors expert, and that he has completed a forty-hour Force

15  Science Analyst course offered by Force Science, Ltd.  Doc. 86 at 31.

16        Kuzel conducted an event reconstruction and "human factor analysis" of the incident.  His

17  report was based on a review of the County of Kern's discovery responses, exhibits to depositions

18  of Ayala and other witnesses, and plaintiffs' complaint and discovery responses.  *Id.* at 29.  Kuzel

19  states that his opinions are "given to reasonable degree of scientific certainty based on [his]

20  education, training and experience and the cited scholarly articles in association with evidence

21  presented in the materials reviewed."  *Id.* at 17.

22        Kuzel offers numerous observations and opinions, including that Lewis Sr.'s actions led

23  Ayala to perceive and predict that Lewis Sr. had intentions to harm him, that Lewis Sr.'s behavior

24  may have led Ayala to suspect Lewis Sr. had become armed and led to the "decision to shoot

25  threshold being reached[,]" and that the first two shots likely impacted Lewis Sr. in the chest.  *Id.*

26  at 23-25.  Kuzel then offers eight conclusions, including that the evidence does not support

27  plaintiffs' description of the event; that Ayala reasonably predicted that Lewis Sr. was retrieving a

28  weapon from the vehicle; that based on the described body motion, Ayala had less than one

1  second to decide whether to fire his weapon; that the described body motion is consistent with
2  Lewis Sr. being shot twice in the chest first; and that Ayala's decision to use force was
3  reasonable. *Id.* at 25.

4        2.  Discussion

5      Plaintiffs argue that Kuzel lacks the expertise to offer opinion testimony regarding
6  perception/reaction time, risk analysis, and other human factors in the context of a police
7  shooting. *Id.* at 9. Plaintiffs argue that Kuzel has no expertise in the context of a police shooting.
8  *See id.* at 9-10. Specifically, plaintiffs argue that Kuzel lacks licenses or certifications regarding
9  police practices or training, has not published any articles in the last ten years concerning any
10 shooting event of any kind, has not performed studies or written any publications regarding police
11 officer experience in shooting scenarios, and that his qualifications to testify regarding law
12 enforcement responses or reactions are "exceedingly thin." *Id.* at 9.

13     Defendants indicate that Kuzel is a human factors expert and that "human factors" is an
14 "applied field of study that examines human abilities, limitations, behaviors, and processes."
15 Doc. 104 at 7. However, Kuzel offers opinions and conclusions on matters well outside these
16 areas, including that the first two gunshots most likely impacted Lewis Sr.'s chest and not his
17 back; that Lewis Sr.'s body position is "entirely consistent" with him exiting the vehicle
18 counterclockwise; and that the bullet wounds do not provide evidence of Lewis Sr. being shot in
19 the back. Doc. 86 at 23-25. Defendants do not offer an explanation as to why Kuzel is qualified
20 to offer such opinions, and they do not argue that any qualifications Kuzel has as a human factors
21 expert qualifies him to offer those opinions.

22     Opinions that the location of bullet wounds are consistent with certain movements, such
23 as turning counterclockwise, require specialized expert testimony and defendants do not establish
24 that Kuzel has such qualifications. *See Nash-Perry v. City of Bakersfield*, No. 1:18-CV-1512-
25 JLT-BAK(SAB), 2022 WL 3357516, at *10 (E.D. Cal. Aug. 15, 2022) (noting that bullet
26 trajectory analysis, such as identifying a person's position based on bullet wounds, is a technical
27 area that requires expert opinion); *Barillas v. City of Los Angeles*, No. CV 18-08740-CJC (ASX),
28 2021 WL 4434977, at *10-12 (C.D. Cal. Apr. 12, 2021) (precluding police-practices expert from

1  testifying that decedent was reaching for his waistband based on the amount of blood on his
2  phone because the expert was not an expert in forensics or blood-splatter analysis); *Murillo v.*
3  *City of Los Angeles*, No. CV 21-8738 FMO (AGRX), 2023 WL 9420539, at *2 (C.D. Cal. Aug.
4  21, 2023) (forensic pathologist and neuropathologist expert was qualified to opine on the
5  trajectory and manner in which bullets enter and exit the body).

6  In their opposition, defendants respond that, notwithstanding Kuzel's numerous
7  conclusions and opinions covering these other areas, Kuzel is only a human factors expert and he
8  will not offer opinions on the reasonableness of Ayala's actions based on police practices or
9  procedures.  Doc. 104 at 8.  Defendants assert that Kuzel's opinions will be limited to matters
10 relating to human perceptions and reaction time, including under stress.  *Id.* at 8.  At the hearing,
11 defendants' counsel conceded that they were not offering Kuzel as a police practices expert and
12 that many of the conclusions in his report were outside of his area of expertise.

13 Even in the area of "human factors" concerning perceptions and reaction time under
14 stress, defendants have not met their burden to establish Kuzel's relevant qualifications and
15 experience to provide such testimony in the context of this case.  While defendants proffer that
16 Kuzel has served as a human factors expert in police officer use of force events, defendants do
17 not indicate whether any such use of force events concerned officer involved shootings.  The
18 "Certifications and Trainings" section in Kuzel's curriculum vitae does not reflect any
19 certification or training in the use of force.  Doc. 86 at 33.  Kuzel's numerous publications appear
20 to be related to automobile, bicycle, or pedestrian collisions or trip hazards.  *Id.* at 34-35.  None of
21 his publications, at least on the information provided to the Court, implicate officer involved
22 shootings.  Moreover, defendants have not indicated that Kuzel has testified in court as a human
23 factors expert in police shooting cases or use of force events.

24 The opinions set forth in Kuzel's expert report are also insufficiently supported by reliable
25 scientific methodology.  Kuzel opines that Ayala likely experienced stress in response to Lewis
26 Sr.'s behavior, that Lewis Sr.'s behavior led Ayala to perceive and predict that Lewis Sr. had
27 intentions to harm Ayala, and that Ayala's prediction that he needed to protect himself from
28 Lewis Sr., combined with Lewis Sr.'s "abrupt, aggressive movement," resulted in Ayala's

"decision to shoot threshold being reached." *Id.* at 23-25. Kuzel fails to explain how he reached these conclusions and fails to provide any supporting methodology.

Although the test of reliability is flexible, "the court must assess the expert's reasoning or methodology[.]" *City of Pomona*, 750 F.3d at 1044. The Court may exclude expert testimony on the ground that an expert's purported methodology fails to explain his conclusion. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General. Elec.*, 522 U.S. at 146. While Kuzel provides a summary of the "relative literature," he fails to connect his opinions with any methodology and fails to bridge the gap between the literature and his opinions and conclusions.

While the Court recognizes that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), the problem here lies in the report's conclusory methodology. *See id.* (noting that the "test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology."). Without any methodology or reasoning in the expert report, the Court cannot adequately assess the basis for Kuzel's opinions or conclusions as to any "human factors" that may have influenced Ayala's decision.

### III.   CONCLUSION

For the reasons set forth above and at the hearing, plaintiffs' motion in limine to exclude defendants' expert Michael J. Kuzel (Doc. 86) is granted.

IT IS SO ORDERED.

Dated:   March 13, 2025

_____
UNITED STATES DISTRICT JUDGE