LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by and through guardian *ad litem* Alisha White, Alisha White

TONI JARAMILLA, A Professional Law Corp.
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

ALEXANDER MORRISON + FEHR LLP
J. Bernard Alexander, III (State Bar No. 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, et al.,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No: 1:21−CV−00378−KES-CDB<br><br>Assigned to:<br>Hon. District Judge Kirk E. Sherriff<br>Hon. Magistrate Judge Charles D. Breyer<br><br>**PLAINTIFFS' POSITION ON JURY INSTRUCTIONS AND VERDICT FORM** |
| R.L., et al.,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | |

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** Plaintiffs hereby submit the following regarding the jury instructions and verdict form for this Court and all counsel to review in advance of the discussion with this Court on Tuesday morning.

Respectfully submitted,

DATED: March 17, 2025   LAW OFFICES OF DALE K. GALIPO

By:  *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs R.L., M.L., H.L., and A.W.

DATED: March 17, 2025   ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

By:  *s/ J. Bernard Alexander, III*
J. Bernard Alexander, III
Toni Jaramilla
Britt L. Karp
Attorneys for Plaintiffs Mickel Erick Lewis, Jr., Oriona Lewis and Briona Lewis

-1-
PLAINTIFFS' POSITION ON JURY INSTRUCTIONS AND VERDICT FORM

**PLAINTIFFS' POSITION ON JURY INSTRUCTIONS**

Plaintiffs have elected to dismiss their punitive damages claim.

Plaintiffs further would agree to dismiss their Fourteenth Amendment (Substantive Due Process, Interference with Familial Relations) claim if the Parties and the Court agree that Plaintiffs may recover wrongful death damages under their state law claims for battery and negligence.

Plaintiffs are not seeking nominal damages.

Alisha White is no longer a plaintiff in this case, and Plaintiffs shall remove reference to Ms. White in the jury instructions.

Accordingly, Plaintiffs believe that jury instructions relating to the Fourteenth Amendment claim, punitive damages, and nominal damages do not need to be given in this case.

Further, with respect to the Bane Act instruction, Plaintiffs believe that the elements are satisfied by showing excessive force and an intent to deprive the decedent of his constitutional right to be free from excessive force, which can be shown by a reckless disregard for these rights. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (holding that "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'") (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Plaintiffs are attaching their Bane Act instruction, which appears at Dkt. No. 97 at p. 18.

**PLAINTIFFS' POSITION ON THE VERDICT FORM**

With respect to the verdict form, as discussed above, Plaintiffs propose to delete language in the verdict form related to the Fourteenth Amendment claim, punitive damages, and nominal damages.

Further, Plaintiffs believe that there need to be a causation element on the verdict form for the defendants' contributory negligence claim.

Additionally, Plaintiffs believe the parties and the court should have a discussion as to whether one question on the verdict form can address Plaintiffs' claims for excessive force under the Fourth Amendment and battery under state law, as opposed to two separate questions.

Alisha White is no longer a plaintiff in this case, and Plaintiffs shall remove reference to Ms. White in the verdict form.

Finally, Plaintiffs object to the use of the special interrogatories as proposed by the defense, and Plaintiffs' counsel will be prepared to discuss that on Tuesday morning.