1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICKEL ERICK LEWIS JR, individually          No.  1:21-cv-00378-KES-CDB
     and as successor-in-interest to MICKEL E.
12   LEWIS SR., ORIONA LEWIS, individually
     and as successor-in-interest; and BRIONA
13   LEWIS, individually and as successor-in-       JURY INSTRUCTIONS GIVEN
     interest,
14
                        Plaintiffs,
15
              v.
16
     KERN COUNTY; Deputy JASON AYALA,
17
                        Defendants.
18

19   R.L., M.L., and H.L., minors, by and through
     guardian *ad litem* Roberta Haro, individually
20   and as successors in interest to Michel Lewis
     Sr., deceased; A.W., a minor, by and through
21   her guardian *ad litem* Alisha White,
     individually and as a successor in interest to
22   Michel Lewis Sr., deceased,

23                      Plaintiffs,

24            v.

25   KERN COUNTY; Deputy JASON AYALA,

26                      Defendants.

27

28

1        The attached Jury Instructions were read to the jury in open court by United States District

2    Judge Kirk E. Sherriff in the above-entitled case.

3

4    Dated: 3/20/2025

5                      KEITH HOLLAND, CLERK OF THE COURT

6

7                  By: *Corina Lopez Amador*
                            C. Lopez Amador, Deputy Clerk

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
**PRELIMINARY INSTRUCTIONS**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **JURY INSTRUCTION NO. 1**

2        Members of the jury: You are now the jury in this case. It is my duty to instruct you on the

3    law.

4        It is your duty to find the facts from all the evidence in the case. To those facts you will

5    apply the law as I give it to you. You must follow the law as I give it to you whether you agree

6    with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

7    prejudices or sympathy. That means that you must decide the case solely on the evidence before

8    you. You will recall that you took an oath to do so.

9        At the end of the trial I will give you final instructions. It is the final instructions that will

10    govern your duties.

11        Please do not read into these instructions, or anything I may say or do, that I have an

12    opinion regarding the evidence or what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 2**

2    To help you follow the evidence, I will give you a brief summary of the position of the

3    parties:

4    The decedent in this case is Mickel Lewis, Sr.  The plaintiffs in this case are the

5    decedent's children, Mickel Erick Lewis, Jr., Oriona Lewis, Briona Lewis, R.L., M.L., H.L., and

6    A.W., as well as the decedent's wife, Alisha Lewis. The Defendants are the County of Kern and

7    Kern County Sheriff's Deputy Jason Ayala.  Plaintiffs contend that Jason Ayala used excessive

8    and unreasonable deadly force and was negligent in his conduct with the decedent. Plaintiffs seek

9    damages to the extent permitted by law.

10    The defendants deny these claims and contend that Jason Ayala's use of force was

11    reasonable under the circumstances.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

**JURY INSTRUCTION NO. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are, or have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear, when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**JURY INSTRUCTION NO. 6**

2          Some evidence may be admitted only for a limited purpose.

3          When I instruct you that an item of evidence has been admitted only for a limited purpose,

4    you must consider it only for that limited purpose and not for any other purpose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 7**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense

**JURY INSTRUCTION NO. 8**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 10**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices

to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately

**JURY INSTRUCTION NO. 11**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

# JURY INSTRUCTION NO. 12

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the issue.

**JURY INSTRUCTION NO. 13**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room when you leave for the day. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**JURY INSTRUCTION NO. 14**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 15**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

1
2
3
4
5
6
7
8
9
10
11          **MID-TRIAL INSTRUCTIONS**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 1

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Jeremy Terletter was taken on August 15, 2022. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1    **JURY INSTRUCTION NO. 2**

2    The parties have agreed to certain facts that will now be read to you.

3    1.    Mickel Lewis, Sr. is the decedent.

4    2.    County of Kern was and is a municipal corporation existing under the laws

5          of the State of California.

6    3.    The Kern County Sheriff's Office was and is a subdivision of the County of

7          Kern.

8    4.    Jason Ayala was a deputy sheriff employed with the Kern County Sheriff's

9          Department on October 2, 2020, the date of the incident at issue in this case.

10   5.    On October 2, 2020, at approximately 9.00 pm in the City of Mojave, Jason

11         Ayala initiated a traffic stop of Decedent near the corner of "K" Street and Mono

12         Street, behind the Denny's and Wienerschnitzel restaurants.

13   6.    At the time of this incident, Jason Ayala was acting under color of state law

14         and in the course and scope of his employment with the County of Kern.

15   7.    Plaintiffs R.L., M.L., H.L., A.W., Mickel Erick Lewis, Jr., Oriona Lewis,

16         and Briona Lewis are the children of Decedent.

17   8.    Plaintiff Alisha White is the wife of Decedent.

18   9.    Decedent died as a result of injuries from gunshots.

**JURY INSTRUCTION NO. 3**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Nicholas Montoya was taken on August 19, 2022. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1

2

3

4

5

6

7

8

9

10

11

**FINAL INSTRUCTIONS**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the parties, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**

As I previously instructed you, the evidence you are to consider in deciding what the facts are consists of:

     1.     the sworn testimony of any witness;

     2.     the exhibits that are admitted into evidence;

     3.     any facts to which the lawyers have agreed; and

     4.     any facts that I have instructed you to accept as proved.

1

**JURY INSTRUCTION NO. 3**

2      You have heard testimony from Eugene Carpenter, Jr., Scott DeFoe, Frank Sheridan, and

3  Clarence Chapman who testified about their opinions and the reasons for those opinions. This

4  opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or

5  education of these witnesses.

6      Such opinion testimony should be judged like any other testimony. You may accept it or

7  reject it, and give it as much weight as you think it deserves, considering the witness's specialized

8  knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the

9  other evidence in the case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. As I previously instructed you, certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and at other times, and may say in their closing arguments, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are, or have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear, when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**JURY INSTRUCTION NO. 5**

2      When a party has the burden of proving any claim by a preponderance of the evidence, it

3 means you must be persuaded by the evidence that the claim is more probably true than not true.

4      You should base your decision on all of the evidence, regardless of which party presented

5 it.

**JURY INSTRUCTION NO. 6**

Plaintiffs bring claims under both federal law and state law. The law that applies to these claims are different.

**JURY INSTRUCTION NO. 7**

The following instructions apply to the federal law claims

**JURY INSTRUCTION NO. 8**

Plaintiffs bring some of their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party

1

**JURY INSTRUCTION NO. 9**

2      In order to prevail on their § 1983 claim against defendant Jason Ayala, plaintiffs must

3   prove each of the following elements by a preponderance of the evidence:

4      1.      Jason Ayala acted under color of state law;

5      2.      The acts of Jason Ayala deprived decedent Mickel Lewis, Sr. of his particular

6            rights under the United States Constitution as explained in the next instruction; and

7      3.      Jason Ayala's conduct was an actual cause of the claimed injury.

8      A person acts "under color of state law" when the person acts or purports to act in the

9   performance of official duties under any state, county, or municipal law, ordinance or regulation.

10  The parties have stipulated that Jason Ayala acted under color of law.

11     The defendant's conduct is an actual cause of an injury only if the injury would not have

12  occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

13     If you find that plaintiffs have proved each of these elements, and if you find that

14  plaintiffs have proved all the elements they are required to prove under instruction number 10,

15  your verdict should be for the plaintiffs on that claim.  If, on the other hand, you find that

16  plaintiffs have failed to prove any one or more of these elements, your verdict should be for the

17  defendants on that claim.

18

19

20

21

22

23

24

25

26

27

28

1        **JURY INSTRUCTION NO. 10**

2        In general, a seizure of a person is unreasonable under the Fourth Amendment if a police

3   officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or

4   escaping suspect. Therefore, to establish an unreasonable seizure in this case, plaintiffs must

5   prove by a preponderance of the evidence that defendant Jason Ayala used excessive force.

6        Under the Fourth Amendment, a police officer may use only such force as is "objectively

7   reasonable" under all of the circumstances. You must judge the reasonableness of a particular use

8   of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of

9   hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's

10  subjective intent or motive is not relevant to your inquiry.

11       In determining whether Jason Ayala used excessive force in this case, consider all of the

12  circumstances known to Jason Ayala, including:

13      1.    the nature of the crime or other circumstances known to Jason Ayala at the time

14            force was applied;

15      2.    whether decedent Mickel Lewis, Sr. posed an immediate threat of death or serious

16            bodily injury to Jason Ayala or to others;

17      3.    whether decedent Mickel Lewis, Sr. was actively resisting arrest or attempting to

18            evade arrest by flight;

19      4.    the amount of time Jason Ayala had to determine the type and amount of force that

20            reasonably appeared necessary, and any changing circumstances during that

21            period;

22      5.    the relationship between the need for the use of force and the amount of force

23            used;

24      6.    the extent of decedent Mickel Lewis, Sr.'s injuries;

25      7.    any effort made by Jason Ayala to temper or to limit the amount of force;

26      8.    the availability of alternative methods to take decedent Mickel Lewis, Sr. into

27            custody or subdue decedent Mickel Lewis, Sr.;

28

9.    whether it was practical for Jason Ayala to give warning of the imminent use of force, and whether such warning was given;

10.    whether there was probable cause for a reasonable officer to believe that Mickel Lewis, Sr. had committed a crime involving the infliction or threatened infliction of serious physical harm.

**JURY INSTRUCTION NO. 11**

The following instructions apply to the state law claims.

**JURY INSTRUCTION NO. 12**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that defendant Jason Ayala committed a battery by unnecessarily using deadly force on Mickel Lewis, Sr. To establish this claim, plaintiffs must prove all of the following:

1. That Jason Ayala intentionally touched Mickel Lewis, Sr., or caused him to be touched;

2. That Jason Ayala used deadly force on Mickel Lewis, Sr.;

3. That Jason Ayala's use of deadly force was not necessary to defend human life;

4. That Mickel Lewis, Sr. was killed; and

5. That Jason Ayala's use of deadly force was a substantial factor in causing Mickel Lewis, Sr.'s harm or death.

Jason Ayala's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jason Ayala at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to Jason Ayala.

A person being arrested has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Jason Ayala and Mickel Lewis, Sr. leading up to the use of deadly force. In determining whether Jason Ayala's use of deadly force was necessary in defense of human life, you must consider Jason Ayala's tactical conduct and decisions before using deadly force on

Mickel Lewis, Sr. and whether Jason Ayala used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

**JURY INSTRUCTION NO. 13**

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that defendant Jason Ayala was negligent in using deadly force to arrest or overcome resistance by Mickel Lewis, Sr. To establish this claim, plaintiffs must prove all of the following:

1. That Jason Ayala was a peace officer;

2. That Jason Ayala used deadly force on Mickel Lewis, Sr.;

3. That Jason Ayala's use of deadly force was not necessary to defend human life;

4. That Mickel Lewis, Sr. was killed; and

5. That Jason Ayala's use of deadly force was a substantial factor in causing Mickel Lewis, Sr.'s harm or death.

Jason Ayala's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Jason Ayala at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Jason Ayala.

A person being arrested has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of Jason Ayala and Mickel Lewis, Sr. leading up to the use of deadly force. In determining whether Jason Ayala's use of deadly force was necessary in defense

of human life, you must consider Jason Ayala's tactical conduct and decisions before using deadly force on Mickel Lewis, Sr. and whether Jason Ayala used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest, detain, prevent escape, or overcome resistance.

**JURY INSTRUCTION NO. 14**

Defendants claim that decedent Mickel Lewis, Sr.'s own negligence contributed to his death. To succeed on this claim, defendants must prove both of the following:

1. That Mickel Lewis, Sr., was negligent; and

2. That Mickel Lewis, Sr.'s negligence was a substantial factor in causing his death.

If defendants prove the above, plaintiffs' damages are reduced by your determination of the percentage of decedent Mickel Lewis Sr.'s responsibility. I will calculate the actual reduction.

1    **JURY INSTRUCTION NO. 15**

2    This instruction applies to your consideration of Mickel Lewis, Sr.'s conduct only.

3    Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

4    A person can be negligent by acting or by failing to act. A person is negligent if he or she

5    does something that a reasonably careful person would not do in the same situation or fails to do

6    something that a reasonably careful person would do in the same situation.

7    You must decide how a reasonably careful person would have acted in Mickel Lewis,

8    Sr.'s situation.

**JURY INSTRUCTION NO. 16**

Plaintiffs claim that defendant Jason Ayala intentionally interfered with Mickel Lewis, Sr's. civil rights by threats, intimidation, or coercion ("Bane Act" claim). To establish this claim, plaintiffs must prove all of the following:

1. That Jason Ayala acted violently against Mickel Lewis, Sr. to prevent him from exercising his constitutional right to be free from excessive force;

2. That Jason Ayala intended to deprive Mickel Lewis, Sr. of his enjoyment of the interests protected by the right to be free from excessive force;

3. That Mickel Lewis, Sr. was harmed; and

4. That Jason Ayala's conduct was a substantial factor in causing Mickel Lewis, Sr.'s harm.

A reckless disregard of a person's constitutional rights is evidence of a specific intent to deprive that person of those rights. Defendant Jason Ayala acted with recklessness if he knew it was highly probably that his conduct would cause harm and he knowingly disregarded this risk. "Recklessness" is more than just the failure to use reasonable care.

**JURY INSTRUCTION NO. 17**

This instruction applies only to plaintiffs' claims for battery, negligence, and violation of the Bane Act claim.

A person's conduct may combine with another factor to cause harm. If you find that Jason Ayala's conduct was a substantial factor in causing Mickel Lewis, Sr.'s harm, then Jason Ayala is responsible for the harm. Jason Ayala cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mickel Lewis, Sr.'s harm.

**JURY INSTRUCTION NO. 18**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**JURY INSTRUCTION NO. 19**

As to plaintiffs' claims for battery, negligence and violation of the Bane Act, the County of Kern is responsible for harm caused by the wrongful conduct of defendant Jason Ayala while acting within the scope of his employment.

The parties have stipulated that Jason Ayala was acting within the scope of his employment with the County of Kern at the time of the incident.

**JURY INSTRUCTION NO. 20**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of their claims, you must determine the plaintiffs' respective damages. The plaintiffs have the burden of proving their respective damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

You should consider the following as to plaintiffs' damages on behalf of Mickel Lewis, Sr.'s damages:

    1.   The nature and extent of Mickel Lewis, Sr.'s injuries;

    2.   The loss of life and loss of enjoyment of life; and

    3.   The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the wrongful death damages for plaintiffs:

    1.   The loss of Mickel Lewis, Sr.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

In determining plaintiffs' wrongful death damages, do not consider: (1) plaintiffs' grief, sorrow, or mental anguish; (2) Mickel Lewis, Sr.'s pain and suffering; or (3) the poverty or wealth of plaintiffs.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 21**

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1            **JURY INSTRUCTION NO. 22**

2            Because you must base your verdict only on the evidence received in the case and on

3    these instructions, I remind you that you must not be exposed to any other information about the

4    case or to the issues it involves. Except for discussing the case with your fellow jurors during

5    your deliberations:

6            Do not communicate with anyone in any way and do not let anyone else communicate

7    with you in any way about the merits of the case or anything to do with it. This includes

8    discussing the case in person, in writing, by phone or electronic means, via email, via text

9    messaging, or any Internet chat room, blog, website or application, including but not limited to

10   Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.

11   This applies to communicating with your family members, your employer, the media or press,

12   and the people involved in the trial. If you are asked or approached in any way about your jury

13   service or anything about this case, you must respond that you have been ordered not to discuss

14   the matter and to report the contact to the court.

15           Do not read, watch, or listen to any news or media accounts or commentary about the case

16   or anything to do with it, although I have no information that there will be news reports about this

17   case; do not do any research, such as consulting dictionaries, searching the Internet, or using other

18   reference materials; and do not make any investigation or in any other way try to learn about the

19   case on your own. Do not visit or view any place discussed in this case, and do not use Internet

20   programs or other devices to search for or view any place discussed during the trial.  Also, do not

21   do any research about this case, the law, or the people involved—including the parties, the

22   witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear

23   anything touching on this case in the media, turn away and report it to me as soon as possible.

24           These rules protect each party's right to have this case decided only on evidence that has

25   been presented here in court. Witnesses here in court take an oath to tell the truth, and the

26   accuracy of their testimony is tested through the trial process. If you do any research or

27   investigation outside the courtroom, or gain any information through improper communications,

28   then your verdict may be influenced by inaccurate, incomplete or misleading information that has

not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 23**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

**JURY INSTRUCTION NO. 24**

2      Video evidence will be provided to you in electronic form, and you will be able to view it

3  in the jury room. A computer and accessory equipment will be available to you in the jury room.

4      A court technician will show you how to operate the computer and other equipment to

5  play the video exhibit. If you have questions about how to operate the computer or other

6  equipment, you may send a note to the clerk, signed by your foreperson or by one or more

7  members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

8      If a technical problem or question requires hands-on maintenance or instruction, a court

9  technician may enter the jury room with the clerk present for the sole purpose of assuring that the

10  only matter that is discussed is the technical problem. When the court technician or any nonjuror

11  is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician

12  or any nonjuror other than to describe the technical problem or to seek information about

13  operation of the equipment. Do not discuss any exhibit or any aspect of the case.

14      The sole purpose of providing the computer in the jury room is to enable jurors to view

15  the video exhibit received in evidence in this case. You may not use the computer for any other

16  purpose. At my direction, technicians have taken steps to ensure that the computer does not

17  permit access to the Internet or to any "outside" website, database, directory, game, or other

18  material. Do not attempt to alter the computer to obtain access to such materials. If you discover

19  that the computer provides or allows access to such materials, you must inform the court

20  immediately and refrain from viewing such materials. Do not remove the computer or any

21  electronic data or disk from the jury room, and do not copy any such data.

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 25**

A verdict form has been prepared for you. The form contains questions about plaintiffs' claims against the defendants. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 26**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

With respect to Question No. 7, for Deputy Ayala you should consider the totality of the circumstances, and for Mr. Lewis you should consider his conduct during the encounter between Mr. Lewis and Deputy Ayala on October 2, 2020.

For both Deputy Ayala and Mr. Lewis, you should consider what conduct, if any, was a substantial factor in causing Mr. Lewis' death.