LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., H.L., and A.W.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, et al., | Case No: 1:21−CV−00378−KES-CDB |
| Plaintiffs, | Assigned to:<br>Hon. District Judge Kirk E. Sherriff |
| vs. | |
| COUNTY OF KERN and JASON AYALA, | **DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| Defendants. | |
| R.L., et al., | |
| Plaintiffs, | |
| vs. | |
| COUNTY OF KERN and JASON AYALA, | |
| Defendants. | |

**DECLARATION OF RENEE V. MASONGSONG**

I, Renee V. Masongsong, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Eastern District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. As of this date, I have spent 134.4 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3. I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiffs' reply to the instant motion, as well as hours spent opposing Defendants' post-trial motions and appearing at any related hearings.

4. I have maintained contemporaneous time records reflecting the work activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation. A copy of my time records for this case is attached hereto as "Exhibit 1."

5. In August 2007, I received a Bachelor of Arts in English Writing and a Bachelor of Arts in Psychology from the University of Tennessee at Chattanooga, where I graduated *Magna Cum Laude* and from the University Honors Program.

6. In May 2011, I received a Juris Doctorate degree from Pepperdine University School of Law, where I graduated *Magna Cum Laude* and as a member of the Order of the Coif. During my studies at Pepperdine, I was a member of the Pepperdine Law Review, the Honor Board, and Phi Delta Phi (Historian). I was also on the Dean's list each semester and was the recipient of the Pepperdine Dean's Merit Scholarship, the Di Loreto-Odell S. McConnell Merit Scholarship, and the Delman and Krug Endowed Merit Scholarship.

7. During my fall 2009 semester at Pepperdine University School of Law, I served as a full-time judicial extern to the Honorable Alex Kozinski in the United States Court of Appeals for the Ninth Circuit, where I analyzed the lower court record in numerous cases, conducted legal research, drafted bench memoranda, and produced bench books for oral arguments. During the summer of 2009, I worked as a summer associate at Bradley Arant Boult Cummings LLP, where I conducted legal research, drafted interoffice memoranda in various civil defense litigation practice areas, and assisted senior attorneys in drafting briefs. Also during the summer of 2009, I served as a judicial extern for the Honorable Karon O. Bowdre in the United States District Court for the Northern District of Alabama, where I drafted social security opinions and also gained significant training and experience by observing criminal and civil trials, hearings, and pretrial conferences. During my spring 2010 semester at Pepperdine, I served as a Teaching Fellow to Professor Samuel Levine as part of the law school's academic support program. My duties as a Teaching Fellow included leading review sessions, holding office hours, conducting substantive review sessions, and tutoring students for Professor Levine's Criminal Law class. During the summer of 2010 and also following my graduation in 2011, I worked as an associate at Gibson, Dunn & Crutcher before joining the Law Offices of Dale K. Galipo in 2013. During my fall 2010 semester, I studied abroad through the Pepperdine London Program, where I participated in moot court. Throughout my law school career, I also received a CALI Excellence for the Future Award in the following courses: Criminal Law; Civil Procedure II; Torts II; Evidence.

8. I was admitted to the California Bar in December 2011. I am admitted to practice in the United States District Court for the Eastern District of California, the United States District Court for the Northern District of California, the United States District Court for the Central District of California, and the Ninth Circuit Court of Appeals.

9. In April 2013, I joined the Law Offices of Dale K. Galipo, where I currently work as a senior associate attorney. Mr. Galipo is considered to be one of the top civil rights attorneys in the state and country. To my knowledge, Mr. Galipo has gone to trial and won

2

more cases against the police for excessive force than any attorney in the country. During the past approximate thirteen years at the Law Offices of Dale K. Galipo, I have worked almost exclusively on civil rights cases, the majority of which involved police uses of force resulting in death or great bodily injury.  Over approximately the last twelve years, I have been the primary associate attorney at my office responsible for the day-to-day matters of over approximately one hundred and fifty (150) state and federal civil rights cases and have also assisted my colleagues on approximately fifty additional civil rights cases that were not specifically assigned to me.  I am currently responsible for the day-to-day management of approximately twenty civil rights cases.

10. For each of the cases assigned to me, my responsibilities include: client communication; drafting the requisite claim for damages pursuant to the California Tort Claims Act; drafting the complaint for damages and ensuring that it is timely filed in the proper jurisdiction and venue; investigating the case prior to the initiation of discovery; creating the discovery plan; propounding written discovery and meeting and conferring with opposing counsel regarding any discovery issues; handling discovery disputes, including drafting motions to compel and oppositions thereto, drafting and responding to discovery dispute letter briefs and joint stipulations; examining the materials produced during discovery and evaluating the case; handling law and motion matters, including determining whether an amended complaint must be filed and then drafting the amended complaint, opposing motions to dismiss and motions for summary judgment and drafting affirmative motions for summary judgment; appearing at court hearings; retaining and consulting with experts; defending the depositions of the plaintiffs and their experts; conducting depositions of percipient witnesses, police officers, persons most knowledgeable, and defense experts; making court appearances.  If the case goes to trial, then I am also responsible for: drafting the pretrial documents and working with opposing counsel on the joint pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing post-trial motions.  Where the

case settles and involves a minor plaintiff, I am responsible for drafting the compromise of the claims of the minor plaintiff and handling the structured settlement.

11. I am also responsible for handling any appellate issues on the cases assigned to me. In the police shooting cases *Losee v. City of Chico* (2018) *Hernandez v. City of Huntington Beach* (2019), I drafted the appellants' opening and reply briefs and assisted with the preparation for the oral arguments. The Ninth Circuit overturned the district court's ruling in both the *Losee* case and the *Hernandez* case in favor of my clients. I also drafted the answering brief in the case *Villanueva, et al. v. State of California*, wherein the Ninth Circuit affirmed the lower court's denial of summary judgment in favor of my client and selected the opinion for publication in January 2021. I have also drafted a successful motion to dismiss a Ninth Circuit appeal from the lower court's denial of qualified immunity in *Herd v. State of California* and contributed to the appellate briefs and oral argument preparation in the case *French v. City of Los Angeles*, where the Ninth Circuit affirmed the district court's denial of the City of Los Angeles' denial of the City's motion for a new trial and renewed motion for judgment as a matter of law (Ninth Cir. Case No. 22-55571).

12. Within approximately the last ten years, attorneys more experienced than myself have sought out my consultation on their own police use-of-force cases, and I have provided consultation regarding tort claim filing requirements, legal research in this area of law, discovery issues in this area of law, and opposing dispositive motions.

13. Within approximately the last seven years, I have taken on a role in training new associate attorneys at the Law Offices of Dale K. Galipo specifically with respect to litigating excessive force cases, including law and motion and discovery, and working the case up for trial.

14. Over the past twelve years as a civil rights attorney, I have been the day-to-day attorney in cases with Mr. Galipo that have resulted in seven and eight-figure verdicts and settlements, including the following:

- $2.8 million settlement in *Martinez v. County of Los Angeles* (police shooting), (April 2016);
- $1.1 million settlement in *Mueller v. County of Orange* (police shooting), (March 2017);
- $2 million settlement in *Powell v. City of Barstow* (police shooting), (May 2017);
- $1.9 million settlement in *L.R. v. County of Riverside* (police shooting), (May 2017);
- $1.9 million settlement in *Lozano v. County of San Bernardino* (denial of medical attention) (January 2018);
- $2.75 million settlement in *Briones v. City of Ontario* (excessive force/asphyxiation), (June 2018);
- $4.6 million settlement in *C.M. v. County of Los Angeles* (police shooting), (August 2018);
- $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);
- $8.5 million settlement in *Vivas v. County of Riverside* (police shooting) (August 2019);
- $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020);
- $4.65 million settlement in *Franco v. City of West Covina* (police shooting) (February 2020);
- $1 million settlement in *Ramirez v. City of Gilroy* (police shooting) (July 2020);
- $2 million settlement in *Biane v. County of San Bernardino* (malicious prosecution) (November 2020);
- $1.15 million settlement in *Soderberg v. City of Los Angeles* (police shooting) (December 2020);

5

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

- $1.7 million jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021);
- $4.5 million settlement in *Villanueva v. State of California* (police shooting) (October 2021);
- $17.2 million verdict in *French v. City of Los Angeles* (police shooting) (October 2021);
- $500,000 jury verdict in *Gomez v. City of Santa Clara* (police shooting) (December 2021);
- $4.5 million verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022);
- $2.5 million settlement in *Santillan v. County of Stanislaus* (restraint death) (September 2022)
- $1.25 million settlement in *Escudero v. County of San Bernardino* (police use of force) (February 2023);
- $1.2 million settlement after jury verdict in *Valencia v. City of Los Angeles* (police shooting) (March 2023);
- $16.5 million settlement in *Neal v. County of Los Angeles* (police shooting) (March 2023)
- $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023);
- $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023);
- $1.5 million settlement in *Lopez v. City of Mesa* (police shooting) (December 2024)
- $1.65 million settlement in *Lennox v. State of California and County of Sacramento* (police shooting) (February 2025);

- $2.5 million settlement in *Alvarado v. City of San Bernardino* (police shooting) (February 2025).

15. Since approximately November 2023, I have been the associate handling the day-to-day management of this case. As reflected in detail on my timesheet attached hereto as "Exhibit 1," my work on this case includes the following: reviewing the case file; client communication; preparing pretrial documents; preparing the case for trial; handling post-trial issues, including Plaintiffs' oppositions to Defendants' post-trial motions and the instant motion for attorneys' fees.

16. A reasonable fee for my professional services during the time that I worked on this matter is $850 per hour. As a result of my twelve years of experience exclusively working on civil rights cases, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work.

17. In January 2020, I assisted Mr. Galipo in trying the case *L.D. v. City of Los Angeles*, in front of the Honorable Philip Gutierrez. The *L.D.* case was a very difficult police shooting case involving the use of force by LAPD SWAT officers against a young man who was having a mental crisis in his own bedroom. In that case, the defendants made no settlement offer. The jury awarded the plaintiffs in that matter $4.5 million at trial. Subsequently, Judge Gutierrez awarded me an hourly rate of $550 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988 and Cal. Code Civ. P. § 52.1(i), § 52(a) for my work on the case. A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding me $550 per hour is attached hereto as **"Exhibit 2."**

18. In October 2021, I assisted Mr. Galipo in trying the case *French v. City of Los Angeles*, in front of the Honorable Jesus G. Bernal. The *French* case involved difficult issues surrounding whether the shooting officer was acting in the course and scope of his employment and whether he was acting under color of law. The jury awarded the plaintiffs in that matter $17,002,000 million at trial. Subsequently, Judge Bernal awarded me an hourly rate of $600 in ruling on Plaintiffs' attorney fee motion in the *French* case. A true and correct copy of Judge

1  Bernal's May 10, 2022, Order awarding me $600 per hour for work performed in 2020 and
2  2021 is attached hereto as **"Exhibit 3."**
3       19.    In October 2023, I assisted Mr. Galipo in trying the case *Zelaya v. City of Los*
4  *Angeles*, in the Central District before the Honorable Otis D. Wright. In that case, the plaintiff
5  contended that LAPD officers used excessive and unreasonable force in detaining her father,
6  who was homeless, when they applied excessive body weight while he was in a prone position
7  on the ground, positionally asphyxiating him. The defense argued that the decedent died of a
8  drug overdose. After Plaintiff prevailed and was awarded a verdict of $13.5 million, Judge
9  Wright awarded me $700 per hour, pursuant to a 42 U.S.C. § 1988 attorney's fee motion.
10 Attached hereto as "**Exhibit 4**" is a true and correct copy of the June 25, 2024, Order awarding
11 me $700 per hour.
12      20.    In January 2024, after I was influential in successfully defending the appeal in
13 front of the Ninth Circuit in the *French v. City of Los Angeles* case, in which defendants argued
14 for a new trial based on the jury instruction regarding "course and scope of employment" and
15 on the defendant officer's invocation of his Fifth amendment right, the plaintiffs filed for
16 attorneys' fees on the appeal. On February 2024, Judge Bernal of the Central District of
17 California awarded me $800 per hour for work performed in 2022 and 2023. Attached hereto as
18 "**Exhibit 5**" is a true and correct copy of the February 21, 2024, Order awarding me $800 per
19 hour.
20      21.    I believe that my requested hourly rate of $850 is reasonable and in line with
21 those prevailing in the community for similar services by lawyers of reasonably comparable
22 skill, experience and reputation.  Courts appropriately recognize that rates, and inflation,
23 increase over time. *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–
24 1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012).
25      22.    Attached hereto as "**Exhibit 6**" is the Declaration of Carol A. Sobel that was filed
26 in support of my hourly rate in the *French v. City of Los Angeles* matter.  As discussed in Ms.
27 Sobel's declaration, billing rates in Los Angeles at large commercial firms increase annually at

8
DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

more than the cost-of-living rate and to reflect both increased experience, and "courts routinely recognize that fee rates increase over time based on a variety of factors." ("Ex. 6," Sobel Decl. at ¶ 22); *Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time . . .").

23. In *Simons v. Superior Court ("Simons I")*, LASC Case No. 19STCP01994, the court approved a rate of $890 in 2019 to an attorney with twelve years of experience and $650 to an attorney with five years of experience. ("Ex. 6," Sobel Decl. at ¶¶ 41-42). The rate that I am currently requesting is lower than the rate awarded in *Simmons I*. In *Fleming v. Impax Laboratories, Inc.*, Case No. 4:16-cv-06557 HSG (C.D. Cal. 2022), the court awarded an hourly rate of $760 to a twelfth-year attorney at a small firm. ("Ex. 6," Sobel Decl. at ¶¶ 31, 44). In *Smith v. County of Riverside*, No. EDCV 16-227 JGB (KKx), 2019 WL 4187381, at *4,*7 (C.D. Cal. June 17, 2019), which was a § 1983 police shooting case, a judge sitting for the Eastern District of California awarded an attorney with nine years of experience but no prior civil rights litigation experience an hourly rate of $480 per hour. The *Smith* case supports my request for an hourly rate of $800 because unlike the nine-year attorney in *Smith*, who had no prior civil rights litigation experience, I have been an attorney for over thirteen years with approximately twelve years of civil rights litigation experience. *See also Avila v. Los Angeles Police Dep't*, No. CV 11-01326 SJO (FMOx), 2012 WL 12894470, at *7 (C.D. Cal. Aug. 2, 2012), aff'd, 758 F.3d 1096 (9th Cir. 2014) (awarding associate attorneys $550 per hour for § 1983 litigation in 2012); *Dugan v. Cty. of Los Angeles*, 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (awarding $650 per hour for an attorney with no civil rights experience for excessive force case); *Restivo v. Nassau County*, No. 06-CV-6720(JS)(SIL), 2015 WL 7734100, at *3 (E.D. N.Y. Nov. 30, 2015) (awarding $500 per hour for an attorney with nine years of experience); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1118 (C.D. Cal.

9

1  2012) (awarding $500 per hour for an attorney with six years of experience in 2012 in an ADA case).

24. Attached hereto as "**Exhibit 7**" is Judge Dale Drozd's order in the case *I.H. (Hurtado) v. State of California*, Case No. 2:19-cv-02343-DAD-AC, awarding hourly rates consistent with the Los Angeles legal community.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of April in Woodland Hills, California.

*/s/    Renee V. Masongsong*
Renee V. Masongsong