1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Renee V. Masongsong, Esq. (SBN 281819)
3  rvalentine@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA  91367
   Telephone:  (818) 347-3333
5  Facsimile:   (818) 347-4118

6  Attorneys for Plaintiffs
7  R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro;
8  A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (SBN 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

-1-
DECLARATION OF BRIAN DUNN

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>　　　　　　　　Defendants. | |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Mickel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | |

## DECLARATION OF BRIAN DUNN, ESQ.

I, BRIAN DUNN, declare and state as follows:

1. I am an attorney licensed to practice law by the State of California. I have personal knowledge of the facts contained in this Declaration and if called to testify, could and would competently testify thereto.

2. I am the managing attorney of the The Cochran Firm, in the Los Angeles based office of founder Johnnie L. Cochran, Jr. I have practiced law for over 28 years.

3. I am considered one of the most experienced attorneys prosecuting police misconduct cases on behalf of victims in the state of California. I have tried the most complex cases involving law enforcement constitutional rights violations, including police shootings and misconduct.

4. I have litigated well over fifty civil trials to verdict in California. From 2016 to 2020, I won nine out of eleven civil jury trials in the Central District of California, which equated to a win percentage of over 80% during that time period, which I have been frequently told by mediator and trial watcher Rick Copeland, was unprecedented. As lead trial counsel, I have been fortunate enough to represent plaintiffs in winning the largest civil jury trial verdicts in civil rights cases:

- $9 million - *Estate of Sinuan Pream, et al. v. City of Long Beach,* et al., USDC Case no. 17-cv-04925-TJH-FFM)
- $6 million - *J.L.D., et al. v. City of Torrance, et al.,* USDC Case no. 14-cv-07463-BRO-MRW)

5. I am also proud to have represented Steven Yount in *Yount v. City of Sacramento,* (2008) 48 Cal.4th 885, whose victory in the California Supreme Court effected a significant expansion of the rights of plaintiffs suffering excessive force while resisting arrest in.

6. I have also been fortunate and honored to have represented plaintiffs

in several of the Cochran Firm's most high-profile civil rights cases, including Geronimo Pratt, Reginald Denny, Devin Brown, Tyisha Miller, and slain Marine Sergeant Manuel Loggins.

7. I have successfully tried over twenty cases to a favorable jury verdict involving constitutional rights violations, and, as lead trial counsel, have achieved eleven verdicts in jury trials in excess of one million dollars. It is based on this knowledge that I opine on the reasonableness of the hourly rates charged by Toni Jaramilla and J. Bernard Alexander, III as indicated below.

### Qualifications of Toni Jaramilla

8. I am extremely familiar with the professional abilities and accomplishments of Toni J. Jaramilla. I have known Ms. Jaramilla for over two years during which we have been co-counsel litigating a civil rights case involving one of the most brutal beatings of an unarmed Black man by six Los Angeles County Sheriff deputies in the case of *Bailey v. County of Los Angeles*, et.al., Case No. 2:21-cv-05017 FLA (KSx).

9. I work closely with Ms. Jaramilla and have personally observed her legal skills, commitment, and time involvement in litigating the *Bailey* case. Ms. Jaramilla reviewed, organized, and assessed thousands of pages of medical records, met with, and discussed with medical specialists who treated Mr. Bailey regarding his injuries, found third party witnesses who videorecorded the aftermath of Mr. Bailey's beatings, and created and prepared a "video-mediation brief" which I believe was instrumental in posturing the case for an excellent $4.75 million settlement.

10. Ms. Jaramilla has been a leader in the Plaintiff employment and civil rights community for over 30 years. She is recognized for taking on difficult cases and passionately advocating for victim's rights.

11. Ms. Jaramilla possesses a great deal of legal skill, knowledge and

effectiveness in the area of civil rights.  Ms. Jaramilla has spent the substantial majority of her legal career litigating the civil rights of individuals in the employment context and now in police misconduct cases.

12. Throughout her legal career, Ms. Jaramilla has been nominated and recognized for her accomplishments in her practice of civil litigation.  She has been listed as a "leading" and "top" attorney on the national, state, and local level in many surveys of peers and in publication.  She was recently named a "Leading Plaintiff Employment and Civil Rights Lawyer" for 2022 by Law Dragon, She has been listed by the *Los Angeles Daily Journal* as one of the "Top 75 California Labor and Employment Lawyers" for consecutive years in a row, as recently as 2022.  Ms. Jaramilla has also been selected and honored as "Distinguished Advocate" of the year (2021) by the Philippine American Bar Association. Based on my personal observations of Ms. Jaramilla's legal skills and dedication, she more than deserves the many accolades and awards she has received during her legal career.

13. Based on her years of experience and recognition in the legal community, I believe the hourly rate of $1,125.00 is reasonable and appropriate for Ms. Jaramilla, and well within the range of market rates charged by attorneys of equivalent experience, skill, and expertise for comparable work in the Southern California area.  These fees fall within the 2024-25 prevailing market rate for similar attorneys and paralegals performing comparable work in Southern California.

### Qualifications of J. Bernard Alexander, III

14. While I met J. Bernard Alexander three years ago at a gathering of prominent civil rights lawyers, his reputation as a civil trial attorney precedes him.

15. Mr. Alexander is viewed as well-respected member of the legal community and one of the top trial attorneys in California.  He recently received the Trial Lawyer of the Year Award for 2023 from the Consumer Attorneys

Association of Los Angeles (CAALA). From my understanding, Mr. Alexander possess a great deal of skill, knowledge, and effectiveness in the area of civil rights. Mr. Alexander has spent the substantial majority of his legal career litigating the civil rights of individuals, most often in employment matters. Based on his years of experience, his experience as lead trial counsel in numerous seven and eight figure cases, I believe the hourly rate of $1,250.00 is reasonable and appropriate for Mr. Alexander, and well within the range of market rates charged by attorneys of equivalent experience, skill, and expertise for comparable work in the Southern California area. These fees fall within the 2024-25 prevailing market rate for similar attorneys and paralegals performing comparable work in Southern California.

### Litigating Civil Rights Cases

16. I understand that Defendants aggressively defended the case at every stage of the case. I understand that based on evidence presented by Plaintiffs' trial team, they persuaded the jury to award each of the seven children of the decedent $3.4 million, and to award pre-death pain and suffering of $1,000,000 and Loss of Life damages of $5,000,000, for a total of $30.5 million. This amount is unprecedented for a police shooting involving a Black man who was also a felon, particularly in a conservative venue of Fresno.

17. Based on my experience, civil rights cases are particularly difficult for plaintiff attorneys to litigate. I have specifically litigated civil rights cases dealing with police shootings resulting in death. I know how challenging these excessive force cases are to prosecute and win. In my opinion, reasonable compensation is necessary for the financial risk assumed by an attorney in taking such a civil rights case. Current hourly rates should be provided, with an appreciation of the contingent risk and delay in payment that are commonly associated with civil rights cases.

18. Based on my experience and belief, highly effective and qualified

firms and individual attorneys are unlikely to accept and litigate civil rights cases, particularly wrongful death cases, without the distinct probability of being awarded their current hourly rates in the event the case is successful. In particular, I believe that, because of the substantial risk involved, such firms and attorneys will generally reject accept such cases unless the anticipated fee award, if the case is successful, includes the current hourly rates charged by the attorneys for the time spent on the case.

19. For most hourly rates charged by attorneys, full payment is expected promptly upon the rendition of the billing, and without any contingency whatever. If any substantial part of the payment were to be deferred for any substantial period of time, or if payment were to be contingent upon outcome or any other factor, the fee arrangement would be adjusted upward to compensate the attorneys for risk and delay in payment.

### Fee Multiplier

20. The Cochran firm primarily takes cases on a contingency basis. We also regularly encounter long delays in getting paid on such cases. Because of the contingent nature of our practice and the long delay in payment associated with such cases, it is necessary that we recover a fee that is substantially more than that which we would normally charge paying clients on an hourly basis. In order to attract competent attorneys to take such contingent cases and to properly compensate lawyers for high risk, high stakes litigation, it is typically expected that if a case goes to trial there will be a multiplier of approximately 2.0 to 3.0, simply because of the contingent nature of the case. *See, e.g., Bouman v. Block*, 940 F.2d 1211, 1236 (9th Cir. 1991) ("Bouman argues that the Los Angeles market is comparable to San Francisco's, and that her attorneys deserve a 2.0 multiplier. *Bouman* submitted to the trial court a declaration from the attorney in *Fadhl v. City and County of San Francisco*, 859 F. 2d 649 (9th Cir. 1988)], Guy Saperstein, that the market rate is the same in San Francisco and Los Angeles. Based on his

experience as a litigator and an expert on attorney's fees, Saperstein concluded that a multiplier of at least 2.0 is necessary to encourage lawyers in Los Angeles to take contingent fee Title VII cases. That argument appears reasonable to us.")

21. It is my understanding that Mr. Alexander and Ms. Jaramilla handled the current case on a full contingency basis and have litigated the case since 2020, without payment and that they prevailed on all claims including the Bane Act. The Bane Act is particularly difficult to win. It is my opinion that it would be appropriate to apply a multiplier of 2.0 for the work on the case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this April 24 , 2025 at Los Angeles, California.

/s/ *Brian Dunn*
BRIAN DUNN