
LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., H.L., and A.W.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF KERN and JASON AYALA,<br><br>　　　　　　Defendants.<br><br>R.L., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF KERN and JASON AYALA,<br><br>　　　　　　Defendants. | Case No: 1:21−CV−00378−KES-CDB<br><br>Assigned to:<br>Hon. District Judge Kirk E. Sherriff<br><br>**DECLARATION OF RANHEE LEE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |

**DECLARATION OF RANHEE LEE**

I, Ranhee Lee, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and can testify competently thereto if called.

2. To this date, I have spent 265.5 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3. I have maintained contemporaneous time records that reflect the work and time spent on this case. I have reduced or written off unproductive time or other time that would not typically be charged to a fee-paying client by exercising billing judgment. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably extended in pursuit of litigation. "Exhibit 1" attached hereto is my time records for this case.

4. In June 2012, I received a Bachelor of Arts in Political Science with International Relations Concentration from the University of California, Los Angeles, where I graduated with *Magna Cum Laude* and from the College Honors Program. While I was in college, I was part of Pi Sigma Alpha Honor Society and on the Dean's List.

5. After getting a BA degree, I worked as a legislative assistant at National Assembly of the Republic of Korea where I drafted a revised bill on labor protection law and researched and analyzed international treaties and diplomatic documents. During my time there, I developed efficient time management skills as well as efficient and effective communication skills with constituents as my job in part entailed adopting voters' concerns when drafting proposed bills as well as analyzing consequences of implementing international treaties and diplomatic documents.

6. In May 2018, I received a Juris Doctorate degree from University of Southern California Gould School of Law where I also received a Business Law Certificate. During my

studies at USC Law, I received the USC Law Scholarship. I was also a member of Asian Pacific American Law Student Association, Women's Law Association, and Armenian Law Student Association. I have been an active member of Korean American Bar Association since 2015 and have been participating in a mentorship program where I routinely provide advice to law school students. In summer of 2017, I worked as a summer intern at LPL Lawyers in Los Angeles where I gained a first-hand experience in litigation by drafting complaints, a cross-complaint, a motion for reconsideration. Parts of the duties I assumed in that position was also to communicate with clients, assist in trial preparation, compile exhibits, and attend pre-trial conferences and court proceedings in several Superior Courts of California. After graduation, I worked at the Law Offices of Torres Siegrist as a law clerk which gave me an opportunity to further develop litigation skill sets including but not limited to efficiently working on discovery requests and responses in various cases and effectively communicating with clients regarding their cases. I also worked at Los Angeles County District Attorney's Office as a law clerk in the Organized Crime Unit in late 2019. During my time at the LA County DA's Office, I honed in on developing efficient time management skills in discovery matter while going through massive amount of financial documents to track down funds an indicted criminal defendant was hiding in various countries. I also received training and experience conducting legal research and writing by assisting several Deputy district attorneys on felony cases.

7. I was admitted to the California Bar in May 2020, which means that I have been a practicing attorney for four years and eleven months. I am also admitted to practice in the United States District Court for the Eastern District of California.

8. In June 2020, I joined the Law Offices of Dale K. Galipo, where I worked as an associate attorney until October of 2023. During the more than three years at the Law Offices of Dale K. Galipo, I gained substantial experience in civil rights litigation in all aspects, from case evaluation through post-trial matters. During the time I was working

2

there, I was responsible for the day-to-day matters of approximately twenty state and federal civil rights cases involving the use of excessive and unreasonable force resulting in death or great bodily injuries including three cases in other states and have also assisted my colleagues on approximately seven additional civil rights cases that were not specifically assigned to me. I have taken or defended over forty (40) depositions, mostly of defendant officers, experts, witnesses and Plaintiffs; advised and consulted on at least ten (10) additional depositions; assisted with the preparation and strategy, and drafting of pre-trial documents; drafted numerous motions *in limine* and oppositions; drafted numerous claims, complaints, and case initiating documents; drafted several oppositions to summary judgment motions; drafted numerous discovery motions, discovery requests or responses, disclosure documents, mediation briefs, and participated in settlement negotiations. I was also responsible for the day-to-day management of approximately twenty-two civil rights cases. During my time at the Law Offices of Dale K. Galipo:

a. For each of the cases assigned to me, my responsibilities include: communicating with the client on an ongoing basis; drafting the requisite claim for damages pursuant to the California Tort Claims Act; drafting the complaint for damages and ensuring that it is timely filed in the proper jurisdiction and venue; investigating the case prior to the initiation of discovery; creating the discovery plan; propounding written discovery and meeting and conferring with opposing counsel regarding any discovery issues; handling all discovery disputes, including drafting motions to compel and oppositions thereto, drafting and responding to discovery dispute letter briefs and joint stipulations; examining the materials produced during discovery and evaluating the case; handling all law and motion matters, including determining whether an amended complaint must be filed and then drafting the amended complaint, opposing motions to dismiss and motions for summary judgment and drafting affirmative motions for summary judgment; appearing at court hearings; retaining and consulting with experts; defending the

depositions of the plaintiffs and their experts; conducting depositions of percipient witnesses, police officers, and defense experts; making court appearances. If the case goes to trial, then I was also responsible for: drafting all pretrial documents and working with opposing counsel on the joint pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing post-trial motions. Where the case settles and involves a minor plaintiff, I was responsible for drafting applications for the compromise of the claims of the minor plaintiff and handling the structured settlement.

b. Over the approximately over three years as a civil rights attorney, I had been the day-to-day attorney in cases with Mr. Galipo that have resulted in six to seven-figure settlements, including but not limited to the following:

- $1.175 million settlement in *Alba, et al. v. City of Barstow, et al.* (police shooting), (March 2021);
- $750,000 settlement in *A.S., et al. v. County of San Bernardino, et al.* (police shooting), (November 2021);
- $1.75 million settlement in *Betanzo, et al. v. City of Garden Grove, et al.* (police shooting), (December 2021);
- $250,000 settlement in *Bermudez v. County of San Bernardino, et al.* (police shooting), (January 2022)

c. Since Mr. Galipo's office began looking at this case in December 2020 and until the late October of 2023, I had been handling the day-to-day management of this case along with senior associate Renee V. Masongsong. As reflected in detail on my timesheet attached hereto as "Exhibit 1," my work on this case includes the following:

1) Maintaining continued communication with our clients and obtaining, organizing, and reviewing client documents.

2) Drafting the California Tort Claim.

3) Drafting the case-initiating pleadings, including the initial complaint for damages and subsequent amended complaints.

4) Preparing law and motion, including opposing Defendants City's motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, and motion for judgment as a matter of law, or in the alternative, for a new trial.

5) Handling fact discovery, including working with counsel and staff to develop Plaintiffs' discovery plan, drafting written discovery and responses thereto, reviewing the voluminous materials produced by Defendants in discovery; including reviewing voluminous records in the case, and assisting with the fact depositions.

6) Handling expert discovery, including retaining and consulting with Plaintiffs' experts; making Plaintiffs' initial and rebuttal expert disclosures; maintaining communication with Plaintiffs' experts throughout the case, participate in Defendant's experts depositions, defending Plaintiffs' experts depositions.

7) Preparing the pretrial settlement brief and present the case to the Magistrate Judge, and participate in the pretrial settlement conference.

8) Preparing the pretrial documents, including the joint pretrial statements.

9) A reasonable fee for my professional services during the time that I worked on this matter is $500 per hour. This hourly rate is supported by the Laffey Matrix that is routinely referred to by other courts in deciding whether an attorney's hourly rate is reasonable. See, e.g., *DL v. District of Columbia*, 267 F.Supp.3d 55, 69 (D.D.C. 2017). Based on the Laffey Matrix, an attorney with 1-3 years out of law school in average has $381 of hourly rate for the period of June 2021-May 2022. Also in 2020, from a case *L.D. et al. v City of*

*Los Angeles, et al.,* (case No. 2:16-cv-04626), an associate attorney Marcel Sincich from this office was awarded an attorney fee hourly rate of $400 when he had approximately two and a half years' experience as an attorney at that time. Given the recent inflation rate of 9% in June of 2022, I believe a rate of $500 per hour is reasonable. As a result of my experience, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th day of April 2025 in Woodland Hills, California.

*/s/ Ranhee Lee*

Ranhee Lee