LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro;
A.W., a minor, by and through guardian *ad litem* Alisha White, ALISHA WHITE

**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
Toni@tjjlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (SBN 128307)
balexander@amfllp.com
Britt L. Karp (State Bar No. 278623)
bkarp@amfllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811

Attorneys for Plaintiffs
MICKEL ERICK LEWIS JR, ORIONA LEWIS
and BRIONA LEWIS

-1-
Declaration of J. Bernard Alexander, III in Support of Plaintiffs'
Motion for Statutory Attorneys' Fees and Costs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEL ERICK LEWIS JR, individually and as successor-in-interest to MICKEL E. LEWIS SR., ORIONA LEWIS, individually and as successor-in-interest; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                  Plaintiffs,<br>vs.<br>KERN COUNTY, Deputy JASON AYALA, and Does 1–20, inclusive,<br><br>                  Defendants. | |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>                  Plaintiffs,<br>vs.<br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>                  Defendants. | |

**DECLARATION OF J. BERNARD ALEXANDER, III**

I, J. Bernard Alexander, III, declare:

1. I am an attorney at law duly admitted to practice before all of the courts of the State of California. If called as a witness, I could and would competently testify to the following facts of my own personal knowledge. I submit this Declaration in support of Plaintiffs' Motion for Attorney's Fees and Costs.

2. I received my Bachelor of Arts degree from the University of California at Los Angeles in 1983. My Juris Doctor was awarded by Southwestern University School of Law in 1986, where I earned a Deans Scholarship. I was first admitted to practice before the courts of the State of California in 1987 and am admitted to the U.S. District Courts for the Central, Eastern and Southern Districts of California and the U.S. Courts of Appeal for the Ninth Circuit, and the Northern District of Illinois.

3. I am a founding partner of Alexander Morrison + Fehr LLP (the successor law firm to Alexander Krakow + Glick LLP). Currently my practice consists of 80% plaintiff employment litigation, and 20% police excessive force cases. Over 95% of the firm's work is done on a contingency basis, consistent with the practice of a substantial majority of plaintiff civil rights attorneys.

4. Throughout my 35+ years of practice, I have achieved numerous six, seven, and eight-figure verdicts and a nine-figure verdict, and achieved settlements in various types of civil rights cases, including police excessive force cases and plaintiff employment cases. I have been lead counsel in well over 75 trials and have successfully handled numerous mediations and binding arbitrations.

5. I completed a two-year term as President of the California Employment Lawyers Association ("CELA"), in October 2015. CELA is a statewide organization and the largest bar association in California for lawyers representing employees, with a membership of approximately 1,300 attorneys. While President, in 2014, I created the annual CELA trial college, which emphasizes successful trial techniques in trying Plaintiff employment cases. Over 350 attorneys have graduated from the

college, many of which have subsequently had great success in trying cases.

6. I am an active member of the National Employment Lawyers Association ("NELA"), and an elected Executive Board Member of six years. During my time on the board I have taught and assisted with the curriculum at a bi-annual trial boot camp which is attended by Plaintiff employment attorneys throughout the United States, where the techniques taught at CELA were expanded to be taught nationally.

7. I am regularly invited to speak at continuing legal education seminars, around the United States, on various employment law topics related to whistleblower claims, various forms of discrimination, harassment, retaliation and disability claims, trial and litigation strategies and techniques, and various other substantive areas of the law within employment litigation. I have given numerous employment law speeches and presentations at conferences for a variety of legal organizations, including the American Bar Association ("ABA"), CELA, NELA and NELA state affiliates, the Los Angeles County Bar Association ("LACBA") Labor and Employment Section, the John M. Langston Bar Association of Los Angeles, the Consumer Attorneys Association for Los Angeles ("CAALA"), and Consumer Attorneys of California ("CAOC"). I am also a member of the Legal Eagles for Truth Justice and the American Way ("LEFTJAW"), a local branch of CELA that is devoted exclusively to the representation of employees.

8. Since 2021, I have been on the Board of Trustees for my alma mater, Southwestern University School of Law.

9. From approximately 2016 to 2022, I was an Adjunct Professor teaching mediation techniques at USC Gould School of Law.

10. I am also a lifetime member of the John M. Langston Bar Association of Los Angeles. From 2005 until approximately 2022, I was an active member of the Los Angeles County Bar Association Labor and Employment Executive Committee.

**Professional Recognition and Honors**

11.  In August 2023, Alexander Morrison + Fehr LLP (and in 2017 its predecessor firm, Alexander Krakow + Glick LLP) was designated one of the Top 20 Boutiques for plaintiff employment law in California by the Los Angeles Daily Journal.

12.  I have received numerous forms of professional recognition and honors, including:

- 2025 Southwestern University School of Law, Alumnus of the Year
- 2024 San Francisco Trial Lawyer of the Year
- 2023 Langston Trial Lawyer of the Year
- 2022 CAALA Trial Lawyer of the Year
    - Voted Charles B. O'Reilly Memorial "Trial Lawyer of the Year" by the Consumer Attorneys Association of Los Angeles (CAALA) (2022), a membership organization of approximately three thousand members. One of only six (6) employment lawyers out of the fifty-two (52) individuals who have received this honor since 1972.
- 2022 San Francisco Trial Lawyer of the Year, Finalist
- 2022 Cover photo and article in Southern California SuperLawyer
- 2021-2025 Top 10 Southern California SuperLawyer
- 2021 American College of Trial Lawyers Fellow
- 2020 College of Labor & Employment Lawyers Fellow
- 2020 LACBA Jim Robie Professionalism and Civility Award
    - An award given to a Los Angeles trial lawyer, active in the Los Angeles County Bar Association, acknowledging recognition from the plaintiff and defense bar, as well as the judiciary, whose career demonstrates qualities of

-5-
Declaration of J. Bernard Alexander, III in Support of Plaintiffs'
Motion for Statutory Attorneys' Fees and Costs

professionalism, civility, service, enthusiasm and collegiality. https://lacba.org/?pg=jim-robie-professionalism-and-civility-award

- 2019-2023 Top 100 Attorneys in California
- 2016 CELA Joe Posner Award Recipient
    - Awarded the California Employment Lawyers' Association "Joe Posner Award," CELA's highest individual recognition for a career dedicated to advancing employee rights. CELA is a statewide organization of over twelve hundred employee rights lawyers – the largest statewide employee rights organization in the Country.
- 2019 "Lawyer of the Year" Honoree for Employment Law, Best Lawyers Southern California (published November 2018);
- Daily Journal's Top 75 California Labor and Employment Lawyers: 2012 to present;
- American Board of Trial Advocates (ABOTA) Associate (2013)
- SuperLawyer - Employment Litigation: 2009 through 2023 (published by Los Angeles Magazine and Law & Politics)
- Top 100 Southern California Super Lawyers, by Los Angeles Magazine and Law & Politics: 2015 – 2019, 2021-2023.
- 2023 CABL (California Assoc. of Black Lawyer) Advocate for Social Justice Award
- 2023, 2024 Lawdragon 500 Leading Civil Rights & Plaintiff Employment Lawyers
- 2024 Best Lawyers Lawyer of the Year - Employment Law - Individuals in Los Angeles, August 2014 to present.

13. I have obtained multiple multi-million dollar verdicts and significant outcomes in employment and civil rights jury trial. Among the successful civil rights cases I have tried and been awarded prevailing party attorney fees in the past are the following:

    a. *Diaz v Tesla Corporation*, USDC Case No. 3:17-cv-06748-WHO: Jury verdict of $136.9 million, in October 2021, for racial harassment, failure to prevent harassment and negligent retention, the largest single plaintiff harassment verdict in US history. USDC Judge William H. Orrick. Retried to verdict of $3,175,000 in 2023. Confidential settlement reached while $1,200 per hour fee motion pending.

    b. *McCray v WestRock Services, Inc.,* Case No. 2:21−cv−09853−DMG−RAO: Jury verdict of $9,461,000, in August 2023, for retaliation, disability discrimination and failure to prevent discrimination and retaliation in favor of a 27-year African American employee. District Court Judge Dolly Gee; settled April 2025, with pending fee motion seeking a rate of $1,250 per hour. Top 100 Cases in California for 2023: No. 44. https://topverdict.com/lists/2023/california

    c. *Pierce/Bland v East Bay Municipal Utility District*, USDC Case No. 3:21-cv-04325-AGT: Jury verdict of $7,990,000, in June 2023, for retaliation (Section 1983 and FEHA), failure to prevent discrimination and retaliation and construction discharge, in favor of two women of color employed in the General Counsel's Office of EBMUD. US Magistrate Judge Alex G. Tse; fee motion pending appeal. Top 100 Cases in California for 2023: No. 52. https://topverdict.com/lists/2023/california

d. *Mchaar v FedEx Ground,* Santa Clara Superior Court Case No. 20CV366270, for disability discrimination and retaliation of a part-time deaf employee in April 2023. Judge Lori E. Pegg approved a rate of $1,100 ("Although even a $1,100 hourly rate is high for Santa Clara County…") (A true and correct copy of the Court's order is attached as Exhibit "1".) Top 100 Cases in California for 2023: No. 91. https://topverdict.com/lists/2023/california

e. *Gallegos v. University of La Verne*, Los Angeles Superior Court Case No. 20STCV29478: Jury verdict of $600,000 in March 2023, for retaliation arising from protected medical leave followed rejected Offer to Compromise of $125,000. Appeal pending.

f. *Rios, et. al. v. City of Los Angeles*, Case No.: 2:21-cv-05341-RGK-MAA: Jury verdict of $120,000, in a police excessive force case where an African American family of three was stopped at gun point based on a "cold plate" – the vehicle license plate of the vehicle owned by them did not match the DMV issued plate, through no fault of their own. USDC Judge R. Gary Klausner approved a rate of $1,100 per hour. (A true and correct copy of the Court's order is attached as Exhibit "2".)

g. *Asfall v. Los Angeles Unified School District,* Case No. 2:18-cv-00505-CBM (RAOx): Jury verdict of $100,000 in emotional distress damages in a Title IX retaliation case. USDC Judge Consuelo B. Marshall approved a rate of $950 per hour with a 1.1 multiplier, in October 2020; affirmed on appeal. (A true and correct copy of the Court's order is attached as Exhibit "3".)

h. *Carter v. Federal Express, Inc.*, Los Angeles Superior Court Case No. BC 658923: Jury verdict of $5,317,162, with a remittitur to $3,515,000, in March 2019, for Disability Discrimination – Failure

to Accommodate, Failure to Engage in the Interactive Process and Retaliation, in favor of a 25-year employee. Judge Rafael Ongkeko approved a rate of $850 per hour. (A true and correct copy of the Court's order is attached as Exhibit "4".)

(*https://topverdict.com/lists/2019/california/top-10-civil-rights-verdicts*).

    i. *Monterroso v. Hydraulics International, Inc.*, Case No. Case No.: BC654053: Jury verdict of $1,292,063 in April 2019, for California Family Rights Act (CFRA) retaliation and Associational Discrimination – Failure to Accommodate, in favor of a 25-year employee making $19.07 on his date of termination. LASC Judge Maureen Duffy-Lewis.

    j. *Kunga v. American Guard Services*, Case No. BC657320: Jury verdict of $3,000,000 in July 2018, for discrimination and retaliation under the California Family Rights Act, in favor of a $12 per hour security guard who was denied emergency leave to care for his daughter, then terminated for "job abandonment." LASC Judge Michael P. Linfield approved a rate of $815 per hour for work performed in 2018.

    k. *Campbell v. Fuse LLC*: Arbitration award of $2.038 million in January 2017, in a wrongful termination case. Later, confirmed by LASC Judge Mark Mooney, based on an award of $815 per hour by Michael Latin, Judge Retired.

    l. *Flores v. Office Depot*, Case No. BC 556173: Jury verdict of $10 million in January 2017, in a CFRA retaliation case. LASC Judge Daniel S Murphy awarded me a rate of $750 per hour, as lead trial counsel.

  m. *Rivera v. Costco*: Jury verdict of $1,686,500 in November 2014 in a disability discrimination, defamation and wrongful termination case.

  n. *Flores v. City of Westminster, USDC* Case no. 8:11-cv-00278-DOC-RNB: Jury verdict of $3.55 million in March 2014, representing three male Latino police officers in a failure to promote case based on race in Orange County. USDC Judge David O. Carter approved a rate of $750 per hour.

  o. *Salinda v. DirecTV*, Case No. BC 475999: Jury verdict of $1,178,628 in 2013 in a disability discrimination case. LASC Judge Ronald Sohigian approved my rate of $675 per hour.

## HOURLY RATES

14. My current billing rate is $1,250 per hour. This is the rate I charge and am paid by hourly clients who hire me to advise them. This is also the rate I am paid when I am retained as an expert witness, which has occurred several times in my career.

15. Through my active involvement in California Employment Lawyers Association (CELA), National Employment Lawyers Association (NELA), Legal Eagles for Truth, Justice and the American Way (LEFTJAW), Consumer Attorneys Association of Los Angeles (CAALA) and the Los Angeles County Bar Association (LACBA), I meet and confer with numerous Southern and Northern California employment lawyers on a daily basis and on a variety of employment law issues, including hourly rates. Through my own experience and through my contacts with other attorneys and organizations throughout the Los Angeles, Orange County, Inland Empire, Sacramento and San Francisco legal communities, I am very familiar with the community standards for attorney fees awards in these areas. I have been called on, in numerous instances, to provide declarations in support of fees for attorneys practicing employment law matters. It is based on this knowledge that I opine on the reasonableness of the hourly rates charged by counsel in this matter.

16. I have received many favorable fee rulings with comments about the quality of my trial presentation in difficult cases.

17. In November 2023, Santa Clara Superior Court Judge Lori E. Pegg approved a rate of $1,100 ("Although even a $1,100 hourly rate is high for Santa Clara County…"), and a 1.3 multiplier, in *Mchaar v FedEx Ground,* Case No. 20CV366270. A true and correct copy of the Court's order is attached as Exhibit "1".)

18. In March 2023, United States District Court Judge R. Gary Klausner approved my full 2022 rate of $1,100 per hour (for an August 2022 trial), and Britt Karp's 2022 below-market rate of $550 per hour, in *Rios v. City of Los Angeles, et al*. A true and correct copy of the March 2, 2023 Attorney Fees ruling is attached as Exhibit "2".

19. In October 2020, United States District Court Judge Consuelo Marshall approved my full 2020 rate of $950 per hour, and a 1.1 multiplier in *Asfall v. Los Angeles Unified School District;* and approved Britt Karp's 2020 rate of $475 as well. A true and correct copy of the October 28, 2020 Attorney Fees ruling is attached as Exhibit "3".

20. In October 2019, Los Angeles Superior Court Judge Rafael Ongkeko approved my full 2019 rate of $850, with a 1.5 multiplier in *Carter v. Federal Express Corp*. (BC658923). A true and correct copy of the October 23, 2019 Attorney Fees ruling is attached as Exhibit "4".

21. In January 2019, Los Angeles Superior Court Judge Michael P. Linfield approved my full 2018 rate of $815 per hour, and a 1.5 loadstar in *Kunga v. American Guard Services, Inc.* (BC 657320). A true and correct copy of the October 23, 2019 Attorney Fees ruling is attached as Exhibit "5".

22. In March 2017, Judge Michael Latin (Retired) approved my rate of $815 per hour, and awarded a 1.2 multiplier, in the binding arbitration of a wrongful termination whistleblower case, *Campbell v. Fuse, LLC, et al*. (based on an award of

1  $2,038,000, exclusive of attorney fees).

2      23.    I was previously approved at an hourly rate of $750 in October 2014 by United States District Court Judge David O. Carter in the Central District, Orange County in *Flores v. City of Westminster*, USDC Case no. 8:11-cv-00278-DOC-RNB. A true and correct copy of the October 23, 2014 Attorney Fees ruling is attached as Exhibit "6".

Contingency Rates Charged

    24.    Given my level of experience, I am very familiar with the economics of legal practice, especially as it relates to litigation of plaintiff employment discrimination cases. The availability of current hourly rates directly influences the decisions my firm makes about whether to take or decline cases. If current hourly rates were unavailable in all or a majority of cases, we would not be able to maintain our contingent fee practice in the employment area; it would simply be financially impossible to do so.

    25.    I co-counseled this case with Toni Jaramilla, with whom I often handle police excessive force and plaintiff employment cases. This case was taken on a contingency basis, meaning that neither my firm nor Ms. Jaramilla's firm have been paid for our legal services. With the exception of a few limited matters, e.g., pre-litigation consultation, negotiation of severance agreements and retention as an expert, my firm has a contingency-based practice. However, we are periodically retained on an hourly basis in certain matters. We set our rates in all matters (contingent and retained) to be comparable with those of private defense firms that litigate complex matters in our areas of expertise. Thus, our attorneys' hourly rates are comparable with those of firms such as Loeb & Loeb, Skadden Arps, and Kirkland & Ellis, whose litigation departments often defend the types of employment and civil rights cases my office prosecutes and litigates.

/ / /

/ / /

**SUMMARY OF WORK PERFORMED AS TRIAL COUNSEL**

26. Since 2020, I have acted as co-counsel with Ms. Jaramilla on police excessive force cases. For this matter, I was first introduced to the case by Ms. Jaramilla at the height of the Covid pandemic, and within days of the decedent Mikel Lewis, Sr. being shot and killed. Ms. Jaramilla had been contacted by the adult children and informed me of her intent to visit the memorial at the scene of the shooting and a rally to be conducted at the Kern County Sheriff's Office. On this basis, I took on the representation of the adult children of Mikel Lewis, Sr., in October 2020.

27. It is seldom the case that victims of excessive force, or their family members, have the financial resources necessary in order to retain competent legal counsel with our level of legal expertise and experience. From my personal knowledge and experience, in excessive force and wrongful death cases such as this, it is the exceptional case where a governmental entity offers a substantial settlement to resolve the matter. More often than not, the government entity places little to no value on police shooting and wrongful death cases such as this.

28. In order to explore the possibility of handling police excessive force cases such as this, a substantial investment in time and financial resources is required, with no prospect of payment, absent winning at trial. And settlement before trial typically only offers Plaintiff's counsel the opportunity to break-even on costs and expenses, without any profit.

**HOURS WORKED ON THIS CASE**

29. Attached as Exhibit "7" is a true and correct copy of redacted billing records of Alexander Morrison + Fehr LLP ("AMF"). This billing statement reflects charges by myself and associates, paralegals or legal assistants under my supervision. All of the billing reflected in Exhibit 7 was reasonably necessary to the successful prosecution of this litigation.

30. I handled this case from its inception through trial with the assistance of a Senior Associate, Britt Karp, my paralegal/office manager Gustin Ham, and paralegal Alicia Billalobos. In addition, in order to minimize attorney fees in this case, I assigned tasks to associates inside my firm, who were able to draft matters for my review at a much cheaper rate. After making discretionary adjustment, the hours billed and for which payment is being sought is 674.9 hours, the collective hours billed by me and members of my firm during the pendency of this matter.

<u>Britt Karp, Sr. Associate</u>

31. Up until March 2025, Britt L. Karp was a senior associate at my firm, with approximately 15 years of experience as an attorney, and approximately 7 years of experience with the firm. Ms. Karp received her Bachelor of Arts from Occidental College in 2009, graduating cum laude. She received her J.D. from Southwestern Law School in 2011, receiving awards for academic excellence in employment law and appellate advocacy. Ms. Karp was awarded best brief in the Pepperdine Law School National Entertainment Law Moot Court Competition in 2010. Ms. Karp became a member of the California Bar in December 2011, and worked at Marrone Robinson Frederick & Foster and Selman Breitman, LLP in the areas of civil litigation defense and insurance coverage, until 2015, when she began handling plaintiffs' side employment litigation and personal injury matters. At the time Ms. Karp performed work on this matter, we determined that a rate of $750 per hour was well within the range for an attorney of her experience.

<u>Natalie Khoury, Associate</u>

32. Natalie Khoury graduated from UCLA with BA in English and Spanish, with departmental honors, in 2016, and received her J.D. from Loyola Law School, in 2021, where she was a Note and Comment Editor for the *Loyola of Los Angeles Entertainment Law Review*. She first began working for the firm as a law clerk in 2019, and then as an attorney in December 2021. At all times, she has primarily focused on employment and civil rights litigation.

33. As a 2022 admittee, Ms. Khoury was bill at a rate of $525, which is consistent with the rate charged for associates with her level of experience.

### Gustin Ham, Paralegal/Office Manager

34. Gustin Ham acts as my operations manager and legal assistant in performing paralegal duties. Although Mr. Ham has not received formal legal training as a paralegal, he has been employed with me since 1998, and has been trained by me and my previous legal assistant. Mr. Ham was responsible for preparing the electronic documents and exhibits for presentation at trial, including connectivity of the electronics with the Court. Mr. Ham also managed and coordinated assembly of the trial and exhibit notebooks, both for the Court and for me personally. Mr. Ham was also responsible for digitally composing all of the video deposition excerpts for potential use at trial, and projection of evidence at trial.

35. Mr. Ham's billing does not include any normal overhead charges for the office or any secretarial, administrative, or office managerial duties that Mr. Ham performs. Mr. Ham's billing includes only charges associated with trial preparation and higher-level paralegal tasks. Mr. Ham was billed at $275 per hour, which is well within the range of what is charged for paralegals with comparable legal and trial experience.

### Alicia Billalobos, Paralegal

36. Alicia Billalobos graduated Summa Cum Laude from UCLA in 2015, receiving a BA in Chicana/o Studies- Public Policy and Law and Education Studies. During her senior year she was selected as a UCLA Law Fellow. From 2015 to 2016, she served as a fulltime Justice Corp Graduate Fellow where she conducted English/Spanish Family Law clinic and instructional workshops assisting an average of 25 self-represented litigants per workshop She trained as a legal intern at Loyola Law Schools' Immigrant Justice Clinic, before joining the Los Angeles LGBT Center- Legal Services Department as the Legal Clinic coordinator, and later Manager, in April 2018.

37. Ms. Billalabos has been employed with this firm as a paralegal and Intake Coordinator since August 2021.

38. With respect to Exhibit 7, the AMF bill, I accurately record my time on a daily basis, and have instructed our legal staff, including attorneys and paralegals, to record their billing time on a daily basis. In reviewing the time billed in this case, I made billing decisions that resulted in the Defendant not being charged for a great deal of time. For instance, many brief emails or calls were not billed. Also, although my basic billing unit is one-tenth of an hour, frequently if there was a series of brief emails on a related issue between myself and someone else, i.e., my associates, my office manager, or opposing counsel, I would combine or bill the time at a greatly reduced rate. For instance, if there was a series of eight or so emails, I might bill them at 2/10s of an hour, or some other reduced amount instead of eight-tenths of an hour (1/10 for each email). Thus, Exhibit 7 represents only those hours for which I am requesting compensation, after the exercise of billing judgment. The hours generated in this matter are reasonable as all of my time was billed in preparing an efficient, effective trial of this matter.

39. In reviewing this bill I have exercised discretion in not seeking fees associated with law clerk billing by Justin Greene (4.4 hours or $1,210) and Pola Bernabe (43.5 hours or $8,700). A deduction has been made for these amounts in order to reach the loadstar, when compared to billing that appears on the statement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| Attorney/Staff | Hourly Rate | Hours Spent | Total |
|---|---|---|---|
| J. Bernard Alexander | $1,250 | 406 | $507,500.00 |
| Britt L. Karp | $750 | 168.2 | $126,150.00 |
| Gustin Ham | $275 | 64.30 | $17,862.50 |
| Natalie Khoury | $525 | 5.20 | $2,730.00 |
| Alicia Billalobos | $250 | 31.2 | $7,800 |
| | | | |
| **TOTAL** | | 674.9 | **$662,042.50** |

40. As part of my practice, I am often approached to act as lead trial counsel in matters such as this. Due to handling this trial, I was forced to reject several new matters or alternative trials, which would have been accepted throughout the litigation.

**COSTS & EXPENSES**

41. Our firm is located in Southern California. However I have a track-record of trying cases throughout all of California. Our firm does not have a local office in Fresno. Although I am aware and have co-counseled competent attorneys in the Fresno area, those attorneys often contact relatively larger firms like mine to co-counsel matters that will be expensive to litigate. In this instance, it was reasonable and necessary for the family of Mikel Lewis, Sr., to retain us from the Los Angeles area, based on my trial experience and legal resources, as these were unlikely to be available in the local Fresno area. Attorneys were unlikely to be willing to invest the substantial money and time necessary to prosecute this police shooting case.

42. Because my office is located in Southern California, the following out-of-town expenses were necessarily incurred in order for me to act as co-counsel in trying this matter. Out-of-town expenses were necessarily incurred in order for me

to act as co-counsel in trying this matter. Courts routinely allow non-local counsel to recover out-of-town travel costs for trial. *See Genesis Merch. Partners, LP v. Nery's USA, Inc.*, (S.D. Cal. Dec. 6, 2013) 2013 WL 12094825 at *10 (applying California Civil Procedure Code 1033.5); *see generally Thon v. Thompson* (1994) 29 Cal. App. 4th 1546, 1548 (deposition travel reimbursements allowed for attorneys not in the same jurisdiction as the presiding court).

43. Flight expenses were incurred, which totaled $2,635.03:

| Date | Description | Expense |
|---|---|---|
| **J. Bernard Alexander, III** | | |
| February 20, 2025 | 3.10.25: LAX to Fresno (FAT) <br> 3.19.25: Fresno (FAT) to LAX | $631.62 |
| March 4, 2025 | 3.14.25: Fresno (FAT) to LAX <br> 3.17.25: LAX to Fresno (FAT) | $596.63 |
| | Subtotal: | $1,228.25 |
| **Gustin Ham** | | |
| March 3, 2025 | Flight for Audio/Visual Trial Conference (3.3.2025) | $660.90 |
| March 3, 2025 | 3.14.25: Fresno (FAT) to LAX) | $307.92 |
| | 3.16.25: LAX to Fresno (FAT) | $437.96 |
| | Subtotal: | $1,406.78 |
| | **TOTAL** | **$2,635.03** |

44. Due to my office being located in Los Angeles, Fresno Hotel expenses were incurred, which totaled $4,170.07. These expenses were necessarily incurred so that I can act as lead counsel in this case. It is noteworthy that defense counsel was also from outside the bay area, flying in from San Diego, and also incurred both flight and hotel expenses. The hotel expenses incurred by me are as follows:

-18-
Declaration of J. Bernard Alexander, III in Support of Plaintiffs'
Motion for Statutory Attorneys' Fees and Costs

| Date | Description | Expenses |
|---|---|---|
| **J. Bernard Alexander, III** | | |
| March 5, 2025 | Double Tree Hotel | $1,895.41 |
| March 20, 2025 | Double Tree Hotel | $879.30 |
| | Subtotal: | $2,774.71 |
| **Gustin Ham** | | |
| February 21, 2025 | La Quinta Hotel | $1,395.36 |
| | Subtotal: | $1,395.36 |
| | **TOTAL** | **$4,170.07** |

## A MULTIPLIER IS WARRANTED

44. The Bane Act finding allows the court to award a multiplier in this case. As Plaintiffs' counsel, we seek a multiplier of 2.0. This multiplier recognizes the exceptional risks involved in prosecuting this case, in which very significant costs and fees were at risk during the pendency of this case. The skill, expertise, and experience exhibited by myself, my firm, and Toni Jaramilla and her firm, and Dale Galipo and his firm, collectively warrant the application of a multiplier in this case.

45. Cases against public entities are fraught with minefields. In this case, damages were sought on behalf of seven children of the decedent, an African American man and a felon shout by a police officer during a traffic stop.

46. Simply put, few people gave the Plaintiffs high prospects for a favorable outcome in this excessive force case.

47. In agreeing to accept a case on contingency, plaintiffs' counsel must contemplate the prospect of carrying the expenses through final resolution, with no guarantee that expenses will be recouped. Many contingent cases are lost, resulting in no fee to the plaintiff's attorney. Other cases settle for amounts that result in a contingency fee far below the actual fees expended by plaintiff's counsel. If the plaintiff's counsel can only hope to recover the actual time spent, even when a case goes all the way to trial after years of litigation and the plaintiff prevails, the risks in taking such cases would so greatly outweigh any potential "upside" that small firms

like mine simply could not afford to accept such cases. Contingency cases against large, well-funded government entities are fraught with peril, but typically have the benefit of a decision-maker who performs a cost-benefit analysis. In this case, Defendants apparently ignored such an analysis and determined to force Plaintiffs to try the case.

48. In fact, based on evidence presented by Plaintiffs' trial team, the jury found multiple civil-rights violations, finding that Defendant Jason Ayala, while acting in the course and scope of his employment with the Kern County Sheriff's Department, used excessive force against the decedent Mickel Lewis, Sr., under the Fourth Amendment, violated the Bane Act, committed a battery on Mr. Lewis, and was negligent, resulting in a jury verdict of $30.5 million.

49. The outcome of this difficult public entity case is a reflection of the exceptional legal skill brought to bear by the coordinated efforts of Plaintiffs' respective legal teams in this civil rights case. In this case, Plaintiffs' counsel achieved great success, persuading the jury to award each of the seven children of the decedent $3.4 million, and to award pre-death pain and suffering of $1,000,000 and Loss of Life damages of $5,000,000, for a total of $30.5 million.

50. When Plaintiff's counsel takes the substantial risk involved in representing a family in an police excessive force wrongful death lawsuit, Plaintiff's counsel should be rewarded not only for the legal acumen, but also for the substantial effort risk taken and persistence necessary in order to stay the course in seeking justice. That principle is demonstrated by the adversity Plaintiffs' counsel overcame in prevailing over the efforts of Kern County and Deputy Jason Ayala in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of April 2025, in the County of Los Angeles, State of California.

s/   *J. Bernard Alexander, III*

_____
J. Bernard Alexander, III