**FILED**

NOV 22 2023

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ DEPUTY
T. OTWELL

ORDER ON SUBMITTED MATTER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| YOUNES MCHAAR, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; ERICA RODRIGUEZ, an individual; and DOES 1 through 25,<br><br>　　　　Defendants. | Case No.: 20CV366270<br><br>ORDER AFTER HEARING ON PLAINTIFF YOUNES MCHAAR'S MOTION FOR ATTORNEYS' FEES<br><br>Dept.: 5<br>Judge: Lori E. Pegg |

　　In April 2023, the Court presided over a three-week jury trial in Plaintiff Younes Mchaar's (Mchaar) Fair Employment and Housing Act (FEHA) disability case against FedEx Ground Package System, Inc. (FedEx). On June 8, 2023, the Court entered judgment in Plaintiff's favor after a jury returned a $2 million dollar verdict. On August 4, 2023, Plaintiff filed his Notice of Motion and Motion for Attorneys' and Expert Fees. In response, on September 18, 2023, FedEx filed its opposition papers. Replies were filed on September 25, 2023.

　　On October 2, 2023, the Court heard argument and ruled from the bench on Defendant's Motion to Tax Costs and ruled on Plaintiff's request for expert fees. The

1 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

Court ordered supplemental briefing on the issue of whether Plaintiff could demonstrate good cause for hiring counsel from Oakland and Los Angeles instead of local attorneys consistent with *Caldera v. DOC* (2020) 48 Cal.App.5th 601 and *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 397-400).

On October 9, 2023, Plaintiff submitted supplemental briefing, including a declaration detailing his efforts to find a local attorney. On October 16, 2023, Defendant filed its opposition to Plaintiff's supplemental briefing, and the Court took the matter under submission on that date.

## CASE OVERVIEW

Plaintiff Younes Mchaar was employed by Defendant FedEx Ground Package System, Inc., for over seven years where he worked as a part-time package handler. Mchaar, who is deaf, claimed discrimination, mistreatment, failure to accommodate, and retaliation due to his disability. Mchaar primarily handled packaging from delivery trucks and even received several awards for his performance at work. Mchaar alleged that despite some positive feedback he received, FedEx refused to grant him a promotion, and instead, awarded such opportunities to other less-experienced non-deaf coworkers. In addition, he was repeatedly denied interpretive services despite FedEx agreeing to provide interpreters for safety meetings and other important meetings. Mchaar testified that he could no longer endure the conditions at work and he was constructively forced to quit.

At trial, Mchaar sought special damages for lost earnings of more than $200,000 as well as non-economic damages–general damages including damage to his reputation, pain and suffering, humiliation, embarrassment, and emotional distress. He also sought punitive damages amounting to 10% of FedEx's net worth or approximately $275 million dollars.

After deliberation, the jury awarded Plaintiff general and compensatory damages in the amount of $2 million dollars but no punitive damages.

## LEGAL ANALYSIS

A. <u>Legal Standard</u>

In a FEHA action a prevailing party is entitled to recover its attorneys' fees. (Gov. Code § 12965(b); *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 984.) "[A] prevailing plaintiff should ordinarily receive his or her costs and attorney fees unless special circumstances would render such an award unjust." (*Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115 [*Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412] [italics in original.].)

The fee setting inquiry in California ordinarily "begins with the 'lodestar': the number of hours reasonably expended multiplied by the reasonable hourly rate...." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; *Ghanooni v. Super Shuttle of Los Angeles* (1993) 20 Cal.App.4th 256, 262.) The trial court can then adjust the lodestar up or down, based on case-specific factors, to ensure that the attorney fees reflect fair market value for the work performed. (*Id.* at pp. 1095-1096.) Overall, when setting the amount of a reasonable fee, the trial court should look at the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659, overruled on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.) The trial court has considerable discretion to determine this amount. (*PCLM, supra,* 22 Cal. 4th at 1095.)

Normally, "[t]he reasonable market value of the attorney's services is the measure of a reasonable hourly rate." (*Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 649 [internal quotation marks omitted.].) Other factors in setting a reasonable hourly rate include "the level of skill necessary, time limitations, the amount to be obtained in the litigation, the attorney's reputation, and the undesirability of the case. [Citation.]" (*Mountjoy v. Bank of America, N.A.* (2016) 245 Cal.App.4th 266, 272 [internal quotation marks omitted.])

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

As for the hours component of the lodestar analysis, unnecessary work justifies a reduction in awarded fees. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (Ketchum).) But a party who argues that the claimed attorney fees are excessive because too many hours of work are claimed has the burden of identifying the items that are challenged, with sufficient argument and specific evidentiary citations; general arguments do not suffice. (*See Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488 (*Lunada Biomedical*).) In determining the reasonable value of attorney services, "the court does not need separate evidence to establish the reasonable value of whatever should be justly awarded, the theory being that the trial judge is competent from his own knowledge of legal practice to fix the amount of the fees. [Citations.]" (*Spencer v. Harmon Enterprises* (1965) 234 Cal.App.2d 614, 621 [internal citations omitted.].)

Although the Plaintiff bears the burden of proof as to the requested fees' "reasonableness," an attorney's declaration and verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (Code Civ. Proc. § 1033.5(c)(5).)

B. <u>Issues Raised by FedEx</u>

1. <u>Mchaar's Lodestar Figure is Inflated and Unreasonable.</u>

FedEx argues that Mchaar failed to prove the fees sought are reasonable and necessary. They argue the 3,610 hours of work performed by counsel included duplicative entries for internal strategy discussions, "what appears to be training/guidance for junior staff/attorneys," and/or vague entries that are insufficient to properly assess the time spent on the task billed." (Defendant's Opposition at 4:10-13.) FedEx also claims that plaintiff's counsel spent an "extraordinary amount of time for meetings and correspondence within firms and with co-counsel" for more than strategy-based discussions. (Defendant's Opposition at 4:13-15.) And FedEx argues that plaintiff's counsel listed excessive number of entries for multiple attorneys discussing motions, correspondence, and discussions received from Defendant's counsel and listed examples.

4 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

(Defendant's Opposition (4:15-17, 19 – 5:3.) Finally, FedEx argues that administrative charges should be reduced. (*Id.* at 8:16-17; 8:23-9:21.)

The Court carefully examined Mchaar's attorneys' billing statements and found some duplication, training, and excess charges and finds it reasonable to cut $123,515.00 as duplicative, administrative, or unreasonable billings. (The Court reflects its reductions in the chart below.)

2. <u>FedEx Claims the Hourly Rate Used by Plaintiffs' Counsel is Excessive.</u>

Mchaar's attorneys submitted detailed declarations explaining the work performed and detailed billing statements. They also submitted declarations from attorneys Jean K. Hyams, Esq., David M. Derubertis, Esq., Dustin Collier, Esq., Latika Malkani, Esq., and Xinying Valerian, Esq. in support of their requested billing rates. In its opposition, FedEx argues that plaintiff's counsel admitted that the rates charged exceed their customary rates during the pendency of the litigation and that the requested rates have not been approved by other courts. (Defendant's Opposition at 5:17-23.) And they argue Plaintiff's lead counsel, Bernard Alexander, should not be awarded $1,200 per hour because his rate was lower during most of the litigation. (Defendant's Opposition at 5:25-27.)

At the October 2, 2023, hearing, the Court ordered supplemental briefing on the issue of whether Plaintiff could demonstrate good cause for hiring counsel from Oakland and Los Angeles consistent with *Caldera v. DOC* (2020) 48 Cal.App.5th 601 and *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 397-400).

In response, Mchaar submitted a declaration explaining his efforts to find attorneys in the San Jose area. He stated that his attorney who represented him at the EEOC level, Rachael Langston with Legal Aid at Work (LAAW), referred him to the California Employment Lawyers Association (CELA) website to try to find an attorney as LAAW was unable to take his case. He indicated he "tried contacting lawyers in the San Jose area from the CELA list, but it seemed like no one was interested in or able to

take on [his] case for representation." (Supplemental Declaration of Younes Mchaar, pg. 2 at 16-19.) He also indicated that he believes he had a hard time connecting with lawyers because of his need for an American Sign Language interpreter. "A lot of lawyers seemed like they were not equipped to handle that." (*Id.* at 21-22.)

In response, FedEx argued that Mchaar did not show good cause for selecting out-town-attorneys. They submitted a copy of a CELA lawyer search showing labor/employment attorneys in the Santa Clara County area.

In a FEHA case, when local counsel is unavailable, the judge has the discretion to consider an out-of-town attorney's higher rate. A higher rate requires a sufficient showing that hiring a local attorney was impracticable. Plaintiff must show he made a good faith effort to find a local attorney. It is particularly important in a FEHA case for judges to apply an out-of-town rate when the plaintiff cannot retain a local attorney. (*Caldera v. DOC* (2020) 48 Cal.App.5th 601 and *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 397-400.)

The Court carefully reviewed the information provided and is familiar with many of the attorneys/firms listed on the FedEx attachment. The Court notes, based on its prior work as an employment attorney who represented public entities in this County, many of the attorneys listed are either solo practitioners or only represent public labor unions who would be unable to handle Mchaar's case. In fact, the Court finds Mchaar's belief that many lawyers were not equipped to handle his case as a deaf part-time package handler has merit. The Court is persuaded that Mchaar found it difficult to find a local law firm to handle his case given the difficulty and expense involved with representing a deaf hourly package handler. Accordingly, based on the parties' briefing and the Court's knowledge of the local employment bar, the Court finds Mchaar met his burden of proof in showing good cause for hiring Bernard Alexander's firm in Los Angeles and Brian Schwartz' firm in Oakland as those firms had the capacity and willingness to take on his case.

The following chart shows the hours/rates claimed and the hours/rates cut by the Court.

| ATTORNEY | RATE CLAIMED | HOUR CLAIMED | Total | Cut |
|---|---|---|---|---|
| **Alexander Team** | | | | |
| Bernard Alexander | $1,200.00 | 564.8 | $677,760.00 | $61,640.00 (Hours cut and rate reduction) |
| Gustin Ham | $225.00 | 164.9 | $37,102.50 | |
| Jacqueline Gil | $450.00 | 916.8 | $412,560.00 | $1,215.00 |
| Joshua Arnold | $700.00 | 25.2 | $17,640.00 | |
| Britt Karp | $575.00 | 25.0 | $14,375.00 | |
| Natalie Khoury | $350.00 | 1.6 | $560.00 | $350.00 |
| Gail Glick | $750.00 | 0.2 | $150.00 | |
| Leilani Stacey | $200.00 | 13.8 | $2,760.00 | |
| Noriya Bragg | $225.00 | 41.0 | $9,225.00 | $112.50 |
| **Schwartz Team** | | | | |
| Bryan Schwartz | $925.00 | 642.3 | $594,127.50 (including reply fees) | Agreed to reduce by $11,510.00 |
| Nikul Shah | $600.00 | 64.2 | $38,520.00 | $7,020.00 |
| Renato Flores | $350.00 | 533.5 | $186,725.00 (including reply fees) | $29,785.00 |
| Dylan Colbert | $350.00 | 123.2 | $42,962.50 | $4,935.00 |
| Samuel Goldsmith | $575.00 | 9.5 | $5,700.00 | $120.00 |
| Natasha Baker | $450.00 | 12.9 | $5,822.50 | $225.00 |

| | | | | |
|---|---|---|---|---|
| Cassidy Clark | $450.00 | 0.7 | $315.00 | |
| Monali Sheth | $800.00 | 3.6 | $2,817.50 | $560.00 |
| Jane B. Mackie | $700.00 | 4.3 | $3,010.00 | $280.00 |
| Schwartz Law Clerks | $250.00 | 274.5 | $68,495.00 | $5,762.50 |
| Total | | 3,422 | $2,120,627.50 | $123,515.00 |

C. The Court's Ruling on Lodestar.

The Court finds Plaintiff demonstrated the following reasonable rates for his attorneys:

1. Bernard Alexander

Alexander seeks a billing rate of $1,200 per hour. In support of his request Alexander provided evidence that other California courts have awarded him attorney's fees as follows: on January 14, 2019, the Los Angeles Superior Court (LASC) awarded him $815 per hour; on October 23, 2019, the LASC awarded him $850 per hour; in October 2020 he was awarded $950 per hour, and in March 2023, the LASC awarded him $1,100 per hour for 2022 rates. As described above, he also submitted declarations from experienced labor/employment attorneys in California who support his request for fees at $1,200 per hour.

The Court finds the Alexander provided exemplary and extraordinary legal representation and advocacy to Mchaar. Alexander was extremely prepared, extremely articulate, and frankly a superior legal advocate for Mchaar. His skilled advocacy clearly influenced the jury and assisted Mchaar in prevailing on his claims. To say his advocacy was instrumental in Mchaar's success would not be an overstatement. The Court finds Alexander has presented sufficient evidence to support a request for an $1,100 hourly rate for his work. Although even a $1,100 hourly rate is high for Santa Clara County, the Court finds Mchaar demonstrated good cause for hiring an attorney with Alexander's skills, provided evidence of other similarly situated attorneys who have been awarded

8 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

that rate, and provided declarations from other employment litigators in Northern California – all of which justify the higher billing rates.

### 2. Bryan Schwartz

Schwartz seeks a billing rate of $925 per hour. Schwartz provided evidence that other California courts have awarded him attorneys' fees as follows: in 2016 and 2017 he was awarded the rate of $650 per hour in Northern California; he was awarded $700 per hour in 2019 in Santa Clara County; in 2021 he was awarded a $900 hourly rate in Alameda County, which the Court finds is similarly situated to Santa Clara County. In addition, as described above, he also provided multiple declarations from other experienced employment attorneys supporting his fee request.

The Court finds Schwartz provided Mchaar with exemplary and extraordinary legal advocacy – especially in pretrial motion and pretrial practice. Based on Schwartz' advocacy – both written and oral – the Court allowed in evidence that it may otherwise have excluded, e.g., the evidence regarding the EEOC Consent Decree. The Court finds Schwartz has substantiated his requested billing rate and will allow a rate of $925 per hour.

### 3. Jacqueline Gil

Gil seeks a billing rate of $450 per hour. The Court finds Ms. Gil's rate is incredibly reasonable based on the quality of her work, which the Court observed in trial. In reviewing Gil's fee request, the Court notes that the billing reflects care in time spent as well as clearly sets forth the work done. Although the Court cut $1,215 in fees, based on duplicative work, the Court awards Gil all other fees requested as they are reasonable in the Santa Clara County community and her work was of the highest caliber.

### 4. Renato Flores

Flores seeks a billing rate of $350 per hour. The Court finds Flores' billing rate is on par with other attorneys with his background who practice employment litigation in Santa Clara County. That said, the Court finds he is a very new attorney and the Court believes the hours he billed Mchaar exceed what is reasonable had he been a more

9 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

experienced attorney. The Court cuts his hours by 53.3 hours to reflect a more reasonable number of hours for the work performed.

### 5. All Other Billers

Both the Alexander and Schwartz firms used several other billers who did not appear at trial, including other attorneys, paralegals and legal assistants. The Court's chart above reflects the amounts it believes were reasonably billed by all other billers to Mchaar's case after reviewing their billing records, declarations, and the parties' briefs.

### 6. Total Award

The Court awards Mchaar the Lodestar amount of $1,997,112.50, which reflects what the Court finds was reasonable based on the hourly rate and hours work as described in *Ketchum v. Moses* (2001) 24 Cal.4th 1122 and *Horsford v. Board of Trustees* (2005) 132 Cal.App.4th 350, 394. The Court believes this Lodestar is appropriate given the fact that Mchaar was a deaf part-time package handler, FedEx heavily litigated this case for three years and used attorneys from around the country (the trial and post-trial motion attorneys alone were from Pittsburg, PA; Denver, CO; Sacramento, CA, and Los Angeles, CA). And the Court notes FedEx failed to put on evidence of the reasonable amount its attorneys billed, none of whom were local. Further, communicating with Mchaar and presenting evidence in this case was exponentially more difficulty due to the constant need to use multiple American Sign Language (ASL) and relay interpreters both to communicate with the client and to introduce evidence at trial.

In addition, despite a rare EEOC finding in Mchaar's favor, a May 2020 EEOC consent decree finding FedEx discriminated against its deaf package handlers, and a reasonable $500,000 CCP 998 demand in June 2021, including attorneys' fees and costs, FedEx chose to litigate this to trial. The Court finds Mchaar's attorneys' billing reflects hard fought and expensive litigation designed to protect Mchaar's rights.

///

///

///

### 3. **Plaintiff is Entitled to a Positive Fee Multiplier**

"The award of a multiplier is in the end a discretionary matter largely left to the trial court." (*Hogar v. Community Development Com'n of City of Escondido* (2007) 157 Cal.App.4th 1358, 1371. *See also Rey v. Madera Unif. Sch. Dist.* (2012) 203 Cal.App.4th 1223, 1242.) A court may enhance the lodestar figure in appropriate cases. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138.) The court in Ketchum explained the rationale behind contingent fee enhancements: "'A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." (*Id.* at 1132-1133 [quoting Posner, Economic Analysis of Law (4th ed. 1992) pp. 534, 567].) *See also Horsford* at 69.) "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." *Id.* at 1133 [internal citations and quotations omitted].)

The following factors may be considered in deciding whether to apply a multiplier: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award " (*Id.* at 1132.)

Mchaar requests a 2.0 lodestar multiplier as compensation for the contingent risk of this case and on the grounds that this case presented difficult questions, precluded his counsel from taking on other work, and that his counsel displayed extraordinary skill in obtaining the verdict. Citing *Ketchum* and other cases, Mchaar argues that the court must recognize the risk incurred by attorneys who accept a case on a contingency basis. They also argue that the issues presented were difficult and made more so due to the need for multiple ASL interpreters both in preparing for trial and during the trial. And they cite to

11 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

their strong advocacy, which resulted in their ability to introduce to the jury the EEOC consent decree against FedEx for deaf package handlers, which was strongly fought by FedEx.

FedEx argues that Mchaar is not entitled to a fee award that would amount to more than 200% over the verdict. They also argue that fee enhancement is "generally not warranted when a plaintiff sues under a fee-shifting statue because that statute provides an extra degree of security and an additional source of compensation." (Defendant's Opposition at 10:22-25.) Further, FedEx argues that the case did not involve complex or novel issues of law and that the results were not extraordinary. Finally, FedEx argues that there is no evidence that Mchaar's attorneys turned down any work for taking the case.

The Court disagrees. Although failure to accommodate and retaliation are not novel legal issues, the fact that Mchaar was a deaf, part-time package handler who was told by FedEx that he would be accommodated and then was inconsistently accommodated only some of the time, made this a novel and more legally complex trial. In addition, the need for multiple ASL and relay interpreters each day for depositions and a three-week trial made the case more complex. For example, Mchaar's testimony took much more time than a hearing witness because he needed his ASL and his relay interpreter, which took quite a bit of time.

Further, the Court finds that the exemplary legal skills demonstrated by Mchaar's counsel greatly assisted in his award. As discussed above, both Alexander and Schwartz were passionate advocates for Mchaar and their excellent advocacy caused the Court to allow in evidence of the EEOC consent decree as well as other evidence. FedEx's counsel were also exemplary advocates, causing the costs associated with the trial to increase exponentially.

Finally, although Mchaar asked for $275 million dollars in closing, the jury awarded $2 million dollars in compensatory damages when Mchaar had little in real damages as he quickly found another job after he quit FedEx. Considering the jury's

12 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees

verdict alone, the $2 million dollar verdict was extraordinary. The Court agrees with FedEx that Mchaar failed to show that either firm was unable to take on additional work.

In summary, Court finds that Mchaar's counsel displayed unusual and extraordinary skill in obtaining a substantial recovery for Mchaar. This is particularly true given the size of the jury's award compared to the economic damages Mchaar suffered, which were relatively minimal, as he was a part-time package handler. This case took three plus years and more than 3,422 hours of attorneys' time. For a small firm – or even two small firms – this is a substantial time commitment. The contingent risk was heightened by the financial resources FedEx could offer to reduce Mchaar's chance of prevailing at trial. After calculating the Lodestar rate, "the court must adjust the resulting fee to fulfill statutory purpose of bringing 'the financial incentives for attorneys enforcing important constitutional rights...." (*Horsford, supra, at 16.*) Further, although defense counsel gets paid monthly, Mchaar's counsel has not been paid for three years, accordingly the Court finds that a multiplier of 1.3 is appropriate.

The Court considered but has not applied the requested 2.0 multiplier because, at least in part, the Court finds that the hourly rates the Court has found reasonable are partly based on the contingent nature of Mchaar's counsels' practice and because the Court is awarding a very high hourly rate to lead counsel. Applying a 1.3 multiplier to the lodestar, the Court awards attorneys' fees in the amount of $2,596,246.25.

Date: November 21, 2023

HONORABLE LORI E. PEGG
JUDGE OF THE SUPERIOR COURT

13 of 13

Younes Mchaar, v. FedEx Ground Package System (20CV366270)
Order after hearing on Plaintiff Younes Mchaar's Motion for Attorneys" Fees



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA**
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
CIVIL DIVISION

**John Bernard Alexander III
Alexander Morrison + Fehr LLP
1900 Avenue of the Stars Suite 900
Los Angeles CA  90067**

RE:  **Younes McHaar vs FedEx Ground Package System Inc. et al**
Case Number:  **20CV366270**

### PROOF OF SERVICE

**ORDER AFTER HEARING ON PLAINTIFF YOUNES MCHAAR'S MOTION FOR ATTORNEYS' FEES** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on November 22, 2023. CLERK OF THE COURT, by Thuy Otwell, Deputy.

**cc:**  Christopher S Alvarez  FISHER & PHILLIPS LLP  621 Capitol Mall, Suite 1400  SACRAMENTO, CA  95814