Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 1 of 9   Page ID #:3500
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 1 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs [DE 146]

## I.   INTRODUCTION

On July 1, 2021, Michael Rios ("Mr. Rios"), Senoia Rios ("Mrs. Rios"), and M.R., a minor (collectively, "Plaintiffs"), filed a Complaint against the City of Los Angeles (the "City"), Chief of the Los Angeles Police Department Michel Moore ("Moore"), and twenty Doe defendants (collectively, "Defendants"). (ECF No. 1.) Plaintiffs alleged claims under 42 U.S.C. § 1983 for violations of their Fourth Amendment rights, as well as state law claims for assault, battery, and violations of the Bane Act, Cal. Civ. Code § 52.1. Plaintiffs never amended the Complaint to identify any of the Doe defendants, so the case proceeded to trial against only the City and Moore.

Trial began on August 2, 2022. Following the four-day trial, the jury found that Mr. Rios had proved his Bane Act claim against the City and awarded him $120,000 in damages.[1] On August 26, 2022, the Court entered judgment in favor of Mr. Rios. (ECF No. 135.)

Presently before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF No. 146.) For the following reasons, the Court **GRANTS in part** the Motion.

## II.   FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's Order at Dkt. No. 134. (*See* Order re Mots. J. Matter of Law, ECF No. 134.)

---

[1] The jury did not find in Mrs. Rios's favor on any claim. In addition, the Court *sua sponte* dismissed plaintiff M.R. and defendant Moore for insufficient evidence.

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 2 of 9   Page ID #:3501
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 2 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

### III. JUDICIAL STANDARD

#### A. Attorneys' Fees

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute authorizes the prevailing party to collect such fees. *Id.* at 257. California Civil Code Section 52.1(i) ("Section 52.1(i)"), the recovery provision for the Bane Act, is one such statute. It states that "[i]n addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to subdivision (c), the court may award the petitioner or plaintiff reasonable attorney's fees." Cal. Civ. Code § 52.1(i). If such authority exists, the district court determines the reasonable fee award based on the lodestar amount and, where necessary, an appropriate award multiplier. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *see also Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977) (holding that California law calls for lodestar analysis).

#### B. Taxing Costs

Under Federal Rule of Civil Procedure ("Rule") 54(d)(1), costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file an application to tax costs with the Clerk. *Id.*; C.D. Cal L.R. 54-2.

The Clerk's determination of costs is final unless modified by the court. C.D. Cal. L.R. 54-2.4. A "[r]eview of the Clerk's taxation of costs may be obtained by a motion to re-tax costs filed and served within seven days of the Clerk's decision." C.D. Cal. L.R. 54-2.5. When reviewing the Clerk's taxation, the court's review is "limited to the record made before the clerk, and encompass[es] only those items specifically identified in the motion." *Id.*

### IV. DISCUSSION

Mr. Rios seeks $1,291,737.00 in attorneys' fees—a $645,868.50 lodestar with a 2x multiplier—and $5,967.44 in costs as the prevailing party. Mr. Rios bases his requested attorneys' fees on the following hourly rates and hours spent:

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 3 of 9   Page ID #:3502
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 3 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

| Attorney/Staff | Hourly Rate | Hours Spent | Total |
|---|---|---|---|
| J. Bernard Alexander, III ("Alexander") | $1,100 | 302.9 | $333,190 |
| Toni Jaramilla ("Jaramilla") | $800 | 211.33 | $169,064 |
| Britt L. Karp ("Karp") | $550 | 205.8 | $113,190 |
| Natalie Khoury ("Khoury") | $300 | 7 | $2,100 |
| May Mallari ("Mallari") | $700 | 0.16 | $112 |
| John Schwab ("Schwab") | $500 | 0.2 | $100 |
| Gustin Ham ("Ham") | $225 | 53.3 | $11,992.50 |
| Summer Khatib ("Khatib") | $200 | 45.6 | $9,120 |
| Sima Patel ("Patel") | $200 | 28.5 | $5,700 |
| Leilani Stacy ("Stacy") | $200 | 6.5 | $1,300 |
| **Total** | | | **$645,868.50** |

(Pls.' Mot. at 10.)

As set forth above, the Bane Act allows for recovery of reasonable attorneys' fees to the prevailing party. Here, Mr. Rios is the prevailing party on his Bane Act claim, and thus is entitled to attorneys' fees. Defendants argue that Mr. Rios's requested attorneys' fees are unreasonable because the requested hours and rates are overinflated.[2]

To determine whether a claim for attorneys' fees is reasonable, the Court uses the lodestar calculation, which is the "product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart*,

---

[2] Defendants also argue that the Court should award no attorneys' fees at all because Plaintiffs' counsel failed to specify the hours that were spent on Mr. Rios's Bane Act claim—the only claim on which he was the prevailing party. This argument fails. All of Mr. Rios's claims were premised upon a common core of facts—the high-risk pullover. And "in a lawsuit where the plaintiff presents different claims for relief that involve a common core of facts the district court should not attempt to divide the request for attorney's fees on a claim-by-claim basis." *McCown v. City of Fontana*, 565 F.3d 1097, 1097 (9th Cir. 2009) (alterations omitted) (internal quotations omitted).

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 4 of 9   Page ID #:3503
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 4 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). There is a "strong presumption" that the lodestar represents a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. To meet his burden of production, the fee applicant must "produce satisfactory evidence . . . [which] must include proof of market rates in the relevant community (often in the form of affidavits from practitioners) and detailed documentation of the hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (internal quotations omitted). "Once a fee applicant presents such evidence, the opposing party 'has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110–11 (9th Cir. 2014) (citation omitted).

For the reasons explained below, the Court finds that Mr. Rios has met his burden of production as to certain of his requested fees, but not as to others. The Court analyzes each group in turn, beginning with the former.

    **A.**    <u>**Fee Requests Lacking Evidentiary Support**</u>

The Court first finds that Mr. Rios has failed to provide evidence that the requested rates for Mallari, Schwab, Khoury, Khatib, Patel, and Stacy are reasonable. He seeks the following rates: (1) $700 for Mallari; (2) $500 for Schwab; (3) $300 for Khoury; and (4) $200 for Khatib, Patel, and Stacy. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (emphasis added). Here, Mr. Rios has failed to meet his burden because the only support provided for these requested rates are the affidavits of his own counsel.

In addition, Mr. Rios seeks 7.3 hours for Karp and 2.5 hours for Alexander for their work on the Reply Brief in support of the instant Motion. However, he failed to support these requested hours with any documentation, and a fee applicant must produce "detailed documentation of the hours worked." *$28,000.00 in U.S. Currency*, 802 F.3d at 1105.

If the fee applicant does not "discharge[] its legal obligation as to the burden of production," the Court does not "proceed[] to a factual determination as to whether the requested fee is reasonable." *Id.*; *see also Zabkowicz v. W. Bend Co.*, 789 F.2d 540, 548 n.8 (7th Cir. 1986) (stating that the "district court [does] not improperly shoulder defendants' burden of challenging the fee petition" in finding a fee applicant failed to meet its burden of production). Because Mr. Rios did not meet his evidentiary burden

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 5 of 9   Page ID #:3504
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 5 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

as to: (1) the rates charged by the above-referenced individuals; and (2) the hours billed to the Reply Brief, the Court denies the associated fee requests. Accordingly, the Court reduces Mr. Rios's lodestar by $25,197.00, with a resulting total of $620,671.50.

    **B.**    <u>**Fee Requests Supported by Evidence**</u>

As to the remaining requested fees for Alexander, Jaramilla, Karp, and Ham, Mr. Rios provided sufficient evidence to satisfy his burden of production. To wit, he submitted previous fee awards from other cases, affidavits from other employment and civil rights attorneys, and Plaintiffs' counsels' detailed time entries.

Because Mr. Rios has produced satisfactory evidence as to his requested rates and hours, the Court "proceeds to a factual determination as to whether the requested [rates and hours are] reasonable." *$28,000.00 in U.S. Currency*, 802 F.3d at 1105. The determination involves "considering both the proponent's evidence and evidence submitted by the fee opponent." *Id.* When a "fee target has failed to offer either countervailing evidence or persuasive argumentation in support of its position . . . the district court's inquiry should end after it determines whether the applicant's fee request is facially reasonable." *Id.* at 1105–06 ("[W]e do not think it is the court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude.").

        1.    <u>*Reasonableness of Hours Spent*</u>

Defendants argue that the total hours spent by Plaintiffs' attorneys are unreasonable because Plaintiffs' attorneys: (1) overstaffed the case and were generally inefficient; and (2) impermissibly billed for travel time and engaged in block-billing. The Court disagrees.

Mr. Rios provided detailed time entries for nearly all the hours billed by his attorneys. (*See* Pls.' Mot., Alexander Decl. Ex. 5, ECF No. 146-1 (timesheets for Alexander, Karp, and Ham); Pls.' Mot., Jaramilla Decl. Ex. 9, ECF No. 146-3 (timesheets for Jaramilla).) And "once the prevailing party satisfies its burden of establishing reasonable hourly rates and time entries, opposing parties must identify with particularity the billing entries that are unreasonable." *Billion Motors, Inc. v. 5 Star Auto Grp.*, 2020 WL 8373396, at *3 (C.D. Cal. Dec. 17, 2020); *accord Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110–11 (9th Cir. 2014). Rather than identify any specific unreasonable time entries, Defendants vaguely aver that the billing records as a whole evidence overstaffing and inefficiency. This is insufficient to carry their burden of rebuttal. Having reviewed the billing records provided by Mr. Rios, the Court finds sparse evidence of inefficiency or overstaffing and finds the requested hours facially reasonable.

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 6 of 9   Page ID #:3505
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 6 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

Defendants' remaining arguments—that the Court should exclude any travel time and that Plaintiffs' attorneys impermissibly block-billed their time—also fail. First, "[r]easonable travel time by [attorneys] is compensable, at full rates, if that is the practice in the community." *Rodriguez v. Cnty. of L.A.*, 96 F.Supp.3d 1012, 1025 (C.D. Cal. 2014). Courts in this district have allowed recovery of attorneys' fees related to travel time for hearings and trial, which is the only travel time requested by Mr. Rios. *See, e.g., Bea-Mone v. Silverstein*, 2019 WL 762676, at *3 (C.D. Cal. Feb. 20, 2019). Second, block-billing is only impermissible to the extent that it obfuscates an attorney's billing practices. *See Heritage Pac. Fin. LLC v. Monroy*, 215 Cal. App. 4th 972, 1010 (2013). The time entries submitted by Plaintiffs' counsel were sufficiently detailed to allow the Court to understand how the attorneys billed their time, rendering a reduction inappropriate. *See Universal Elecs., Inc. v. Universal Rsch. Control, Inc.*, 130 F. Supp. 3d 1331, 1340 (C.D. Cal. 2015).

Defendants failed to rebut Mr. Rios's requested hours with factual specificity or persuasive legal argument. Having found the hours facially reasonable, the Court proceeds to analyze the reasonableness of the requested rates.

2.  *Reasonableness of Hourly Rates*

Mr. Rios requests an $1,100 hourly rate for Alexander, an $800 hourly rate for Jaramilla, a $550 hourly rate for Karp, and a $225 hourly rate for Ham. When determining a reasonable hourly rate, courts consider whether the requested rates "are within the range of reasonable rates charged by and judicially awarded [to] comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (2002). Rate determinations in other cases, particularly those setting a rate for plaintiff's attorneys, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The Court finds that Mr. Rios has sufficiently established that his requested rates are reasonable. For Alexander and Karp, Mr. Rios provided evidence of past awards, as well as the affidavits of other employment and civil rights attorneys. (*See* Pls.' Mot., Alexander Decl. Ex. 1 at 7, 11 (prior court order setting rates for Alexander at $950 and Karp at $475); Pls.' Mot., Feldman Decl. at 3–4, ECF No. 146-5 (attorney affidavit stating that $1,100 for Alexander and $550 for Karp are reasonable given prevailing market rates in Los Angeles as well as their experience and skill).) For Toni Jaramilla, Mr. Rios provides the affidavits of other employment and civil rights attorneys. (*See, e.g.*, Pls.' Mot., Dunn Decl. at 3, ECF No. 146-8 (stating that Jaramilla's $800 rate is reasonable given her experience and recognition in the legal community as well as the prevailing market rates in Southern California).) As for Ham's requested rate of $225, Mr. Rios provides evidence of rates from past awards, which ranged

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 7 of 9   Page ID #:3506
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 7 of 9

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

from $150 to $210. (*See* Pls.' Mot., Alexander Decl. Ex. 1 at 12.) These are all satisfactory evidence that the requested rates are reasonable.

Defendants object to the sufficiency of Mr. Rios's evidence by stating that the cases provided are not relevant and that the affidavits are self-serving. But once a fee applicant meets his evidentiary burden, a fee opponent may not simply attack the applicant's evidence. Rather, a fee opponent "has a burden of rebuttal that requires submission of evidence." *Chaudhry*, 751 F.3d at 1110–11 (citation omitted). Here, Defendants fail to provide any countervailing evidence showing that the requested rates are not reasonable. And having conducted its own review of Mr. Rios's evidence and recent fee awards, the Court is satisfied that the requested rates are within the range of those judicially awarded to comparable attorneys for comparable work in this legal community. *See, e.g.*, *Valenzuela v. City of Anaheim*, 2023 WL 2249178, at *3–4 (C.D. Cal. Feb. 23, 2023) (awarding rates of $1,200 for lead counsel and $650 for associate attorney in a civil rights case).

In sum, Mr. Rios's requested fees for the remaining attorneys are reasonable. Subtracting the fees that Mr. Rios failed to support with sufficient evidence, the Court determines the lodestar to be $620,671.50.

### C. Lodestar Multiplier

Next, Mr. Rios seeks a 2x multiplier to the lodestar due to the complexity of the case and the result obtained by Plaintiffs' counsel. Courts may adjust the original lodestar amount based on the following factors (the "*Ketchum*" factors): "(1) the novelty and difficulty of questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. Courts have "broad discretion" in awarding a multiplier. *Id.* at 1138. A court should not consider the *Ketchum* factors to the extent they are already encompassed within the determination of the underlying loadstar amount. *Id.*

Considering each of the *Ketchum* factors, the Court finds that a multiplier is not justified in this case. As to the first two factors, Mr. Rios's primary argument is that Defendants' conduct rendered this case more difficult than it should have been. But this is not a valid reason for a lodestar adjustment. *See, e.g.*, *Sarfaty v. City of L.A.*, 2021 WL 945257, at *6 (C.D. Cal. Jan. 26, 2021) ("[T]he case became protracted primarily due to the City's . . . arguments rather than the inherent complexity of the issues, [so] the matter did not require an unusual degree of skill to prosecute successfully."). Further, in considering the skill of counsel, the court must award a multiplier "only when the quality of representation far exceeds" that of the average attorney. *Ketchum*, 24 Cal. 4th at 1138. The Court finds that Plaintiffs' counsel did not "far exceed" the skill of other attorneys, particularly given that the results

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

achieved for Mr. Rios were good, but not extraordinary. *See Marlo v. United Parcel Serv., Inc.*, 2009 WL 10669458, at *14 (C.D. Cal. Aug. 12, 2009) (finding $250,000 in damages insufficient to warrant a multiplier).

As to the final two factors, Mr. Rios provides no indication that this case prevented his attorneys from taking on other matters. And the Court finds that the contingent nature of Mr. Rios's case, standing alone, is insufficient to justify a multiplier. *See Craig v. Cnty. of Orange*, 2019 WL 12378994, at *6 (C.D. Cal. Sep. 5, 2019) (denying multiplier request where only favorable factor was contingent nature of fee, in part because the "purpose of a multiplier is to approximate market-level compensation" and the "time, labor, and skill of Plaintiffs' counsel [were] already reflected in the fee award"); *cf. Rodriguez v. Cnty. of L.A.*, 96 F. Supp. 3d 1012, 1025–26 (applying 2x multiplier in contingent-fee action where counsel rendered $3.4 million of billable hours, spent 6,000 hours on the case, and was unable to accept other clients).

For these reasons, the *Ketchum* factors weigh against a lodestar multiplier and the Court will not apply one in this case.

### D. Taxing Costs

Finally, Mr. Rios asks the Court to award certain costs that the Clerk refused to tax. While the Clerk taxed Mr. Rios's costs in the amount of $3,411.45, she did not award certain costs that, by rule, are not taxable. *See* C.D. Cal. L.R. 54-3.5; C.D. Cal. L.R. 54-3.10(b); *see also* Bill of Costs, ECF No. 156. Therefore, Mr. Rios requests that the Court award the costs not taxed by the Clerk. But "[a] party may [only] seek review of the Clerk's taxation of costs by filing and serving a motion to retax costs within seven (7) days of the Clerk's decision." C.D. Cal. L.R. 54-2.5. Mr. Rios failed to file a motion to re-tax costs within seven days of the Clerks' decision. Accordingly, the Clerk's decision is final.

Case 2:21-cv-05341-RGK-MAA   Document 159   Filed 03/02/23   Page 9 of 9   Page ID #:3508
Case 1:21-cv-00378-KES-CDB   Document 181-2   Filed 04/25/25   Page 9 of 9

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05341-RGK-MAA | Date | March 2, 2023 |
|---|---|---|---|
| Title | *Michael Rios, et al. v. City of Los Angeles, et al.* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Plaintiffs' Motion and **AWARDS** Mr. Rios $620,671.50 in attorneys' fees.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ap |