**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ASFALL,<br><br>　　　Plaintiff,<br><br>vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>　　　Defendant. | Case No.: 18-cv-00505-CBM<br><br>**ORDER RE: DKT. NO. 233; DKT. NO. 214** |

The matter before the Court is Plaintiff's Motion for Relief From Late Filing of Attorney's Fees and Costs (the "Relief Motion") (Dkt. No. 233), and Motion for Attorney's Fees and Costs (the "Fee Motion") (Dkt. No. 214). The Relief Motion is fully briefed. (*See* Dkt. No. 234 (Opp.); Dkt. No. 235 (Reply).) The Fee Motion is fully briefed. (Dkt. No. 216 (Opp.); Dkt. No. 218 (Reply).)

**I. BACKGROUND**

LAUSD terminated Plaintiff from his coaching position at Harbor Teacher Preparation Academy in retaliation for complaints Plaintiff made concerning the allegedly inequitable treatment of the girls' soccer program as compared to the boys' basketball program. The case was tried to a jury. Defendant moved for judgment as a matter of law during trial, which was submitted. The jury returned a

1  verdict finding LAUSD liable to Plaintiff for retaliation under Title IX and
2  awarded $100,000 in damages, but not liable for retaliation under Cal. Labor Code
3  § 1102.5. (Dkt. No. 174 (Verdict).) Judgment was entered on February 24, 2020.
4      After trial, Plaintiff moved for post-verdict injunctive relief, which the
5  Court denied on February 11, 2020. (*See* Dkt. No. 191.) Over two months later,
6  Defendant filed a motion for renewed judgment as a matter of law or, in the
7  alternative, a motion for new trial, which the Court denied on May 19, 2020. (*See*
8  Dkt. No. 198.) On June 8, 2020, Defendant filed a notice of appeal of the order
9  denying judgment as a matter of law or a new trial.
10     Plaintiff filed the Fee Motion on July 14, 2020. Defendant argues in
11 Opposition that the Fee Motion is untimely. Thereafter, Plaintiff filed the Relief
12 Motion regarding the purported untimely filing of the Fee Motion.

## II. JURISDICTION

14 The Court has jurisdiction over this action under 28 U.S.C. § 1331.

## III. DISCUSSION

### A. The Fee Motion Is Untimely

17     When a separate document embodying the judgment is not entered but is
18 required, then "judgment is entered in the civil docket … [when] 150 days have
19 run from the entry in the civil docket." Fed. R. Civ. P. 58(c)(2)(B). The verdict
20 was entered on the civil docket on September 25, 2019. Therefore, judgment
21 entered by operation of law on February 24, 2020. *See Orr v. Plumb*, 884 F.3d
22 923, 929 (9th Cir. 2018) ("[E]ntry of the jury special verdict started the 150-day
23 countdown…").
24     A motion for attorney's fees must "be filed no later than 14 days after the
25 entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). The 14-day period in which a
26 motion for attorney's fees must be filed is tolled pending the outcome of post-trial
27 motions under Fed. R. Civ. P. 50 or 59. *See Bailey v. County of Riverside*, 414
28 F.3d 1023, 1024 (9th Cir. 2005). "Therefore, the Rule 54(d)(2)(B) motion for fees

2

1 is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule
2 52(b), or Rule 59 motion." *Id.*

Here, the time for filing the Fee Motion was tolled from February 24, 2020 to May 19, 2020, the date on which the Court denied Defendant's Rule 50 and Rule 59 motions. (*See* Dkt. No. 198.) Therefore, the Fee Motion was due on June 2, 2020, fourteen days after May 19, 2020. Plaintiff did not file the Fee Motion until July 14, 2020. (*See* Dkt. No. 214.)

Thus, the Court finds the Fee Motion is untimely.

**B.  The Relief Motion**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time … on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). To determine whether Plaintiff acted with excusable neglect, the Court applies a factor test set out in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 F.3d 380, 395 (1993). Factors to be considered are: (1) whether Defendant would be prejudiced by the late filing; (2) the length of the delay and impact on efficient court administration; (3) the reason for the delay, including whether it was in reasonable control of the Plaintiff; and (4) whether Plaintiff and his counsel acted in good faith. *Id.* at 395.

    **1.  Prejudice to Defendant**

Defendant argues it will be prejudiced if Plaintiff is permitted to file his motion for attorney's fees because an untimely Fee Motion deprives Defendant "of the opportunity to evaluate the motion and fees sought before having to retain an appellate attorney and file a notice of appeal," will result in a separate appeal being filed, will result in budgeting uncertainties for the school district, has required expenditure of additional money to oppose the Relief Motion, and may affect the speed at which the appeal is resolved. (Dkt. No. 234 at p. 12:9-28.)

The Court rejects Defendant's arguments.  Under Fed. R. App. 4(1)(A), Defendant was required to notice an appeal by June 19, 2020, 30 days after the Court denied Defendant's Rule 50 and Rule 59 motion on May 19, 2020.  *See* Fed. R. App. 4(1)(A).  As Plaintiff argues, if the Fee Motion was timely filed on June 2, 2020, the earliest hearing date for the Fee Motion would be June 30, 2020.  *See* C.D. Cal. L.R. 6-1.  Thus, Defendant would have been required to notice a separate appeal of a timely-filed motion for attorney's fees if that motion was granted.  Moreover, the cost of defending the Relief Motion and Fee Motion cannot constitute prejudice.

### 2. **Length of Delay**

"Failure to comply with the time limit in Rule 54 is sufficient reason to deny a motion for fees absent some compelling showing of good cause." *In re Veritas Software Corp. Securities Litig.*, 496 F.3d 962, 972-73 (9th Cir. 2007) (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000)).

Plaintiff delayed 28 days before filing the Fee Motion.  Courts have found lengthier delays to be reasonable. *See Laurino v. Syringa General Hosp.*, 279 F.3d 750, 754 (9th Cir. 2002) (finding five-week delay not unreasonable); *see also In re Veritas*, 496 F.3d at 974 ("While the district court would not have abused its discretion in granting [an untimely] fee application, it did not abuse its discretion in denying it.").

Accordingly, the Court finds that the length of the delay was not unreasonable in this case.

### 3. **Reason for the Delay and Good Faith**

Plaintiff argues his counsel filed the Fee Motion late because they were confused about when the motion was due without a separate judgment, especially considering the long delay before Defendant filed their Rule 50 and Rule 59 motion.  Plaintiff contends his counsel "acted promptly when he discovered there may be an issue" with the timeliness of his Fee Motion.  In *Pincay v. Andrews*, 389

4

1   F.3d 853, 860 (9th Cir. 2004), the Ninth Circuit affirmed an order granting
2   extension of the time to file the notice of appeal where the movant argued
3   excusable neglect based upon a misreading of the rules of procedure.  Moreover,
4   the Ninth Circuit has recognized the separate document requirement exists to
5   prevent confusion for post-verdict motions and appeals.  *Casey v. Albertson's Inc.*,
6   362 F.3d 1254, 1258 (9th Cir. 2004) (citation omitted).
7          Defendant argues the rule for automatic entry of judgement is clear, and
8   Plaintiff does not explain the basis for his belief that the federal rules of civil
9   procedure did not apply, nor why he did not move for attorney's fees after the
10  denial of the post-trial motions.
11         The Court finds Plaintiff acted based on excusable neglect and in good faith.
12  Plaintiff diligently filed the Fee Motion upon learning of his error and appears to
13  have delayed in filing the Fee Motion under a mistaken belief that a separate
14  document constituting a judgment was required before the Fee Motion could be
15  filed.  A negligent mistake by counsel in reading a rule "represents the beginning
16  of our inquiry as to whether the negligence is excusable, not the end of it."
17  *Pincay*, 389 F.3d at 858-59.  Under the circumstances of this case, the prejudice
18  Plaintiff will suffer if the Relief Motion is denied outweighs the prejudice to
19  Defendant.
20         Therefore, the Court **GRANTS** the Relief Motion and consider the Motion
21  for Fees.
22  **C.     The Fee Motion**
23         Plaintiff seeks $1,160,748 in attorney's fees, based on the total hours
24  worked multiplied by the billing rate of the attorney, plus a lodestar multiplier of
25  2.0 "due to the difficult nature of this case and the outstanding result."  (Dkt. No.
26  214 at p. 6:3-10.)
27         The Court, within its discretion, may award Plaintiff attorney's fees
28  pursuant to 42 U.S.C. § 1988.  *See also Hensley v. Eckerhart*, 461 U.S. 424, 429

(1983) ("The purpose of [Section] 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."). "The Supreme Court has instructed that '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate,' an approach commonly known as 'lodestar.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (citation omitted). "Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Id.* (citation omitted.) In addition, the Ninth Circuit has "identified no fewer than 12 factors 'to be considered in the balancing process.'" *Id.* (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).[1]

Plaintiff was the prevailing party on one of his claims and is therefore entitled to attorney's fees. *See Hensley*, 461 U.S. at 434, 436.

### 1. Billing Rate and Hours

#### a. Jay Bernard Alexander, III

##### i. Billing Rate

Jay Bernard Alexander, III ("Alexander") bills at a rate of $950.00 per hour. (Alexander Decl. at ¶ 28.) Alexander's billing rate reflects his thirty years of experience, specialty in employment cases, history of success in employment litigation, and designation as a "Top 100 Southern California Super Lawyer[], by Los Angeles Magazine and Law & Politics." (*See id.* at ¶¶ 3-19.) Alexander also

---

[1] The factors from *Kerr*, 526 F.2d at 69-70, are:
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

submits declarations from experienced attorneys who practice in the civil rights and employment arenas, who attest to the experience and skill of Alexander and confirm that his billing rate is reasonable. (*See* Decl. of V. James Desimone at ¶¶ 10-11; Decl. of Lee Feldman at ¶¶ 11, 13; Decl. of Carol L. Gillam at ¶ 13.) Additionally, courts have approved Alexander's $850 per hour billing rate for 2018. (Alexander Decl. at Ex. 3, 4, 5.) Defendant argues that Alexander has limited experience in the civil rights area such that his hourly rate should be reduced, however the claims at issue in the trial were for retaliation under Title IX and California law arising from the termination of Plaintiff, where Alexander's employment specialty was transferrable.

Based on these submissions, the Court finds a billing rate of $950.00 per hour is reasonable for Alexander.

### ii. Hours Billed

Alexander billed 323.1 hours during the pendency of this matter. (Alexander Decl. at ¶ 38.) Exhibit 2 to Alexander's declaration is an invoice reflecting the total hours he worked, as well as his associates. Defendant argues the attorney's fees claimed by Alexander should be reduced to the extent he claims work billed for the defamation claim, duplicative billing, inter-office correspondence, administrative tasks, and an appeal. (Dkt. No. 216-1 (Decl. of Vanessa Martinez) at Ex. A-F.)

Defamation

The Ninth Circuit holds "that, while hours spent on an unsuccessful claim 'that is distinct in all respects from [the plaintiff's] successful claim' should be excluded, '[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised.'" *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1174 (9th Cir. 2019) (quoting *Hensley*, 461 U.S. at 440). To determine whether claims are related, the Ninth Circuit "do[es]

not require commonality of *both* facts *and* law," but rather asks "whether the unsuccessful and successful claims arose out of the same course of conduct." *Id.* (italics in original, internal quotation marks and citations omitted).

Here, Plaintiff asserted a claim for defamation, which the Court dismissed on summary judgment. (*See* Dkt. No. 73.) Therefore, Plaintiff did not prevail on that claim. Moreover, Plaintiff's claim for defamation did not arise from the same course of conduct as his successful Title IX claim. While the Title IX claim alleged Defendant retaliated against Plaintiff for events which occurred during his employment, the defamation claim involved statements made by employees of Defendant after Plaintiff had been terminated. (*See id.* at p. 9:26-10:6.)

Therefore, the Court reduces the attorney's fee award for time spent on the defamation claim. Accordingly, the Court excludes 17.7 hours billed by Alexander for work related to the defamation claim.

Duplicative Billing

Courts "examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted).

Defendant identifies instances in which Alexander and others participated in the same client meetings, reviewed the same emails and documents, and prepared for and attended the same deposition and mediation. The Court finds the time billed by multiple lawyers was reasonable, except for time billed by multiple attorneys for attending the deposition of Brian Groven and the mediation. The Court awards Alexander fees for that time, but will exclude time billed by other lawyers at his firm for the same meetings.

Inter-Office Correspondence

Alexander billed 16.3 hours for services such as sending and reviewing emails, as well as discussions and meetings with lawyers and paralegals at the firm. Those activities total $15,485 at Alexander's billing rate. The Court acknowledges that interoffice communication is necessary, but an award of the total time Alexander billed for interoffice communication in this matter is unreasonable. Therefore, the Court reduces the award to $7,600, reflecting 8 hours for interoffice communication billed at $950 per hour.

Clerical Tasks

"Purely clerical or secretarial tasks should not be billed" at the rate of lawyers or paralegals, "regardless of who performs them[.]" *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).

Here, Alexander billed 0.3 hours to review his calendar. That is not legal work, and the Court reduces the fee award by 0.3 hours.

Appeal

Although the Ninth Circuit has not addressed this issue, the Eleventh Circuit has held that a district court is not permitted to award attorney's fees rendered for an appeal because the rules of the appellate court govern the award of fees on appeal. *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356-57 (11th Cir. 2009). Because the Ninth Circuit requires litigants to apply for fees through the procedures of Fed. R. App. P. 39-1.6, the Court finds Plaintiff is precluded from obtaining fees for work performed for an appeal.

Alexander billed 1.8 hours for services related to the appeal by Defendant. Accordingly, the Court reduces the billing hours of Alexander by 1.8 hours.

Therefore, the Court finds that the lodestar for Alexander's work is $280,250, reflecting 295 hours billed at a rate of $950.00 per hour.[2]

---

[2] The attorney's fee award includes Alexander's services on this case from its inception through trial, participation in discovery, and motion practice, reduced consistently with this order.

|   |   |   |
|---|---|---|
| 1 | **b.** | **Tracy Fehr** |

Tracy Fehr ("Fehr") billed 6.3 hours at a billing rate of $650 per hour. (Fehr Decl. at ¶¶ 10, 16.) Fehr's billing rate reflects her fifteen years of experience, specialty in employment law, and designation as a "Southern California 'Rising Star' by Super Lawyers Magazine." (*Id.* at ¶¶ 4-5, 9.) A court approved her billing rate of $595 per hour in 2018. (*Id.*, Ex. 4.) Defendant does not argue Fehr's billing rate is unreasonable. Therefore, the Court finds a billing rate of $650.00 per hour is reasonable for Fehr.

Fehr billed 3.8 hours for services rendered on this matter, including assisting with the motion for summary judgment and mediation. (Fehr Decl. at ¶ 15; *see also* Alexander Decl., Ex. 2.) Fehr billed 2.5 hours assisting in the pending appeal, which the Court excludes.

Accordingly, the Court finds that the lodestar for Fehr's work is $2,470, reflecting 3.8 hours billed at a rate of $650 per hour.

    **c.**  **Jessica Choi**

Jessica Choi ("Choi") billed 289 hours at an hourly rate of $350 per hour. (*See* Fee Motion at p. 16:1-9; *see also* Alexander Decl. at Ex. 2.) Choi has not filed a declaration in support of her motion for fees because she is no longer employed by Alexander Krakow & Glick, LLP, although the parties agree Choi would be a third-year associate if she continued with that firm. Plaintiff submits declarations from experienced attorneys who practice in the employment and civil rights law, who declare that a billing rate of $350 per hour is reasonable for a third-year associate. (*See* Gillam Decl. at ¶ 13; Desimone Decl. at ¶ 11; Feldman Decl. at ¶ 15.) Plaintiff submits no evidence reflecting the specialty or experience of Choi, and Choi billed significantly while she was a first-year associate, which requires additional supervision. Therefore, the Court finds a reduced billing rate of $250 per hour is reasonable.

The Court finds Choi billed 83.8 hours on work related to Plaintiff's unsuccessful defamation claim. Moreover, the Court finds Plaintiff's fees are duplicative regarding Choi's attendance at a client meeting at which Alexander was present, as well as multiple reviews of trial documents and emails. Duplicative fees total 2.2 hours. Additionally, the Court finds Choi billed 12.5 hours for inter-office correspondence and 0.2 hours for clerical tasks, which were unreasonable.

Accordingly, the Court finds a lodestar amount of $47,575 for Choi's work is reasonable, reflecting 190.3 hours billed at a $250 per hour billing rate.

### d. Britt L. Karp

Britt L. Karp ("Karp") billed 311 hours for services rendered in this case at a billing rate of $475 per hour. (Karp Decl. at ¶¶ 7, 12.) Karp's billing rate reflects her nine years of experience in litigation, and significant experience in trials and arbitration. (*Id.* at ¶¶ 3, 5-6.) Moreover, Karp attaches declarations filed in support of a motion for fees in California Superior Court and the Central District, which evidence that her billing rate is within the range of other firms in the community. Defendant does not dispute the reasonableness of Karp's billing rate. Accordingly, the Court finds Karp's billing rate of $475 per hour is reasonable.

The Court finds Karp billed 2.1 hours on work related to Plaintiff's unsuccessful defamation claim. Moreover, the Court finds Karp billed 10.7 hours in duplicative work, including attendance at a deposition and mediation in which Alexander was present, and 0.7 hours on clerical tasks, which was unreasonable. Additionally, Karp billed 2.7 hours on work related to an appeal, which the Court excludes.

Accordingly, the Court finds a lodestar amount of $140,030 for Karp's work is reasonable, reflecting 294.8 hours of work billed at a rate of $475 per hour.

####### e. Gustin Ham

Gustin Ham ("Ham") is an Office Manager at Alexander Krakow & Glick, LLP, who performs paralegal work. (Ham Decl. at ¶¶ 1, 4.) Ham bills at a rate of $210 per hour for paralegal work, and his rate of $195 per hour has been approved in three cases. (*Id.* at ¶¶ 5-6.) Plaintiff submits declarations from experienced attorneys who practice in the employment and civil rights law, who declare that this billing rate is reasonable. (*See* Gillam Decl. at ¶ 13; Desimone Decl. at ¶ 11; Feldman Decl. at ¶ 15.) Defendant does not dispute that this is a reasonable billing rate for an experienced paralegal. Accordingly, the Court finds Ham's billing rate of $210 per hour is reasonable.

Although the billing record reflects that Ham billed 50.6 hours for attending trial, Ham declares that he billed only 24.7 paralegal hours in this matter. (Ham Decl. at ¶ 9.) Defendant argues that Ham performed non-paralegal tasks at trial, but Ham's declaration indicates he helped to "prepare all of Plaintiff's exhibits for use at trial, coordinated with witnesses and managed the audio-visual presentation of all exhibits, videotaped deposition testimony, and Plaintiff's closing argument PowerPoint." (*Id.* at ¶ 7.)

The Court finds that reasonable paralegal fees in this action are $5,187, reflecting 24.7 hours billed at a reasonable rate of $210 per hour.

####### f. Natalie Khoury

Natalie Khoury ("Khoury") is a "law clerk" who billed 15.91 hours at a billing rate of $225, for a total of $3,580. Khoury has not filed a declaration explaining her billing rate, although Alexander declares he "is familiar with the rates charged for law clerks" and therefore "set a reasonable rate of $225 per hour for her." (Alexander Decl. at ¶ 29.) No other evidence supports her billing rate, nor does Plaintiff provide authority in which the services of a law clerk are recoverable on a motion for attorney's fees.

1 Therefore, the Court does not award fees based on the hours billed by
2 Khoury.
3 \* \* \* \* \* \*
4 Accordingly, the Court finds $475,512 in attorney's fees is reasonable in
5 this case.

6 **D.    The Court applies a multiplier of 1.1 in this case**
7 Plaintiff moves the Court to apply a multiplier of 2.0 to the fee award.  "In
8 appropriate cases, the district court may adjust the 'presumptively reasonable'
9 lodestar figure based upon the factors listed in [*Kerr*, 526 F.2d at 69-70]." *Cairns*
10 *v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir 2002) (citations omitted).
11 Courts "need not consider all twelve factors, but only those called into question by
12 the case at hand and necessary to support the reasonableness of the fee award."
13 *Kessler v. Assocs. Fin. Servs. Co. of Hawaii*, 639 F.2d 498, 500 n.1 (9th Cir. 1981).
14 Here, the *Kerr* factors do not support awarding Plaintiff a multiplier of 2.0.
15 Plaintiff argues a multiplier is justified because of the complexity of the claims and
16 the minimal loss suffered by Plaintiff.  The Court finds those factors are already
17 encompassed by the lodestar amount awarded to Plaintiff.  However, the Court
18 recognizes that Plaintiff's counsel worked on contingency and that the Title IX
19 retaliation claim is a novel theory on which he prevailed.
20 Accordingly, ==the Court applies a 1.1 multiplier== to the attorney's fee award.
21 The total award in attorney's fee, including a 1.1 multiplier, is $523,063.20.

22 **E.    Plaintiff is entitled to cover costs under Fed. R. Civ. P. 54(d)**
23 "It is well established that attorney's fees under 42 U.S.C. § 1988 include
24 reasonable out-of-pocket litigation expenses that would normally be charged to a
25 fee paying client, even if the court cannot tax these expenses as 'costs' under 28
26 U.S.C. § 1920." *Trustees of Cost. Indus. v. Redlands Ins. Co.*, 460 F.3d 1253,
27 1257 (9th Cir. 2006).
28

Plaintiff claims costs of $664.84 for fees related to service of process; $6,495.00 for depositions, and $400 for Clerk's Fees, totaling $7,559.84. Those items are taxable as costs under Local Rule 54-3, and Defendant does not dispute the costs.

Therefore, the Court awards $7,559.84 in costs.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's Relief Motion (Dkt. No. 233) and **GRANTS** Plaintiff's Fee Motion (Dkt. No. 214.) The Court awards $523,063.20 in attorney's fees and $7,559.84 in costs to Plaintiff against Defendant.

**IT IS SO ORDERED.**

DATED: October 28, 2020.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

CC:FISCAL