JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 11-0278-DOC(RNBx)                     Date:  October 23, 2014

Title: JOSE FLORES, ET AL. V. CITY OF WESTMINSTER, ET. AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR NEW TRIAL [254]; DENYING  DEFENDANTS' RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW [256] [257] [258] [259] [261]; GRANTING ATTORNEY FEES [253]; DENYING MOTION TO STRIKE DECLARATION OF ROBERT M. BRUNING [274]**

Before the Court are:
- Defendant City of Westminster's Motion for New Trial ("New Trial Mot.") (Dkt. 254);
- Defendant City of Westminster's Renewed Motion for Judgment as a Matter of Law (Dkt. 256);
- Defendant Mitchell Waller's Renewed Motion for Judgment as a Matter of Law (Dkt. 257);
- Defendant Andrew Hall's Renewed Motion for Judgment as a Matter of Law (Dkt. 258);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                     Date: October 23, 2014
                                                                  Page 2

- Defendant Kevin Baker's Renewed Motion for Judgment as a Matter of Law (Dkt. 259);
- Defendant Ron Coopman's Renewed Motion for Judgment as a Matter of Law (Dkt. 261);
- Plaintiffs' Motion for Attorney Fees, Expert Fees, and Costs ("Fees Mot.") (Dkt. 253); and
- Plaintiffs' Motion to Strike the Declaration of Robert M. Bruning (Dkt. 274).

The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the record and the papers, the Court DENIES the Motion for New Trial; DENIES the Renewed Motions for Judgment as a Matter of Law; and GRANTS the Motion for Attorney Fees.

## I.     BACKGROUND

This case arose from allegations by Plaintiffs Jose Flores, Ryan Reyes, and Brian Perez, three Westminster police officers of Latino descent, that the Defendant City of Westminster ("City") as well as current and former Westminster police chiefs Mitchell Waller, Andrew Hall, Ron Coopman, and Kevin Baker discriminated against them on the basis of race and national origin. Plaintiffs originally alleged causes of action against Defendants for violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, et seq.; 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Specifically, Plaintiffs allege that they were denied special assignments that could increase their chances of getting promoted. Plaintiffs Flores and Reyes also alleged that the Defendants retaliated against them for filing administrative complaints regarding the discrimination, in violation of 42 U.S.C § 1981 and Title VII. *See* Second Amended Complaint ("SAC") (Dkt. 35).

Trial began on February 20, 2014 and lasted 9 days. On March 3, 2014, Defendants filed motions for judgment as a matter of law. (Dkts. 178-182). The Court denied those motions. Order Denying Judgment as a Matter of Law, Mar. 6, 2014 (Dkt. 185).

Plaintiffs dismissed several claims before submitting the case to the jury. On March 6, 2014, after three days of deliberation, the eight-member jury unanimously found as follows on the remaining claims:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                          Date: October 23, 2014
                                                                   Page 3

    (1)        the City did not racially discriminate against Plaintiffs in violation of FEHA, Cal. Gov. Code §12940(a);

    (2)        the City retaliated against Plaintiff Flores, but not Plaintiff Reyes, in violation of FEHA, Cal. Gov. Code § 12940(h);

    (3)        the City did not racially discriminate against Plaintiffs in violation of 42 U.S.C. § 1981;

    (4)        Defendants Coopman and Hall racially discriminated against all three Plaintiffs in violation of 42 U.S.C. §1981, and Defendants Waller and Baker did not racially discriminate as to any plaintiff; and

    (5)        Defendants Coopman and Waller retaliated against Plaintiffs Flores and Reyes in violation of 42 U.S.C. § 1981, Chief Hall did not retaliate against any Plaintiff, and Chief Baker retaliated against Plaintiff Flores in violation of 42 U.S.C. § 1981.

    (6)        The jury awarded compensatory and punitive damages.

Following the verdict, Plaintiffs filed a proposed final judgment (Dkt. 239). The parties then engaged in several rounds of briefing regarding Defendants' objections to the proposed final judgment based on inconsistencies in the verdict form (Dkts. 242, 244, 245, 246). After considering those objections, the Court ordered final judgment for Plaintiffs. Order on Final Judgment After Jury Verdict, Aug. 11, 2014 ("Final Judgment Order") (Dkt. 247). In its order, the Court noted that the parties' objections to inconsistencies in a verdict form are normally brought in a motion for a new trial after judgment is entered. The Court's order stated, "The parties may incorporate their objections by reference in any subsequent motions for a new trial in order to preserve those objections, but should not further brief any issues raised in their filings up to this point." Final Judgment Order, at 2.

The instant motions were filed on August 28-29, 2014.

## II.   MOTION FOR A NEW TRIAL

### A. Legal Standard

Rule 59 provides that a new jury trial may be granted under certain conditions. Fed. R. Civ. P. 59(a).  Granting a new trial is left to the sound discretion of the trial court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                    Page 4

*See Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989). Bases for a new trial include: (1) a verdict against the clear weight of the evidence, *see Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987); (2) evidence, discovered after trial, that would not have been uncovered earlier through the exercise of due diligence and that is of such magnitude that its production at trial would likely have changed the outcome of the case, *see Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th Cir. 2001) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)); (3) jury misconduct, *see United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000); and (4) error in law that has substantially prejudiced a party, *see Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). Because the task of weighing conflicting evidence and making credibility determinations is the job of the jury and not the court, *Lucent Techs., Inc. v. Microsoft Corp.*, 837 F. Supp. 2d 1107, 1126 (S.D. Cal. 2011), it is expected that judges will grant motions for a new trial only when the judge has given full respect to the jury's findings but is left with the firm conviction that a mistake has been committed. *Landes*, 833 F.2d at 1371–72; *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

## B. Analysis

The Court addresses each of the Defendants' arguments for a new trial in turn.

### 1. Irreconcilable Special Verdict Findings

The parties incorporated by reference their arguments regarding the alleged irreconcilability of the jury's special verdict findings from their briefing on the proposed final judgment (Dkts. 239, 242, 244, 245, 246). The jury verdict form, which was agreed to by both parties, was not without problems. Final Judgment Order at 9-12. However, the Court already addressed these arguments in issuing its Final Judgment Order (Dkt. 247). For the same reasons, the Court declines to order a new trial on the ground of irreconcilable verdict findings.

### 2. Clear Weight of the Evidence

Defendants argue that they are entitled to a new trial because the jury verdict and awards were against the clear weight of the evidence and were irreconcilably inconsistent. Specifically, Defendants challenge the jury's verdict for (a) Plaintiff Flores on his FEHA retaliation claim against the City; (b) Plaintiffs on their § 1981 race discrimination claim against Defendants Coopman and Hall; and (c) Plaintiffs Flores and Reyes on their § 1981 retaliation claim against Defendants Coopman, Waller, and Baker.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                     Date: October 23, 2014
                                                            Page 5

Regarding the FEHA retaliation claim, Defendants argue that Flores failed to establish (1) that he suffered any adverse employment actions, (2) that his filing of an administrative complaint had anything to do with any of Defendants' actions toward him, or (3) that he was harmed. Regarding the other two claims, Defendants essentially argue that Plaintiffs' evidence regarding the individual Defendants' personal participation in racial discrimination and retaliation was too weak to justify the verdict. Relatedly, Defendants also argue that Plaintiffs failed to present evidence of malicious conduct by the individual Defendants to justify the punitive damages awards against them.

Having heard the evidence at trial and having considered the parties' briefs, the Court is not persuaded that the verdict regarding the above-listed claims was against the clear weight of the evidence. Thus, the Court declines to order a new trial on these grounds.

### 3.   Substantial Prejudice as a Result of Errors of Law

Defendants' third argument for a new trial is on the basis that Defendants were substantially prejudiced by errors of law, including the following:

### a.   Allowing the § 1981 claim to proceed to trial

In their Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint, Defendants argued that, because Plaintiffs hold their employment by statute and not by contract, their § 1981 claims must fail because § 1981 does not apply to them. The Court rejected that argument in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and to Strike Portions of Plaintiffs' Complaint, May 9, 2011 (Dkt. 13). For the same reasons outlined in its May 2011 Order, the Court finds that Defendants were not prejudiced by an error of law and declines to grant a new trial on this ground.

### b.   Allowing introduction of irrelevant and inflammatory evidence going back to 1996

Defendants filed a number of motions in limine to preclude claims and evidence that dated back to 1996, including (1) MIL No. 1 to Preclude Claims That Occurred Outside the Relevant Statute of Limitations Periods; (2) MIL No. 2 to Preclude Stray Comments; (3) MIL No. 7 to Preclude Richard Mize's Alleged Non-Professional Emails to Women and Involvement with Bar Employee and Officer Naranjo; (4) MIL No. 14 to Preclude Officer Turner's Involvement with Bar Employee; and (5) MIL No. 16 to Preclude Prior Discrimination Claim from 1997. (Dkts. 52, 53, 58, 65, 67). Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                    Page 6

argued then that the information was irrelevant, inadmissible hearsay, character evidence, unduly prejudicial, misleading, and/or a waste of time. The Court already considered Defendants' arguments when the Court denied those motions in limine. Order on Motions in Limine, Jan. 31, 2014 (Dkt. 151). The Court is not persuaded now that the Court's denial of those motions was legally erroneous. Thus, the Court declines to grant a new trial on this ground.

      **c.**   **Providing a USERRA instruction despite the fact that there was no USERRA claim in this case**

The Court read Jury Instruction No. 22 to the jury:

Military Leave

The Uniformed Services Employment and Reemployment Rights Act (USERRA) is a federal law that prohibits discrimination against service members and protects their job rights while in military service.

Under USERRA, a service member has the right to reemployment in the job position that the service member would have obtained with reasonable certainty if not for absence due to uniformed service. USERRA also requires that a service member be treated the same way that the employer treats other employees on leave or furlough. The rights protected by USERRA can include the right to be notified of an open job opportunity.

There is no USERRA claim before you, and you are not deciding any questions associated with USERRA. You should consider any evidence about whether Westminster notified Plaintiff Perez of open job opportunities only in terms of the stated race discrimination claims.

Jury Instruction No. 22, Mar. 6, 2014 (Dkt. 198).

Defendants argue that this instruction was legally improper and caused substantial prejudice to the Defendants because it created the impression that the City violated Plaintiff Perez's USERRA rights and resulted in the jury awarding Perez more punitive damages than Reyes even though Reyes had a retaliation claim and Perez did not. New Trial Mot. at 14-15. The fact that the jury awarded a greater amount of punitive damages to Perez than to Reyes by itself does not show that Defendants were substantially prejudiced by the USERRA instruction. Although Reyes had a retaliation claim and Perez

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                         Date: October 23, 2014
                                                         Page 7

did not, the jury could have found that the nature of Defendants' conduct toward Perez
was more egregious than the Defendants' conduct toward Reyes for reasons other than
Perez's military background, thus justifying the higher award for Perez. Thus, the Court
declines to grant a new trial on this ground.

### 4.   Punitive Damages

Defendants seek a new trial on the issue of damages on the grounds that the
punitive damages were the result of passion and prejudice, grossly excessive, and
oppressive. In the alternative, Defendants ask that the punitive damages be stricken or
reduced by remittitur. Specifically, Defendants ask that the Court grant Defendants'
motion for a new trial unless Plaintiffs accept a remittitur of all the punitive damage
awards or at least limiting Defendants Coopman and Hall's punitive damage awards to
$200,000 per Defendant (approximately one year's salary).

The Supreme Court set out three guideposts for determining whether punitive
damages are excessive in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574-85
(1996). Those three guideposts are (1) reprehensibility of conduct, *id.* at 575; (2) ratio of
the punitive damages award to the compensatory damages award, *id.* at 580; and (3) the
difference between the punitive damages award to the civil penalties authorized or
imposed in comparable cases, *id.* at 583.

To the extent that Defendants' arguments regarding passion and prejudice and
reprehensibility are based on the weight of the evidence regarding each individual
Defendant's individual participation or malicious behavior against the Plaintiffs, the
Court rejects these arguments for the same reasons described above.

Regarding the ratio between punitive and compensatory damages, the jury
awarded the following:

| Defendant | Plaintiff | Punitive Damages | Compensatory Damages | Ratio |
|-----------|-----------|------------------|----------------------|-------|
| Coopman | Flores | $396,000 | $218,000 | 2:1 |
| Coopman | Reyes | $176,000 | $40,000 | 4:1 |
| Coopman | Perez | $308,000 | $50,000 | 6:1 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                   Page 8

| Hall | Flores | $495,000 | $65,000 | 8:1 |
|------|--------|----------|---------|-----|
| Hall | Reyes | $220,000 | $45,000 | 5:1 |
| Hall | Perez | $385,000 | $100,000 | 4:1 |
| Baker | Flores | $49,500 | $42,000 | 1:1 |
| Baker | Reyes | $22,000[1] | N/A | N/A |
| Baker | Perez | $22,000[2] | N/A | N/A |
| Waller | Flores | $49,500 | $210,000 | 1:4 |
| Waller | Reyes | $22,000 | $185,000 | 1:8 |
| Waller | Perez | $38,500[3] | N/A | N/A |

Several of these awards are at or above a 4:1 ratio, which the Supreme Court has suggested "might be close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). However, the Supreme Court has also stated that there is no "bright-line ratio" between punitive and compensatory damages that precisely establishes when a punitive damages award crosses the constitutional line. *Id.* This is particularly so in cases like this one, given the context-sensitive nature of employment discrimination and given that it is difficult to put a monetary value on harm to a person's dignity and liberty. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 818 (9th Cir. 2001). It bears noting that the jury was properly instructed on the standard for setting the amount of punitive damages and that Defendants did not object to this instruction. *See* Jury Instruction No. 34, Mar. 6, 2014 (Dkt. 198); Defs.' Objections to Pls.' Separate Proposed Jury Instructions (Dkt. 172); RT, 03/03/14, Vol. I, 5:8-16. In this circumstance, the Court is reluctant to disturb the jury's weighing of the evidence that they heard and their ultimate decision with regard to the punitive damages awards. Having also listened to all of the evidence, the Court does not find the awards grossly excessive such that they violate the Constitution.

---

[1] This award was stricken by the Court. *See* Final Judgment Order, at 12-15.
[2] *Id.*
[3] *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                   Page 9

      With regard to oppressiveness, Defendants have cited no authority requiring the Court to consider a defendant's ability to pay in determining whether punitive damages are excessive, only an out-of-district case in which the court decided to do so. *See Kemp v. Ervin*, 651 F. Supp. 495, 506-08 (N.D. Ga. 1986). The Court is not inclined to do so here.

      Thus, the Court declines to order a new trial on the bases that punitive damages were the result of passion or prejudice, excessive, or oppressive.

### C. Conclusion

      In conclusion, the Court DENIES Defendants' motion for a new trial.

## III.    RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW

### A. Legal Standard

      If, after the evidence is closed, there is only one reasonable conclusion that a jury may reach, the Court may grant judgment as a matter of law ("JMOL") as to any claim or defense in issue. Fed. R. Civ. P. 50(a); *see also Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998). The standard for granting JMOL mirrors the standard for granting summary judgment. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). If there is substantial evidence to support a contention, the court may not grant a JMOL. *Watec Co. v. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005). Substantial evidence must be sufficient for reasonable minds to accept it as support for a conclusion, even when the evidence might also support a contrary conclusion. *George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992) (citing *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir.1987)). In making its determination, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).

      If the Court does not grant the relief and instead allows the case to go to the jury, a party may make a renewed motion for judgment as a matter of law ("RJMOL") within ten days after the entry of judgment. Fed. R. Civ. P. 50(b). A party cannot raise arguments in its RJMOL motion that it did not raise in its Rule 50(a) JMOL motion. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                     Date: October 23, 2014
                                                      Page 10

### B.  Analysis

Defendants raise a number of arguments in their RJMOL motions that were not raised in their original JMOL motions, including: (1) that Plaintiffs failed to show that the individual Defendants acted with malice, (2) that the jury did not make a finding of racial discrimination because the jury did not find that Defendants' reasons for their conduct were pretextual, (3) that Plaintiffs' § 1981 claims fail because they are employees by statute and not by contract; and (4) that punitive damages against Defendant Waller are inappropriate because he is deceased. Because arguments that were not raised in a JMOL motion cannot be raised in an RJMOL motion, the Court denies Defendants' RJMOL motions as to these arguments.

Defendant also properly "renewed" a number of arguments, including: (1) that Plaintiffs Flores and Reyes were no subject to adverse employment actions; (2) that Plaintiffs Flores's and Reyes's complaints against the department were not a substantial motivating factor in Defendants' conduct toward them; (3) that Plaintiffs failed to demonstrate personal participation by the individual Defendants in racial discrimination or retaliation; (4) that Plaintiffs Flores and Reyes never applied to be a sergeant and Perez applied once but failed the exam; (5) that Plaintiffs failed to show that it would have been futile to apply for special assignments; (6) that Plaintiffs failed to demonstrate that Defendants' reasons for their conduct was pretextual; and (7) that Plaintiffs' § 1981 claims were barred by the statute of limitations. Having considered the evidence presented at trial, the Court finds that there was substantial evidence to support the jury's findings and verdict. Thus, the Court denies Defendants' RJMOL motions as to these arguments.

### C.  Conclusion

Therefore, Defendants' RJMOL motions are DENIED in their entirety.

## IV.  MOTION FOR ATTORNEY FEES, EXPERT FEES, AND COSTS

### A.  Legal Standard

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorney's fee, including expert fees, as part of the costs to the prevailing party in any action to enforce 42 U.S.C. § 1981. 42 U.S.C. § 1988(b), (c). Under California Government Code § 12965(b), the Court may, in its discretion, grant a reasonable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                     Date: October 23, 2014
                                                     Page 11

attorney's fee and costs, including expert witness fees, to the prevailing party in an action
under the California Fair Employment and Housing Act.

A plaintiff is considered the prevailing party if it succeeds on any significant issue
in litigation which gives some benefit that plaintiff sought in bringing the suit. *Hensley v.
Eckerhart*, 461 U.S. 424, 433 (1983). To satisfy this requirement, the suit must have
produced a material alteration of the legal relationship between the parties. *Buckhannon
Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604
(2001). This alteration may be the result of an enforceable judgment. *Farrar v. Hobby*,
506 U.S. 103, 111 (1992).

In the Ninth Circuit, the customary method for determining a reasonable figure for
an attorney's fees award is the lodestar formula. A lodestar figure is calculated by
"multiplying the hours spent on a case by a reasonable hourly rate of compensation for
each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
478 U.S. 546, 563 (1986). "'In setting a reasonable attorney's fee, the district court
should make specific findings as to the rate and hours it has determined to be
reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank
Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989))

The lodestar figure is presumed to represent an appropriate fee, *see City of
Burlington v. Dague*, 505 U.S. 557, 562 (1992), but the Court may subsequently adjust
the figure upward or downward to take into account special factors. *Ballen v. City of
Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

**B. Analysis**

Plaintiffs seek attorney's fees totaling $4,863,701.25 ($3,242,467.50 lodestar x 1.5
multiplier) plus $40,028.49 in expert fees and $18,684.12 in costs. Defendants argue that
there is no justification for a multiplier and that, for various reasons, the lodestar should
be reduced to $2,523,503.50. The Court addresses each of Defendants' reasons below.

**1. Reasonable Hourly Rate**

**a. Legal Standard**

It is well-established that "a reasonable hourly rate is the rate prevailing in the
community for similar work performed by attorneys of comparable skill, experience, and
reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 12 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 81-6   Filed 04/25/25   Page 12 of 23
#:16481

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                          Date: October 23, 2014
                                                          Page 12

and internal quotation marks omitted). "'[R]easonable fees' under § 1988 are to be
calculated according to the prevailing market rates in the relevant community, regardless
of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465
U.S. 886, 895 (1984). The fee applicant can satisfactorily prove the prevailing rate using
affidavits from the plaintiffs' attorneys and other attorneys as well as rate determinations
in other cases, especially those setting a rate for the plaintiffs' attorneys. *United
Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

    **b.   Analysis**

    The parties submit that Plaintiffs' attorneys' reasonable hourly rates should be as
follows:

| Attorney/Staff | Year of Bar Admittance | Hourly Rate – Proposed by Plaintiffs | Hourly Rate – Proposed by Defendants |
|---|---|---|---|
| Bernard Alexander | 1987 | $750 | $675 |
| Victor Viramontes | 2001 | $625 | $525 |
| Martha L. Gomez | 2010 | $390 | $300 |
| Matthew Barragan | 2012 | $340 | $275 |
| Tracy L. Fehr | 2005 | $475 | $350 |
| Marvin Krakow | 1978 | $750 | $550 |
| Miranda Galindo | 2012 (grad) | $435 | $200 |
| Adriana Garcia | 2012 (grad) | $250 | $200 |
| Ana Mendoza | (law clerk) | $200 | $200 |
| Gustin Ham | (paralegal) | $175 | $175 |
| Juan Rodriguez | 2011 | $340 | N/A |

Fees Mot. at 12-13; Fees Opp'n at 22 n.12; Fees Reply at 15.

    Plaintiffs support their claimed rates with declarations from each of these
attorneys/staff, outlining each individual's educational background and legal work
experience. *See* Dkts. 253-2 to 253-5, 253-7 to 253-9, 273-1 to 273-24. In addition,
Plaintiffs filed declarations from James DeSimone, David deRubertis, Bill Lan Lee, and
Carol Sobel, experienced employment law and civil rights attorneys who have practiced
in Southern California. *See* Dkts. 253-10 to 253-13. Based in particular on the Sobel,
DeSimone, and DeRuberis declarations and the fee awards attached as exhibits, the Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                         Date: October 23, 2014
                                                         Page 13

finds that Plaintiffs' claimed hourly rates are on the high end but within the range of
reasonableness.

        The one exception is Galindo's rate. Like Garcia, Galindo had graduated from law
school but had not yet been admitted to the bar at the time that she worked on this case.
The only apparent explanation for her rate being $435/hour as opposed to $250/hour like
Garcia's, is that Galindo is formally employed by Fried, Frank, Harris, Shriver &
Jacobson LLP, a New York law firm. *Compare* Reply Declaration of Miranda Galindo in
Support of Fees Mot. (Dkt. 273-21) *with* Reply Declaration of Adriana Garcia in Support
of Fees Mot. (Dkt. 273-23). Even if $435/hour is the prevailing rate for law clerks in New
York, there is no evidence that that is the prevailing rate in Southern California. The
Court understands, moreover, the MALDEF Fried Frank Fellowship program in which
Galindo was participating is designed to allow fellows to participate in MALDEF
litigation. Thus, there is no basis here to argue that New York attorneys in general must
be awarded a higher fee in order to incentivize New York attorneys to take California
cases. The Court also notes that $435/hour is 30% higher than Barragan's and
Rodriguez's claimed rate of $340/hour. Barragan and Rodriguez graduated from law
school before Galindo and were admitted to the bar before they began working on this
case. *Compare* Hallihan Declaration (Dkt. 253-6) ¶ 3 *with* Declaration of Matthew J.
Barragan (Dkt. 253-5) ¶¶ 3-4 *and* Reply Decl. of Juan Rodriguez (Dkt. 273-19) ¶¶ 3-4.
Thus, the Court finds that a reasonable rate for Galindo, considering her level of
experience, skill, and reputation, is $250/hour.

        Defendants object that Plaintiffs' attorneys' rates are too high because Plaintiffs
are comparing themselves to the most expensive and renowned lawyers in the area rather
than estimating the market rate necessary to induce competent lawyers to undertake the
representation. Fee Opp'n at 21. Defendants' attorney fees expert Robert Bruning opines
based on his telephonic survey of seven Southern California employment law firms that
Plaintiffs' attorneys' hourly rates should be between $65-$200/hour lower. Declaration of
Robert M. Bruning in Opp'n to Fees Mot. (Dkt. 269) ¶ 17.[4] Although the Court

---

[4] Plaintiffs argue that Bruning's declaration should be stricken because (1) Bruning is not qualified to be an expert
under Federal Rule of Evidence 702 because he has no experience in complex civil rights litigation; (2) Bruning
provides erroneous legal opinions on questions of law that are reserved for the Court; and (3) Bruning's opinions
lack foundation because he insufficiently describes his methodology. Although Bruning may or may not have
represented plaintiffs, he has litigated civil rights cases as well as business, torts, and contracts cases for 37 years.
Bruning Decl. ¶ 3. Although Bruning's declaration does interpret the legal standard for attorney's fees, that is
somewhat inevitable as the legal standard impacts the methodology for calculating reasonable attorney's fees. The
Court gave no weight to the portions of Bruning's declaration that appeared to be merely an extension of
Defendants' brief. *E.g.*, *id.* ¶¶ 6-10. The Court also finds that Bruning has adequately described his methodology.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                   Page 14

appreciates the information provided by Bruning, the Court does not find Defendants'
argument persuasive enough to reduce Plaintiffs' attorneys' rates. Overall, Bruning's
survey reveals general information about the survey respondents' charged hourly rates for
"partners" or "senior associates," with some references to an individual comparator's
year of admittance to the bar, along with two cases in which Bruning had submitted
declarations. *Id.* ¶¶ 4, 16. In contrast, the declarations submitted by Plaintiffs contain a
wealth of information about each attorney, staff member, and comparator's experience,
reputation, and skill. They also include numerous past fee awards which demonstrate
actual rates awarded to some of the Plaintiffs' attorneys in this case and to their identified
comparators. *See, e.g.*, Declaration of J. Bernard Alexander, III in Support of Fees Mot.
(Dkt. 253-2) ¶¶ 41-43; Declaration of Carol Sobel in Support of Fees Mot. (Dkt. 253-13)
¶¶ 19, 21, 22, 33, 34. Although many of the cases used by Plaintiffs as comparators were
class action cases while this case was not a class action, this case was also complex,
involving a complicated fact pattern and with dozens of claims going to trial. Although
higher than the hourly rates charged by the employment law firms surveyed by Bruning,
the hourly rates proposed by Plaintiffs are on par with or below the reasonable rates
awarded in those cases.

    Thus, the Court finds that the Plaintiffs' claimed hourly rates are reasonable,
except that Galindo's reasonable rate is $250/hour.

### 2.  Reasonable Number of Hours

#### a.  Legal Standard

    The fee applicant carries the burden of submitting evidence in support of the
claimed hours. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). "Counsel for
the prevailing party should make a good faith effort to exclude from a fee request hours
that are excessive, redundant, or otherwise unnecessary . . . ."  *Hensley*, 461 U.S. at 434.
The opposing party has the burden of rebuttal, requiring submission of evidence
challenging the accuracy and reasonableness of the hours charged or facts asserted.
*Gates*, 987 F.2d at 1397-98.

#### b.  Analysis

---

*See id.* ¶¶ 5, 16. It appears to the Court that Plaintiffs' arguments mostly go to the weight that should be given to the
information in Bruning's declaration rather than to admissibility. Accordingly, the Court DENIES Plaintiffs' Motion
to Strike.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                             Date: October 23, 2014
                                                            Page 15

Plaintiffs submit that the following hours were reasonably expended in preparing
and litigating this case:

| Attorney/Staff | Hours | Hours Post-Trial | Total Hours[5] |
|---|---|---|---|
| Bernard Alexander | 634.8 | 2.1 | 636.9 |
| Victor Viramontes | 1341.1 | 71.6 | 1412.7 |
| Martha L. Gomez | 2856.3 | 82 | 2938.3 |
| Matthew Barragan | 1889.1 | 160.6 | 2049.7 |
| Tracy L. Fehr | 64.9 | 30.7 | 95.6 |
| Marvin Krakow | 16.4 | 0 | 16.4 |
| Miranda Galindo | 132.9 | 0 | 132.9 |
| Adriana Garcia | 115.5 | 0 | 115.5 |
| Ana Mendoza | 27.0 | 20.0 | 47.0 |
| Gustin Ham | 209.8 | 0 | 209.8 |
| Juan Rodriguez | 0 | 29.7 | 29.7 |

Defendants make a number of objections to the number of hours claimed by Plaintiffs.
The Court addresses each in turn.

### i.   Clerical Tasks

Defendants argue that Plaintiffs' attorney hours should be reduced by 7.9 hours for
clerical and administrative tasks. Plaintiff does not respond to this argument. The Court
has discretion to reduce claimed time for clerical tasks that should be part of normal
overhead. *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992)
*opinion vacated in part on denial of reh'g,* 984 F.2d 345 (9th Cir. 1993). The Court
agrees with Defendants that the time entries listed in Bruning Decl. Ex. N should be cut.
Since Defendants have not cited any support for the proposition that association of
counsel is a clerical task, the Court declines to discount the time entries in Bruning Decl.
Ex. O. Thus, the Court agrees that 4.3 hours should be cut from Barragan's hours and 1.5
hours should be cut from Gomez's hours.

### ii.   Time Spent on Separate State Court Matter

---

[5] This amount includes the hours spent on post-trial motions, which were claimed by Plaintiffs in their Reply. Fees
Reply at 15.

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 16 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 681-6   Filed 04/25/25   Page 16 of 23
#8168

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                        Date: October 23, 2014
                                                        Page 16

    Defendants argue that 0.8 hours spent by Viramontes and 6.7 hours spent by
Gomez assisting Plaintiff Perez in prosecuting a state court case should be cut. Plaintiffs
do not respond to this argument. The Court agrees with Defendants that this time should
be cut, as it does not appear that the state court matter was directly related to this case.

### iii.      Overstaffing and Duplication of Efforts

    Defendants argue that Plaintiffs' attorneys' hours should be reduced for
overstaffing and duplication of efforts. Specifically, Defendants object to Plaintiffs'
attorneys unnecessarily having more than one attorney attend depositions, mediation,
court hearings, and trial. Defendants also object to Plaintiffs' attorneys spending
excessive amounts of time preparing for mediation and drafting a mediation brief,
preparing for deposition, preparing deposition summaries, and preparing demonstrative
and trial exhibits. Fees Opp'n at 18.

    The Court does not find it unreasonable for two attorneys to attend the same
deposition, particularly in a complex case like this one. The Court also notes that
Viramontes and Gomez conducted most of the depositions on their own and only served
as second-chair for one another in a relatively small percentage of the total hours spent in
deposition. *See* Reply Declaration of Victor Viramontes in Support of Fees Mot.
("Viramontes Reply Decl.") (Dkt. 273-8) ¶ 7.

    The Court also does not find it unreasonable in this case for Gomez and Barragan
to attend mediation and court hearings with Viramontes and Alexander. Given the
duration of the mediation and hearings, they appeared to have been contentious. *See*
Bruning Decl. Ex. H (listing, among others, time entries for two-day final pretrial
conference and five-hour mediation). Since Gomez and Barragan were immersed in the
case, it was reasonable for them to be in attendance at the mediation and at the hearings,
particularly at the hearings immediately leading up to trial.

    Regarding trial attendance, the Court does not find it unreasonable for Gomez and
Barragan to attend the trial, as they had spent many pre-trial hours deposing witnesses
and preparing trial exhibits and assisted Viramontes and Alexander in running the trial.
The Court is not persuaded that the hours spent in court during jury deliberations should
be cut. Even if hours spent during jury deliberations are uneventful in hindsight, there is
no way to know at the time if the jury will have questions (as the jury did in this case, *see*
Jury Notes #1-5 (Dkts. 191-195)), when the jury will reach a verdict, or any other number
of events might occur that will require the attorneys to spring into action. The Court does
agree with Defendants that it is unclear what role Mendoza, a law clerk, played at closing

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 17 of 23   Page ID
#:6169
Case 1:21-cv-00378-KES-CDB   Document 81-6   Filed 04/25/25   Page 17 of 23

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                                    Date: October 23, 2014
                                                                   Page 17

arguments. *See* Bruning Decl. ¶ 40. Thus, the Court will cut the 5 hours spent by
Mendoza.

Defendants object to the 693.5 hours spent by Plaintiffs' attorneys preparing for
mediation and drafting a mediation brief. In Bruning's opinion, those hours should be
reduced to no more than 80 hours by Gomez and 20 hours by Viramontes. Bruning Decl.
¶¶ 42-43. Plaintiffs respond that the hours spent on preparing the very long and
comprehensive mediation brief constituted a large part of trial preparation because it
involved reviewing the evidence and consolidating vast amounts of information into a
single brief, which contained succinct summaries of the evidence supporting Plaintiffs'
claims. Plaintiffs argue that, had they not spent those hours on the mediation brief, they
would have claimed more hours for trial preparation. Viramontes Reply Decl. 8-9. Not
having seen the mediation brief, the Court cannot judge for itself its comprehensiveness.
However, both sides agree this was a document-heavy case. Bruning Decl. ¶ 22. The
Court also notes there was no motion for summary judgment in this matter nor have
Defendants identified an inordinate amount of time spent on doing a similarly
comprehensive analysis of the evidence, suggesting that the time spent preparing for
mediation was indeed the main period during which Plaintiffs put together their case. In
this circumstance, the Court declines to reduce Plaintiffs' hours on mediation preparation.

Defendants argue that the attorney hours spent preparing deposition summaries
should be reduced to the paralegal rate because such tasks could have been done by a
paralegal. Fees Opp'n at 18; Bruning Decl. ¶¶ 44-45. Plaintiffs' general response is that
MALDEF does not employ paralegals and that AKG's paralegal Ham is only trained on
some aspects of paralegal work. Reply at 7-8. Since Ham did 82.5 hours of deposition
summaries, Bruning Decl. ¶ 44, Ham was trained to do this type of task and could have
been assigned more. The Court has no desire to tell the attorneys which tasks they should
and should not do or who they need to hire. However, without further explanation for
why attorneys had to write the deposition summaries when they could have been done by
a paralegal, it is unreasonable to charge an attorney's rate for that work, even if it was
done by an attorney. Thus, the Court will reduce the rate for the 124.5 attorney hours
spent on deposition summaries to the paralegal rate of $175/hour.

Defendants argue that the 496.6 hours billed by Barragan in reviewing documents
and preparing for 30 depositions was duplicative because Gomez and Viramontes, who
actually took the depositions, also spent 453.1 and 226 hours, respectively, preparing for
those depositions. Fees Opp'n at 18; Bruning Decl. ¶¶ 46-48. Having three attorneys
collectively spend an average of 39 hours to prepare for each deposition is generous.

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 18 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 81-6   Filed 04/25/25   Page 18 of 23
#:61708

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                     Page 18

Given that MALDEF does not employ paralegals, the Court is inclined to assume that
Barragan's tasks did include tasks that a paralegal could have done or were unnecessarily
duplicative. Thus, the Court will cut Barragan's hours by 15% or 74 hours.

Defendants also argue that Plaintiffs' attorneys spent excessive amounts of time
preparing demonstrative and trial evidence. Fees Opp'n at 18. Bruning opines that Gomez
and Barragan should have spent no more than 80 hours on demonstrative and trial
evidence, respectively, although he finds the number of hours spent by lead counsel
Viramontes and Alexander and paralegal Ham to be reasonable. Bruning Decl. ¶¶ 51-53.
Given that Defendants have cited no persuasive support for their contention that 80 hours
is sufficient and given that this case involved an extensive exhibit list, the Court declines
to make the cuts requested by Defendants.

### iv.    Vague Billing

Defendants also argue that Plaintiffs' hours should be reduced for vague billing.
Plaintiffs did not respond to this argument. Fees Opp'n at 16-17. The Court agrees for the
most part, except for the entries dated 4/25/2012, 12/11/2012, 2/28/2013, 10/24/2013,
12/2/2013, and 7/17/2014. *See* Bruning Decl. Ex. M. Thus, the Court reduces Plaintiffs'
claimed hours as follows: 0.5 hour from Garcia; 0.8 hour from Barragan; 69.5 from
Gomez; and 1.1 hours from Viramontes.

### 3.    Conclusion re: Lodestar Calculation

In summary, the Court finds the following lodestar calculation appropriate:

| Attorney/Staff | Hourly Rate | Total Hours Spent[6] | Amount |
|---|---|---|---|
| Bernard Alexander | $750 | 535.9 | $401,925.00 |
|  | $175 | 101 | $17,675.00 |
| Victor Viramontes | $625 | 1411.9 | $882,437.50 |
| Martha L. Gomez | $390 | 2919.6 | $1,138,644.00 |
|  | $175 | 10.5 | $1,837.50 |
| Matthew Barragan | $340 | 1958.4 | $665,856.00 |
|  | $175 | 13 | $2,275.00 |
| Tracy L. Fehr | $475 | 95.6 | $45,410.00 |

---

[6] This amount includes the hours spent on post-trial motions, which were claimed by Plaintiffs in their Reply. Reply
at 15.

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 19 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 181-6   Filed 04/25/25   Page 19 of 23
#8471

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                    Date: October 23, 2014
                                                   Page 19

| Marvin Krakow | $750 | 16.4 | $12,300.00 |
|---|---|---|---|
| Miranda Galindo | $250 | 132.9 | $33,225.00 |
| Adriana Garcia | $250 | 115.5 | $28,875.00 |
| Ana Mendoza | $200 | 42.0 | $8,400.00 |
| Gustin Ham | $175 | 209.8 | $36,715.00 |
| Juan Rodriguez | $340 | 29.7 | $10,098.00 |
| **TOTAL** | | | **$3,285,673.00** |

## 4.   Lodestar Adjustment for Partial Success

### a.   Legal Standard

If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436. To determine whether the lodestar should be reduced to account for a plaintiff's only partial success, courts must apply a two-part analysis. First, a court should ask first whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* at 434. To assess whether one claim is related to another, a court should consider whether the relief sought for the unsuccessful claim was "intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (citation and internal quotation marks omitted). Courts also consider whether the claims are based on different facts and legal theories. If the claims are related, the court should proceed to the second part of the test, which asks whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37.

### b.   Analysis

Plaintiffs succeeded on some claims but not others, as shown in the chart below. The parties dispute whether the Court should reduce Plaintiffs' lodestar calculation because of Plaintiffs' failure on some claims.

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 20 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 281-6   Filed 04/25/25   Page 20 of 23
#8172

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                          Date: October 23, 2014
                                                          Page 20

|                                                  | Flores    | Reyes     | Perez     |
|--------------------------------------------------|-----------|-----------|-----------|
| FEHA discrimination claim against City           | Failed    | Failed    | Failed    |
| FEHA retaliation claim against City              | Succeeded | Failed    | N/A       |
| § 1981 discrimination claim against City         | Failed    | Failed    | Failed    |
|                                                  |           |           |           |
| § 1981 discrimination claim against Coopman      | Succeeded | Succeeded | Succeeded |
| § 1981 discrimination claim against Waller       | Failed    | Failed    | Failed    |
| § 1981 discrimination claim against Hall         | Succeeded | Succeeded | Succeeded |
| § 1981 discrimination claim against Baker        | Failed    | Failed    | Failed    |
|                                                  |           |           |           |
| § 1981 retaliation claim against Coopman         | Succeeded | Succeeded | N/A       |
| § 1981 retaliation claim against Waller          | Succeeded | Succeeded | N/A       |
| § 1981 retaliation claim against Hall            | Failed    | Failed    | N/A       |
| § 1981 retaliation claim against Baker           | Succeeded | Failed    | N/A       |

        Here, the claims on which each Plaintiff failed was related to the claims on which
he succeeded. Flores and Reyes both failed on their retaliation claims against some
Defendants but succeeded against others. All three Plaintiffs failed on their racial
discrimination claims against some Defendants but succeeded against others. The
retaliation and discrimination claims have different elements; the claims against the City
also have slightly different elements than the claims against the individual Defendants;
and the facts regarding each of the parties were somewhat different. However, those
differences are not enough to make the claims unrelated for attorney fee purposes

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 21 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 381-6   Filed 04/25/25   Page 21 of 23
#8673

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                     Date: October 23, 2014
                                                     Page 21

because the claims all arose from a common core of facts and some from related legal
theories.

As to the second part of the *Hensley* test, the Court declines to reduce the lodestar
on the ground of Plaintiffs' limited success. Collectively, Plaintiffs succeeded on 11 of 28
claims. Each Plaintiff succeeded against multiple Defendants. Each Defendant was found
liable for at least one claim. The jury awarded Plaintiffs over $3 million in compensatory
and punitive damages. Although Plaintiffs did not achieve a perfect record, they did
achieve "excellent results" in their impact litigation, which justifies including their work
on related successful and unsuccessful claims in the lodestar calculation. *See Thorne*, 802
F.2d at 1141.

### 5. Lodestar Multiplier

#### a. Legal Standard

Under both state and federal law, the trial court "is not *required* to . . . [but] retains
discretion to" apply a multiplier to the lodestar figure after considering certain factors
specific to the lawsuit. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-34 (2001); *see also
Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) ("[I]n appropriate
cases, the district court *may* adjust the 'presumptively reasonable' lodestar figure based
upon the factors listed in *Kerr v. Screen Extras Guild, Inc.* . . .") (quoting *Intel Corp. v.
Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). Under both state and federal law,
"the party seeking a fee enhancement bears the burden of proof." *Ketchum*, 24 Cal. 4th at
1138; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

In considering whether the lodestar figure should be adjusted, the trial court
considers factors specific to the case. *Ketchum*, 24 Cal. 4th at 1134; *Cairns*, 292 F.3d at
1158 (citing *Kessler v. Assocs. Fin. Servs. Co. of Hawaii*, 639 F.2d 498, 500 n.1 (9th Cir.
1981)). These factors include but are not limited to whether the litigation precluded other
employment by the attorneys, the novelty and difficulty of the questions involved, the
skill displayed in presenting them, the results obtained, the experience of the attorney,
and the undesirability of the case. *See Ketchum*, 24 Cal. 4th at 1132; *Ballen v. City of
Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (federal courts look at twelve *Kerr* factors).

At the same time, however, under both state and federal law, the trial court should
not consider factors that have already been considered in calculating the lodestar figure.
*See Ketchum*, 24 Cal. 4th at 1138; *Morales v. City of San Rafael*, 96 F.3d 359, 363-64
(9th Cir. 1996), *opinion amended on denial of reh'g,* 108 F.3d 981 (9th Cir. 1997).

Case 8:11-cv-00278-DOC-RNB  Document 284  Filed 10/23/14  Page 22 of 23  Page ID
Case 1:21-cv-00378-KES-CDB  Document 417-6  Filed 04/25/25  Page 22 of 23
#:8174

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-0278 DOC (RNBx)                          Date: October 23, 2014
                                                          Page 22

Factors that are often subsumed in calculating the lodestar figure include "the novelty and complexity of a case," or "the quality of an attorney's performance," *Perdue,* 559 U.S. at 553; *Ketchum*, 24 Cal. 4th at 1138-39, and the results obtained, *see Blum v. Stenson*, 465 U.S. 886, 900 (1984). After the U.S. Supreme Court opinion *City of Burlington v. Dague*, consideration of contingency risk is still permitted under California law but are disallowed under federal fee-shifting statutes like 42 U.S.C. § 1988 because an enhancement for contingency likely duplicates factors subsumed in the lodestar. *Compare Ketchum*, 24 Cal. 4th at 1138 ("[T]he purpose of a fee enhancement is primarily to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in contingency cases as a class.") *with City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) *and Davis*, 976 F.2d at 1549 (holding that *Dague* constitutes an outright rejection of contingency as a factor in calculating or adjusting the lodestar figure).

    **b.  Analysis**

Plaintiffs seek a 1.5 multiplier on their lodestar (excluding time spent on post-trial motions) based on (1) contingency risk; (2) preclusion of other work; (3) difficulty of the issues and skill displayed in presenting them; and (4) results obtained. Fees Mot. at 20-22. The Court declines to grant Plaintiffs a multiplier.

Regarding the contingency risk, the Court can only consider contingency risk as to the single state law claim on which Plaintiffs prevailed, the FEHA retaliation claim by Plaintiff Flores against the City. However, it is impossible for the Court to separate out hours spent on the state law claim versus the federal claims because the state law claim arose from the same set of facts as the federal claims and neither party treated them as distinct. Since the burden is on Plaintiffs to justify the multiplier and Plaintiffs have not identified the number of hours on which a contingency risk-based multiplier could be applied, the Court is not inclined to grant a multiplier based on contingency risk.

As to preclusion of other work, Plaintiffs have not identified other work that they gave up in order to prosecute this case.

As for the difficulty of the issues and skill displayed in presenting them, the Court already accounted for these factors in finding reasonable a higher hourly rate and a higher number of hours than would be necessary in a less complex case or a case with an untimed trial.

With regard to the results obtained, the Court found that the results obtained were excellent enough not to justify a downward adjustment on the lodestar. However, the

Case 8:11-cv-00278-DOC-RNB   Document 284   Filed 10/23/14   Page 23 of 23   Page ID
Case 1:21-cv-00378-KES-CDB   Document 175-6   Filed 04/25/25   Page 23 of 23
#617581

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0278 DOC (RNBx)                              Date: October 23, 2014
                                                             Page 23

results were not so excellent as to justify an upward adjustment. Although Plaintiffs
largely accomplished their goal of making an impact on the Westminster Police
Department with this impact litigation, the Court notes that Plaintiffs lost on 15 out of the
28 claims that went to trial and that the City itself was only found liable on one claim by
one Plaintiff. Moreover, the jury verdict form, which was agreed to by both parties, was
not without problems. Final Judgment Order at 9-12.

      For these reasons, the Court declines to grant a multiplier.

**6.  Expert Fees and Costs**

      Plaintiffs request $40,028.49 in expert fees and $18,684.12 in costs. Defendants do
not oppose these amounts. The requested fees and costs appearing reasonable, the Court
grants Plaintiffs' request for expert fees and costs.

**V.    DISPOSITION**

      For the reasons stated above, the Court DENIES Defendants' Motion for a New
Trial and their Renewed Motions for Judgment as a Matter of Law. The Court GRANTS
the following fees and costs: $3,285,673.00 in attorney fees, $40,028.49 in expert fees,
and $18,684.12 in costs.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                       Initials of Deputy Clerk:  djg