LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for Plaintiffs,*
*R.L., M.L., H.L. and A.W.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN and JASON AYALA,<br><br>Defendants.<br><br>R.L., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN and JASON AYALA,<br><br>Defendants. | Case No.1:21−cv−00378-KES-CDB<br><br>*Assigned to*:<br>Hon. District Judge Kirk E. Sherriff<br>Hon. Magistrate Judge Charles D. Breyer<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF ALL PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A NEW TRIAL AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. 165 & 166)**<br><br>Date:   June 16, 2025<br>Time:   1:30 p.m.<br>Dept:   Courtroom 6 |

# DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Eastern District of California. I am an attorney of record for Plaintiffs R.L., M.L, H.L. and A.W. in the instant action. I make this declaration in support of all Plaintiffs' Opposition to Defendants' Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Attached hereto as "**Exhibit 1**" is a true and correct copy of the relevant portions of the reporter's transcript of Day 1 of the jury trial in this matter, which took place on Tuesday, March 11, 2025.

3. Attached hereto as "**Exhibit 2**" is a true and correct copy of the relevant portions of the reporter's transcript of Day 2 of the jury trial in this matter, which took place on Wednesday, March 12, 2025.

4. Attached hereto as "**Exhibit 3**" is a true and correct copy of the relevant portions of the reporter's transcript of Day 3 of the jury trial in this matter, which took place on Thursday, March 13, 2025.

5. Attached hereto as "**Exhibit 4**" is a true and correct copy of the relevant portions of the reporter's transcript of Day 4 of the jury trial in this matter, which took place on Friday, March 14, 2025.

6. Attached hereto as "**Exhibit 5**" is a true and correct copy of the relevant portions of the reporter's transcript of Day 5 of the jury trial in this matter, which took place on Tuesday, March 18, 2025.

7. Attached hereto as "**Exhibit 6**" is a true and correct copy of the relevant portions of the reporter's transcript of the Pretrial Conference and Motions in Limine Hearing, which took place on March 3, 2025.

8. Attached hereto as "**Exhibit 7**" is a true and correct copy of the Special Verdict in the case *Murillo v. City of Los Angeles*, No. 21-cv-08738-FMO-AGR. In

*Murillo*, the medical examiner testified that the decedent was struck by gunshots and died within minutes.

9. Attached hereto as "**Exhibit 8**" is a true and correct copy of the Special Verdict in the case *French v. City of Los Angeles, et al.*, Case No. 20-cv-00416-JGB-SP. In *French*, the evidence showed that the decedent died at the scene almost immediately after he was struck by shots.

10. Attached hereto as "**Exhibit 9**" is a true and correct copy of the Special Verdict in the case *Archibald v. County of San Bernardino,* Case No.: 5:16-cv-01128-AB-SP.

11. Attached hereto as "**Exhibit 10**" is a true and correct copy of the Special Verdict in the case *Salgado v. Ponder*, Case No. 18-cv-00762-DMG-SP. A reasonable assumption is that the $10 million survival damage award in *Najera* included approximately $5 million for the decedent's pre-death pain and suffering, where although he did not survive for a significant period of time after the shooting, he was a 32-year-old semi-homeless laborer.

12. Attached hereto as "**Exhibit 11**" is a true and correct copy of the Special Verdict, Phase II, in the case *Valenzuela v. City of Anaheim*, Case No. 17-cv-00278-CJC-DFM.

13. Attached hereto as "**Exhibit 12**" is a true and correct copy of the Verdict in the case *Zelaya v. City of Los Angeles*, Case No. 20-cv-08382-ODW. In *Zelaya*, the one plaintiff had not seen her father, the decedent, for over ten years.

14. Attached hereto as "**Exhibit 13**" is a true and correct copy of the Special Verdict in the case *Alves v. Riverside County, et al.*, Case No. 5:19-CV-02083-JGB.

15. Attached hereto as "**Exhibit 14**" is a true and correct copy of the Special Verdict in the case *Dajyne G., et al. v. Culver City,* Case No. 10-cv-09497-MWF-MAN.

16. Attached hereto as "**Exhibit 15**" is a true and correct copy of the Special Verdict in the case *L.D. v. City of Los Angeles, et al.*, Case No. 2:16-cv-04626-PSG-SK. In L.D., the jury awarded $2 million in wrongful death damages to the daughter of the

1  decedent, who was not even born at the time that her father was shot and killed.

2      17. Attached hereto as "**Exhibit 16**" is a true and correct copy of the Verdict in

3  the case *Rose v. County of Sacramento, et al.*, Case No. 2:13-cv-01339-TLN-EFB.

4      18. Attached hereto as "**Exhibit 17**" is a true and correct copy of the Special

5  Verdict in the case *R.S., et al. v. City of Long Beach,* Case No. 11-cv-00536-AG-RNB.

6      19. Based on Plaintiffs' counsel Dale Galipo's experience in trying over 50

7  wrongful death cases in federal court, federal courts routinely allow a separate line for

8  each plaintiff on the verdict form.

9      I declare under penalty of perjury under the laws of the United States of America

10 that the foregoing is true and correct, and that this was executed on this 2nd day of May,

11 2025 at Woodland Hills, California.

                           s/ *Renee V. Masongsong*
                         _____
                            Renee V. Masongsong