| | |
|---|---|
| James D. Weakley, Esq. (SBN 082853)<br>Brande L. Gustafson, Esq. (SBN 267130)<br>**WEAKLEY & ARENDT**<br>A Professional Corporation<br>5200 N. Palm Avenue, Suite 211<br>Fresno, California 93704<br>Telephone: (559) 221-5256<br>Facsimile: (559) 221-5262<br>Jim@walaw-fresno.com<br>Brande@walaw-fresno.com | MARGO A. RAISON, COUNTY COUNSEL<br>Kimberly L. Marshall, Deputy (SBN 186838)<br>Andrew C. Hamilton, Deputy (SBN 299877)<br>Kern County Administrative Center<br>1115 Truxtun Avenue, Fourth Floor<br>Bakersfield, CA 93301<br>Telephone: (661) 868-3800<br>Facsimile: (661) 868-3805<br>ahamilton@kerncounty.com<br>marshallkim@kercounty.com |
| Attorneys for Defendant, Deputy Jason Ayala | Attorneys for Defendant County of Kern |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>   Plaintiff,<br><br>vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>   Defendant. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No.*<br>*1:21–CV–01352–DAD–JLT*<br><br>**DECLARATION OF ELSA MARTINEZ IN SUPPORT OF DEFENDANTS' MOTION TO STAY ENFORCMENT OF JUDGMENT AND WAIVE BOND** |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickél Lewis Sr.,<br><br>   Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>   Defendants. | Date: June 16, 2025<br>Time: 1:30 p.m.<br>Ctrm: 6 (7th Floor)<br>Judge: Hon. District Judge Kirk E. Sherriff |

///

///

---

1

Decl. of Elsa Martinez in Support of Defendants' Motion to Stay Enforcement of Judgment and Waive Bond

I, Elsa Martinez, declare as follows:

1. I am the Assistant Chief Administrative Officer for Defendant County of Kern ("County"). I give this declaration in support of Defendants' Motion to Stay Enforcement of Judgment and Waive Bond. I have personal knowledge of the facts described within and if called to testify, would testify as follows.

2. I currently serve as the Assistant Chief Administrative Officer. Prior to serving in this position, I served as the Chief Financial Officer for the County of Kern as well as other fiscal positions for over 24 years.

3. The Assistant Chief Administrative Officer plays a key role in supporting the County Administrative Officer, overseeing the preparation, adoption, and management of the County's $4.4 billion budget. This position ensures that various county departments align with the Board's directives and policies, facilitating coordinated efforts for effective governance. The County Administrative Office is responsible for monitoring the County's financial health, preparing and administering the annual budget, and managing all County debt issuance. Additionally, this office leads or directs special projects and conducts analyses on complex and sensitive public policy issues. Beyond policy and fiscal responsibilities, the Assistant County Administrative Officer provides operational support to county departments and agencies while also sharing oversight of the County Administrator's Budget and Finance team, led by the County Budget and Finance Director.

4. Under the current County Budget, for Fiscal Year 2024-25 budget (i.e., from July 1, 2024 to June 30, 2025), the County is projected to receive approximately $4.4 billion in revenue to all County funds. However, only a small fraction of that total is discretionary, meaning that is the amount of revenue that is not by law committed as usable only for designated purposes.

5. When preparing its annual budget, the Risk Management Division of the Office of County Counsel develops the budget for the County's self-insurance program and sets premium rates for each of the County departments. These premium rates are paid by each of the County Departments each year to cover future general liability costs. This self-insurance

1 program is designed to address the County's legal liability for damages and oversee insurance-
2 related activities. The estimated retained earnings balance as of June 30, 2025 is $19 million.

3     6.    I understand that following a jury trial in this action, that a judgment of $30.5
4 million was entered against Defendants in March 2025. I am advised that plaintiffs have also
5 sought attorney's fees and costs in the amount of about $3.9 million. Although I am advised that
6 the Defendants are contesting the plaintiffs' entitlement to that full amount of costs and fees, I
7 will assume for the sake of this declaration that the requested $3.9 million would be added to
8 the Judgment the Defendants are challenging through post-trial motions and appeal, where
9 necessary.

10     7.    I am advised that should Defendants not prevail on their post-trial motions, the
11 Ninth Circuit Court of Appeals would not likely decide the Defendants' appeal in this case until
12 late 2026 or the Spring of 2027. I am further advised that if the County is unsuccessful in its
13 appeal, it could file a petition for certiorari to the United States Supreme Court, and the process
14 for requesting such review could extend the case until late 2027 or even into 2028. I understand,
15 therefore, that the Defendants' pursuit of its post-trial motions, and if necessary appeal or
16 Supreme Court review could take place over three fiscal years (2025-26, 2026-27, and 2027-
17 28).

18     8.    The County has sufficient financial resources to cover the settlement obligation,
19 with excess insurance anticipated to cover $12.5 million, thereby leaving the County
20 responsible for $21.9 million. Although the self-insurance fund has the capacity to cover this
21 amount, using these funds at this time would have financial implications for County programs
22 and services. Premium rates for Fiscal Year 2025-26 have been established, distributing costs
23 across County departments. If needed, the County can utilize Budget Stabilization reserves to
24 cover the one-time motion for attorney fees, to ensure minimal disruption to departmental
25 operations.

26     11.    While the self-insurance fund is available for these expenses, immediate use
27 before the final judgment would necessitate revised increased premiums to replenish reserves,
28 leading to significant reductions in funding across all County departments for existing programs

and services.

12. Any premiums the Defendants would incur to post a bond during the pendency of the Defendants' post-trial motions, and where necessary appeal, would place further strain on the self-insurance reserve. As a result, departments would face increased premium payment obligations the following years, potentially impacting their overall budgets. This added financial overall cost could require adjustments to departments' budgets, which would likely impact programs and services, to maintain appropriate self-insurance reserves.

13. The County's Issuer ratings from the various companies that rate government debt are as follows: Moody's Aa3, which has been unchanged since September 2017.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed in Bakersfield, California on May 12, 2025.

*/s/ Elsa Martinez*
Elsa Martinez