1   James D. Weakley, Esq.    Bar No. 082853
    Brande L. Gustafson, Esq.    Bar No. 267130
2   **WEAKLEY & ARENDT**
    A Professional Corporation
3   5200 N. Palm Avenue, Suite 211
    Fresno, California 93704
4   Telephone:  (559) 221-5256
    Facsimile:  (559) 221-5262
5   Jim@walaw-fresno.com
    Brande@walaw-fresno.com
6
    Attorneys for Defendant, Deputy Jason Ayala
7
                    **UNITED STATES DISTRICT COURT**
8
              **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

10  MICKEL ERICK LEWIS JR., individually         Case No. 1:21-CV-00378-KES-CDB
    and as successor-in-interest to MICKEL E.    *Consolidated with Case No.*
11  LEWIS, SR., ORIONA LEWIS; and                *1:21−CV−01352−DAD−JLT*
    BRIONA LEWIS, individually and as
12  successor-in-interest,                       **DEFENDANTS' OPPOSITION TO**
                                                 **PLAINTIFFS' MOTION FOR**
13                      Plaintiff,               **ATTORNEYS' FEES AND COSTS**

14              vs.

15  KERN COUNTY, Deputy JASON AYALA,
    and DOES 1-20, inclusive,
16
                        Defendant.
17
    ──────────────────────────────────
18  R.L., M.L., and H.L., minors, by and through
    guardian *ad litem* Roberta Haro, individually
19  and as successors in interest to Michel Lewis    Date: June 16, 2025
    Sr., deceased; A.W., a minor, by and through     Time: 1:30 p.m.
20  her guardian *ad litem* Alisha White,            Ctrm: 6 (7th Floor)
    individually and as a successor in interest to   Judge: Hon. District Judge Kirk E. Sherriff
21  Michel Lewis Sr., deceased; ALISHA
    WHITE, individually and as a successor in
22  interest to Mickel Lewis Sr.,
23                      Plaintiffs,
                vs.
24
25  COUNTY OF KERN; JASON AYALA; and
    DOES 1-10, inclusive,
26                      Defendants.

27  / / /

28  / / /

Defendants County of Kern ("County")—erroneously sued as Kern County—and Deputy Jason Ayala ("Deputy Ayala") (collectively "Defendants") hereby present the following opposition to Plaintiffs' motion for attorneys' fees. (Doc. Nos. 172-181).

## I.

## INTRODUCTION

Following a jury trial against Defendants, the Plaintiffs obtained judge of $30.5 million. The Plaintiffs, through their motion for attorneys' fees, now seek statutory attorney fees of over $3.8 million.

In opposing this motion, Defendants do not dispute the Plaintiffs are prevailing parties or that they achieved a significant measure of success. The County instead challenges the hourly rates the Plaintiffs claim, which are well above the rates this Court has allowed in comparable civil rights cases in the Fresno Division of the Eastern District of California. The County also challenges several billing practices Plaintiffs' counsel employed that greatly inflated the number of hours they claim.

## II.

## LEGAL STANDARD

"Courts typically determine the amount of a fee award under § 1988 in two stages. First, courts apply the 'lodestar' method to determine what constitutes a reasonable attorney's fee.' [Citation]. Second, 'after computing the lodestar figure, district courts may adjust that figure pursuant to a variety of factors.'" Deocampo v. Potts, 2014 WL 788429, *1 (E.D. Cal. 2014).

The Ninth Circuit utilizes the "lodestar" method to compute reasonable attorneys' fees, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The product of this computation, the "lodestar" amount, yields a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008).

The lodestar amount is to be determined based upon the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 896 (1984). "In general, the 'relevant

community' for purposes of determining the prevailing market rate is the 'forum in which the district court sits.' " *Tarango v. City of Bakersfield*, No. 1:16-CV-0099-JLT, 2017 WL 5564917, at *3 (E.D. Cal. Nov. 20, 2017), *quoting Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 97 (9th Cir. 2008).  That would make the relevant community for determining prevailing market rate in this case the Fresno Division of the Eastern District of California. "The prevailing rates outside of the Fresno Division, including the prevailing rates for the Sacramento Division, are generally irrelevant." *Felix v. WM. Bolthouse Farms, Inc*., No. 119CV00312AWIJLT, 2020 WL 3819414, at *1 (E.D. Cal. July 8, 2020), *citing Estate of Casillas v. City of Fresno*, 2020 U.S. Dist. LEXIS 31299, *23-*24, 2020 WL 869117 (E.D. Cal. Feb. 21, 2020); *Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1125 (E.D. Cal. 2011).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive ... [and] Courts should rely on their own familiarity with the market . . . bas[ing] their rates on the standards of the legal community in which the court sits." *Cal. Ass'n of Rural Health Clinics v. Douglas*, No. 2:10-cv-00759-TLN-EFB, 2014 WL 5797154, at *3 n.7 (E.D. Cal. Nov. 6, 2014).

**III.**

**<u>LEGAL ARGUMENT</u>**

**A.    Plaintiffs Have Not Presented Evidence Supporting Out-of-Forum Hourly Rates**

As previously stated, it is Plaintiffs burden "to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," and "the relevant community is the forum in which the district court sits." *Est. of Casillas v. City of Fresno*, No. 116CV01042AWISAB, 2020 WL 869117, at *8 (E.D. Cal. Feb. 21, 2020), *quoting Blum*, 465 U.S. at 895-96 n.11 and *Gonzalez*, 729 F.3d at 1205. In this case the relevant community is the Fresno Division of the Eastern District of California.  "When a

1  case is filed in the Fresno Division of the Eastern District of California, the hourly rate is

2  compared against attorneys practicing in the Fresno Division of the Eastern District of

3  California."    *Id.*, citing *J&J Sports Prods., Inc.*, 2018 WL 2155710, at *1 (*citing Munoz v.*

4  *Giumarra Vineyards Corp.*, 2017 WL 2665075, * 17 (E.D. Cal. June 21, 2017); *Nadarajah v.*

5  *Holder*, 569 F.3d 906, 917 (9th Cir. 2009)).

6        Yet, Plaintiffs do not attempt to identify what the prevailing hourly rates are for attorneys

7  practicing in the Fresno Division of the Eastern District of California, as the bulk of attorney

8  declarations[1] provided come from attorneys practicing in the Northern District of California or

9  the Central District of California. See Doc. Nos. 174-6, 175-1, 175-2, 175-3, 175-4, 176-13, 176-

10  14, 176-15.  "That other attorneys may think that a given rate is 'reasonable' does not necessarily

11  say what the prevailing market rates actually are. That is especially true when the opinion[s] are

12  expressed by attorneys whose own professional interests might motivate them to favor higher

13  rates." *Soler v. Cnty. of San Diego*, No. 14CV2470-MMA (RBB), 2021 WL 2515236, at *4 (S.D.

14  Cal. June 18, 2021), *quoting Sam K. v. State of Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th

15  Cir. 2015).

16        The sole declaration from a civil rights practitioner from the Eastern District of

17  California, comes from Mark Merin whose office is in the Sacramento Division, and not the

18  Fresno Division. *See* Doc. No. 176-14.  The declaration was submitted in and tailored to the case

19  *I.H. v. State of California*, E.D.C.A. Case No. 2:19-cv-02343-DAD-AC.

20        Otherwise, Mr. Merin attempts to support plaintiffs' request for an out-of-forum hourly

21  rate by stating that "[t]here are no attorneys in the Sacramento area who could have or would

22  have taken this case" and that he would have declined Mr. Hurtado's case.  Doc. No. 176-14, at

23  ---

24  [1] Many of those attorney declarations were filed on behalf of Plaintiffs' counsel in other cases to support their fee requests.  Carol Sobel, whom Plaintiffs' counsel have used before to provide a supporting declaration for other attorney fee motions, has been criticized and found to be unhelpful with references to non-comparable rates billed in connection with complex commercial litigation and class action cases.  *See Smith v. City of La Verne*, No. CV 23-644-KK-Ex, 2024 WL 4331733, at *3 n.2 (C.D. Cal. Sept 9, 2024)("Additionally, the Court notes Ms. Sobel misstates the hourly rates found reasonable in *Contreras v. Kelly Pipe Co.*, No. 21STCV17933, a single-plaintiff employment discrimination case litigated in state court. In Contreras, the court reduced counsel's requested hourly rates to $1,000 per hour for Anthony Nguyen (an attorney with fifteen years of experience), $750 per hour for Mahru Madjidi (an attorney with ten years of experience), and $550 per hour for Bryan Kirsh (an attorney with six years of experience).") (citations omitted); *see also Soler v. County of San Diego*, 2021 WL2515236 , at *4 (S.D. Cal. June 18, 2021); Sarfaty v. City of Los Angeles, No. 2:17-cv-03594-SVW-KS, 2021 WL 945257, at *3 (C.D. Cal. Jan. 26, 2021).

Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees & Costs

para. 45.  His declaration, however, does not address whether he has knowledge of the attorneys in the Fresno or Bakersfield areas or whether they would be inclined to represent the plaintiffs in this case.  Counsel for Defendants have had cases and jury trials with numerous attorneys in the Central Valley on civil rights cases involving law enforce, including officer-involved shooting death cases, like the one here.  *See* Declarations of Brande L. Gustafson ("Gustafson Decl."), James D. Weakley (Weakley Decl."), Andrew C. Hamilton ("Hamilton Decl."), and James J. Arendt ("Arendt Decl.").

Plaintiffs also provided the declaration of plaintiff Mickel E. Lewis, Jr. with a self-serving conclusory statement that he and his sisters Oriana Lewis and Briona Lewis, "looked for civil rights and wrongful death attorneys in the Mojave Desert and Kern County areas" but "were unable to find an attorney in the local area in Kern County who was either willing to take [their] case or whom [they] believed to have the experience and ability to represent [them]."  Doc. No. 175-5, Declaration of Mickel E. Lewis, Jr., paras. 2-3.  The declaration does not indicate how many attorney's or law firms Mr. Lewis or his sisters contacted, how many of those attorneys— if any—indicated they were not willing to take their case, and/or how many of those attorneys they believed did not have the appropriate experience or ability to handle their case.   There is no similar declaration from any of the other plaintiffs as to whether any attorneys within the Eastern District of California were either unwilling to take their case or lacked the ability or skill to handle their case.

"District courts in the Eastern District of California have permitted the use of out-of-forum hourly rates where (1) there is a pre-existing relationship between counsel and plaintiff; (2) there are a lack of attorneys who handle the particular type of case being brought; or (3) plaintiff demonstrates that they made an affirmative attempt to secure local counsel and were unable to do so, for varying reasons." *Schmidt v. City of Modesto*, No. 117CV01411DADMJS, 2018 WL 6593362, at *5 (E.D. Cal. Dec. 14, 2018).  There is no evidence of a pre-existing relationship between any of the plaintiffs and their counsel.

Overall, Plaintiffs have offered no evidence that Los Angeles rates are necessary to the enforcement of civil rights cases in Fresno. *See Willis v. City of Fresno*, No. 1:09-CV-01766-

1  BAM, 2014 WL 3563310, at *10 (E.D. Cal. July 17, 2014), *adhered to on reconsideration*, No.

2  1:09-CV-01766-BAM, 2014 WL 4211087 (E.D. Cal. Aug. 26, 2014), *and aff'd*, 680 F. App'x

3  589 (9th Cir. 2017), *citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997). "Without

4  evidence that [Fresno Division] rates preclude the attraction of competent counsel, [Plaintiffs']

5  argument remains too theoretical to warrant departure from the local forum rule given in *Davis*."

6  *Id.*

7         Consequently, Plaintiffs have not satisfied their burden to "produce satisfactory

8  evidence—in addition to the attorney's own affidavits—that the requested rates are in line with

9  those *prevailing in the community* for similar services by lawyers of reasonably comparable skill,

10  experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added).

11  **B.    Prevailing Market Rate for the Fresno Division of the Eastern District of California**

12         In *D.M. v. Cnty. of Merced*, No. 120CV00409JLTSAB, 2022 WL 4792420, at *3 (E.D.

13  Cal. Oct. 3, 2022), Magistrate Judge Boone compiled cases from the Fresno Division of the

14  Eastern District of California, across a variety of types of litigation, and found that

15               [A]ttorneys with experience of twenty or more years of experience are
16               awarded $325.00 to $400.00 per hour; attorneys with ten to twenty years
                 of experience are awarded $250.00 to $350.00 per hour; attorneys with
17               five to ten years of experience are awarded $225.00 to $300.00 per hour;
                 and less than $200.00 per hour for attorneys with less than five years of
18               experience. *See Freshko Produce Servs., Inc. v. Write On Mktg., Inc.*,
                 2019 WL 3798491, at *2–3 (E.D. Cal. Aug. 13, 2019), *report and
19               recommendation adopted*, 2019 WL 5390563 (E.D. Cal. Oct. 22, 2019)
                 (finding that "[i]n the Fresno Division of the Eastern District of
20               California, attorneys with twenty or more years of experience are
                 awarded $350.00 to $400.00 per hour," that "$300 is the upper range for
21               competent attorneys with approximately a decade of experience," and
                 that the accepted range for attorneys with less than ten years of
22               experience "is between $175 and $300 per hour"; and awarding $350
                 per hour to attorney with approximately 27 years of experience, and
23               $175 per hour to attorney with "approximately four years of experience)
                 (citations omitted); *see also Garcia v. FCA US LLC*, No. 1:16-cv-0730-
24               JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding
                 $400.00 per hour to attorney with nearly thirty years of experience;
25               $300.00 per hour to attorney with nearly fifteen years of experience;
                 $250.00 per hour to attorney with ten years of experience; $225.00 per
26               hour to attorneys attorney with five years of experience; and $175.00
                 per hour to attorney with less than five years of experience); *Est. of
27               Casillas v. City of Fresno*, No. 1:16-cv-01042-AWI-SAB, 2020 WL

28

869117, at \*4–5, \*11 (E.D. Cal. Feb. 21, 2020), *appeal dismissed in part,* No. 19-16436, 2020 WL 3470092 (9th Cir. June 5, 2020), and *appeal dismissed*, No. 19-16436, 2021 WL 3758352 (9th Cir. Aug. 18, 2021) (reducing requested rate of $1,200.00 to $400.00 per hour for attorney with thirty-five years of experience, who was considered "accomplished and reputable ... with many [ ] years of experience in civil rights cases and other types of litigation requiring competent trial work"); *Mike Murphy's Enters., Inc. v. Fineline Indus., Inc*., No. 1:18-cv-0488-AWI-EPG, 2018 WL 1871412, at \*3 (E.D. Cal. Apr. 19, 2018) (awarding $325.00 per hour as requested by attorney with over twenty years of experience; $300.00 per hour as requested by attorney with nearly twenty years of experience; and $250.00 per hour as requested by attorney with seven years of experience); *TBK Bank, SSB v. Singh*, No. 1:17-cv-00868-LJO-BAM, 2018 WL 1064357, at \*8 (E.D. Cal. Feb. 23, 2018), *report and recommendation adopted*, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (awarding $400.00 per hour to attorneys with over thirty-five years of experience; $350.00 per hour to attorney with twenty years of experience; and $300.00 per hour to attorney with ten years of experience); *Phillips 66 Co. v. Cal. Pride, Inc*., No. 1:16-cv-01102-LJO-SKO, 2017 WL 2875736, at \*16 (E.D. Cal. Jul. 6, 2017), *report and recommendation adopted*, 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017) (awarding $400.00 per hour to attorney with twenty years of experience); *Roach v. Tate Publ'g & Enters*., No. 1:15-cv-00917-SAB, 2017 WL 5070264, at \*10 (E.D. Cal. Nov. 3, 2017) (awarding $325.00 per hour to attorney with sixteen years of experience in copyright action); *Sanchez v. Frito-Lay, Inc*., No. 1:14-cv-00797-AWI-MJS, 2015 WL 4662636, at \*18 (E.D. Cal. Aug. 5, 2015) (awarding $350.00 per hour to attorneys with more than twenty years of experience in wage and hour class action; and $275.00 per hour to attorney with fourteen years of experience); *Englert v. City of Merced*, No. 1:18-cv-01239-NONE-SAB, 2020 WL 2215749, at \*13 (E.D. Cal. May 7, 2020) (awarding $450.00 per hour to partner with nineteen years of experience; $400.00 per hour to senior associate attorney with an unspecified number of years of experience; and $325.00 per hour to associate with eight years of experience).

*D.M. v. Cnty. of Merced*, No. 120CV00409JLTSAB, 2022 WL 4792420, at \*3 (E.D. Cal. Oct. 3, 2022).

The declaration Plaintiffs present from Mr. Merin appears to be somewhat in line with these figures, as Mr. Merin was awarded $500/hour in January 2024 from Magistrate Judge Barch-Kuchta in *Hulet v. Cnty. of Tuolumne*, No. 1:23-CV-01217-HBK, 2024 WL 200871, at \*4 (E.D. Cal. Jan. 18, 2024). In supporting the award of $500/hour, Magistrate Judge Barch-Kuchta cited the following cases where Mr. Merin was also awarded similar amounts: "*Baker v.*

1   *Katehi*, No. 2:12-cv-00450-JAM-EFB, at Doc. No. 56 (E.D. Cal. Jan. 9, 2013) (awarding $580

2   per hour to Mark Merin); *Estate of Stingley v. County of Sacramento*, No. 2:23-cv-00255-TLN-

3   AC, at ECF No. 31 (E.D. Cal. Sep. 27, 2023) (awarding $500 per hour to Mark Merin, $300 per

4   hour to Paul Masuhara); *Estate of Thomas v. County of Sacramento*, No. 2:20-cv-00903-KJM-

5   DB, at ECF No. 93 (E.D. Cal. Dec. 14, 2021) & ECF No. 106 (E.D. Cal. Jan. 18, 2022) (same)."

6   *Id.*

7           Otherwise, Plaintiffs have produced opinions from various fee awards they have received

8   from between 2015 to 2025, however, all but one of these cases come from primarily the Central

9   District of California, as well as Los Angeles Superior Court and Santa Clara Superior Court.

10  Doc. Nos. 174-2, 174-3, 174-4, 174-5, 174-7, 176-3, 176-4, 176-5, 176-6, 176-7, 176-8, 176-9,

11  176-10, 176-11, 181-1, 181-2, 181-3, 181-4, 181-5, 181-6.  However, "an attorney's prior fee

12  award is not sufficient without other evidence showing that the requested rates *are prevailing in*

13  *the community*. 'While an attorney's prior fee award may bear on the selection of a reasonable

14  fee in a later case . . . simply offering the prior award is not enough.' *Schwarz*, 73 F.3d at 908

15  (requiring additional proof that the requested rates are in line with other attorneys in the

16  community of similar skill)." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) (emphasis

17  added).

18          The fees awarded to Fresno attorney Waren Paboojian, the other attorneys in the case

19  with him, and his staff in the case *Veronica Ordaz Gonzalez v. County of Fresno, et al.*, Fresno

20  County Superior Court Case No. 18CECG03672 after jury trial, and upheld on appeal, while on

21  the high end for what has been awarded in the Fresno Division, are more representative of the

22  prevailing rate within the Fresno Division of the Eastern District of California.  *See Gonzalez v.*

23  *Cnty. of Fresno*, No. F086776, 2025 WL 1123590, at *5 (Cal. Ct. App. Apr. 16, 2025) ("The

24  trial court found counsel's hourly rates were reasonable for the community."); *see also,* Weakley

25  Decl., Exh. A. The jury found in that case found that a sergeant interfered or attempted to

26  interfere with one of four plaintiff's civil rights (a Bane Act violation) and that a deputy was not

27  justified in shooting a family dog.  Weakley Decl., para. 6 & Exh. A.

28

1  Warren Paboojian[2] requested an hourly rate of $775/hour, while Mr. Paboojian's

2  associates Ryan D. Libke[3] and Nolan C. Kane[4] requested an hourly rate of $450/hour. *See*

3  Weakley Decl., paras. 6-7 & Exhs. B-D.  Stephanie Hamilton[5], a former attorney from Mr.

4  Paboojian's firm, also requested an hourly rate of $450 and $125/hour was requested for the

5  work done by Mr. Paboojian's paralegals.  Weakley Decl., paras. 6-8 & Exhs. C, E-F. The trial

6  court, in awarding the rates requested, found the rates were reasonable for the community.

7  Weakley Decl., Exh. A.

8  Otherwise, the only case from the Eastern District of California, *I.H. v. State of*

9  *California*, E.D.C.A. Case No. 2:19-cv-02343-DAD-AC, comes from the Sacramento Division

10  and does not address prevailing rates for the Fresno Division.  The prevailing rates outside of the

11  Fresno Division, including the prevailing rates for the Sacramento Division, are generally

12  irrelevant." *Felix v. WM. Bolthouse Farms, Inc*., No. 119CV00312AWIJLT, 2020 WL 3819414,

13  at *1 (E.D. Cal. July 8, 2020).  In *I.H*., out-of-district rates were allowed because the court found

14  Mr. Merin's declaration that no attorneys in the Sacramento area could or would have taken the

15  case to be pertinent and persuasive to establish the unavailability of willing, skilled counsel for

16  the case.  There is no similar evidence presented regarding the unavailability or willingness of

17  skilled counsel in the Fresno or Bakersfield area within the Fresno Division. The vague self-

18  serving conclusory declaration from plaintiff Mickel E. Lewis, Jr. does not satisfy Plaintiffs'

19  burden that Plaintiffs' requested rates are in line with those prevailing in the Fresno Division of

20  the Eastern District of California.

21  **C.    Plaintiffs Inflated Billing Should be Reduced to the Reasonable Hours Expended**

22  "'The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting

23  jurisprudence, a standard that is the fundamental starting point in determining a reasonable

24  attorney's fee." *Hall v. City of Fairfield*, 2014 WL 1286001, *2 (E.D. Cal. 2014). A court is

---

[2] Mr. Paboojian had 36 years of experience in 2023 when the motion for attorneys' fees was filed.  *See* Weakley Decl., Exh. B.

[3] Mr. Libke had about 25 years of experience in 2023 when the motion for attorneys' fees was filed.  *See* Weakley Decl., Exh. C.

[4] Mr. Kane had 10 years of experience in 2023 when the motion for attorneys' fees was filed.  *See* Weakley Decl., Exh. D.

[5] Ms. Hamilton had about 25 years of experience in 2023 when the motion for attorneys' fees was filed. *See* Weakley Decl., Exh. D. at para. 21.

1   required to determine the loadstar by multiplying the reasonable hours expended by a reasonable

2   hourly rate.  However, a court ". . . should exclude from the lodestar amount hours that are not

3   reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.*

4       "In determining the reasonableness of the number of hours expended, a court 'must

5   carefully review attorney documentation of hours expended[.]' Relevant considerations include

6   "whether the case was overstaffed, how much time the attorneys spent on particular claims, and

7   whether the hours were reasonably expended.' 'Padding' in the form of 'inefficient or

8   duplicative' work is not compensable." *Smith v. City of La Verne*, No. CV 23-644-KK-EX, 2024

9   WL 4331733, at *4 (C.D. Cal. Sept. 4, 2024) (citations omitted); *see also Donahue v. Donahue*,

10  182 Cal. App. 4th 259, 271 (Cal. Ct. App. 2010) (stating "[a] trial court may not rubber stamp a

11  request for attorney fees")

12      Plaintiffs bear the burden of establishing the appropriateness of the hours expended upon

13  this litigation.  *Hall v. City of Fairfield*, 2014 WL 1286001, *2 (E.D. Cal. 2014).

14      **1.      Block Billing**

15      "'Block billing is the time-keeping method by which each lawyer and legal assistant

16  enters the total daily time spent working on a case, rather than itemizing the time expended on

17  specific tasks.' [Citation] '[B]lock billing makes it more difficult to determine how much time

18  was spent on particular activities.' [Citations]  Additionally, 'block billing hides accountability

19  and may increase time by 10% to 30% by lumping together tasks.' [Citation]  This court has

20  therefore concluded that 'the usage of block billing is fundamentally inconsistent with the

21  lodestar method.'" *Deocampo*, 2014 WL 788429 at *4.  The Court in its discretion can eliminate

22  wholly or reduce any block billed hours by Plaintiffs' counsel.  *Mendez v. County of San

23  Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). Consequently, the Court should exclude all of

24  the hours relating to improper block billing.  *See* Gustafson Decl., Exhs.

25      Defendants respectfully request the Court exclude the identified time or in the alternative

26  reduce all of the time by 30%.  *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216,

27  1222-23 (9th Cir. 2010) (30% reduction "was permissible and not an abuse of discretion.").

28  / / /

1

2. **Duplicative Time & Entries**

2      "[I]n general, two attorneys cannot bill for attending the same meeting or communicating

3   with each other." *Gonzalez-Chavez v. City of Bakersfield*, No. 1:12-CV-02053 JLT, 2016 WL

4   2898132, at *9 (E.D. Cal. May 17, 2016).  There are instances in the billing where Toni Jaramilla

5   has duplicate entries and where multiple attorneys for both sets of plaintiffs charge for attending

6   the same deposition, whether or not they were the attorney taking or defending the deposition.

7   The billings for every attorney is replete with entries of communications with each other that are

8   billed by everyone who took part in the conversation or communication.  Consequently, the

9   Court should

10

3. **Purely Clerical Time**

11      It has long been recognized that clerical work should be included in the firm's overhead;

12   and as such, cannot be recovered.  *Deocampo*, 2014 WL 788429 at *6; *see also Lema*, 2014 WL

13   1577042 at *6; *Missouri v. Jenkins*, 491 U.S. 274, 288 fn. 10 (1989).  Plaintiffs are seeking fees

14   relating to clerical work including but not limited to calendaring, filing, printing, and copying;

15   none of which can reasonably be billed to a fee-paying client.  Based on the above precedent,

16   the Court should exclude all of the hours relating to clerical work.

17

4. **Billing Entries Lack The Required Specificity**

18      An attorney "is not required to record in great detail how each minute of his time was

19   expended," but the attorney should identify "the general subject matter of his time expenditures."

20   *California Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-CV-00123-DJC-DMC,

21   2024 WL 4819205, at *6 (E.D. Cal. Nov. 18, 2024), *quoting Hensley*, 461 U.S. at 437 n.12.

22      Many of the billing entries "patently fall[s] short of the requirement" that "[t]he party

23   petitioning for attorneys' fees bears the burden of submitting detailed time records justifying the

24   hours claimed to have been expended." *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1126

25   (9th Cir. 2002).  Wholly excluding entries which lack the required specificity is proper.  Id.  As

26   such, the Court should excluded all of the following hours sought by Plaintiffs for lack of

27   specificity and vagueness.

28

5. **Intra-Office Conferences**

1   Generally, when attorneys hold a telephone or personal conference, good billing judgment

2   mandates that only one attorney should bill that conference, not both. *Montagne Dev., Inc*., 2014

3   WL 2334209, at *5 (reducing duplicative hours for "multiple attorneys billing for the same

4   mediation, the same conference with opposing counsel, or the same intra-office conference").

5   *California Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-CV-00123-DJC-DMC,

6   2024 WL 4819205, at *5 (E.D. Cal. Nov. 18, 2024)

7           **6.      Plaintiffs Improperly Seek Attorney's Fees For Unrelated Claims**

8           Plaintiffs are not entitled to receive attorney's fees or costs for time spent on unsuccessful

9   claims that are unrelated to the successful Fourth Amendment, battery, Bane Act, and negligence

10  claims. *McCown*, 565 F.3d at 1103. The "unrelated claims must be treated as if they had been

11  raised in a separate lawsuit to realize 'congressional intent to limit awards to prevailing parties.'"

12  *Id*. Plaintiffs cannot recover fees or costs related to their withdrawn *Monell* and Fourteenth

13  Amendment claims because they do not arise from the same core facts or the same legal theory

14  as their claims against Deputy Ayala. *Jones*, 2011 WL 3584332 at *12, *citing Bradford v. City*

15  *of Seattle*, 2008 WL 2856647, *13 (W.D. Wash. 2008) and *Tatum v. City of New York*, 2010 WL

16  334975, *11 (S.D.N.Y. 2010).

17          Based on the above, the Court must exclude the hours which relate to Plaintiffs'

18  unsuccessful *Monell* and Fourteenth Amendment claims.

19          **7.      Plaintiffs Are Not Entitled to Fees Relating to Media Coverage**

20          The Ninth Circuit has held that it is an abuse of discretion to award attorney's fees for

21  media contacts since "[t]hese are the kinds of activities that attorneys generally do at their own

22  expense." *Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995). Plaintiffs failed to present any

23  evidence establishing that the media contacts contributed directly and substantially to their

24  claims against Defendants. *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999). Nor

25  are Plaintiffs entitled to fees relating to talking with community activist or attending BLM

26  demonstrations. Thus, the Court should exclude all of the hours relating to Plaintiffs' counsel's

27  media contacts, talking with community activist, or attending BLM demonstrations.

28          **8.      Additional Unreasonable Costs & Fees Relating to Withdrawn Expert**

1            **Witnesses**

2       A prevailing party is not entitled to recover expert witness fees in a section 1983 case,

3 and as such, the $28,026.00 in costs which Plaintiffs have requested must be excluded. *See* Doc.

4 No. 179, p. 5, Attachment VI. *Deocampo*, 2014 WL 788429 at *13. Additionally, Plaintiffs are

5 not entitled to any fees relating to experts Dr. John Heiserodt and Dr. John Gardener (MEA

6 Forensics) since Plaintiffs withdrew Dr. Heiserodt before he could be deposed and Dr. Gardener

7 during trial. Based on their withdrawal, it cannot be established that any of fees requested relate

8 to or furthered Plaintiffs' successful claims. Thus, the Court should exclude all hours relating to

9 Plaintiffs' unused experts which did not relate to or further Plaintiffs' successful claims. Thus,

10 the Court should exclude all hours in attorney's fees relating to Plaintiffs' unused experts.

11 **C.**     **This is Not a Rare or Exceptional Case That Warrants a 2.0 Lodestar Enhancement**

12       In *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010) Supreme Court addressed use of

13 enhancement to a lodestar amount and laid out the six factors to be considered in deciding

14 reasonable attorneys' fees under federal fee shifting statutes such as § 1988. First, a reasonable

15 fee is one that induces a capable attorney to take representation of a meritorious case. Second,

16 the lodestar method is presumptively sufficient. Third, a multiplier has never been upheld by the

17 Court for performance, but "may be awarded in 'rare' and 'exceptional' circumstances." *Id*. at

18 552. Fourth, "the lodestar figure includes most, if not all, of the relevant factors constituting a

19 'reasonable' attorney's fee," and enhancement may not consider something contained within the

20 lodestar calculation. *Id.* at 553. Fifth, burden of proving an enhancement is borne by the fee

21 applicant*. Id.* Sixth, this burden is met only with the production of "specific evidence." *Id*.

22 *Ramirez v. Oxnard Police Dep't*, No. CV1301615MWFANX, 2015 WL 13916662, at *6 (C.D.

23 Cal. Sept. 17, 2015).

24       The Court "may adjust the lodestar upward or downward using a 'multiplier' based on

25 factors not subsumed in the initial calculation of the lodestar." Van Gerwen, 214 F.3d at 1045.

26 However, the lodestar amount is "presumptively the reasonable amount," and the multiplier is

27 used only in " 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record

28 and detailed findings.' " Van Gerwen, 214 F.3d at 1045. *Barnett v. S. California Edison Co.*

1   *Long Term Disability Plan*, No. 112CV00130LJOSAB, 2016 WL 4077721, at *17 (E.D. Cal.

2   July 5, 2016).

3       This is not a rare or exceptional case where a multiplier is warranted especially since

4   Plaintiffs dismissed several of their claims and one of the named plaintiffs before reaching a

5   verdict.  Consequently, the lodestar is sufficient in this case.

6                                           **IV.**

7                                    **<u>CONCLUSION</u>**

8       Based on the above arguments and precedent, Plaintiffs' requested attorneys' fees should

9   be limited to rates from the Fresno Division of the Eastern District of California, excluding all

10  improper fees and costs, and deny Plaintiffs' request for a multiplier as unnecessary.

11

12  Dated: May 16, 2025                    WEAKLEY & ARENDT
                                           A Professional Corporation
13

14                                  By:  */s/ Brande L. Gustafson*
                                        James D. Weakley
15                                      Brande L. Gustafson
                                        Attorneys for Defendant,
16                                      Deputy Jason Ayala

17                                      MARGO A. RAISON, COUNTY COUNSEL

18                                  By:  */s/ Andrew C. Hamilton*
                                        Marshall S. Fontes, Chief Deputy
19                                      Andrew C. Hamilton, Deputy
                                        Kimberly L. Marshall, Deputy
20                                      Attorneys for Defendant County of Kern,
                                        ("erroneously sued as Kern County")
21

22

23

24

25

26

27

28

Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees & Costs