1  James D. Weakley, Esq.    Bar No. 082853
   Brande L. Gustafson, Esq.    Bar No. 267130
2  **WEAKLEY & ARENDT**
   A Professional Corporation
3  5200 N. Palm Avenue, Suite 211
   Fresno, California 93704
4  Telephone:  (559) 221-5256
   Facsimile:  (559) 221-5262
5  Jim@walaw-fresno.com
   Brande@walaw-fresno.com
6
   Attorneys for Defendant, Deputy Jason Ayala
7
                **UNITED STATES DISTRICT COURT**
8
          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

10  MICKEL ERICK LEWIS JR., individually      Case No. 1:21-CV-00378-KES-CDB
    and as successor-in-interest to MICKEL E.  *Consolidated with Case No.*
11  LEWIS, SR., ORIONA LEWIS; and             *1:21–CV–01352–DAD–JLT*
    BRIONA LEWIS, individually and as
12  successor-in-interest,                    **DECLARATION OF JAMES D.**
                                              **WEAKLEY IN SUPPORT OF**
13                    Plaintiff,              **DEFENDANTS' OPPOSITION TO**
                                              **PLAINTIFFS' MOTION FOR**
14         vs.                                **ATTORNEYS' FEES AND COSTS**

15  KERN COUNTY, Deputy JASON AYALA,
    and DOES 1-20, inclusive,
16
                      Defendant.
17
18  R.L., M.L., and H.L., minors, by and through
    guardian *ad litem* Roberta Haro, individually
19  and as successors in interest to Michel Lewis   Date: June 16, 2025
    Sr., deceased; A.W., a minor, by and through    Time: 1:30 p.m.
20  her guardian *ad litem* Alisha White,           Ctrm: 6 (7th Floor)
    individually and as a successor in interest to  Judge: Hon. District Judge Kirk E. Sherriff
21  Michel Lewis Sr., deceased; ALISHA
    WHITE, individually and as a successor in
22  interest to Mickel Lewis Sr.,
23                    Plaintiffs,
           vs.
24
25  COUNTY OF KERN; JASON AYALA; and
    DOES 1-10, inclusive,
26                    Defendants.

27  / / /

28
                                    1
       James D. Weakley Decl. in Support of Defendants' Opposition to Plaintiffs' Motion for Attorney Fees

1    I, James D. Weakley declare as follows:

2    1.    I am an attorney at law, duly licensed to practice before all of the courts in the

3    State of California and the United States District Court for the Eastern District of California.  I

4    am a partner in the law firm of Weakley & Arendt, A Professional Corporation, the attorneys of

5    record for defendant Deputy Jason Ayala ("Deputy Ayala").  As such, I have personal knowledge

6    of the matters set forth herein, except those maters stated on information and belief, and would

7    so testify.

8    2.    I have been practicing law in Fresno since 1978.  My practice is focused primarily

9    upon defending public entities in state and federal court.  A significant portion of my practice

10    over the years has been defending law enforcement civil rights cases.  This includes over 25 jury

11    trials, twelve of which involved officer involved shootings.  I am aware that many local lawyers

12    have handled and are willing to handle civil rights lawsuits.  I am currently handling civil rights

13    cases against the following lawyers from the Fresno area: Kevin Little (5 cases), Stuart Chandler,

14    Nicholas J.P. Wagner (officer-involved shooting death case).  I have handled the defense in other

15    civil rights in custody death lawsuits filed by Bakersfield attorneys David Cohen and Daniel

16    Rodriguez.  I defended civil rights lawsuits that Fresno attorney Peter Kapetan has filed,

17    including a trial involving issues relating to false arrest, excessive force and incarceration.  I

18    have handled numerous civil rights cases against attorney Kevin Little, including civil rights

19    cases resulting in appeals to the Ninth Circuit.  Mr. Little has prepared briefs and argued before

20    the Ninth Circuit in law enforcement civil rights cases. In addition, I have defended civil rights

21    officer involved shooting trials against local attorneys Kevin Little, Salvatore Sciandra and

22    Russell Cook.

23    3.    I have handled the defense in other civil rights cases with the following

24    Bakersfield area attorneys: Daniel Rodriguez (an officer-involved shooting in Tehachapi and in-

25    custody death case), David Cohn (an in-custody death case), Chantal A. Trujillo (an officer-

26    involved shooting in Tehachapi and in-custody death case), Mark J. Whittington (an officer-

27    involved shooting in Tehachapi and in-custody death case), Joel T. Andreesen (an officer-

28

1  involved shooting in Tehachapi), Ralph B. Wegis (jail failure to protect case), John Kawai (in-

2  custody death case).

3      4.    I have also handled the defense in other civil rights cases against local attorneys

4  William L. Schmidt, Stuart Chandler, Mark Coleman, Eric Schweitzer, Dan Harralson, Michael

5  Elder, Warren Paboojian; Mario DiSalvo, Patience Milrod, Philip Bourdette, Jack Weisberg,

6  Patience Milrod, and Catherine Campbell.

7      5.    Based upon my 46 years of experience there are numerous attorneys in the

8  Central Valley area that are competent, experienced, and willing to handle tough civil rights

9  litigation against law enforcement.

10      6.    In February 2023, I was involved in a jury trial for the case *Veronica Ordaz*

11  *Gonzalez v. County of Fresno, et al.*, Fresno County Superior Court Case No. 18CECG03672,

12  where a jury found that a sergeant interfered or attempted to interfere with one of four

13  plaintiff's civil rights (a Bane Act violation) and that a deputy was not justified in shooting a

14  family dog. The plaintiffs were represented by local attorneys Warren R. Paboojian, Ryan D.

15  Libke, and Nolan C. Kane. Because the jury found a Bane Act violation, plaintiffs requested

16  and were granted attorneys' fees, which the court found was reasonable for the community and

17  the Fifth District Court of Appeals upheld the attorneys' fees award on appeal. Attached hereto

18  as **Exhibit "A"** is a true and accurate copy of the order granting attorney's fees in *Gonzalez v.*

19  *County of Fresno, et al. See also Gonzalez v. Cnty. of Fresno,* No. F086776, 2025 WL

20  1123590 (Cal. Ct. App. Apr. 16, 2025).

21      7.    Warren R. Paboojian, Ryan D. Libke, and Nolan C. Kane each filed declarations

22  supporting their requests for attorney's fees. Warren Paboojian requested an hourly rate of

23  $775/hour, while Ryan D. Libke and Nolan C. Kane requested an hourly rate of $450/hour.

24  Attached hereto as **Exhibit "B"** is a true and accurate copy of the declaration filed by Warren

25  R. Paboojian in Support of Plaintiff Veronica Ordaz Gonzalez's Motion for Attorneys fees.

26  Attached hereto as **Exhibit "C"** is a true and accurate copy of the declaration filed by Ryan D.

27  Libke in Support of Plaintiff Veronica Ordaz Gonzalez's Motion for Attorneys fees. Attached

28

1  hereto as **Exhibit "D"** is a true and accurate copy of the declaration filed by Nolan C. Kane in

2  Support of Plaintiff Veronica Ordaz Gonzalez's Motion for Attorneys fees.

3      8.      As part of the attorneys' fees motion in *Gonzalez v. County of Fresno*, the

4  plaintiffs requested a rate of $125/hour for the two paralegals who worked on the case.

5  Attached hereto as **Exhibit "E"** is a true and accurate copy of the declaration filed by paralegal

6  Michelle Lujan in Support of Plaintiff Veronica Ordaz Gonzalez's Motion for Attorneys fees.

7  Attached hereto as **Exhibit "F"** is a true and accurate copy of the declaration filed by paralegal

8  Lisa Eakins in Support of Plaintiff Veronica Ordaz Gonzalez's Motion for Attorneys fees.

9      9.      The hourly rates of the attorneys and their support staff in *Veronica Ordaz*

10  *Gonzalez v. County of Fresno, et al.*, Fresno County Superior Court Case No. 18CECG03672,

11  tend to reflect the high end of fees awarded in the Fresno area.

12      I declare under penalty of perjury under the laws of the United States that the foregoing

13  is true and correct to the best of my knowledge and belief and that this declaration was executed

14  in Fresno, California on May 16, 2025.

15

16                              */s/ James D. Weakley*
17                              James D. Weakley

18

19

20

21

22

23

24

25

26

27

28

---

James D. Weakley Decl. in Support of Defendants' Opposition to Plaintiffs' Motion for Attorney Fees

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit A

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | Entered by: |
|---|---|

| TITLE OF CASE:<br>**Veronica Gonzalez vs. County of Fresno** | |
|---|---|

| **LAW AND MOTION MINUTE ORDER** | Case Number:<br>**18CECG03672** |
|---|---|

| Hearing Date: | **August 18, 2023** | Hearing Type: | **From Chambers re: Motion - Attorney Fees Motion - Tax Costs** |
|---|---|---|---|
| Department: | **503** | Judge/Temp. Judge: | **Hamilton, Jr., Jeffrey Y.** |
| Court Clerk: | **Lopez, Maria** | Reporter/Tape: | **Not Reported** |

**Appearing Parties:**

Plaintiff: No Appearances                Defendant: No Appearances

Counsel:                                Counsel:

**[ X ] Matter previously taken under advisement, the Court now rules;**
**Upon review the court is not persuaded to change its Tentative Ruling and as such it is adopted as the Order of the Court.**

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

[ ] Submitted on points and authorities with/without argument.   [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted   [ ] in part and denied in part.   [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

[ ] Demurrer   [ ] overruled  [ ] sustained  with  __ days to  [ ] answer  [ ] amend

**[ X ] Tentative ruling issued 08/15/2023 becomes the order of the court.  No further order is necessary.**

**[ X ] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.**

**[ X ] Service by the clerk will constitute notice of the order.**

**[ X ] See attached copy of the Tentative Ruling.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
    Principal $ __   Interest $ __   Costs $ __   Attorney fees $ __   Total $ __
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $ __ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $ __ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.   [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18
Mandatory Form                                    **LAW AND MOTION MINUTE ORDER**

(34)

## Tentative Ruling

Re:                    ***Gonzalez v. County of Fresno, et al.***
                       Superior Court Case No. 18CECG03672

Hearing Date:          August 15, 2023 (Dept. 503)

Motion:                (1) by Plaintiff Gonzalez for Attorney's Fees
                       (2) by Defendants to Tax Costs

**Tentative Ruling:**

To grant plaintiff Gonzalez's motion for attorney's fees and award attorney's fees in the amount of $829,702.50.

To grant in part defendants' motion to tax cost and tax costs in the sum of $6,844.00, reducing plaintiffs' costs to $26,181.84.

**Explanation:**

Following a four-week trial, the jury rendered verdict favorable in part to plaintiffs Veronica Ordaz Gonzalez and Jose Ramos Santiago and entirely favorable to defendants with regard to plaintiffs Omar Perez and Roberto Perez. The parties have filed memorandums of costs having each prevailed at least in part. Plaintiff Gonzalez moves the court for an award of attorney's fees as the prevailing party in her cause of action for violations of the Bane Act against defendant Sergeant Dunn of the Fresno County Sheriff's Office (Civ. Code § 52.1, subd. (i).) Defendants move to tax the costs sought by plaintiffs. Plaintiffs have not moved the court to tax costs sought by defendants.

Gonzalez's Motion for Attorney's Fees

The Tom Bane Civil Rights Act, Civil Code section 52.1, allows the court to award reasonable attorney's fees to the prevailing plaintiff. (Civ. Code § 52.1.)

A court assessing attorney's fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *Serrano v. Priest* (*Serrano III*) (1977) 20 Cal.3d 25, 48. As our Supreme Court has repeatedly made clear, the lodestar consists of "the number of hours *reasonably expended* multiplied by the *reasonable* hourly rate. . . ." *PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1095, italics added; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.)

Reasonable hourly compensation is the "hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type" (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1133.)

The lodestar in this case is represented to be $829,554.50, however the court calculates the lodestar to be $829,702.80 based on the hourly rates and hours set forth in

the declarations of each attorney and paralegal and their time records supporting the motion, including the hours of attorney Stephanie Hamilton who worked a considerable amount of hours on the case but is no longer with the Paboojian, Inc. law firm. The objection to the inclusion of her hours is overruled.

Defendants challenge the award sought as disproportionately high in relation to the results achieved in litigation and request the court reduce the lodestar figure by thirty-five to forty-five percent based on the plaintiffs as a whole only having achieved partial success. California courts have reduced the lodestar figure based on a litigant's limited success using the approach in *Hensely v. Eckerhart* (1983) 461 U.S. 424. (See, *Environmental Protection Information Center v. Dept. of Forestry and Fire Protection* (2010) 190 Cal.App.4th 217, 238-239 [applying the Hensley approach to fees available under Code of Civil Procedure section 1021.5].) "We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his [or her] successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his [or her] attorney's fee reduced simply because the [trial] court did not adopt each contention raised. But where the plaintiff achieved only limited success, the [trial] court should award only that amount of fees that is reasonable in relation to the results obtained." (*Hensley v. Eckerhart, supra,* 461 U.S. at p. 440.)

Only one of the four plaintiffs prevailed on their Bane Act claim and no plaintiff was successful in their claim of unreasonable force. However, plaintiff Gonzalez was awarded a substantial sum by the jury, having found both that Sergeant Dunn interfered with her rights against unlawful search of her home and did so by threat, intimidation or coercion. She and plaintiff Santiago also prevailed on their claim for conversion based upon Deputy Cervantes' shooting their dog, Scooby. The causes of action advanced by the plaintiffs arise from the same chain of events following the arrival of the deputies at Gonzalez' home. The court finds that this supports finding the unsuccessful claims related to those that were successful. The court also finds the verdict does not support a reduction in the lodestar due to the plaintiffs' partial success. Plaintiff Gonzalez is a prevailing party and can be awarded reasonable attorney's fees in addition to the damages awarded by the jury under the Bane Act. (Civ. Code §52.1, subd. (i).)

In reviewing the billing entries, the activities included appear reasonably necessary in order to have achieved the trial result. Although plaintiffs did not prevail in their federal court claims, it was not until the judgment dismissing the federal statutory claims and remanding the state law claims to this court that the Bane Act claims were not actively litigated concurrently with the violations of the United States Code. Similarly, the activities set forth in each of the declarations are represented to have been, and appear to be, reasonably necessary to having achieved a favorable verdict for Gonzalez's Bane Act claim.

The court finds the hourly rates of counsel reasonable for the community. The evidence submitted by moving plaintiff demonstrates the rates are lower than those charged by similarly experienced counsel from outside the local area. Defendants are correct that there are other local attorneys who pursue civil rights litigation in addition to

10

other plaintiff-side civil litigation. However, defendants have not submitted evidence the hourly rates are out of proportion to those charged by attorneys in the local area conducting litigation of the same type.

The court declines to enhance the lodestar figure with a multiplier as requested. The argument advanced for the application of a multiplier is the significant risk in having taken a case on a contingency basis in relation to the significant amount of costs advanced and hours spent in order to achieve a favorable result for the client. Here, the lodestar calculated using counsel's hourly rate adequately compensates counsel for their many hours of work to achieve a favorable result for Gonzalez.

Defendants' Motion to Tax Plaintiffs' Costs

Plaintiffs filed a memorandum of costs in the amount of $33,025.84 on April 11, 2023. Defendants timely filed a motion to tax and challenge certain deposition costs, witness fees, exhibit costs, court reporter fees and electronic filing fees. In opposition plaintiffs concede certain non-statutory costs are included in the memorandum for expert witness deposition fees and court reporter transcript fees. (Code Civ. Proc. §1033.5, subd. (b)(1) and (5).) The remaining challenged costs appear reasonably necessary to the conduct of the litigation and reasonable in amount.

Accordingly, the court intends to tax $2,100 in expert fees from the deposition costs and $4,744 from the court reporter fees set forth in the memorandum. The total costs awarded to plaintiffs is $26,181.84.

Both parties note that similar costs disallowed under Code of Civil Procedure section 1033.5 are also included in the memorandum of costs submitted by defendants. However, plaintiffs did not timely file a motion to tax costs and have waived the ability to challenge the entries.

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____jyh_____ **on** _____8/11/23_____.
                        (Judge's initials)                (Date)

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>**Veronica Gonzalez vs. County of Fresno** | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>**18CECG03672** |

I certify that I am not a party to this cause and that a true copy of the:

**08/18/2023 Minute Order and copy of Tentative Ruling**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:  **08/18/2023**                    Clerk, by _____ , Deputy

M. Lopez

| Nolan C Kane<br>Paboojian, Inc.<br>720 W. Alluvial Ave.<br>Fresno, CA 93711 | James D Weakley<br>Weakley & Arendt, APC<br>5200 N. Palm Ave., Suite 211<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                         **CLERK'S CERTIFICATE OF MAILING**

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit D

1   Warren R. Paboojian, No. 128462
    wrp@paboojianlaw.com
2   Adam B. Stirrup, 257683
    abs@paboojianlaw.com
3   Nolan C. Kane, No. 287918
    nck@paboojianlaw.com
4   PABOOJIAN, INC.
    720 West Alluvial Avenue
5   Fresno, California 93711
    Telephone: (559) 431-5366
6   Facsimile: (559) 431-1702

7   Attorneys for Plaintiffs
    VERONICA ORDAZ GONZALEZ;
8   JOSE RAMOS SANTIAGO; OMAR PEREZ;
    ROBERTO PEREZ

9

10                         SUPERIOR COURT OF CALIFORNIA

11                              COUNTY OF FRESNO

12
    VERONICA ORDAZ GONZALEZ; JOSE    )   Case No. 18CECG03672
13  RAMOS SANTIAGO; OMAR PEREZ; and  )
    ROBERTO PEREZ,                   )   **DECLARATION OF WARREN**
14                                   )   **PABOOJIAN IN SUPPORT OF**
                 Plaintiffs,         )   **PLAINTIFF VERONICA ORDAZ**
15                                   )   **GONZALEZ'S MOTION FOR**
         vs.                         )   **ATTORNEYS' FEES**
16                                   )
    COUNTY OF FRESNO; FRESNO COUNTY  )
17  SHERIFF'S OFFICE; and DOES 1 to 25, )
    inclusive,                       )
18                                   )
                 Defendants.         )
19  _____ )

20         I, Warren R. Paboojian, declare as follows:

21         1.     I am an attorney at law duly admitted to practice before all the courts of the State of

22  California. I was co-lead counsel with Nolan Kane for plaintiffs in the above-captioned matter. I make

23  this Declaration in support of plaintiffs' motion for attorneys' fees. I have personal knowledge of the

24  matters stated herein and could and would testify competently thereto if called.

25         2.     I have maintained contemporaneous time records reflecting the attorney work activity as

26  it pertains to time spent on this case. I have exercised billing judgment, and I have reduced or written off

27  unproductive time or other time that would not ordinarily be charged to a client. A copy of my time record

28  for this case is attached hereto as **Exhibit A**.

DECLARATION OF WARREN R. PABOOJIAN        -1-                        FILE NO. 2303

1      3.    I have been licensed to practice law for over 36 years. In 1987, I was an insurance defense

2  attorney handling personal injury matters. Between 1988 and 1990, I was a deputy district attorney in

3  Fresno County. From 1991 through 1999, my practice primarily consisted of personal injury defense work

4  and plaintiffs' personal injury cases. I was a named partner at Marderosian, Swanson, Oren & Paboojian.

5  Since October of 2000, I have primarily handled plaintiffs' personal injury cases.

6      4.    In my 36 years of practicing law, I have handled a number of civil rights cases. A few

7  years ago, I was the lead attorney in the wrongful death case of *Noble v. City of Fresno/Fresno Police*

8  *Department* case that settled for approximately $2.7 million.

9      5.    I have had 67 jury trials to verdict. Forty-seven ( 47) jury trials have been civil and I have

10  had 20 criminal jury trials to verdict.

11      6.    In 2007, I obtained the largest plaintiff's employment verdict against a public entity which

12  was $19.1 million, *Stacy Johnson Klein v. California State University Fresno*. Attached as **Exhibit B** is

13  a true and correct copy of the order issued on March 25, 2008, awarding attorneys' fees for that case.

14  Some of my other notable verdicts in the last few years are as follows:

15          a.    *Maseba v. Sears/IHS* (Lead Attorney) - Jury Verdict $3.75 million.

16          b.    *Hudson v. County of Fresno/Child Protective Services* (Lead Attorney) - Jury

17  Verdict $8.5 million.

18          c.    *Chuck Liddell v. Stewart Title* (San Luis Obispo County) (Lead Attorney)- Jury

19  Verdict $3.1 million.

20          d.    *Jeanette Ortiz v. Chipotle* (Lead Attorney)- Jury Verdict $7.9 million (not including

21  punitive damages).

22          e.    *Merlo v. American Ambulance* (Co-Lead Attorney) - Jury Verdict $49.8 million.

23      7.    Over the last 22 years, I have obtained 11 or more jury verdicts in excess of $1 million on

24  behalf of my clients. In addition, over the last 36 years as a plaintiffs' attorney, I have settled or obtained

25  jury verdicts over $500 million for my clients.

26      **8.    As reflecting in the attached order, in the *Stacy Johnson-Klein* case as noted above,**

27  **the Court awarded used a rate of $325.00 an hour for me, and the Court applied a 2.0 multiplier.**

28  **This was 15 years ago.**

9.    In this case, my hourly rate is $775.00. Given my level of experience, I believe this is reasonable. In comparison, plaintiffs' attorneys in Los Angeles are obtaining $900.00-$1,400.00 an hour in civil rights cases, without even considering a multiplier. For example, in 2019, a U.S. District Court in the Central District awarded attorney Dale Galipo $950.00 per hour in a civil rights action. His associate counsel, who was not the lead, and had substantially less experience than Dale Galipo, was awarded $600.00 per hour in the case of *Jayd Schroeder v. County of San Bernardino*, September 10, 2019. (See attached **Exhibit C**.)

10.    In addition, I have lectured at seminars on trial advocacy before members of Cal-ABOTA, Consumer Attorneys of California and the Fresno County Bar Association. I have given dozens of speeches and lectures regarding the importance of jury selection, jury trials, and preparation prior to jury trials.

11.    I am requesting $775.00 per hour, given my experience over the last 36 years.

12.    In addition, accepting plaintiffs' cases and especially civil rights cases, are extremely difficult and costly. These cases are a financial economic burden upon a plaintiffs' practice.

13.    Almost undoubtedly irrespective of what the facts are, the defense representing law enforcement, **especially in the San Joaquin Valley**, fight every case. **In this case, the offer going into trial was $7,500.00**. This case took almost four years to fully litigate. This case was up for trial three times and there were a number of motions, including summary judgment motions filed by defendants.

14.    The defendants and the defense attorneys make it extremely costly for plaintiffs' attorneys to try such cases. There are very few firms in the San Joaquin Valley that will consider taking a civil rights action against law enforcement, let alone take such a case to trial. The cost and time associated with prosecuting these cases usually makes it cost prohibitive from even meeting with plaintiffs to determine if they have such a case.

15.    Plaintiffs' practice is costly enough without factoring in civil rights cases. My law firm advances somewhere between $1 million and $1.5 million in out-of-pocket costs in prosecuting plaintiffs' cases annually. The risk associated with taking plaintiffs' cases, let alone civil rights cases, is high risk.

16.    In 2008, I was honored and recognized by Consumer Attorneys of California as Trial Lawyer of the Year. Dozens of extremely competent California plaintiff trial lawyers throughout the state

1  were nominated. I became the first and only plaintiffs' attorney from the Central Valley to receive such

2  an honor from the Consumer Attorneys of California to this day.

3      17.    In 2017, I was once again honored by Cal-ABOTA as its Trial Lawyer of the Year for the

4  State of California. Cal-ABOTA, each year throughout the state of California, chooses one lawyer to be

5  honored as Trial Lawyer of the Year. Only a few lawyers from the San Joaquin Valley have received such

6  an honor, given by Cal ABOTA in the last 70 years.

7      18.    In 2015, I was nominated for Trial Lawyer of the Year by the Central Coast Trial Lawyers

8  Association. This is also a plaintiffs' bar.

9      19.    In 2011, San Joaquin College of Law inducted me into the Law School Hall of Fame for

10  my trial advocacy.

11      20.    I also received the Central California Trial Lawyers' President's Award for an Outstanding

12  Plaintiffs Verdict in 2004.

13      21.    I am A.V. rated by Martindale-Hubbell.

14      22.    I am also the past president for the San Joaquin Valley Chapter of ABOTA in 2008.

15      23.    I belong to the following merit-based trial organizations that have extensive scrutiny and

16  screening:

17          a.    American College of Trial Lawyers.

18          b.    International Academy of Trial Lawyers.

19          c.    International Society of Barristers.

20          d.    ABOTA (Advocate).

21      24.    As a practicing attorney in the San Joaquin Valley, including handling other cases outside

22  the San Joaquin Valley, I am familiar with the prevailing rates for attorneys. In my opinion, the work

23  performed on this case was of high quality, as such a lodestar is warranted.

24      25.    Nolan Kane's experience and hard work was extremely essential to the prosecution of this

25  case. He has had a number of successful civil jury trials. In addition to an illustrious criminal jury trial

26  record as a Deputy District Attorney.

27  ///

28  ///

1        I declare under penalty of perjury under the laws of the State of California that the foregoing is

2    true and correct, and that this declaration was executed on May 15, 2023, in Fresno, California.

3

4                              Warren R. Paboojian

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

## WRP ATTORNEY FEES

| DATE | DESCRIPTION | HOURS |
|------|-------------|-------|
| 6/21/18 | Discuss case with Nolan Kane and potential issues regarding lawsuit. | .6 |
| 7/10/18 | Review and edit Tort Claim. | .3 |
| 10/4/18 | Review final Complaint. | .3 |
| 3/1/22 | Review deposition transcript of Officer Cervantes. | .9 |
| 3/11/22 | Review deposition transcript of Officer Morse. | .7 |
| 3/20/22 | Review and revise Mediation Brief. | .8 |
| 3/24/22 | Discuss Bane Act with Nolan Kane. | .6 |
| 9/12/22 | Visit incident scene. | 3.0 |
| 9/12/22 | Review defendants' Motions in Limine. | 3.3 |
| 9/12/22 | Review draft of jury instructions. | 2.0 |
| 9/13/22 | Review entire file for trial, including written discovery. | 6.5 |
| 9/14/22 | Trial preparation.  Review written discovery. | 7.5 |
| 9/15/22 | Trial preparation.  Further review of Motions in Limine and depositions. | 8.0 |
| 9/16/22 | Review all exhibits; trial preparation. | 8.5 |
| 9/16/22 | Trial preparation.  Review exhibits.  Outline trial questions re: experts.  Review expert depositions. | 6.0 |
| 9/19/22 | Trial preparation.  Review depositions and dispatch logs. | 4.5 |
| 9/20/22 | Trial preparation. | 8.0 |
| 9/21/22 | Trial preparation. | 6.5 |
| 9/23/22 | Trial preparation. | 1.5 |
| 12/12/22 | Review jury instructions. | 1.4 |
| 12/27/22 | Continue trial preparation regarding new trial date. | 8.0 |
| 12/28/22 | Continue trial preparation and review of clients' depositions. | 5.0 |
| 12/29/22 | Continue review of Officer depositions. | 4.0 |

| 1/2/23 | Review verdict form and legal research re: Bane Act. | 3.7 |
|---|---|---|
| 1/3/23 | Trial preparation.  Continue review of clients' depositions and K-9 expert deposition. | 7.0 |
| 1/4/23 | Continue trial preparation. | 6.0 |
| 1/5/23 | Review Plaintiffs' and Defendants' Motions in Limine | 8.0 |
| 1/6/23 | Prepare letter to defense counsel re defense witnesses. | .2 |
| 1/11/23 | Prepare letter to defense counsel re Dr. Azevedo's deposition. | .2 |
| 1/12/23 | Prepare letter to Kaiser re: Dr. Azevedo's deposition. | .2 |
| 1/18/23 | Review Officer Cervantes' medical records. | 3.0 |
| 1/19/23 | Prepare for Dr. Azevedo's deposition. | 2.5 |
| 1/20/23 | Attend Dr. Azevedo's deposition. | 1.3 |
| 1/20/23 | Prepare letter to expert witness Dr. Scherbinski. | .3 |
| 2/7/23 | Review Officer Bush and Dunn's depositions and discovery. | 4.0 |
| 2/8/23 | Attend Status Conference with Court. | 1.5 |
| 2/8/23 | Prepare letter to defense counsel re: Officer Cervantes. | .2 |
| 2/8/23 | Review email re Court moved time of hearing. | .1 |
| 2/14/23 | Further trial preparation re third trial date; motions and outlines. | 8.0 |
| 2/15/23 | Further trial preparation for third trial date. | 2.0 |
| 2/16/23 | Further trial preparation for third trial date. | 6.5 |
| 2/17/23 | Further trial preparation for continued trial. | 7.0 |
| 2/18/23 | Further trial preparation for third trial date. | 4.0 |
| 2/19/23 | Further trial preparation for third trial date. | 1.0 |
| 2/20/23 | Further trial preparation for third trial date. | 8.0 |
| 2/21/23 | Continue trial preparation. | 4.0 |
| 2/23/23 | Review defendants' further amended Motions in Limine. | 2.8 |
| 2/23/23 | Review deposition transcripts for trial. | 3.5 |
| 2/24/23 | Trial preparation. | 4.0 |

| 2/27/23 | Prepare for and attend jury trial. | 10.0 |
| 2/28/23 | Review email from the Court re: exhibits. | .2 |
| 2/28/23 | Prepare for and attend jury trial. | 4.0 |
| 3/1/23 | Prepare for and attend jury trial. | 12.0 |
| 3/2/23 | Prepare for and attend jury trial. | 8.0 |
| 3/3/23 | Trial preparation.  Review file and expert depositions. | 6.6 |
| 3/4/23 | Prepare for trial.  Review defendants' depositions. | 7.0 |
| 3/5/23 | Trial preparation.  Further review of defendants' depositions. | 4.0 |
| 3/8/23 | Review multiple office emails re: trial. | .3 |
| 3/8/23 | Prepare for and attend jury trial. | 8.5 |
| 3/10/23 | Trial preparation. | 6.0 |
| 3/10/23 | Review multiple emails re: trial. | .4 |
| 3/10/23 | Review email from expert, Scott DeFoe. | .2 |
| 3/10/23 | Review expert, Scott Defoe's, CV. | .4 |
| 3/10/23 | Conversation with expert, Scott DeFoe. | .2 |
| 3/11/23 | Trial preparation. | 3.5 |
| 3/13/23 | Prepare for and attend jury trial. | 13.0 |
| 3/14/23 | Prepare for and attend jury trial. | 9.5 |
| 3/15/23 | Prepare for and attend jury trial. | 11.0 |
| 3/16/23 | Prepare for and attend jury trial. | 9.0 |
| 3/17/23 | Trial preparation. | 4.0 |
| 3/18/23 | Trial preparation. | 5.5 |
| 3/19/23 | Trial preparation. | 2.5 |
| 3/20/23 | Prepare for and attend jury trial. | 8.5 |
| 3/21/23 | Prepare for and attend jury trial. | 9.0 |
| 3/22/23 | Attend trial - verdict. | 6.5 |

| 3/20/23 | Prepare letter to defense counsel re: plaintiffs' settlement demand. | .2 |
|---|---|---|
| 3/26/23 | Review email from Court Reporter. | .1 |
| 4/1/23 | Review multiple emails from defense counsel and the Court. | .3 |
| 4/3/23 | Research re: post verdict motions re: Veronica and Jose. | 1.5 |
| 4/11/23 | Meeting with Judge re: verdict.  Travel to Court. | 1.5 |
| 4/13/23 | Review emails from defense counsel and review case cited by defense counsel re: interest. | .8 |
| 4/13/23 | Review email to Court re: Amended Judgment. | .1 |
| 4/13/23 | Prepare email to defense counsel and to Court. | .1 |
| 4/14/23 | Review letter from defense counsel rejecting plaintiffs' settlement demand. | .1 |
| 4/18/23 | Review email from defense counsel re: Amended Judgment. | .2 |
| 4/18/23 | Review emails re: settlement and defense counsel's rejection of plaintiffs' settlement offer. | .3 |
| 4/19/23 | Review Notice of Motion for Judgment Notwithstanding the Verdict. | .4 |
| 5/2/23 | Review Defendants' Motion for New Trial. | .8 |
| 5/5/23 | Review and revise Plaintiffs' Opposition to Motion for New Trial re: Veronica and Jose. | 2.8 |
| 5/11/23 | Prepared declaration of Warren Paboojian regarding attorneys' fees. Additional research as to attorneys' fees regarding the Bane Act. | 1.8 |
| | TOTAL HOURS: | 337.7 |

**EXHIBIT B**

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Department - Non-Limited | Entered by: |
|---|---|
| TITLE OF CASE:<br>**Stacy Johnson-Klein vs Cal State Univ. Fresno** | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:<br>**05CECG02645  DSB** |

Hearing Date: **MARCH    25, 2008**　　　　Hearing Type: **Motion for Attorney Fees**

Department: **97B**　　　　Judge/Temporary Judge: **Donald S Black**

Court Clerk: N. Loveless　　　　Reporter/Tape: N/A

**Appearing Parties:**
Plaintiff:　　　　　　　　　　　　　　Defendant:

Counsel:　　　　　　　　　　　　　　Counsel:

- [ ] Off Calendar

- [ ] Continued to [ ] Set for _____ at _____ Dept. _____ for _____

- [ ] Submitted on points and authorities with/without argument.　[ ] Matter is argued and submitted.

- [ ] Upon filing of points and authorities.

- [ ] Motion is granted　[ ] in part and denied in part.　[ ] Motion is denied　[ ] with/without prejudice.

- [ ] Taken under advisement

- [ ] Demurrer [ ] overruled [ ] sustained  with _____ days to [ ] answer [ ] amend

- [x] Tentative ruling becomes the order of the court.　No further order is necessary.

- [x] Pursuant to CRC 391(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

- [x] Service by the clerk will constitute notice of the order.

- [ ] Time for amendment of the complaint runs from the date the clerk serves the minute order.

- [ ] Judgment debtor _____ sworn and examined.

- [ ] Judgment debtor _____ failed to appear.
  Bench warrant issued in the amount of $ _____

**Judgment:**

- [ ] Money damages [ ] Default [ ] Other _____ entered in the amount of:
  Principal $ _____ Interest $ _____ Costs $ _____ Attorney fees $ _____ Total $ _____

- [ ] Claim of exemption [ ] granted [ ] denied.　Court orders withholdings modified to $ _____ per _____

**Further, court orders:**

- [ ] Monies held by levying officer to be [ ] released to judgment creditor.　[ ] returned to judgment debtor.

- [ ] $ _____ to be released to judgment creditor and balance returned to judgment debtor.

- [ ] Levying Officer, County of _____, notified.　[ ] Writ to issue

- [ ] Notice to be filed within 15 days.　[ ] Restitution of Premises

- [x] Other:　See attached.

BCV-14  E11-01
Mandatory Form　　　　**LAW AND MOTION MINUTE ORDER**

(19)                          **Tentative Ruling**

Re:              ***Johnson-Klein v. Fresno State***
                 05 CECG 02645

Hearing Date:    March 25, 2008 **(Dept. 97B)**

Motion:          For Award of Attorney's Fees

**Tentative Ruling:**

To grant, but reduce hourly rate for Mr. Seigel to $450 and $325 for Mr. Paboojian, and to deduct all fees incurred for work on the anti-Slapp motion. To also lower the billing for the 10 hour entry on October 6, 2007 by $1,500 to reflect the correct rate for Mr. Bell. To grant as to the 2.0 multiplier requested, for a total fee award of $2,504,139.00, with interest from the date of judgment.

**Explanation:**

1.      **Standards**

The process by which the court is to be guided in setting reasonable attorneys' fees is described in *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, as follows:

> Under California law, the trial court begins by fixing a "lodestar" or "touchstone" reflecting a compilation of the time spent and reasonable hourly compensation of each attorney or legal professional involved in the presentation of the case. The court then adjusts this figure in light of a number of factors that militate in favor of augmentation or diminution (Citation omitted.) The purpose of a fee enhancement is not to reward attorneys for litigating certain kinds of cases, but to fix a reasonable fee in a particular action. Government Code section 12965, subdivision (b) thus authorizes an award of reasonable attorney fees, not an award of reasonable fees plus an enhancement. Nonetheless, it is recognized that some form of fee enhancement may be appropriate and necessary to attract competent representation of cases meriting legal assistance. In *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 322 [193 Cal.Rptr. 900, 667 P.2d 704], California's Supreme Court implicitly found that it would be appropriate to enhance an award by means of a multiplier " 'to reflect the broad public impact of the results obtained and to compensate for the high quality of work performed and the contingencies involved in undertaking this litigation.' " This does not mean, however, that the trial courts should enhance

25

> the lodestar figure in every case of uncertain outcome or where the work performed was of high quality. The challenge to the trial courts is to make an award that provides fair compensation to the attorneys involved in the litigation at hand and encourages litigation of claims that in the public interest merit litigation, without encouraging the unnecessary litigation of claims of little public value. (*Weeks v. Baker & McKenzie, supra,* 63 Cal. App. 4th at 1171-1172.)

The most recent case on the issue of attorney's fees awards in FEHA actions is *Chavez v. City of Los Angeles* (February 22, 2008) 160 Cal. App. 4th 410. It describes these kinds of cases as "invariably expensive and time consuming." (*Id.* at 418.) "A small award of compensatory damages in a federal civil rights lawsuit can justify a substantial amount of attorney's fees." (*Id.* at 419, quoting from *County of Los Angeles v. Superior Court* (1999) 21 Cal. 4th 292, 304, fnt. 2.)

"Under FEHA, a prevailing plaintiff is entitled to recover attorney fees and costs absent circumstances rendering the award unjust." (*Chavez v. City of Los Angeles* (February 22, 2008) 160 Cal. App. 4th 410, 415, citations omitted.)

> "A plaintiff who brings a discrimination suit acts as a private attorney general, vindicating a vital public policy. [citation omitted] The statutory fee provisions are meant to ease the burden on plaintiffs of limited means so they can bring meritorious suits to vindicate key public policies. An award of fees to a prevailing plaintiff under FEHA provides fair compensation to the attorneys involved in the litigation at hand and encourages litigation of claims that in the public interest merit litigation."

(*Id.* at 417, citing *Flannery v. Prentice* (2001) 26 Cal. 4th 572, 584 and *Weeks v. Baker & McKenzie* (1998) 63 Cal. App. 4th 1128, 1172.)

Records by counsel of the time actually spent on a matter are the starting point for any lodestar determination. The goal of a fee award under FEHA and similar statutes is "to fix a fee at the fair market value for the particular action. (*Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1132.) Whether the hourly rate charged by Plaintiff's attorneys is reasonable is to be determined by an examination of the knowledge, skill, experience and reputation of such attorneys. (*Bihun v. AT&T Information Sytems* (1993) 13 Cal. App. 4th 976, 997.) In setting the hourly fee the court was entitled to consider "fees customarily charged by that attorney and others in the community for similar work." (*Id.*)

Other factors to consider, in the context´of this case, are "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys . . ." (*Serrano v. Priest* (1977) 20 Cal. 3d 25, 49.)

2.    **Lodestar**

Neither the declarations, nor the court's own experience, support an hourly rate for Mr. Paboojian of $400. The court has recently awarded similarly eminent local plaintiff's counsel in similar litigation $325 per hour and considers that to be a reasonable hourly rate for Mr. Paboojian. Lodestar fees for Mr. Paboojian are thus $662,350.

The use of San Francisco Bay Area attorney Mr. Seigel was justified as his experience in this particular field is uncommon, attempts were made to associate other local counsel without success, and the fact Mr. Seigel had just participated in another case against this defendant meant his learning curve was shorter and less costly overall. While his experience is impressive and his legal community justifies a somewhat higher rate, a reasonable hourly fee of $450 is more in line with this court's experience for Bay Area counsel. The lodestar fees for Mr. Seigel are thus $228,150.

The court finds the hourly rates attributable to the remaining timekeepers to be properly supported and consistent with the court's view of reasonable hourly rates in the local community for attorneys of similar experience and qualifications.

With the exception noted below, the court also finds the number of hours expended on the case to be reasonable. Though there were multiple attorneys involved in the representation of plaintiff throughout, there is no evidence of duplication of effort, poor management of time, or shoddy billing practices. Defendant's complaint of overstaffing is answered by the fact that defendant also found the case of sufficient complexity and novelty to require the same number of counsel for depositions and trial. This matter was vigorously litigated by capable attorneys on both sides for its entire length, and plaintiff was entitled to face defendant's opposition to her claims with a legal force of equal size and capability. The evidence presented in this motion shows the settlement offers were less than 10% of the damages award, even after its reduction.

The court does find that the fees attributable to opposing the anti-Slapp motion and the fees request which followed should properly be deducted from the lodestar, and has deducted $8,222.50 for same. Aside from this and the correction for the October 6, 2007 work, the Court has reviewed and resolves all other objections to the lodestar calculation process and amount in favor of plaintiff.

The lodestar is therefore $1,252,069.50, including the fees incurred for the reply.

3.    **Multiplier**

The contingent nature of any fee, coupled with the long delay in payment of any attorneys' fees (now enhanced by the prospect of an appeal) support a multiplier. The work done was of very high quality; the compensatory damage issue in particular was presented quite capably, as evidenced by the size of the jury award.

Case law describes these kinds of cases as "invariably expensive and time consuming." *Chavez v. City of Los Angeles*, *supra*, 160 Cal. App. 4th 418.  That finding is borne out by evidence presented in support of this motion, showing that plaintiff's counsel had to refer out cases which he believed demonstrated easier liability determinations, because he had agreed to represent this plaintiff.  The evidence also shows that plaintiff's counsel stood to lose over $130,000 in costs advanced absent a verdict in the client's favor.

A multiplier "may be inappropriate if the action lacks significant public value or is one in which the plaintiff's injuries are slight." (*Id*. at 421.)  That was not the case here, where the issues of gender equity not only at CSUF, but in collegiate sports nationally are of significant importance to the University, its students, the Fresno community, and beyond.  Plaintiff's injuries were assessed by the jury as severe enough to warrant a multi-million dollar award of compensatory damages.

The factors weigh strongly in favor of a multiplier, and the requested one of 2.0 is reasonable, to ensure that plaintiff's counsel is adequately compensated for the quality and quantity of their work in light of the risk involved and the appreciable public interests served, particularly where, as here, a large and locally powerful institutional defendant is involved.

Applying such multiplier to the lodestar, the Court awards fees of $2,504,139.00, with an interest rate of 7% running from the date of the judgment.

Pursuant to California Rules of Court, Rule 3.1312 and Code of Civil Procedure section 1019.5, subd. (a), no further written order is necessary.  The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____ on _____3-24-08_____ .
                   (Judge's initials)                (Date)

SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO

**FOR COURT USE ONLY**

Civil Department - Non-Limited
1100 Van Ness Avenue
Fresno, CA 93724-0002
(559)488-3352

TITLE OF CASE:
Stacy Johnson-Klein vs Cal State Univ. Fresno

CASE NUMBER:
05CECG02645 DSB

**CLERK'S CERTIFICATE OF MAILING**

Name and address of person served:

Warren R. Paboojian
225 W Shaw Avenue, Ste 105
Oren & Paboojian
Fresno, CA 93704

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the minute order and tentative ruling was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at, California, on:

Clerk, by _____ N. Loveless _____, Deputy

Date:  March 26, 2008

Michael G. Marderosian, Marderosian, Runyon, et al, 1260 Fulton Mall, Fresno CA 93721-1916
Daniel Siegel, 499 14th Street, Suite 220, Oakland California 94612
Warren R. Paboojian, 225 W Shaw Avenue, Ste 105, Oren & Paboojian, Fresno CA 93704
Dawn S. Theodora, Office of General Counsel, 401 Golden Shore, 4th floor, Long Beach CA 90802-4210

---

CLERK'S CERTIFICATE OF MAILING

BGN-06 R09-00

**EXHIBIT C**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 1 of 16 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings:  **IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES [156]**

    Plaintiff Jayd Schroeder initiated this action on March 1, 2018.  [Doc. # 1.]  The Court presided over a four-day jury trial between June 4, 2019 and June 7, 2019, in which Plaintiff brought a single claim against Officers Nicholas Parcher and Steven Wright ("Defendants") for excessive use of force in violation of Plaintiff's Fourth Amendment rights.  The jury returned a verdict of $3,000,000 in Plaintiff's favor on June 7, 2019.  [Doc. # 151.]

    Plaintiff filed a motion for attorneys' fees on June 21, 2019.  [Doc. # 156 ("Motion").]  The Motion is now fully briefed.  [Doc. # 167 ("Opp."), 171 ("Reply").]  Having duly considered the parties' written submissions, the Court **GRANTS IN PART** Plaintiff's Motion.

## I.
## LEGAL STANDARD

    District courts may award the "prevailing party" in an action brought under 42 U.S.C. section 1983 "a reasonable attorney's fee."  42 U.S.C. § 1988(b).  Because "[t]he purpose of [section] 1988 is to ensure effective access to the judicial process for persons with civil rights grievances . . . a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal citations omitted).

    "To determine the amount of a reasonable fee under [section] 1988, district courts typically proceed in two steps."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  First, the Court applies the lodestar method to arrive at a reasonable attorney's fee by multiplying the hours by a reasonable hourly rate.  *See id.*  Second, the Court may act in its discretion to adjust the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 2 of 16 |
|---|---|---|---|

lodestar based upon a consideration of a number of factors, including its knowledge of the litigation. *Id.*; *see also Hensley*, 461 U.S. at 437. The party moving for fees bears the burden of demonstrating the reasonableness of the fees sought. *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

## II.
## DISCUSSION

In his initial Motion,[1] Plaintiff sought a fee award of $979,415 based on the following lodestar figures for four attorneys:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Dale K. Galipo | $1,200 | 257.8 | $309,360 |
| Darren Harris | $750 | 785.8 | $589,350 |
| Marcel F. Sincich | $400 | 181 | $72,400 |
| Renee V. Masongsong | $550 | 15.1 | $8,305 |

Defendants argue that Plaintiff is not entitled to an award of attorneys' fees because Plaintiff failed to meet and confer prior to filing his motion. Defendants next argue that, even if Plaintiff is entitled to attorneys' fees, the fees should be reduced because the requested hourly rates and alleged number of hours worked are not reasonable.

## A.     Meet-and-Confer Requirement

Local Civil Rule 7-3 provides that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.

---

[1] Plaintiff seeks additional fees for worked performed after filing the Motion, which the Court addresses in Section II, D.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 3 of 16 |
|---|---|---|---|

There is no question that Plaintiff failed to comply with the rule—his counsel did not attempt to meet and confer with Defendants' counsel until June 17, 2019, only four days before Plaintiff filed the Motion. Harris Dec. [Doc. # 156-2] at ¶ 8. Moreover, Plaintiff's meet-and-confer efforts were not even minimally satisfactory. When Defendant's counsel responded the following day signifying his intention to meet and confer, Plaintiff's counsel stated that he would be out of the state until June 26. *See* Christensen Dec. [Doc. # 167-1], Ex. A. Plaintiff then filed the Motion on June 21 without giving any further notice to Defendants.

Under Local Rule 7-4, a district court "may decline to consider a motion" that does not comply with Rule 7-3. Although the Court is troubled by Plaintiff's counsel's conduct, the Court will consider Plaintiff's motion given that Defendants do not show that Plaintiff's failure to meet and confer caused them prejudice, and denial of a prevailing plaintiff's attorneys' fees in an action brought under 42 U.S.C. section 1983 would be an especially harsh sanction. *See Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912, at *6 (C.D. Cal. April 2, 2013) ("Because Reed suffered no real prejudice as a result of the late [Rule 7-3] conference . . . the court elects to consider the motion on the merits."); *see also Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (holding that district court acted within its discretion to permit a party to refile motion for attorneys' fees after initially denying motion for failure to comply with Rule 7-3).

Rather than deny the motion outright for Plaintiff's flagrant violation of Local Rule 7-3, the Court imposes a monetary sanction upon Plaintiff's counsel, Darren Harris, in the amount of $350, which shall be payable to the Clerk of the Court within 10 days from the date of this Order.

**B.     Hourly Rates**

"To determine a 'reasonable hourly rate,' the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Id.* (quoting *Chalmers*, 796 F.2d at 1211).

"The burden is on the fee applicant to produce evidence 'that the requested rates are in line with those prevailing in the community.'" *Id.* (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
| --- | --- | --- | --- |

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 4 of 16 |
| --- | --- | --- | --- |

973, 980 (9th Cir. 2008)). "In general, '[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.'" *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). District courts may also "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

### 1.    Dale K. Galipo

Mr. Galipo was Plaintiff's lead trial attorney. Mr. Galipo has managed his own litigation firm for the last 28 years,[2] and regularly handles cases, including jury trials, involving alleged police misconduct. Galipo Dec. [Doc. # 156-1] at ¶¶ 3, 11, 14. Plaintiff contends that $1,200 is a reasonable hourly rate for Mr. Galipo. Defendants contend that, while Mr. Galipo is experienced in civil rights litigation, Mr. Galipo did not adequately support his requested rate. Defendants request that the Court reduce Mr. Galipo's rate to somewhere between $750 and $900 per hour.

The primary evidence Plaintiff submits in support of Mr. Galipo's requested hourly rate is the declarations of five attorneys who state that they believe $1,200 is an appropriate hourly rate for an attorney with Mr. Galipo's experience and skill. Defendants argue that the Court should disregard these declarations because they are self-serving.

The Court finds that the declarations do not support an hourly rate of $1,200 per hour. None of the attorneys provide any basis for the Court to conclude that $1,200 per hour is "in line with [rates] prevailing in the community" for similar work. *Hiken*, 836 F.3d at 1044. Although each of the attorneys has similar experience as Mr. Galipo, none attest to receiving a fee award approving an hourly rate anywhere near $1,200 per hour. Three of the five attorneys do not attest to their rates or awards at all. One attorney, Thomas E. Beck, concentrated on police misconduct litigation for nearly 40 years and, like Mr. Galipo, previously operated his own law firm. [Doc # 156-5] at ¶¶ 1-2. Mr. Beck states that he sets his rate at $750 per hour based on fee awards he has received in civil rights litigation. *Id.* at ¶ 3. Another attorney, Paul Hoffman, has practiced law

---

[2] Mr. Galipo states that he graduated from law school in 1984, but he does not give any indication of whether he practiced law or otherwise worked in the legal profession between 1984 and 1991. Galipo Dec. ¶ 3. Because it is Plaintiff's burden to support the requested lodestar amount, the Court will assume Mr. Galipo's relevant post-education legal experience began in 1991 for purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 5 of 16 |
|---|---|---|---|

for over 40 years. Hoffman Dec. [Doc # 156-9] at ¶ 1. He states that he has "litigated dozens if not hundreds of civil rights case[s]"; that he "previously supervised a team of approximately ten lawyers all of whom litigated civil rights cases"; and that he has taught civil rights litigation at various law schools in Southern California. *Id.* at ¶ 2. The only award Mr. Hoffman discusses is an award he received in 2011 approving an hourly rate of $750. *Id.* None of the attorneys attests to being aware of an award approving an hourly rate near $1,200.

The strongest evidence Plaintiff provides in support of Mr. Galipo's reasonable hourly rate is the fee awards Mr. Galipo received in three Central District of California cases between 2014 and 2015. *See* Order re Motion for Attorneys' Fees, *Ramirez v. Oxnard Police Dept.*, No. 13-01615 (C.D. Cal. Sept. 17, 2015); Order Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs, *Sanchez v. County of San Bernardino*, No. 10-09384 (C.D. Cal. March 10, 2014); [In Chambers] Order Concerning Motions for Attorney Fees and Applications for Cost, *R.S. v. City of Long Beach*, No. 11-536 (Jan. 31, 2014). In each of these cases, the plaintiffs brought civil rights actions alleging misconduct by police officers. *See id.* In the *Ramirez* case, the district court determined that a reasonable rate for Mr. Galipo's work was $900 per hour. In both the *Sanchez* and *R.S.* cases, the district courts found that a reasonable rate for Mr. Galipo's work was $800 per hour.

Even compared to more recent decisions, the rate the district court considered reasonable in the *Ramirez* matter appears to be one of the higher rates approved by a Central District of California court in a civil rights litigation. *See e.g., Garza v. City of Los Angeles*, 2018 WL 5859549, at *3 (C.D. Cal. June 25, 2018) (approving hourly rate of $875 in police misconduct action for partner at civil rights law firm with 33 years of experience); *Mackey v. Cal. Highway Patrol*, 2018 WL 6137166, at *5 (C.D. Cal. Jan. 23, 2018) (approving hourly rate of $575 in police misconduct action for partner with 22 years of experience).

While Mr. Galipo obtained a very favorable result in this action and has a sterling reputation as a skilled trial attorney, Plaintiff has not shown that the reasonable rate for an attorney with Mr. Galilpo's experience in a civil rights action should be higher than $950 per hour, when taking into account the passage of time since his last $900 per hour award in 2015. The Court therefore finds that Mr. Galipo's reasonable rate for this action is **$950 per hour**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 6 of 16 |

### 2.    **Darren Harris**

Mr. Harris was Plaintiff's primary attorney on this matter from approximately August 2018 until shortly before the commencement of trial. Mr. Harris has practiced law for 21 years and has been a partner at his law firm for the last 17 years. Harris Dec. at ¶ 2. Mr. Harris asserts that he has handled matters involving alleged civil rights violations by governments and municipalities, although he is vague as to the extent and specific types of matters he has handled. *Id.* at ¶ 3. Plaintiff contends that $750 is a reasonable hourly rate for Mr. Harris. Defendants argue that Mr. Harris' reasonable hourly rate is no more than $450 because Mr. Harris is not an experienced civil rights litigator and because Mr. Harris has not shown that he has received a fee award approving a rate higher than $450 per hour.

Plaintiff makes several arguments in support of Mr. Harris' requested hourly rate. First, Plaintiff offers the attorneys' fees Mr. Harris received from settling six other civil rights actions. Mr. Harris states that the "total attorneys fees generated" in these matters divided by "the number of hours expended on the case[s]" resulted in hourly rates ranging from $626.08 to $879.47. Harris Dec. at ¶ 7(c). The Court is not persuaded that this evidence supports Mr. Harris's requested rate. First, there is no indication that the fees have any relation to hourly rates. Mr. Harris may have obtained his fees via a contingency arrangement, or some other arrangement which does not take into account the number of hours an attorney works. Mr. Harris is silent as to how these fees were computed. Second, there is no indication that a court or any neutral reviewed the fees Mr. Harris obtained to determine whether they were reasonable. Mr. Harris simply states that these fees were "voluntarily agreed to" by "defense counsel and my clients in those cases." *Id.*

Plaintiff also submits the declarations of three attorneys in support of Mr. Harris's hourly rate. Each attorney makes the conclusory statement that a rate of $750 is reasonable for an attorney with Mr. Harris's experience, but none of the attorneys provide adequate bases for their statements. They do not attest to specific fee awards they are aware of attorneys receiving in similar litigation, nor otherwise provide evidence to suggest $750 for an attorney with Mr. Harris' experience is reasonable. Only one of the attorneys, Victor Altamirano, discusses a specific fee award in a matter on which Mr. Altamirano and Mr. Harris were co-counsel. Altamirano Dec. [Doc. # 156-2], Ex. D at ¶ 6. But Mr. Altamirano only discusses the total fee awarded in that case. He does not discuss the hourly rate approved for any attorney. *See id.* Nor does he discuss the subject matter of the litigation. *See id.* Like the declarations submitted in support of Mr. Galipo's requested rate, the Court finds each of these three declarations of limited weight.

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 7 of 16 |

Because Plaintiff fails to demonstrate that the hourly rate requested for Mr. Harris is reasonable, the Court shall instead determine the rate based upon consideration of counsel's background and the Court's own experience and knowledge of prevailing market rates. *See Ingram*, 647 F.3d at 928. The Court is aware of recent, similar civil rights litigations in Southern California in which district courts approved hourly rates between $500 and $700 for lead attorneys with approximately the same experience as Mr. Harris. *See Mackey*, 2018 WL 6137166, at *5 (approving hourly rate of $575 in police misconduct action for lead counsel with 22 years of experience); *Hoffman v. County of Los Angeles*, 2018 U.S. Dist. LEXIS 1162, at *23 (C.D. Cal. Jan. 3, 2018) (approving hourly rate of $700 in unlawful arrest action for lead attorney with approximately 19 years of experience) (C.D. Cal. Jan. 3, 2018); *Lewis v. County of San Diego*, 2017 U.S. Dist. LEXIS 203457, at *7 (S.D. Cal. Dec. 11, 2017) (approving hourly rate of $600 in civil rights litigation for lead counsel with 19 years of experience); *Young v. Wolfe*, 2017 WL 3184167, at *4 (C.D. Cal. July 26, 2017) (approving hourly rate of $525 in excessive force action for lead attorney with approximately 20 years of experience).

The Court finds that Mr. Harris' reasonable hourly rate is on the lower end of this range. On the one hand, Mr. Harris was lead counsel through the summary-judgment stage. On the other hand, Mr. Harris was not lead counsel for Plaintiff during trial, he does not appear to have contributed significantly to the action once trial commenced, and his declaration is vague as to his experience handling civil rights and police misconduct actions specifically. *Compare Hoffman*, 2018 U.S. Dist. LEXIS 1162 at *23 (approving hourly rate of $700 for "unique" counsel who had represented both plaintiffs and defendants in civil rights actions and had tried "more than 30 § 1983 trials"). The Court finds that a reasonable rate for Mr. Harris is **$600 per hour**.

### 3. Renee Masongsong and Marcel Sincich

Ms. Masongsong and Mr. Sincich are associate attorneys in Mr. Galipo's office. As of the date of Plaintiff's filing of the motion for attorneys' fees, Ms. Masongsong was in her eighth year of practice. Masongsong Dec. [Doc. # 156-4] at ¶ 8. She has handled civil rights cases exclusively for the last six years. *Id.* at ¶ 6. Mr. Sincich was in his second year of practice, and had practiced exclusively at Mr. Galipo's firm. Sincich Dec. [Doc. # 156-3] at ¶ 9. Plaintiff argues that hourly rates of $550 for Ms. Masongsong and $400 for Mr. Sincich are reasonable.

Defendants argue that Ms. Masongsong's reasonable hourly rate should be significantly reduced because all the work she did in this action could have been performed by a paralegal. For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 8 of 16 |

the reasons stated in section II, C, 4, *infra*, the Court does not agree that Ms. Masongsong performed only paralegal-level work.

Defendants also argue that the requested hourly rates for Ms. Masongsong and Mr. Sincich are too high. Plaintiff's primary support for the requested rates are other district court awards.[3] Of the decisions Plaintiff cites, the most persuasive are those involving other police misconduct actions in which attorneys of similar experience received fee awards. *See Young*, 2017 WL 3184167, at *4-5 (approving hourly rate of $325 for attorney with six years of litigation experience but no civil rights experience, and $175 for attorney with only six months of experience); *Dugan v. County of Los Angeles*, 2014 WL 12577377, at *4 (C.D. Cal. March 3, 2014) (approving hourly rate of $390 for attorney with approximately six years of experience); *Mendez v. County of San Bernardino*, 2009 WL 10714986, at *7-8 (C.D. Cal. July 1, 2009) (approving hourly rates of $250 and $300 for two associate attorneys).

In light of counsel's background, the cases cited by Plaintiff, and the Court's own knowledge of prevailing market rates, the Court finds that a reasonable rate for Ms. Masongsong is **$425 per hour**, and a reasonable rate for Mr. Sincich is **$250 per hour.** *See Mackey*, 2018 WL 6137166, at *5-6 (approving hourly rates of $425 for attorney with 11 years of experience, $300 for associate with 6 years of experience, and $250 for associates with two years of experience, in police misconduct action); *Hoffman*, 2018 U.S. Dist. LEXIS 1162, at *24-25 (approving hourly rate of $300 for associate in unlawful arrest action with approximately two years of litigation experience).

## C.      **Hours Reasonably Expended**

"In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[I]t

---

[3] Ms. Masongsong and Mr. Sincich each attest to the value of their own services, as does Mr. Galipo. None of the attorneys adequately support their opinions by showing that they were familiar with prevailing rates in the community for similar legal work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 9 of 16 |
|---|---|---|---|

is not per se unreasonable for the prevailing party in a civil rights case to be awarded an amount of attorney's fees that exceeds the amount of money recovered by his or her client." *Id.* at 1200.

If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzalez*, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the board percentage cut." *Id.* "[W]hen a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply." *Id.* at 1200.

1.     **Dale K. Galipo**

Plaintiff contends that Mr. Galipo reasonably expended 257.8 hours on this matter over a 71-day period prior to the filing of this Motion. Defendants claim this number is unreasonable, without further explanation.

In conducting its own review, the Court concludes that Mr. Galipo's requested hours are reasonable, except as to those rare entries that were block-billed, as discussed further below. Mr. Galipo provided time entries of the work he performed on this case. *See* Galipo Dec., Ex. 1. The majority of Mr. Galipo's requested time occurred during the 30-day period from May 9, 2019 through June 7, 2019—the last day of the jury trial. *See* Galipo Dec., Ex. 1 at 1-4. Mr. Galipo's entries show that he expended 231.7 hours over this period, which results in an average of approximately 7.7 hours per day. None of Mr. Galipo's entries appear unnecessary. Given that this was a 4-day jury trial and Mr. Galipo was the lead trial attorney, the Court does not find the number of hours expended by Mr. Galipo unreasonable. *Accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . .").

Defendants argue that Mr. Galipo should not recover for 7.4 hours he worked on this matter prior to making an appearance on April 23, 2019. There is no authority that requires an attorney to make a formal appearance to recover attorneys' fees, so long as the work the attorney performs is reasonable. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1124 (C.D. Cal. 2012) (holding that attorney who was not counsel of record and did not make appearance could still recover attorneys' fees). The majority of work Mr. Galipo performed prior to making an appearance was familiarizing himself with the case. This is certainly a reasonable task, particularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 10 of 16 |
|---|---|---|---|

for an attorney who is considering whether to serve as lead trial counsel. *See Moreno*, 534 F.3d at 1112 (holding that lawyer may recover fees for time spent "get[ting] up to speed with the research previously performed" so long as the work is necessary).

Mr. Galipo also spent time working on the motion for attorneys' fees. A prevailing party under section 1988 is entitled to recover fees for time reasonably spent working on a fee motion. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986).

Although Mr. Galipo's requested hours are mostly reasonable, the Court's review of Mr. Galipo's billing records indicates that it should implement a minor reduction in the overall award because some of Mr. Galipo's entries are block-billed by day rather than by task. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno*, 534 F. 3d at 1112) (noting that courts usually impose "only a 5% to 20% reduction" for block-billing). The fact that some of Plaintiff's counsel's block-billed time entries include several independent tasks prevents the Court from accurately gauging how long each task took. *See, e.g.,* Galipo Dec., Ex. 1 at 1 (entry on April 23, 2019), at 2 (entry on May 25, 2019), at 3 (entry on June 2, 2019). As such, the Court imposes the minimum 5% reduction for all block-billed hours. Moreover, in conducting its review, the Court recognized a calculation error in Mr. Galipo's requested hours. *See* Galipo Dec., Ex. 1 at 1 (entry on May 9, 2019).[4] Therefore, the Court will reduce the calculation by an additional hour.

### 2.    Darren Harris

Plaintiff contends that Darren Harris reasonably expended 785.8 hours on this matter over an approximately 10-month period prior to the filing of this Motion. Mr. Harris generally provided time entries broken down by task, with some entries block-billed by day. *See* Harris Dec., Ex. A [Doc. # 156-2].

Defendants raise several issues with Mr. Harris' entries. First, Defendants argue that Mr. Harris should not be able to recover fees for 14.7 hours that he spent prior to making an appearance in this action on August 24, 2018. Most of this time was spent meeting with Plaintiff, Plaintiff's prior counsel, and reviewing materials for the case. For the same reasons Mr. Galipo's pre-appearance time is reasonable, Mr. Harris' pre-appearance time is reasonable as well.

---

[4] 3.3 + 0.6 = 3.9 hours, not 4.9 hours.

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | Page | 11 of 16 |

Defendants next argue that, although Mr. Harris states in his declaration that he is not seeking fees "for any work performed regarding the claims against the County of San Bernardino" (whom Plaintiff voluntarily dismissed from this action, *see* Doc. # 57), Mr. Harris requests fees for five hours spent reviewing the County of San Bernardino's Answer and Initial Disclosures. Plaintiff does not provide a substantive response. The Court agrees that Mr. Harris should not recover fees for time expended on these tasks and will reduce five hours from Mr. Harris' requested lodestar.

Defendants also take issue with 12 meetings Mr. Harris had with Plaintiff and other witnesses between August 29, 2018 and June 3, 2019, allegedly totaling approximately 93 hours. Defendants argue that these entries appear to be inflated because eight of the entries are simply billed at eight hours each, and the other four entries are also billed as whole numbers. *See* Harris Dec., Ex. A. In reviewing the entries, the Court does not find that these meetings were necessarily unreasonable—in particular, Mr. Harris provides a description of the subject matter of the meetings, and the meetings do not appear duplicative. *See id.* On the other hand, the Court notes that a disproportionate number of Mr. Harris' time entries are whole-number hours, even though Mr. Harris claims that his general practice is to bill tasks in increments of .1 hours. *See* Harris Dec. at ¶ 5; *see generally* Harris Dec., Ex. A. This calls into question the accuracy of Mr. Harris' entries. Accordingly, the Court finds it appropriate to reduce Mr. Harris' total requested hours by 10%, in addition to the specific hours the Court reduces. *See Moreno*, 534 F.3d at 1112.

Defendants contend that Mr. Harris' time entries purportedly show that he met with one witness, Charlie Lynch, for a total of 25.1 hours. Defendants argue that Mr. Harris should not recover for these purported hours because Mr. Lynch testified at trial that his only discussions with Plaintiff's counsel were telling them that he wanted to tell the truth. Defendants mischaracterize Mr. Harris' time entries, however. Each of Mr. Harris' meetings and discussions with Mr. Lynch are block-billed with other tasks, including meetings with Plaintiff. *See* Harris Dec., Ex. A at p. 14. The 10% reduction adequately addresses any potential inaccuracies regarding Mr. Harris's meetings and discussions with Mr. Lynch.

Defendants argue that the time Mr. Harris purportedly spent opposing Defendant's motion for summary judgment ("MSJ"), 140.7 hours, was unreasonable because Defendant's MSJ memorandum was only 11 pages, and Plaintiff's opposing memorandum was only 16 pages. The Court agrees that some of the time Mr. Harris purportedly spent opposing the MSJ appears excessive. Namely, Mr. Harris claims he spent no less than 36 hours alone preparing and revising

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | | Date | September 10, 2019 |
|---|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | | Page | 12 of 16 |
|---|---|---|---|---|

the 16-page opposition memorandum. *See* Harris Dec., Ex. A at p. 10. This does not include time allegedly spent performing legal research and preparing other MSJ opposition documents. *Id.* Mr. Harris also claims that he expended approximately 34 hours related to the MSJ after he filed his opposition – not including his attendance at the MSJ hearing. *See id.* at p. 11. The majority of this time appears to have been spent reviewing the filed documents. *See id.* The Court believes a reduction of 25 hours related to Mr. Harris's purported work on the MSJ opposition is appropriate. The remainder of time spent by Mr. Harris related to the MSJ opposition—such as meeting with witnesses, preparing declarations, preparing the separate statement, and responding to Defendants' objections—appears reasonable. *See id.* at 10-11.

Defendants argue that the Court should not award Mr. Harris any fees for the 49 hours he spent attending the trial because he did not question witnesses, give opening or closing statements, or otherwise perform trial related work. The fact that an attorney attends a trial but does not engage in specific tasks before the Court or jury does not, in and of itself, show that the attorney's attendance at the trial was unnecessarily duplicative because lead counsel often rely on the assistance of other attorneys. Here, however, Plaintiff fails to show how Mr. Harris's attendance at the trial advanced Plaintiff's case. Plaintiff did not substantively respond to Defendant's argument that Mr. Harris's attendance at trial was unnecessary, and neither Mr. Galipo nor Mr. Harris explain the work Mr. Harris performed once the trial began. Likewise, it appears from Mr. Harris' time entries that his role during the trial was limited. Mr. Harris' only time entries after June 3 were for attending the trial, attending meetings with Plaintiff and witnesses—tasks for which Mr. Galipo and Mr. Sincich also request fees—and reviewing the jury's 2-page verdict form. *See id* at 14-15. While it is certainly understandable that Mr. Harris would want to attend his client's trial, that does not mean that Defendants should pay for his time if all he did was observe. To the extent that Mr. Harris had greater familiarity with the facts of the case due to the time he spent with the case pre-trial, he was likely of some assistance to trial counsel to that degree. But because Mr. Harris has not adequately shown that his attendance at the trial should be charged in its entirety to Defendants, the Court shall reduce Mr. Harris's requested lodestar for trial attendance by 29 hours.

Defendants next take issue with a specific time entry where the description of the task is followed by the number "3.0." The time entered for this task is 8.0 hours. *See id.* at 9. Defendants argue that the "3.0" figure indicates that Mr. Harris only performed 3 hours on this task, and generally shows that Mr. Harris inflated the number of hours he worked. Plaintiff did not respond

---

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk <u>KT</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | | Date | September 10, 2019 |
|---|---|---|---|---|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | | Page | 13 of 16 |
|---|---|---|---|---|

with any explanation as to the discrepancy. Accordingly, a reduction of the entire 8.0 hours from Mr. Harris' requested lodestar is warranted.

Finally, Defendants claim that the time Mr. Harris spent on other specific tasks was "exaggerated" or unnecessary. *See* Opp. at 15-17. Some of these entries include attending meetings and performing tasks which Plaintiff's other counsel also attended or performed. The mere fact that there is some duplication of work between attorneys does not necessarily show that the work was unreasonable. The question is whether the work was "unnecessarily" duplicative. *See Moreno*, 534 F.3d at 1112. Work is not unnecessarily duplicative "simply because [attorneys] kept each other informed about the case and double-checked each other's work . . . ." *Charlebois*, 993 F. Supp. 2d at1125 (C.D. Cal. 2012); *see also Doe v. Prudential Insurance Co.*, 258 F. Supp. 3d 1089, 1096 (C.D. Cal. 2017) ("It is not uncommon and indeed is often necessary for several attorneys to review the same Court order, or for several attorneys to edit the same document. This is simply a form of collaboration.").

In conducting an independent review of these entries, the Court finds that the time spent by Mr. Harris on the remainder of the tasks of which Defendants complain generally appear reasonable. To the extent Mr. Harris may have duplicated work or inflated hours due to block billing or inaccurate time entries, the Court's 10% across the board reduction of that time is sufficient to address these issues.

For the foregoing reasons, Plaintiff has shown that Mr. Harris reasonably expended 646.92 hours[5] on this matter prior to the filing of the Motion.

### 3.    **Marcel Sincich**

Like Mr. Galipo, Mr. Sincich provided time entries for the tasks he performed on this case, some of which were block-billed by day, and some of which were broken down by task. For the same reasons that the Court reduced Mr. Galipo's block-billed hours by 5%, the Court will reduce Mr. Sincich's block-billed hours by 5% as well. Plaintiff seeks to recover fees for 181 hours expended by Mr. Sincich prior to the filing of this Motion.

---

[5] The number is calculated as follows: $(785.8 - 5 - 25 - 29 - 8) \times 0.9 = 646.92$ hours.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | | Date | September 10, 2019 |
|---|---|---|---|---|

| Title | ***Jayd Schroeder v. County of San Bernardino, et al.*** | | Page | 14 of 16 |
|---|---|---|---|---|

Defendants argue that, like Mr. Harris, Mr. Sincich requests fees for time spent attending trial, even though he did not conduct opening or closing statements or question witnesses. Unlike Mr. Harris' entries, however, Mr. Sincich's entries show that he was actively involved in assisting Mr. Galipo during the trial. For example, Mr. Sincich prepared media and exhibits during the trial, took notes for Mr. Galipo while he conducted *voir dire* and examined witnesses, and conferred with Mr. Galipo each morning prior to the commencement of trial proceedings. *See* Sincich Dec., Ex. 1 at 4. It is reasonable for the lead trial attorney to have at least one associate assisting him or her during the pendency of the trial.

Defendants also argue that Mr. Sincich's work was unnecessarily duplicative because he performed many of the same tasks that Mr. Harris and Mr. Galipo performed—namely, reviewing records and drafting certain documents. In conducting an independent review of Mr. Sincich's time entries, the Court does not find that this work was unreasonable or unnecessarily duplicative of work performed by other attorneys. Plaintiff has adequately shown that all of Mr. Sincich's requested 181 hours were reasonable, except as to those hours that were block-billed and as to which the Court will apply a 5% across the board cut.

### 4. Renee Masongsong

Ms. Masongsong provided time entries for the tasks she performed on this case, most of which are broken down by task, and some of which are block-billed by day. For the same reasons that the Court reduced Mr. Galipo's and Mr. Sincich's block-billed hours by 5%, the Court will reduce Ms. Masongsong's block-billed hours by 5% as well. Plaintiff seeks to recover fees for 15.1 hours expended by Ms. Masongsong prior to the filing of this motion.

Defendants argue that Ms. Masongsong should not recover fees for 6.5 hours she expended before Mr. Galipo's firm made an appearance in this case. Ms. Masongsong primarily spent this time reviewing the record and consulting with Mr. Harris on Plaintiff's motion for summary judgment and the parties' expert depositions. This work was not unreasonable.

Defendants also argue that all of the work Ms. Masongsong performed could have been performed by a paralegal. The Court disagrees. Ms. Masongsong's time entries reflect that she reviewed the record, consulted with Mr. Harris and the attorneys in her firm on specific legal issues, worked on the jury instructions, and subsequently drafted her declaration and reviewed her time entries in support of this fee motion. It is reasonable for a more experienced associate such

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-427-DMG (JCx)** | Date | September 10, 2019 |
|----------|----------------------------|------|--------------------|

| Title | *Jayd Schroeder v. County of San Bernardino, et al.* | Page | 15 of 16 |
|-------|------------------------------------------------------|------|----------|

as Ms. Masongsong to provide assistance on discreet tasks in preparation for trial. Nothing about Ms. Masongsong's entries suggest she simply performed paralegal work. Plaintiff has adequately shown that all of Ms. Masongsong's requested 15.1 hours were reasonable, except as to those hours that were block-billed and as to which the Court will apply a 5% across the board cut.

**D.      Time Expended by Plaintiff's Counsel After Filing this Motion**

In his Reply, Plaintiff seeks to recover fees for the following time that Plaintiff's counsel expended after filing the fee motion: 11.1 hours for Mr. Galipo; 2.5 hours for Mr. Harris; 31.1 hours for Mr. Sincich; and 22.8 hours for Ms. Masongsong. As such, the total number of requested hours are:

| Attorney | Hours |
|----------|-------|
| Dale K. Galipo | 268.9 |
| Darren Harris | 788.3 |
| Marcel F. Sincich | 212.1 |
| Renee V. Masongsong | 37.9 |

The Court notes that a significant amount of the time spent by Mr. Sincich and Ms. Masongsong was for reviewing and preparing an opposition to Defendant's Motion for Judgment as a Matter of Law and for a New Trial. *See* Doc. # 168; Sincich Reply Dec. [Doc. # 171-3], Ex. 1 at 5; Masongsong Reply Dec. [Doc. # 171-4], Ex. 1 at 2. Although the parties eventually reached an agreement and stipulated to Defendants withdrawing the Motion, the Court finds that the time spent by Plaintiffs' counsel opposing the motion was reasonable. There is no question that Plaintiff's Opposition related to the claim on which Plaintiff was successful at trial, and Plaintiff filed the Opposition before Defendants withdrew the Motion. *See Padgett v. Loventhal*, 706 F.3d 1205, 1209 (9th Cir. 2013) ("[W]here attorney work proves beneficial to a successful claim, district courts should generally award these fees in full.")

The remainder of Plaintiff's counsel's time entries are for preparation of Plaintiff's Reply in support of the Motion for Attorneys' Fees and for settlement discussions with Defendant. *See* Galipo Reply Dec. [Doc. # 171-1], Ex. 1 at 5; Harris Reply Dec. [Doc. # 171-2], Ex. 1; Sincich Reply Dec., Ex. 1 at 5; Masongsong Reply Dec., Ex. 1 at 2. The Court finds that this work was reasonable, with the exception of the time counsel estimated they would spend preparing for future

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **ED CV 18-427-DMG (JCx)**                    Date   September 10, 2019

Title   *Jayd Schroeder v. County of San Bernardino, et al.*                    Page   16 of 16

hearings.  Because the Court held no hearing on the Motion, the Court reduces Mr. Galipo's requested lodestar by 5 hours, and Mr. Sincich's lodestar by 4 hours.

\*          \*          \*

For the reasons stated herein, Plaintiff has demonstrated that the following lodestar figures are reasonable:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Dale K. Galipo | $950 | 254.5 | $241,775 |
| Darren Harris | $600 | 646.9 | $388,152 |
| Marcel F. Sincich | $250 | 206.7 | $51,675 |
| Renee V. Masongsong | $425 | 37.8 | $16,065 |

## III.
## CONCLUSION

The Court **GRANTS in part** Plaintiff's Motion.  Plaintiff's counsel shall recover from Defendants a total of **$697,667** in attorneys' fees.

**IT IS SO ORDERED.**

## PROOF OF SERVICE

**Ordaz-Gonzalez v. COF**
**Case No. 18CECG03672**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 720 West Alluvial Avenue, Fresno, CA 93711. My email address is avs@paboojianlaw.com.

On May 16, 2023, I served true copies of the following document(s) described as **DECLARATION OF WARREN PABOOJIAN IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

| | |
|---|---|
| James D. Weakley<br>Leslie M. Dillahunty<br>WEAKLEY & ARENDT<br>5200 N. Palm Ave., Suite 211<br>Fresno, CA 93704<br>Fax: (559) 221-5262<br>jim@walaw-fresno.com<br>leslie@walaw-fresno.com<br>elina@walaw-fresno.com | *Attorneys for Defendants COUNTY OF FRESNO;*<br>*FRESNO COUNTY SHERIFF'S OFFICE;*<br>*DEPUTY COURTNEY BUSH (DOE 1); DEPUTY*<br>*JEFFREY MORSE (DOE 2); DEPUTY COLLEEN*<br>*SANTOS (DOE 3); SERGEANT JAMES DUNN*<br>*(DOE 4); DEPUTY ISAAC CERVANTES (DOE 5)* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** A PDF version of said document was served via electronic mail to the party(s) identified herein using the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 16, 2023, at Fresno, California.

Andrea Salcido

Andrea Salcido

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit E

Nolan C. Kane, No. 287918
nck@paboojianlaw.com
PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California 93711
Telephone: (559) 431-5366
Facsimile: (559) 431-1702

Attorneys for Plaintiffs
VERONICA ORDAZ GONZALEZ;
JOSE RAMOS SANTIAGO; OMAR PEREZ;
and ROBERTO PEREZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| VERONICA ORDAZ GONZALEZ; JOSE RAMOS SANTIAGO; OMAR PEREZ; and ROBERTO PEREZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No. 18CECG03672<br><br>**DECLARATION OF RYAN D. LIBKE IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS FEES** |

I, Ryan D. Libke, declare as follows:

1.    I am an attorney at law duly admitted to practice before all the courts of the State of California. I am attorney employed with the law firm of Paboojian, Inc., attorneys for Plaintiffs Veronica Ordaz Gonzalez, José Ramos Santiago, Omar Perez and Roberto Perez in the above-captioned matter. I have personal knowledge of the facts stated below and I could testify competently to those facts.

2.    I make this declaration in support of Plaintiff's Motion for Attorneys' Fees.

3.    I graduated from Santa Clara University School of Law in 1997 and passed the bar exam that year.

///

1          4.       Prior to joining the Paboojian law office in April of this year, I worked for the Church

2    Law Group, with Ms. Rayma Church as the proprietor. The "Church Law Group" was to the

3    successor name for the firm once known as Emerson, Corey & Barsotti. I joined Emerson, Corey &

4    Barsotti in December of 1999. The main practice of the firm was insurance defense litigation. Ms.

5    Rayma Church was a member of the firm when I joined, and she eventually became the owner and

6    proprietor of the office ("Emerson-Church office") before retiring this year. During and through my

7    tenure with the Emerson-Church office, I learned of and became familiar with Mr. Paboojian's

8    practice. When I began working, Mr. Paboojian was already an established attorney. Over the years

9    of my practice, Mr. Paboojian became one of the preeminent plaintiff's attorney in the Fresno area,

10   gaining prominence through several successful, and often high profile, trial work. One of those

11   successes came about in the matter of *Stacey Johnson-Klein v. xxx,* Case no. 05CECG02645. My

12   office defended several actions brought by Mr. Paboojian or his office. In only one that went trial

13   in which I was involved, though, the client of the Emerson-Church office was a cross-defendant

14   only. The trial resulted in a substantial recovery for Mr. Paboojian's client, and a defense verdict on

15   the cross-complaint. The case was named *Maseba v. Mosqueda,* Case No. 09CECG03125.

16         5.       While still employed as a defense attorney, I observed a strong trend away from

17   plaintiffs being represented by local attorneys. By the time the Emerson-Church office closed in

18   April of this year, most of the files being sent to our office by insurers came from actions filed by

19   attorneys in the Southern California area, most often by firms in the Los Angeles area. By my

20   estimation, less than 15% of the files we had at the Emerson-Church office in 2000 had an attorney

21   based in Southern California prosecuting the action on behalf of the plaintiff or plaintiffs. By the

22   time the office closed, at least 75% of the cases we defended were being prosecuted by attorneys

23   based in Southern California.

24         6.       Likewise, based upon my experience in insurance defense litigation, smaller defense-

25   oriented law firms are struggling to compete as larger, nationwide firms are opening offices in

26   Fresno. These larger firms have better bargaining power vis-à-vis the insurers, such that they can

27   charge a higher hourly rate, albeit still discounted relative to what other attorneys of the same

28

1   experience and skill may recover. This is to say that, in my opinion, the rates for insurance defense

2   will begin to climb in Fresno

3        7.      Having worked in insurance defense for most of my career, I am experienced in

4   documenting the time spent working on a file. A copy of my time records that I prepared for this

5   case is attached as **Exhibit "1"**. Using billing judgment, I did not list any time that I spent generally

6   learning about the file and familiarizing myself with the case, as I began working for the Paboojian

7   law office after the trial was completed.

8        8.      Attached as **Exhibit "2"** is a true and correct copy of the "Order Granting in

9   Substantial Part Plaintiffs' Motion for Attorneys' Fees" from the matter of *Craig v. County of*

10   *Orange,* U.S. District Court, Central District, Case No. 8:17-cv-00491-CJC-KES.

11        9.      Attached as **Exhibit "3"** is a table that I prepared for this motion which lists the

12   attorney or paralegal, the number of hours worked, the rate used for that attorney or paralegal, the

13   products, and the Total..

14        I declare under penalty of perjury under the laws of the State of California that the foregoing

15   is true and correct, and that this declaration was executed on May 16, 2023, in Fresno, California.

Ryan Libke

PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, CA 93711

DECLARATION OF RYAN D. LIBKE IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S
MOTION FOR ATTORNEYS FEES

# EXHIBIT 1

## RDL'S ATTORNEY FEES

| DATE | WORK PERFORMED | HOURS |
|---|---|---|
| 04/18/2023 | Legal Research: Review procedure for recovering attorney fees when fees are authorized by statute | 0.5 |
| 04/18/2023 | Review on-line court docket and filed materials for purpose of drafting summary of history of case for motion for attorney fees | 0.7 |
| 04/18/2023 | Begin drafting memorandum of points and authorities in support of motion for attorney fees | 1.1 |
| 04/19/2023 | Review and consider Defendants' Notice of Intention to Move for New Trial | 0.1 |
| 04/19/2023 | Review and consider Defendants' Notice of Intent to Move for Judgment Notwithstanding the Verdict | 0.1 |
| 04/28/2023 | Review Memorandum of Points & Authorities in support of Defendants' Motion for Judgment Notwithstanding the Verdict, for purpose of drafting opposition to it. | 0.4 |
| 04/28/2023 | Review Memorandum of Points & Authorities in support of Defendants' Motion for New Trial, for purpose of drafting opposition to it. | 0.4 |
| 04/29/2023 | Legal Research: Review Cases cited in Defendants' Motion for Judgment Notwithstanding the Verdict, for purpose of drafting opposition to it | 0.7 |
| 04/29/2023 | Outline arguments for opposition to Defendants' Motion for Judgment Notwithstanding the Verdict, for purpose of drafting opposition to it. | 0.5 |
| 05/01/2023 | Begin drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 2.5 |
| 05/01/2023 | Legal Research: Constitutional law re Fourth Amendment, general law re 4th Amendment and entry into home for purpose of drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 0.8 |
| 05/01/2023 | Continued drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 2.2 |
| 05/02/2023 | Legal Research: Constitutional law re Fourth Amendment, general law re 4th Amendment and entry into home for purpose of drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 1.5 |
| 05/02/2023 | Continued drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 1.1 |
| 05/02/2023 | Review Transcripts for trial days in which witness testimony was given, for purpose of drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 2.1 |
| 05/02/2023 | Continued drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 0.6 |

| 05/03/2023 | Cont. Review Transcripts for trial days in which witness testimony was given, for purpose of drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 1.1 |
|---|---|---|
| 05/03/2023 | Continued drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 2.3 |
| 05/03/2023 | Continued drafting opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 0.9 |
| 05/03/2023 | Begin drafting opposition to Defendants' Motion for New Trial | 0.9 |
| 05/04/2023 | Continued drafting opposition to Defendants' Motion for New Trial | 2.7 |
| 05/04/2023 | Legal Research: Law regarding motions for new trial on ground that there has been an error of law, for purpose of drafting opposition to Defendants' Motion for New Trial | 0.3 |
| 05/04/2023 | Investigate and review cases re dog killed by law enforcement, for purpose of drafting opposition to Defendants' Motion for New Trial | 1.4 |
| 05/04/2023 | Continued drafting opposition to Defendants' Motion for New Trial | 2.2 |
| 05/05/2023 | Continued drafting opposition to Defendants' Motion for New Trial | 1.2 |
| 05/05/2023 | Revise and edit opposition to Defendants' Motion for New Trial | 2.1 |
| 05/05/2023 | Revise and edit opposition to Defendants' Motion for Defendants' Motion for Judgment Notwithstanding the Verdict | 1.7 |
| 05/06/2023 | Continued revising and editing opposition to Defendants' Motion for New Trial | 1.6 |
| 05/07/2023 | Continued revising and editing opposition to Defendants' Motion for Judgment Notwithstanding the Verdict | 0.8 |
| 05/08/2023 | Continued revising and editing opposition to Defendants' Motion for New Trial | 1.3 |
| 05/08/2023 | Draft declaration of N.Kane in support of opposition to Defendants' Motion for New Trial | 0.7 |
| 05/10/2023 | Continued drafting memorandum of points and authorities in support of motion for attorney fees | 1.3 |
| 05/10/2023 | Legal Research: prevailing party when authority for attorney fees is given by statute, for purpose of drafting memorandum of points and authorities in support of motion for attorney fees | 1.5 |
| 05/11/2023 | Legal Research: cases and materials discussing lodestar and enhancement, for purpose of drafting memorandum of points and authorities in support of motion for attorney fees | 1.6 |
| 05/11/2023 | Continued drafting memorandum of points and authorities in support of motion for attorney fees | 2.2 |
| 05/11/2023 | Investigate and review cases re attorney rates in civil rights cases, for purpose of continued drafting memorandum of points and authorities in support of motion for attorney fees | 0.8 |
| 05/11/2023 | Continued drafting memorandum of points and authorities in support of motion for attorney fees | 2.4 |

| 05/12/2023 | Continued drafting memorandum of points and authorities in support of motion for attorney fees | 1.4 |
|---|---|---|
| 05/12/2023 | Revise and edit memorandum of points and authorities in support of motion for attorney fees | 2.5 |
| 05/12/2023 | Begin drafting declaration of R. Libke in support of motion for attorney fees | 0.3 |
| 05/15/2023 | Continued revising and editing of the memorandum of points and authorities in support of motion for attorney fees | 0.9 |
| 05/15/2023 | Continued drafting declaration of R. Libke in support of motion for attorney fees | 0.5 |
| 05/15/2023 | Review reply to opposition to Defendants' Motion for New Trial | 0.1 |
| 05/15/2023 | Review reply to opposition to motion for judgment notwithstanding the verdict | 0.1 |
| | **TOTAL** | 52.1 |

# EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| KATHY CRAIG, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>COUNTY OF ORANGE, et al.,<br><br>        Defendants. | Case No.: SACV 17-00491-CJC(KESx)<br><br><br>ORDER GRANTING IN SUBSTANTIAL PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [Dkt. 231] |

## I. INTRODUCTION & BACKGROUND

Plaintiffs Kathy Craig and Gary Witt filed this lawsuit after the fatal shooting of their son, Brandon Lee Witt, by Orange County Sheriff's Deputy Nicholas Petropulos. In April 2019, Plaintiffs proceeded to trial on their claims for (1) excessive force under 42

U.S.C. § 1983, (2) battery, (3) negligence, and (4) violation of the Bane Act, Cal. Civ. Code § 52.1(b). At trial, the jury found that Deputy Petropulos used excessive force and violated the Bane Act. (Dkt. 189.) The jury awarded Plaintiffs a total of $3.4 million in damages. (Dkt. 202.)

Before the Court is Plaintiffs' motion for attorneys' fees. (Dkt. 231.) Plaintiffs request a lodestar amount of $1,419,772.50 in attorneys' fees, plus a 1.5 multiplier, for a total amount of $2,129,658.75. For the following reasons, the motion is **GRANTED IN SUBSTANTIAL PART**.[1] The Court awards Plaintiffs $1,250,415 in attorneys' fees.

## II. ANALYSIS

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). In an action brought pursuant to 42 U.S.C. § 1983, however, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A plaintiff is considered a prevailing party if she succeeds on any significant issue in litigation that achieves some of the benefit sought in bringing the lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs here prevailed on their claims when the jury found that Deputy Petropulos used excessive force and awarded a total of $3.4 million in damages. As the prevailing party on the pivotal issue of whether deadly force was justified, Plaintiffs are entitled to their reasonable attorneys' fees.[2]

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 16, 2019 at 1:30 p.m. is hereby vacated and off calendar.

[2] Defendants also have not shown that any special circumstances merit the outright denial of attorneys' fees. The district court's discretion under 42 U.S.C. § 1988 "is very narrow" and a court may decline to award fees only in special circumstances. *Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). Defendants have not identified any special circumstance.

## A.    Reasonable Fee

In assessing the reasonableness of a fee award, a district court considers twelve factors: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

There is a strong presumption that the lodestar figure represents a reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996); *see also Harris v. Marhoerfer*, 24 F.3d 16, 18 (9th Cir. 1994) ("Only in rare instances should the lodestar figure be adjusted on the basis of other considerations."). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Under the lodestar approach, many of the *Kerr* factors have been subsumed as a matter of law. *Morales*, 96 F.3d at 364 & n.9.

### 1.    Hourly Rates

The Court first determines Plaintiffs' counsel's reasonable hourly rate. "The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel, and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 114 (9th Cir. 2008).

Courts also are guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996); *see also Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Dale Galipo, the lead trial lawyer, requests an hourly rate of $1,200. Mr. Galipo graduated from law school at UCLA in 1984. (Dkt. 232 [Declaration of Dale K. Galipo, hereinafter "Galipo Decl."] ¶ 3.) Since 1991, he has managed his own law firm, and he has specialized in civil rights cases over the last seventeen years. (*Id.* ¶ 4.) Mr. Galipo submits declarations from a number of prominent civil rights attorneys attesting to his skill and experience. (*See* Dkt. 231 [Declarations of Thomas Beck, John Burton, Carl Douglas, John Fattahi, Paul Hoffman, and Ronald Brower].) His track record backs this up. Since 2015, Mr. Galipo has successfully resolved cases in settlements totaling over $70 million. (Galipo Decl. ¶ 11.) In the last two years, he has prevailed in fourteen jury trials, including twelve civil rights cases. (*Id.* ¶ 4.) In 2018, he was nominated for Trial Lawyer of the Year by the Consumer Attorneys Association of Los Angeles. (*Id.* ¶ 15.) In 2019, he was elected to the American College of Trial Lawyers and the Inner Circle of Advocates. (*Id.* ¶¶ 17, 20.)

Mr. Galipo bases his requested $1,200 hourly rate, in part, on the fact that top litigators at top law firms bill their clients between $1,200 to $1,800 per hour for trial work and preparation. (*Id.* ¶ 25.) He also relies on past attorneys' awards. In 2015, Mr. Galipo was awarded an hourly rate of $900 in one civil rights case in the Central District of California, and in 2014, he was awarded an hourly rate of $800 in three civil rights cases in this district. (*See id.* ¶¶ 8–9; *id.* Exs. 3–6.) Defendants assert Mr. Galipo's

hourly rate is $525, arguing that such a rate is sufficient to attract qualified attorneys and that Mr. Galipo has not justified the 33% rate increase since his 2015 fee award.

The Court finds that $1,000 is a reasonable hourly rate for Mr. Galipo. With thirty-five years of experience, this rate is consistent with the prevailing rate in the Central District for attorneys of comparable skill, experience, and reputation. *See McKibben v. McMahon*, 2019 WL 1109683, at *14 (C.D. Cal. Feb. 28, 2019) (approving adjusted lodestar rates of $887 to $1,230 per hour for attorneys practicing civil rights litigation with 26 to 49 years of experience, and the range of $738 to $1,200 per hour for attorneys practicing civil rights litigation with 23 to 33 years of experience). Mr. Galipo has not adequately explained why a 33% increase from his 2015 hourly rate is justified, but the Court does find that some increase is warranted to account for his additional experience and reputation. A four-figure hourly rate is high, but it reflects Mr. Galipo's strong reputation within the legal community and his record of success. When it comes to police excessive force cases, Mr. Galipo is without question at the top of his field.

Melanie Partow seeks an hourly rate of $675. Ms. Partow graduated from Southwestern Law School in 2004. (Dkt. 234 [Declaration of Melanie T. Partow, hereinafter "Partow Decl."] ¶ 2.) She completed a master's in international human rights law at Oxford in 2010. (*Id.* ¶ 13.) After law school, she clerked for the Chief Prosecutor of the International Criminal Court in the Hague, the Netherlands. (*Id.* ¶ 3.) Ms. Partow was then admitted to the California Bar in 2006. (*Id.* ¶ 4.) From the beginning of her career, Ms. Partow has litigated civil rights cases, including police excessive force cases, at Schonbrun DeSimone Seplow Harris & Hoffman, LLP and Helmer Friedman, LLP. (*Id.*) In 2009, she joined Mr. Galipo's law firm as an associate attorney. (*Id.*) Since then, she has litigated more than one hundred police misconduct excessive force cases with Mr. Galipo. (*Id.*) In the last ten years, she has worked on numerous appeals and second-chaired twelve jury trials and one bench trial. (*Id.* ¶¶ 7, 10.) In 2015 and 2016,

she was selected to the Super Lawyers Rising Stars Southern California list. (*Id.* ¶ 15.) She also teaches international human rights law and civil rights litigation at USC and UC Irvine. (*Id.* ¶ 16.)

The Court finds that $675 is a reasonable hourly rate for Ms. Partow. This rate is consistent with the prevailing rate of other attorneys in the Central District who practice civil rights litigation and who graduated law school fifteen years ago. *Cf. McKibben*, 2019 WL 1109683, at *14 (approving adjusted lodestar rates of $603 to $855 per hour for attorneys practicing civil rights litigation with 9 to 15 years of experience). This rate also reflects Ms. Partow's substantial experience in police misconduct excessive force cases and her strong reputation within the field.

Scott Hughes seeks an hourly rate of $625. Before law school, Mr. Hughes enlisted in the United States Marine Corps as a Marine Police Officer. (Dkt. 233 [Declaration of Scott D. Hughes] ¶ 7.) He received a master's in criminology from SUNY Albany in 2003 and graduated from law school at Western State University College of Law in 2007. (*Id.* ¶ 8.) Since 2010, he has managed his own law firm focusing on personal injury and criminal defense cases in state and federal court. (*Id.* ¶ 10.) Due to his police background, other attorneys began referring civil rights cases to him involving police misconduct resulting in serious injury or death. (*Id.*) He has tried over twelve civil and criminal cases. (*Id.* ¶ 11.) Several times in recent years, he has been named a Super Lawyer Rising Star. (*Id.* ¶ 14.) He has also been named "Top 40 Under 40" in the country by the National Trial Lawyers. (*Id.*) In recent years, he has personally handled six civil rights cases that resulted in six- and seven-figure settlements and verdicts.

The Court finds that $625 is a reasonable hourly rate for Mr. Hughes. With twelve years of experience, this rate corresponds with the prevailing rate for civil rights attorneys

with similar experience to Mr. Hughes. *See McKibben*, 2019 WL 1109683, at *14. Mr. Hughes's police background provides unique expertise for police misconduct cases, like this one. The $625 hourly fee reflects that experience, as well as Mr. Hughes's record of success and his rising stature among civil rights lawyers.

### 2.     Billed Hours

The Court now determines whether the billed hours are reasonable. A court may award attorneys' fees only for the number of hours it concludes were reasonably expended on the litigation. *Hensley*, 461 U.S. at 434 ("[Counsel] should make a good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary."). "[T]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of th[e] hours worked." *Gates*, 987 F.2d at 1397–98.

In support of their motion for fees, each attorney has submitted time records detailing the work they performed on the case. Collectively, Plaintiffs' counsel billed 1,706.8 hours on this matter, or about 15 hours per week over the two years this case was pending. Mr. Galipo has billed 565.1 hours, Ms. Partow has billed 561.8 hours, and Mr. Hughes has billed 579.9 hours. Mr. Galipo was primarily responsible for trial preparation and presentation, Ms. Partow was primarily responsible for law and motion, and Mr. Hughes was primarily responsible for discovery.

Defendants make several challenges to Plaintiffs' counsel's billed hours. First, Defendants argue it was excessive and unnecessary to have three attorneys attend trial. At trial, Mr. Galipo was the only attorney for Plaintiffs who interacted with the jury, presented opening and closing arguments, and conducted all of the direct and cross examinations of the witnesses. Mr. Galipo also argued most of the issues that came up

before and after trial.  A fee-paying client would be unlikely to pay for three attorneys to attend trial, particularly when one or two would have sufficed.  *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do.").  Ms. Partow played a limited role at the trial, but she controlled the laptop and kept track of admitted exhibits.  She also had extensive knowledge of the facts and the issues in the case based on her work on the motions preceding trial.  Mr. Hughes, however, had a very limited role at trial.  Besides a brief argument at the beginning of the damages phase regarding the admissibility of Witt's criminal convictions, for which he billed 0.3 hours, Mr. Hughes did not participate in the trial.  Accordingly, the Court will deduct the 41.5 hours that Mr. Hughes billed for attending the trial.

Second, Defendants argue Plaintiffs' counsel should not be compensated for block billed or otherwise vague time entries.  Courts have discretion to reduce the number of hours requested where attorneys' block billing makes it difficult to identify the hours reasonably expended.  *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving of twenty percent deduction to block billed hours).  The Court agrees with Defendants that Mr. Galipo block billed hours he denoted as "trial preparation."  His time records indicate that "[t]rial preparation includes review of reports, exhibits, ouline [sic] depositions, prepare for voir dire, opening statement, direct and cross examination, jury instructions, verdict form, closing and rebuttal arguments."  (*See* Dkt. 232-1.) Absent a breakdown of how much time Mr. Galipo spent on these tasks, the Court is unable to say that it was reasonable spending 309.1 hours on "trial preparation" and "trial - meeting."  For this reason, the Court reduces Mr. Galipo's trial hours by 20% from

309.1 to 247.2 hours,[3] as such an amount of time is a reasonable estimate of how much time Mr. Galipo should have spent getting ready for and being in trial.

Third, Defendants argue that the Court should not award any attorneys' fees related to Plaintiffs' "unsuccessful" claims. Defendants contend Plaintiffs should not recover any fees related to their denial of medical care and *Monell* claims because Plaintiffs voluntarily dismissed these causes of action. They also contend Plaintiffs should not recover any fees related to their § 1983 unreasonable detention claim, because the Court granted summary judgment to Defendants on this cause of action. The Court declines to reduce the fee award on this basis. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435. Instead, "[t]he result is what matters." *Id.* A plaintiff is not required to succeed on all claims against all defendants to demonstrate full success or excellent results. *Dang*, 422 F.3d at 813. Rather, the correct analysis hinges on whether the plaintiff's work on the other claims was related to the plaintiff's ultimate success. *See Hensley*, 461 U.S. at 435; *Rodriguez v. Cty. of L.A.*, 96 F. Supp. 3d 1012, 1025 (C.D. Cal. 2014). Here, Plaintiffs succeeded on all claims at trial. Even though some of their claims were dismissed before trial, Plaintiffs' work on these claims was related to their ultimate success. All claims arose from the same incident: Deputy Petropulos's February 15, 2016 use of deadly force. The Court will not reduce the fee award based on time spent on Plaintiffs' other claims.[4]

---

[3] The Court rounded down to nearest tenth-hour.

[4] Defendants also contend the Court should not award any attorneys' fees related to Plaintiffs' "misconduct" regarding a discovery dispute over scheduling Gary Witt's deposition. The Court does not find that Plaintiffs engaged in any misconduct. Rather, Plaintiffs' counsel properly billed for time spent resolving discovery disputes. Defendants further argue that the Court should not award any attorneys' fees for nonattorney work. While the Court agrees with Defendants in principle, it does not find that Plaintiffs' counsel improperly billed for any nonattorney work.

Finally, Plaintiffs' counsel request compensation for their work related to their motion for attorneys' fees. Time spent establishing an entitlement to fees under 42 U.S.C. § 1988 is compensable. *See Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir. 1986). Plaintiffs' counsel included time spent preparing the motion in their original time records. In preparing the reply, Mr. Galipo billed an additional five hours, Ms. Partow billed an additional thirty hours, and Mr. Hughes billed an additional ten hours. (*See* Dkt. 243 [Reply] at 20.) The Court will include this additional billed time in its lodestar calculation.

### 3.    Kaufman's Expert Testimony

In opposition to Plaintiffs' motion for attorneys' fees, Defendants rely on declaration of Robert L. Kaufman, an attorney in the law firm of Woodruff, Spradlin & Smart. (*See* Dkt. 239 [Declaration of Robert L. Kaufman, hereinafter "Kaufman Decl."].) Mr. Kaufman primarily represents public entities in litigation, including in some civil rights cases. (*Id.* ¶ 1.) Mr. Kaufman opines that Plaintiffs' counsel did not obtain an outstanding result and offers his opinion as to what would be a reasonable fee. (*Id.* ¶¶ 2, 9–23.)

The Court has several concerns with Mr. Kaufman's declaration. Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The district court has a "special obligation" to serve as a gatekeeper for expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147

(1999).  When expert opinion is offered, the court must evaluate whether the opinion is based on rigorous application of accepted principles and methods within the expert's field, rather than on "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

First, Defendants have not established that Mr. Kaufman is qualified to be an expert in the reasonableness of attorneys' fees in excessive force cases.  Mr. Kaufman has a certificate from the National Association of Legal Fee Analysis.  (Kaufman Decl. ¶ 5.) This certificate, however, apparently requires only four two-hour CLE courses.  Mr. Kaufman asserts he has been previously retained as an expert on the reasonableness and propriety of attorneys' fees, but he fails to cite any Central District of California case. (*See id.* ¶ 6.)  He also fails to cite any experience with police misconduct excessive force cases.

Second, Mr. Kaufman fails to provide any of the foundational evidence on which he relied in forming his opinions in this case.  To calculate a reasonable hourly rate, Mr. Kaufman cites a 2017 study from the Armanino Group, Inc., a 2016 survey from the National Law Journal Reporter, a 2016 version of the "Laffey Matrix," and a 2015 "Real Rate Report" by Wolters Kluwer.  (Kaufman Decl. ¶¶ 17–21.)  He does not attach these studies to his declaration, and he fails to cite these reports with enough specificity to allow someone to locate these sources.  He also bases his calculation, in part, on billing rates that defense attorneys charge insurance companies.  (*Id.* ¶ 22.)  Mr. Kaufman does not provide any analysis, however, that the rates billed to insurance companies have any bearing on the prevailing rate in the community for a plaintiff's civil rights lawyer who takes cases on a contingency fee basis.  Kaufman's opinion thus lacks the showing of reliability required under *Daubert*.  *Cf. Curtin v. Cty. of Orange*, 2018 WL 6017018, at *1–2 (C.D. Cal. Apr. 13, 2018) (excluding Mr. Kaufman's expert opinion regarding the

Case 1:21-cv-00378-KES-CDB   Document 189-2   Filed 05/16/25   Page 67 of 120
Case 8:17-cv-00491-CJC-KES   Document 245   Filed 09/05/19   Page 12 of 15   Page ID
#:6223

reasonableness of an attorneys' fee award under *Daubert* because he lacked expertise and did not apply a reliable methodology).

Lastly, the Court finds that Mr. Kaufman's expert testimony is unpersuasive. Mr. Kaufman admits he has no personal knowledge of many of the facts asserted in his declaration. (*See* Kaufman Decl. ¶ 1.) In opining on the appropriate hourly rate, Mr. Kaufman overlooks or mischaracterizes information provided by Plaintiffs' counsel. For instance, he states that it is "unclear" what Ms. Partow's title is and that Ms. Partow "never seems to have practiced civil rights law" before joining Mr. Galipo's firm. (*Id.* ¶ 2 n.1.) Mr. Kaufman also speculates, without foundation, that Ms. Partow did not practice law until 2010. (*Id.* ¶ 9.) But in her declaration in support of the motion for attorneys' fees, Ms. Partow explicitly states that she is an associate, that she practiced civil rights law at two other firms before joining Mr. Galipo's firm, and that she joined the California Bar in 2006. (*See* Partow Decl. ¶ 4.) Because Mr. Kaufman's expert opinion is unreliable, the Court affords it no weight in calculating a reasonable fee.

//

### 4.   Calculation of Lodestar Figure

Based on the above analysis, the lodestar amounts for Plaintiffs' counsel are as follows:

| Attorney | Hourly Rate | Hours | Lodestar |
|---|---|---|---|
| Dale Galipo | $1,000 | 508.2[5] | $508,200 |
| Melanie Partow | $675 | 591.8[6] | $399,465 |
| Scott Hughes | $625 | 548.4[7] | $342,750 |
| **Total** | | 1,648.4 | $1,250,415 |

### B.   Multiplier

Plaintiffs request a 1.5 multiplier of the lodestar amount. Under federal law, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 & n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). These factors may include the amount involved and the results obtained, the nature and length of the professional relationship with the client, and awards in similar cases. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 n.2 (9th Cir. 2000). The contingency nature of a fee is not considered as a factor bearing on the amount of attorneys' fees under federal law. *Id.* Courts may apply

---

[5] This number is calculated based on 565.10 (total billed hours) − 61.9 (20% reduction on block billed hours for trial) + 5 (hours spent preparing reply).
[6] This number is calculated based on 561.8 (total billed hours) + 30 (hours spent preparing reply).
[7] This number is calculated based on 579.9 (total billed hours) − 41.5 (deduction for duplication of hours at trial) + 10 (hours spent preparing reply).

Case 1:21-cv-00378-KES-CDB Document 189-2 Filed 05/16/25 Page 69 of 120
Case 8:17-cv-00491-CJC-KES Document 245 Filed 09/05/19 Page 14 of 15 Page ID
#:6225

this adjustment only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898–901)).

Under California law, for an award of attorneys' fees under California Civil Code § 52.1, courts consider four factors in determining whether a lodestar enhancement is warranted: "(1) the novelty and difficulty of the questions involved; (2) the skill counsel displayed in litigating the issues; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award." *Rodriguez*, 96 F. Supp. 3d at 1025; *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The purpose of a multiplier is "to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or the delay in payment of attorney fees." *Id.* at 1138.

The Court does not find that a multiplier is warranted under either federal or state law.[8] This case was troubling, but it was not a particularly difficult one. Most of the incident was captured in the recording, providing Plaintiffs with a powerful case. The legal issues in this case were not particularly complex, the facts were straightforward, and the cause of death was undisputed. The time, labor, and skill of Plaintiffs' counsel are already reflected in the fee award. And although the Court considers the contingent nature of a fee in determining the propriety of a multiplier in an award of fees under California Civil Code § 52.1, the purpose of that multiplier is to approximate market-

---

[8] Defendants argue the Court should consider the availability of a multiplier only under federal law, as opposed to state law, because Plaintiffs are not the prevailing parties on their California Civil Code § 52.1 claim. The jury, however, specifically found that Deputy Petropoulos violated California Civil Code § 52.1, even if the verdict form did not ask the jury to allocate damages to the § 52.1 claim. In any event, the Court does not need to resolve this issue because it nevertheless concludes that a multiplier is not warranted under state law.

Case 1:21-cv-00378-KES-CDB   Document 189-2   Filed 05/16/25   Page 70 of 120
Case 8:17-cv-00491-CJC-KES   Document 243   Filed 09/05/19   Page 15 of 15   Page ID
#:6226

level compensation for such services.  Plaintiffs' counsel offer no evidence that market-level compensation would amount to hourly rates of $1,500 for Mr. Galipo, $1,102.50 for Ms. Partow, and $937.50 for Mr. Hughes—the result if the Court were to apply the requested 1.5 multiplier.  The Court declines to apply any multiplier to the lodestar amount.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees is **GRANTED IN SUBSTANTIAL PART**.  Based on the Court's lodestar calculation, Plaintiffs are awarded $1,250,415 in attorneys' fees.

DATED:     September 5, 2019

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

| Attorney/Paralegal | Hours | Rate | Product |
|---|---|---|---|
| Warren Paboojian (Attorney) | 337.7 | $775 | $258,617.50 |
| Nolan Kane (Attorney) | 1,007.26 | $450 | $453,267 |
| Stephanie Hamilton (Attorney) | 206.5 | $450 | $92,925 |
| Ryan Libke (Attorney) | 52.1 | $450 | $23,445 |
| Michelle Lujan (Paralegal) | 6.8 | $125 | $850 |
| Lisa Eakins (Paralegal) | 3.6 | $125 | $450 |
| | | **TOTAL** | $829,554.50 |

**PROOF OF SERVICE**

**Ordaz-Gonzalez v. COF**
**Case No. 18CECG03672**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 720 West Alluvial Avenue, Fresno, CA 93711. My email address is avs@paboojianlaw.com.

On May 16, 2023, I served true copies of the following document(s) described as **DECLARATION OF RYAN LIBKE IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

James D. Weakley
Leslie M. Dillahunty
WEAKLEY & ARENDT
5200 N. Palm Ave., Suite 211
Fresno, CA 93704
Fax: (559) 221-5262
jim@walaw-fresno.com
leslie@walaw-fresno.com
elina@walaw-fresno.com

*Attorneys for Defendants COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; DEPUTY COURTNEY BUSH (DOE 1); DEPUTY JEFFREY MORSE (DOE 2); DEPUTY COLLEEN SANTOS (DOE 3); SERGEANT JAMES DUNN (DOE 4); DEPUTY ISAAC CERVANTES (DOE 5)*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** A PDF version of said document was served via electronic mail to the party(s) identified herein using the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 16, 2023, at Fresno, California.

Andrea Salcido

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit F

1  Nolan C. Kane, No. 287918
   nck@paboojianlaw.com
2  PABOOJIAN, INC.
   720 West Alluvial Avenue
3  Fresno, California 93711
   Telephone: (559) 431-5366
4  Facsimile: (559) 431-1702

5  Attorneys for Plaintiffs
   VERONICA ORDAZ GONZALEZ;
6  JOSE RAMOS SANTIAGO; OMAR PEREZ;
   and ROBERTO PEREZ

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF FRESNO

10

11 VERONICA ORDAZ GONZALEZ; JOSE          Case No. 18CECG03672
   RAMOS SANTIAGO; OMAR PEREZ; and
12 ROBERTO PEREZ,                         **DECLARATION OF NOLAN C. KANE IN**
                                          **SUPPORT OF PLAINTIFF VERONICA**
13             Plaintiffs,                **ORDAZ GONZALEZ'S MOTION FOR**
                                          **ATTORNEYS FEES**
14        vs.

15 COUNTY OF FRESNO; FRESNO COUNTY
   SHERIFF'S OFFICE; and DOES 1 to 25,
16 inclusive,

17             Defendants.

18

19        I, Nolan C. Kane, declare as follows:

20        1.    I am an attorney at law duly admitted to practice before all the courts of the State of

21 California. I am a partner in the law firm of Paboojian, Inc., attorneys for Plaintiffs Veronica Ordaz

22 Gonzalez, Jose Ramos Santiago, Omar Perez and Roberto Perez, in the above-captioned matter. I

23 make this Declaration in support of plaintiffs' motion for attorney fees. I have personal knowledge

24 of the facts stated herein and I could testify competently to those facts.

25        2.    The jury found that none of the Defendants intentionally interfered with José Ramos

26 Santiago's civil rights by unlawful threat, intimidation, or coercion, or attempted to do so. The jury

27 found that Deputy Cervantes was not justified in the shooting of Scooby. The jury further

28

---

DECLARATION OF NOLAN C. KANE IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S
MOTION FOR ATTORNEYS FEES

1    determined that the amount of force used by Deputy Bush, Deputy Morse, and Sergeant Dunn to

2    detain Mr. Ramos was not unreasonable.

3        3.      The jury found that neither Deputy Bush, Deputy Morse, nor Sergeant Dunn

4    intentionally interfered with either Omar or Roberto's civil rights by unlawful threat, intimidation,

5    or coercion. It further determined that the amount of force used by Deputy Bush, Deputy Morse,

6    and Sergeant Dunn to detain Omar and Roberto Perez was not unreasonable.

7        4.      I was lead trial counsel for plaintiff in this matter. I make this declaration in support

8    of Plaintiff's Motion for Attorneys' Fees.

9        5.      I have maintained contemporaneous time records reflecting the work activity and

10    time spent on this case. I have exercised billing judgment, and I have reduced or written off

11    unproductive time or other time that would not ordinarily be charged to a client. I did **not** include

12    any time generated for the prosecution of Jose Ramos Santiago, Omar Perez or Roberto Perez's

13    matters. A copy of my time records for Veronica Ordaz Gonzalez's matter is attached hereto as

14    **Exhibit "A"**.

15        6.      I graduated with a B.A. from the University of Notre Dame in South Bend, Indiana

16    in 2007.

17        7.      From 2007 to 2009 I worked as a legal assistant for the law firm of Snyder Miller &

18    Orton LLP in San Francisco, California.

19        8.      I attended law school at UC Hastings College of the Law from 2009 to 2012.

20        9.      From 2012 to 2016, I worked at the Fresno County District Attorney's Office. I spent

21    time in various assignments, including, misdemeanor trials, felony and domestic violence

22    preliminary hearings and felony trials. I gained extensive courtroom and trial experience, including

23    9 misdemeanor jury trials and 9 felony jury trials, including two (2) jury trials with life exposure.

24        10.     From 2016 to present, I have worked as a personal injury attorney, at Baradat &

25    Paboojian, Inc. (currently Paboojian, Inc.).

26        11.     Since July 2021, I have been a partner with Paboojian, Inc.

27    / / /

28    / / /

12. Since 2016, I have specialized in handling all kinds of personal injury matters from prelitigation through trial. Due to my extensive criminal background and trial experience, prosecuting civil rights actions involving police misconduct causing injuries and damages was a natural transition for me.

13. On August 17, 2022, I resolved a civil rights case, *London Wallace v. City of Fresno, et al.* (1:19-cv-01199-AWI-SAB) for $500,000.00. Plaintiff sustained a bloody nose and incurred $1,307.72 in non-economic damages.

14. On August 24, 2022, I received a jury verdict in Judge D. Tyler Tharpe's courtroom in the Fresno County Superior Court in the amount of $121,778.89. Plaintiff sustained soft tissue injuries resulting in $5,898.89 in medical expenses and $5,880.00 in wage loss. The jury awarded $110,000 in pain and suffering.

15. I believe my contribution to the civil rights community in handling these challenging cases and prevailing justifies a substantial increase in my court awarded hours attorney fee award.

16. Approximately ninety-five percent (95%) of my cases settle. In this particular case, there was an offer of $7,500.00 on March 24, 2022, after over three (3) years of litigating the case and after my office amassed over $10,000.00 in costs.

17. In the last twelve (12) months, I have prevailed in two (2) other jury trials to verdict. Both were motor vehicle accidents, with disputed liability and damages.

18. Every year since 2019, I have been selected for inclusion in the Northern California Rising Stars list, a distinction bestowed upon 2.5% of the attorneys in Northern California.

19. My office accepted this case on a contingency fee basis at a considerable financial risk. In the prosecution of this case my office advanced over $60,000.00 in costs.

20. I am requesting $450.00 per hour, given my experience over the last ten (10) years.

21. Ms. Stephanie Hamilton was an attorney employed with our firm until just after the trial finished. She has practiced since 1997, after having graduated from the U.C. Davis School of Law that year. She spent more than five years as the Senior Research Attorney for the Presiding Justice of the Fifth District Court of Appeal, and more than three years as an Assistant United States Attorney. She also practiced in the private sector handling complex litigation, trial assistance and

1  consultations, and appeals, in the State and federal courts after leaving the United States Attorneys'
2  Office in 2009. She was recognized as a Northern California "Super Lawyer" in the appellate law
3  specialty each year since 2017. Since I was the handling attorney for this case, Ms. Hamilton worked
4  at my direction and I have personal knowledge of all her work. Ms. Hamilton prepared entries for
5  her work, and listed the time she worked on each matter. My office prepared a table listing each
6  entry and the time worked. A copy of that table listing Ms. Hamilton's work on this matter is
7  attached hereto as **Exhibit "B"**.

8      22.    Having practiced in this field since 2016, I am familiar with the prevailing rates for
9  attorneys in the Fresno area. In my opinion, the work performed on this case was of high quality,
10  as such a multiplier is warranted.

11      23.    Warren Paboojian's experience, legal work, trial skills and trial preparation were
12  critical to plaintiff's success at trial.

13      I declare under penalty of perjury under the laws of the State of California that the foregoing
14  is true and correct, and that this declaration was executed on May 16, 2023, in Fresno, California.

15

16                                     Nolan C. Kane

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# NCK ATTORNEY FEES

| DATE | SUBJECT | HOURS |
|------|---------|-------|
| 6/12/2018 | Review intake documents regarding case. | 0.10 |
| 6/21/2018 | Discussions with client regarding case. | 1.50 |
| 6/21/2018 | Discussions regarding case and potential issues. | 0.60 |
| 6/22/2018 | Reviewed and prepared Government Tort Claim – Legal Research | 2.50 |
| 6/26/2018 | Reviewed and prepared Government Tort Claim – Legal Research | 2.50 |
| 6/27/2018 | Reviewed and prepared Government Tort Claim – Legal Research | 1.10 |
| 7/9/2018 | Reviewed and edited Government Tort Claim. | 2.20 |
| 7/10/2018 | Reviewed and edited Government Tort Claim. | 1.10 |
| 7/10/2018 | Discussions regarding Government Tort Claim. | 1.00 |
| 7/12/2018 | Reviewed and edited Government Tort Claim. | 1.00 |
| 7/16/2018 | Reviewed and edited Government Tort Claim. | 1.00 |
| 7/25/2018 | Reviewed medical records – Fresno State Counseling. | 0.50 |
| 8/6/2018 | Reviewed medical records – American Ambulance. | 0.30 |
| 9/10/2018 | Discussions with client regarding Complaint and rejection of Government Tort Claim. | 2.50 |
| 9/19/2018 | Reviewed Complaint – Legal Research | 2.50 |
| 9/20/2018 | Reviewed Complaint – Background Facts | 1.50 |
| 9/28/2018 | Reviewed Complaint – Legal Research and Drafting Complaint. | 0.70 |
| 10/1/2018 | Reviewed Complaint – Legal Research and Drafting Complaint. | 1.90 |
| 10/2/2018 | Reviewed Complaint – Legal Research and Drafting Complaint. | 1.50 |
| 10/3/2018 | Final review and edit of Complaint. | 2.00 |
| 10/3/2018 | Reviewed Notice of CMC Hearing and Judicial Assignment. | 0.10 |
| 11/13/2018 | Reviewed Defendants' Answer. | 0.50 |
| 11/13/2018 | Reviewed Defendants' Notice of Removal of Action. | 0.20 |
| 11/13/2018 | Reviewed Civil Cover Sheet. | 0.10 |
| 11/13/2018 | Reviewed Order Setting Mandatory Scheduling Conference. | 0.20 |
| 11/29/2018 | Discussions regarding removal to Federal Court. | 0.50 |
| 12/11/2018 | Prepared Consent to Magistrate form and discussions regarding Magistrate. | 0.80 |
| 12/18/2018 | Reviewed Court Minute Order regarding Scheduling Conference. | 0.10 |
| 1/25/2019 | Discussions with client regarding Joint Statement. | 1.50 |
| 1/31/2019 | Reviewed and prepared Joint Scheduling Conference Statement. | 0.60 |
| 2/5/2019 | Reviewed and prepared Joint Scheduling Conference Statement. | 1.10 |
| 2/11/2019 | Prepared for Scheduling Conference Hearing. | 0.50 |
| 2/12/2019 | Prepared for and attended Scheduling Conference Hearing. | 1.20 |
| 2/12/2019 | Reviewed and calendared Scheduling Conference Order. | 0.50 |
| 2/21/2019 | Reviewed and prepared Plaintiffs' Rule 26 Disclosures. | 2.50 |
| 2/22/2019 | Reviewed and prepared Plaintiffs' Rule 26 Disclosures. | 2.00 |
| 2/22/2019 | Discussions with client regarding Plaintiffs' Rule 26 Disclosures. | 0.60 |
| 2/26/2019 | Reviewed and edited Plaintiffs' Rule 26 Disclosures. | 2.00 |
| 2/27/2019 | Reviewed and edited Plaintiffs' Rule 26 Disclosures. | 0.50 |
| 3/1/2019 | Reviewed and finalized Plaintiffs' Rule 26 Disclosures. | 1.60 |

| 3/5/2019 | Reviewed Defendants' Rule 26 Initial Disclosures. | 0.30 |
|---|---|---|
| 3/7/2019 | Drafted Request for Production of Documents to County of Fresno. | 0.30 |
| 3/8/2019 | Edited and reviewed Request for Production of Documents. | 0.20 |
| 3/11/2019 | Discussions with client regarding case status and trial date. | 0.50 |
| 3/11/2019 | Drafted correspondence regarding trial date. | 0.10 |
| 4/26/2019 | Followed up regarding audio dispatch recording with Defense Counsel. | 0.10 |
| 5/1/2019 | Reviewed Document Production: police reports, audio dispatch logs and photographs. | 2.50 |
| 5/2/2019 | Reviewed and summarized police reports and audio dispatch logs. | 2.50 |
| 5/10/2019 | Reviewed and summarized audio dispatch recording. | 1.00 |
| 6/11/2019 | Drafted Notice of Deposition for Jeffrey Morse. | 0.10 |
| 6/11/2019 | Drafted Notice of Deposition for Isaac Cervantes. | 0.10 |
| 6/18/2019 | Drafted Amended Notice of Isaac Cervantes deposition. | 0.10 |
| 6/19/2019 | Drafted Amended Notice of Jeffrey Morse deposition. | 0.10 |
| 7/8/2019 | Prepared for Isaac Cervantes deposition. | 1.50 |
| 7/8/2019 | Prepared for Jeffrey Morse deposition. | 1.50 |
| 7/9/2019 | Prepared for Isaac Cervantes deposition. | 2.50 |
| 7/10/2019 | Prepared for Jeffrey Morse deposition. | 2.50 |
| 7/11/2019 | Prepared for and took deposition of Isaac Cervantes. | 1.30 |
| 7/11/2019 | Prepared for and took deposition of Jeffrey Morse. | 1.30 |
| 7/12/2019 | Prepared summary of Isaac Cervantes deposition. | 0.80 |
| 7/12/2019 | Prepared summary of Jeffrey Morse deposition. | 0.80 |
| 8/9/2019 | Drafted letter to client regarding client's deposition. | 0.10 |
| 8/10/2019 | Discussions with client regarding deposition. | 0.50 |
| 8/27/2019 | Prepared for deposition of Omar Perez. | 2.50 |
| 8/27/2019 | Prepared for deposition of Roberto Perez. | 2.50 |
| 8/28/2019 | Prepared for deposition of Omar Perez. | 1.00 |
| 8/28/2019 | Prepared for deposition of Roberto Perez. | 1.00 |
| 8/28/2019 | Prepared for and attended deposition of Omar Perez. | 1.10 |
| 8/28/2019 | Prepared for and attended deposition of Roberto Perez. | 1.10 |
| 8/28/2019 | Drafted deposition summary of Omar Perez. | 0.90 |
| 8/28/2019 | Drafted deposition summary of Roberto Perez. | 0.90 |
| 8/30/2019 | Drafted Notice for Courtney Bush deposition. | 0.10 |
| 8/30/2019 | Prepared for deposition of Veronica Ordaz Gonzalez. | 3.00 |
| 8/30/2019 | Prepared for deposition of Jose Ramos Santiago. | 2.00 |
| 9/2/2019 | Prepared for deposition of Veronica Ordaz Gonzalez. | 1.50 |
| 9/2/2019 | Prepared for deposition of Jose Ramos Santiago. | 0.90 |
| 9/3/2019 | Prepared for and attended deposition of Veronica Ordaz Gonzalez. | 1.70 |
| 9/3/2019 | Prepared for and attended deposition of Jose Ramos Santiago. | 0.90 |
| 9/3/2019 | Drafted deposition summary of Jose Ramos Santiago. | 1.00 |
| 9/3/2019 | Drafted deposition summary of Veronica Ordaz Gonzalez. | 1.20 |
| 9/23/2019 | Prepared for deposition of Courtney Bush. | 2.50 |
| 9/24/2019 | Prepared for and took deposition of Courtney Bush. | 3.50 |

| 9/24/2019 | Communicated with counsel and drafted Stipulation to Extend Discovery Cut-off Dates. | 2.00 |
|---|---|---|
| 9/25/2019 | Drafted, Reviewed and Filed Stipulation to Extend Discovery Cut-Off Date. | 1.00 |
| 9/26/2019 | Reviewed Order granting Extension of Discovery Cut-Off. | 0.10 |
| 9/27/2019 | Reviewed Order regarding stipulation to modify scheduling order. | 0.10 |
| 10/4/2019 | Reviewed Defendants' Supplemental Rules 26 Initial Disclosures: Fresno Sheriff Policy Manuals. | 2.00 |
| 10/5/2019 | Reviewed Defendants' Supplemental Rules 26 Initial Disclosures: Fresno Sheriff Policy Manuals. | 1.10 |
| 10/10/2019 | Drafted Amended Notice of Continued deposition of Courtney Bush. | 0.10 |
| 10/10/2019 | Followed up with defense counsel regarding vandalism police report. | 0.20 |
| 10/14/2019 | Reviewed vandalism police report. | 0.70 |
| 10/21/2019 | Reviewed Defendants' Expert Designations. | 0.50 |
| 10/22/2019 | Continued review of Defendants' Expert Designations. | 2.00 |
| 10/24/2019 | Reviewed deposition transcript of Courtney Bush. | 2.50 |
| 10/25/2019 | Prepared for continued deposition of Courtney Bush. | 1.50 |
| 10/28/2019 | Prepared for and took continued deposition of Courtney Bush. | 3.10 |
| 11/4/2019 | Discussions regarding retained expert, Scott DeFoe. | 0.50 |
| 11/27/2019 | Drafted Notice for David Reaver deposition. | 0.10 |
| 11/27/2019 | Drafted Notice for Clarence Chapman deposition. | 0.10 |
| 12/9/2019 | Prepared for deposition of defense expert, Clarence Chapman. | 2.00 |
| 12/10/2019 | Prepared for deposition of defense expert, Clarence Chapman. | 2.50 |
| 12/11/2019 | Prepared for deposition of defense expert, Clarence Chapman. | 0.80 |
| 12/13/2019 | Prepared for deposition of defense expert, Clarence Chapman. | 1.80 |
| 12/13/2019 | Took deposition of defense expert, Clarence Chapman. | 2.10 |
| 12/14/2019 | Reviewed Scott DeFoe CV. | 0.20 |
| 12/14/2019 | Reviewed Scott DeFoe list of prior testimony. | 0.10 |
| 12/14/2019 | Reviewed Scott DeFoe fee schedule. | 0.10 |
| 12/14/2019 | Reviewed Scott DeFoe Rule 26 Rebuttal Report. | 2.00 |
| 12/15/2019 | Prepared for deposition of defense expert, David Reaver. | 2.00 |
| 12/16/2019 | Prepared for deposition of defense expert, David Reaver. | 1.30 |
| 12/16/2019 | Took deposition of defense expert, David Reaver. | 0.80 |
| 12/17/2019 | Prepared for deposition of Zenaida Cruz, LMFT. | 0.70 |
| 12/17/2019 | Prepared for and attended deposition of Zenaida Cruz, LMFT. | 1.00 |
| 12/18/2019 | Prepared for deposition of Kham Vang, EMT. | 0.50 |
| 12/18/2019 | Prepared for deposition of Nathan Munnelly, Paramedic. | 0.50 |
| 12/19/2019 | Prepared for and attended deposition of Kham Vang, EMT. | 0.40 |
| 12/19/2019 | Prepared for and attended deposition of Nathan Munnelly, Paramedic. | 1.00 |
| 12/19/2019 | Researched and Drafted Motion to Reopen Expert Rebuttal Disclosure Deadline and Expert Discovery Deadline. | 3.10 |

| 12/20/2019 | Reviewed Plaintiffs' Motion to Reopen Expert Rebuttal Disclosure Deadline and Discovery Deadline. | 2.50 |
|---|---|---|
| 12/20/2019 | Telephone conversation with Defense Counsel regarding MSJ. | 0.10 |
| 12/24/2019 | Drafted meet and confer letter to Defense Counsel regarding Defendants' MSJ. | 0.20 |
| 12/27/2019 | Reviewed Joint Statement of Undisputed Material Facts. | 2.50 |
| 12/27/2019 | Reviewed Minute Order regarding January 24, 2020, motion hearing. | 0.10 |
| 12/30/2019 | Reviewed Minute Order regarding Status Conference. | 0.10 |
| 1/3/2020 | Researched and Drafted Plaintiffs' Motion for Leave to Amend Complaint to Add Doe Defendants. | 2.20 |
| 1/6/2020 | Reviewed Joint Statement of Undisputed Material Facts. | 2.50 |
| 1/6/2020 | Prepared, researched and drafted Reply to Reopen Expert Rebuttal Disclosure Deadline and Expert Discovery Deadline. | 1.70 |
| 1/6/2020 | Reviewed Minute Order regarding Motion to Amend Complaint. | 0.10 |
| 1/7/2020 | Reviewed Joint Statement of Undisputed Material Facts. | 2.50 |
| 1/7/2020 | Reviewed Reply to Reopen Expert Rebuttal Disclosure Deadline and Expert Discovery Deadline. | 1.50 |
| 1/8/2020 | Reviewed Minute Order regarding Telephonic Appearance. | 0.10 |
| 1/13/2020 | Reviewed Defendants' MSJ. | 2.20 |
| 1/13/2020 | Reviewed Declaration of Leslie Dillahunty. | 0.90 |
| 1/13/2020 | Reviewed Declaration of Ryan Hushaw. | 0.80 |
| 1/13/2020 | Reviewed Joint Statement of Undisputed Material Facts. | 1.50 |
| 1/13/2020 | Reviewed Defendants' Separate Statement of Undisputed Material Facts. | 1.50 |
| 1/14/2020 | Reviewed Defendants' MSJ. | 0.60 |
| 1/14/2020 | Discussions regarding Defendants' MSJ. | 0.80 |
| 1/14/2020 | Reviewed Minute Order regarding MSJ Hearing continued to February 19, 2020. | 0.10 |
| 1/15/2020 | Prepared for and attended Status Conference with Federal Court. | 2.00 |
| 1/16/2020 | Reviewed Defendants' MSJ, Statement of Undisputed Material Facts and Declarations of Leslie Dillahunty and Ryan Hushaw. | 2.40 |
| 1/16/2020 | Reviewed Defendants' MSJ – Legal Research | 2.20 |
| 1/24/2020 | Reviewed Minute Order regarding Jury Trial. | 0.10 |
| 1/28/2020 | Reviewed and prepared Plaintiffs' Ex Parte Motion for Extension of Time to Oppose Defendants' MSJ. | 0.50 |
| 1/28/2020 | Reviewed Order regarding Ex Parte Extension. | 0.20 |
| 1/28/2020 | Reviewed Order Denying Motion to Reopen Expert Rebuttal Disclosure Deadline. | 0.20 |
| 1/29/2020 | Reviewed Order setting Settlement Conference and Settlement Conference instructions. | 0.20 |
| 1/30/2020 | Discussion with client regarding settlement conference. | 0.50 |
| 1/30/2020 | Drafted letter to client regarding settlement conference. | 0.10 |
| 2/4/2020 | Reviewed Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint. | 1.50 |

| 2/4/2020 | Reviewed Standing Order in Light of Judicial Emergency from Eastern District. | 0.10 |
|---|---|---|
| 2/8/2020 | Conducted legal research and drafted Plaintiffs' Reply to Defendants' Opposition to Plaintiff's Motion to Amend Complaint. | 1.20 |
| 2/12/2020 | Continued draft and edited Plaintiffs' Reply to Defendants' Opposition to Plaintiff's Motion to Amend Complaint. | 0.90 |
| 2/13/2020 | Reviewed Minute Order regarding Motion to Amend Complaint. | 0.20 |
| 2/27/2020 | Reviewed Eastern District Local Rules. | 1.10 |
| 2/28/2020 | Drafted and reviewed Plaintiffs' Ex Parte Motion for Second Extension of Time to Oppose Defendants' MSJ. | 0.60 |
| 2/28/2020 | Reviewed Court Order re Ex Parte Extension. | 0.10 |
| 3/3/2020 | Reviewed Minute Order regarding Settlement Conference and Settlement Conference Statements. | 0.10 |
| 3/10/2020 | Reviewed file, reviewed deposition transcripts and discussions regarding case in preparation for March 27, 2020 Settlement Conference Hearing. | 2.30 |
| 3/16/2020 | Discussion with client regarding rescheduled settlement conference and case status. | 0.40 |
| 3/18/2020 | Drafted letter to client regarding rescheduled settlement conference with Eastern District Court. | 0.10 |
| 3/18/2020 | Reviewed Plaintiffs' Opposition to MSJ – Legal Research. | 1.90 |
| 3/19/2020 | Reviewed Plaintiffs' Opposition to MSJ – Legal Research. | 1.40 |
| 4/2/2020 | Drafted and reviewed Plaintiffs' Ex Parte Motion for Third Extension of Time to Oppose Defendants' MSJ. | 0.60 |
| 4/3/2020 | Reviewed Court Order regarding Ex Parte Extension. | 0.10 |
| 4/13/2020 | Reviewed Minute Order regarding Consent to Magistrate Judge. | 0.10 |
| 4/13/2020 | Reviewed Defendants' Amended Notice of MSJ. | 0.10 |
| 4/14/2020 | Reviewed Order Reassigning Case to U.S. Magistrate Barbara A. McAuliffe. | 0.10 |
| 4/22/2020 | Reviewed Minute Order regarding Motion for Leave to Amend and MSJ Hearing Date. | 0.20 |
| 4/23/2020 | Reviewed Defendants' Request to Vacate May 6, 2020, Settlement Conference. | 0.10 |
| 4/27/2020 | Discussions with client regarding vacated settlement conference and status of the case. | 0.40 |
| 4/28/2020 | Drafted letter to client regarding cancellation of settlement conference. | 0.10 |
| 5/3/2020 | Followed up regarding audio dispatch with Defense Counsel. | 0.10 |
| 5/18/2020 | Reviewed and prepared Plaintiffs' Ex Parte Motion for Fourth Extension of Time to Oppose Defendants' MSJ. | 0.60 |
| 5/19/2020 | Reviewed Order Denying Plaintiffs' Motion for Leave to Amend Complaint to Add Doe Defendants. | 1.50 |
| 5/21/2020 | Reviewed Court Order regarding Motion for Leave to Amend – Legal Research. | 2.10 |

| | | |
|---|---|---|
| 5/22/2020 | Reviewed Joint Status Report. | 0.50 |
| 5/25/2020 | Reviewed Motion to Certify – Legal Research. | 1.30 |
| 5/26/2020 | Reviewed Order regarding Ex Parte Extension. | 0.10 |
| 5/26/2020 | Reviewed Motion to Certify – Legal Research and Reviewed Motion. | 1.70 |
| 5/27/2020 | Reviewed Motion to Certify – Reviewed and edited Motion. | 0.60 |
| 5/28/2020 | Reviewed Motion to Certify. | 0.80 |
| 5/29/2020 | Prepared for and attended status conference. | 0.50 |
| 6/1/2020 | Reviewed Plaintiffs' Opposition to MSJ – Legal Research, Prepared and Edited. | 3.10 |
| 6/3/2020 | Reviewed Plaintiffs' Opposition to MSJ – Legal Research, Prepared and Edited. | 3.30 |
| 6/3/2020 | Reviewed Plaintiffs' Opposition to MSJ – Research. | 2.30 |
| 6/5/2020 | Reviewed Plaintiffs' Opposition to MSJ – Research. | 0.70 |
| 6/5/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 2.20 |
| 6/6/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 3.60 |
| 6/8/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 4.10 |
| 6/9/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 1.60 |
| 6/10/2020 | Reviewed Plaintiffs' Objections to Defendants' Separate Statement of Undisputed Material Facts. | 2.20 |
| 6/11/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 3.80 |
| 6/12/2020 | Reviewed Plaintiffs' Objections to Defendants' Separate Statement of Undisputed Material Facts. | 1.80 |
| 6/12/2020 | Reviewed Declaration in Support of Plaintiffs' Opposition to MSJ. | 1.30 |
| 6/12/2020 | Reviewed Plaintiffs' Separate Statement of Disputed Material Facts. | 1.80 |
| 6/12/2020 | Reviewed Plaintiffs' Opposition to MSJ – Prepared and edited. | 1.30 |
| 6/15/2020 | Reviewed Defendants' Opposition to Motion to Certify. | 1.40 |
| 6/16/2020 | Reviewed and Prepared Reply to Motion to Certify. | 0.40 |
| 6/18/2020 | Reviewed and Prepared Reply to Motion to Certify. | 0.60 |
| 6/19/2020 | Reviewed and Prepared Reply to Motion to Certify. | 0.40 |
| 6/19/2020 | Reviewed Defendants' Reply to MSJ. | 1.10 |
| 6/19/2020 | Reviewed Plaintiffs' Reply to Defendants' Opposition to Motion to Certify the Courts Order Denying Plaintiffs' Motion to Amend Complaint. | 0.60 |
| 6/20/2020 | Discussions regarding MSJ. | 1.10 |
| 6/22/2020 | Reviewed Order Denying Plaintiffs' Motion to Certify the Court's Order Denying Plaintiffs' Motion to Amend Complaint. | 0.70 |
| 6/25/2020 | Prepared for MSJ hearing. | 2.10 |
| 6/26/2020 | Prepared for and attended MSJ hearing. | 1.50 |
| 7/1/2020 | Discussions with client regarding case status. | 0.10 |
| 7/1/2020 | Emailed client regarding case status and settlement conference. | 0.10 |
| 7/2/2020 | Emailed client regarding scheduling telephone call. | 0.10 |
| 7/2/2020 | Read email from client regarding scheduling telephone conference call. | 0.10 |

| | | |
|---|---|---|
| 7/21/2020 | Reviewed Defendants' Bill of Costs. | 1.00 |
| 7/21/2020 | Reviewed Judgment (Federal Court). | 0.30 |
| 7/23/2020 | Reviewed Federal Court Order regarding Defendants' MSJ. | 1.10 |
| 7/23/2020 | Reviewed Remand Order to State Court | 0.10 |
| 7/28/2020 | Reviewed Plaintiffs' Statement of Grounds for Objections to Bills of Costs. | 2.50 |
| 8/3/2020 | Reviewed Notice of CMC Hearing. | 0.10 |
| 8/5/2020 | Reviewed Application for Doe Amendments. | 0.20 |
| 8/5/2020 | Reviewed Defendant's Reply to Plaintiffs' Objections to Bill of Costs | 1.00 |
| 8/5/2020 | Drafted Doe 1 (Courtney Bush) Application. | 0.00 |
| 8/5/2020 | Drafted Doe 2 (Jeffrey Morse) Application. | 0.00 |
| 8/5/2020 | Drafted Doe 3 (Colleen Santos) Application. | 0.00 |
| 8/5/2020 | Drafted Doe 4 (James Dunn) Application. | 0.10 |
| 8/5/2020 | Drafted Doe 5 (Isaac Cervantes) Application. | 0.00 |
| 8/17/2020 | Reviewed Amended Complaint – added Does 1-5 | 0.10 |
| 9/22/2020 | Emailed defense counsel regarding service of DOE Defendants. | 0.10 |
| 9/22/2020 | Emailed defense counsel regarding service of DOE Defendants. | 0.10 |
| 9/25/2020 | Read email from client regarding status of the case. | 0.10 |
| 9/25/2020 | Emailed client regarding remanding of case back to state court, attending settlement conference and differences between state and federal court. | 0.20 |
| 10/7/2020 | Reviewed Plaintiffs' Case Management Statement. | 0.10 |
| 10/9/2020 | Reviewed Defendants' Case Management Statement. | 0.10 |
| 10/27/2020 | Reviewed ADR Stipulation. | 0.10 |
| 10/27/2020 | Attended CMC Hearing. | 1.50 |
| 11/6/2020 | Reviewed Defendants' Answer. | 0.10 |
| 11/16/2020 | Drafted Form Interrogatories for Defendant Courtney Bush. | 0.10 |
| 11/16/2020 | Drafted Form Interrogatories for Defendant Jeffrey Morse. | 0.10 |
| 11/16/2020 | Drafted Form Interrogatories for Defendant Colleen Santos. | 0.10 |
| 11/16/2020 | Drafted Form Interrogatories for Defendant James Dunn. | 0.10 |
| 11/16/2020 | Drafted Form Interrogatories for Defendant Isaac Cervantes. | 0.10 |
| 11/16/2020 | Drafted Request for Production of Documents for Courtney Bush. | 0.10 |
| 11/16/2020 | Drafted Request for Production of Documents for Jeffrey Morse. | 0.10 |
| 11/16/2020 | Drafted Request for Production of Documents for Colleen Santos. | 0.10 |
| 11/16/2020 | Drafted Request for Production of Documents for James Dunn. | 0.50 |
| 11/16/2020 | Drafted Request for Production of Documents for Isaac Cervantes. | 0.10 |
| 11/17/2020 | Read email from client regarding CMC Hearing. | 0.10 |
| 11/17/2020 | Called client regarding CMC Hearing. | 0.10 |
| 11/23/2020 | Drafted Request for Admissions for Defendant Courtney Bush. | 0.10 |
| 11/23/2020 | Drafted Request for Admissions for Defendant Jeffrey Morse. | 0.10 |
| 11/23/2020 | Drafted Request for Admissions for Defendant Colleen Santos. | 0.10 |
| 11/23/2020 | Drafted Request for Admissions for Defendant James Dunn. | 0.50 |
| 11/23/2020 | Drafted Request for Admissions for Defendant Isaac Cervantes. | 0.10 |
| 11/30/2020 | Reviewed Case Management Statement. | 0.10 |

| 12/3/2020 | Reviewed Defendant CMC Statement. | 0.10 |
|---|---|---|
| 12/5/2020 | Read email from retained expert, Scott DeFoe, regarding case status. | 0.10 |
| 12/5/2020 | Emailed retained expert, Scott DeFoe, regarding case being remanded to state court. | 0.10 |
| 12/5/2020 | Read email from retained expert, Scott DeFoe, regarding case status. | 0.10 |
| 12/18/2020 | Attended CMC Hearing. | 1.50 |
| 12/21/2020 | Emailed Defense Counsel with trial dates from CMC Hearing. | 0.10 |
| 12/21/2020 | Read email from Defense Counsel regarding discovery responses. | 0.10 |
| 12/21/2020 | Emailed Defense Counsel regarding discovery responses. | 0.10 |
| 12/21/2020 | Read email from Defense Counsel regarding discovery responses. | 0.10 |
| 1/13/2021 | Drafted Demand for Designation of Expert Witnesses. | 0.10 |
| 1/14/2021 | Drafted letter to client regarding MSC date, trial readiness and jury trial date. | 0.10 |
| 1/15/2021 | Reviewed Defendants' Demand for Designation of Expert Witnesses. | 0.10 |
| 1/18/2021 | Reviewed Courtney Bush Responses to Form Interrogatories. | 0.50 |
| 1/18/2021 | Reviewed Courtney Bush Responses to Request for Admissions. | 0.30 |
| 1/18/2021 | Reviewed Courtney Bush Responses to Request for Production of Documents. | 0.10 |
| 1/18/2021 | Reviewed Isaac Cervantes Responses to Form Interrogatories. | 0.50 |
| 1/18/2021 | Reviewed Isaac Cervantes Responses to Request for Admissions. | 0.10 |
| 1/18/2021 | Reviewed Isaac Cervantes Responses to Request for Production of Documents. | 0.10 |
| 1/18/2021 | Reviewed James Dunn Responses to Form Interrogatories. | 0.50 |
| 1/18/2021 | Reviewed James Dunn Responses to Request for Admissions. | 0.30 |
| 1/18/2021 | Reviewed James Dunn Responses to Request for Production of Documents. | 1.50 |
| 1/18/2021 | Reviewed Jeffrey Morse Responses to Form Interrogatories. | 0.50 |
| 1/18/2021 | Reviewed Jeffrey Morse Responses to Request for Admissions. | 0.30 |
| 1/18/2021 | Reviewed Jeffrey Morse Responses to Request for Production of Documents. | 0.10 |
| 1/18/2021 | Reviewed Colleen Santos Responses to Form Interrogatories. | 0.50 |
| 1/18/2021 | Reviewed Colleen Santos Responses to Request for Admissions. | 0.30 |
| 1/18/2021 | Reviewed Colleen Santos Responses to Request for Production of Documents. | 0.10 |
| 1/19/2021 | Drafted letter to defense counsel regarding lack of verifications with discovery responses. | 0.20 |
| 1/20/2021 | Reviewed discovery responses, deposition transcripts and prepared for deposition of James Dunn. | 2.10 |
| 1/20/2021 | Reviewed written discovery responses, deposition transcripts and prepared for deposition of Colleen Santos. | 0.60 |
| 1/20/2021 | Reviewed written discovery, deposition transcripts and prepared for deposition of Jaime Moreno-Lopez. | 0.50 |

| 1/20/2021 | Drafted meet and confer letter to Defense Counsel regarding insufficient responses to Form Interrogatories. | 1.50 |
|---|---|---|
| 1/21/2021 | Prepared for depositions of James Dunn, Colleen Santos and Moreno-Lopez. | 0.30 |
| 1/28/2021 | Reviewed Colleen Santos verifications. | 0.00 |
| 1/29/2021 | Reviewed Courtney Bush verifications. | 0.00 |
| 1/29/2021 | Reviewed Isaac Cervantes verifications. | 0.00 |
| 1/29/2021 | Reviewed James Dunn verifications. | 0.10 |
| 1/29/2021 | Reviewed Jeffrey Morse verifications. | 0.00 |
| 2/1/2021 | Reviewed discovery propounded by Defendants. | 0.60 |
| 2/9/2021 | Reviewed Courtney Bush Responses to Supplemental Interrogatories. | 0.10 |
| 2/9/2021 | Reviewed Isaac Cervantes Responses to Supplemental Interrogatories. | 0.10 |
| 2/9/2021 | Reviewed James Dunn Responses to Supplemental Interrogatories. | 0.10 |
| 2/9/2021 | Reviewed Jeffrey Morse Responses to Supplemental Interrogatories. | 0.10 |
| 2/9/2021 | Reviewed Colleen Santos Responses to Supplemental Interrogatories. | 0.10 |
| 2/12/2021 | Prepared client discovery responses. | 2.50 |
| 2/24/2021 | Reviewed written discovery responses and document production from Defendants. | 1.80 |
| 2/25/2021 | Telephone call with client regarding discovery responses. | 1.30 |
| 3/2/2021 | Reviewed and edited client discovery responses. | 1.70 |
| 3/19/2021 | Drafted Notice for James Dunn deposition. | 0.10 |
| 3/19/2021 | Drafted Notice for Jaime Moreno-Lopez deposition. | 0.10 |
| 3/23/2021 | Prepared for Deposition of James Dunn. | 2.20 |
| 3/24/2021 | Prepared for Deposition of Jaime Moreno-Lopez. | 1.30 |
| 3/25/2021 | Read email from Defense Counsel regarding deposition of Jaime Moreno-Lopez. | 0.10 |
| 3/25/2021 | Emailed Defense Counsel regarding deposition of Jaime Moreno-Lopez. | 0.10 |
| 3/25/2021 | Email exchange with Defense Counsel regarding deposition of James Dunn. | 0.30 |
| 3/26/2021 | Prepared and took deposition of James Dunn. | 2.00 |
| 4/22/2021 | Prepared for deposition of Jaime Moreno-Lopez. | 0.60 |
| 5/19/2021 | Drafted Amended Notice for Jaime Moreno-Lopez deposition. | 0.10 |
| 5/28/2021 | Prepared for and attended Jaime Moreno-Lopez deposition. | 1.40 |
| 7/26/2021 | Discussions with client regarding case status and deposition of Fresno Sheriff Deputies. | 0.70 |
| 9/9/2021 | Discussion with client regarding settlement, possibility of trial and possible consequences of trial. | 0.90 |
| 11/23/2021 | Read email from client regarding employment status. | 0.10 |
| 11/23/2021 | Emailed client regarding employment status. | 0.10 |
| 11/23/2021 | Contacted mediator and prepared for mediation. | 0.50 |

| | | |
|---|---|---|
| 12/6/2021 | Secured date with mediator and attempted to secure date with defense counsel for mediation. | 0.10 |
| 12/7/2021 | Discussions regarding case, mediation and settlement. | 0.70 |
| 12/9/2021 | Attempted to secure mediation date with defense counsel. | 0.10 |
| 12/14/2021 | Attempted to secure mediation date with defense counsel. | 0.10 |
| 12/21/2021 | Reviewed file and posted jury fees. | 0.40 |
| 12/21/2021 | Attempted to secure mediation date with defense counsel. | 0.10 |
| 1/3/2022 | Attempted to secure mediation date with defense counsel. | 0.10 |
| 1/6/2022 | Communication with mediator regarding mediation dates. | 0.10 |
| 1/14/2022 | Reviewed Defendants MSJ. | 1.20 |
| 1/18/2022 | Reviewed Defendants' MSJ. | 1.50 |
| 1/18/2022 | Reviewed Defendants' Request for Judicial Notice. | 0.10 |
| 1/18/2022 | Review Defendants' Undisputed Material Facts. | 0.80 |
| 1/25/2022 | Read email from defense counsel regarding mediation dates. | 0.10 |
| 1/27/2022 | Read email from defense counsel regarding mediation. | 0.10 |
| 1/27/2022 | Emailed mediator regarding mediation. | 0.10 |
| 1/27/2022 | Read email from mediator regarding mediation. | 0.10 |
| 1/27/2022 | Emailed defense counsel regarding mediation. | 0.10 |
| 1/27/2022 | Read email from defense counsel regarding mediation. | 0.10 |
| 1/27/2022 | Emailed defense counsel regarding mediation. | 0.10 |
| 1/27/2022 | Emailed mediator regarding case background and party information. | 0.10 |
| 1/31/2022 | Mediation confirmed, calendared and client informed. | 0.20 |
| 2/10/2022 | Drafted letter to client regarding mediation date and pre-mediation meeting. | 0.10 |
| 3/1/2022 | Prepared and propounded supplemental interrogatories and supplemental document requests to Courtney Bush. | 0.00 |
| 3/1/2022 | Prepared and propounded supplemental interrogatories and supplemental document requests to Jeffrey Morse. | 0.00 |
| 3/1/2022 | Prepared and propounded supplemental interrogatories and supplemental document requests to Colleen Santos. | 0.00 |
| 3/1/2022 | Prepared and propounded supplemental interrogatories and supplemental document requests to James Dunn. | 0.10 |
| 3/1/2022 | Prepared and propounded supplemental interrogatories and supplemental document requests to Isaac Cervantes. | 0.00 |
| 3/1/2022 | Reviewed supplemental interrogatory and production requests from Defendants. | 0.20 |
| 3/2/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 0.60 |
| 3/3/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 0.70 |
| 3/5/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 3.10 |
| 3/8/2022 | Read email from client regarding settlement. | 0.10 |
| 3/8/2022 | Emailed client regarding case status and settlement. | 0.10 |
| 3/8/2022 | Reviewed Court Order from Eastern District regarding Defendant's Bill of Costs. | 0.50 |
| 3/9/2022 | Discussion with client regarding Costs Order. | 0.60 |

| | | |
|---|---|---|
| 3/9/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 0.80 |
| 3/10/2022 | Reviewed Defendant's Expert Witness Designation and Declaration. | 1.10 |
| 3/11/2022 | Read email from client regarding mediation. | 0.10 |
| 3/11/2022 | Emailed client regarding mediation. | 0.10 |
| 3/11/2022 | Drafted and reviewed Plaintiff's Expert Witness Designation. | 1.50 |
| 3/11/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 0.70 |
| 3/12/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 3.90 |
| 3/13/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 0.80 |
| 3/14/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 2.40 |
| 3/15/2022 | Legal Research and discussion with expert regarding Plaintiffs' Opposition to MSJ. | 1.30 |
| 3/15/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 2.10 |
| 3/16/2022 | Reviewed and edited Plaintiffs' Opposition to MSJ. | 1.30 |
| 3/16/2022 | Reviewed Plaintiffs' Separate Statement of Undisputed Material Facts. | 1.10 |
| 3/16/2022 | Reviewed Declaration in Support of Plaintiffs' Opposition to MSJ. | 0.40 |
| 3/16/2022 | Reviewed expert declaration in support of Plaintiffs' Opposition to Defendants' MSJ. | 0.40 |
| 3/18/2022 | Reviewed Mediation Brief - Legal Research and Background Facts. | 2.20 |
| 3/20/2022 | Reviewed and prepared mediation brief. | 2.40 |
| 3/20/2022 | Legal Research – Bane Act, Attorney Fees, Punitive Damages. | 2.10 |
| 3/22/2022 | Reviewed Mediation Brief. | 1.30 |
| 3/22/2022 | Reviewed Defendants' mediation brief. | 1.20 |
| 3/23/2022 | Reviewed Defendants' Objection to Plaintiffs' Evidence. | 0.00 |
| 3/23/2022 | Reviewed Defendants' Response to Plaintiffs' Separate Statement of Undisputed Material Facts. | 0.30 |
| 3/23/2022 | Reviewed Defendants' Reply to MSJ. | 1.30 |
| 3/23/2022 | Read email from defense counsel regarding mediation. | 0.10 |
| 3/23/2022 | Read email from mediator regarding mediation. | 0.10 |
| 3/24/2022 | Legal Research – Bane Act, Attorney Fees and Punitive Damages. | 0.60 |
| 3/24/2022 | Discussion and meeting with client regarding mediation. | 1.00 |
| 3/24/2022 | Prepared for and attended mediation with Judge Black. | 4.50 |
| 3/25/2022 | Reviewed Defendants' Reply to MSJ. | 0.70 |
| 3/28/2022 | Drafted Notice in Lieu for Courtney Bush. | 0.10 |
| 3/28/2022 | Drafted Notice in Lieu for Jeffrey Morse. | 0.10 |
| 3/28/2022 | Drafted Notice in Lieu for Colleen Santos. | 0.10 |
| 3/28/2022 | Drafted Notice in Lieu for James Dunn. | 0.10 |
| 3/28/2022 | Drafted Notice in Lieu for Isaac Cervantes. | 0.10 |
| 3/28/2022 | Prepared for trial testimony of Kham Vang, EMT. | 0.80 |
| 3/28/2022 | Prepared for trial testimony of Nathan Munnelly, Paramedic. | 0.80 |
| 3/28/2022 | Prepared for trial testimony of Zenaida Cruz, LMFT. | 1.10 |
| 3/29/2022 | Reviewed Court Tentative Ruling regarding MSJ. | 1.70 |
| 3/29/2022 | Prepared for MSJ Hearing – Legal Research and Argument. | 2.30 |

| | | |
|---|---|---|
| 3/30/2022 | Read email from ADR Department regarding MSC. | 0.10 |
| 3/30/2022 | Discussion with client regarding MSC Hearing. | 0.50 |
| 3/30/2022 | Drafted letter to client regarding MSC Hearing. | 0.10 |
| 3/30/2022 | Reviewed Deposition Notice for Scott DeFoe. | 0.10 |
| 3/30/2022 | Emailed Defense Counsel regarding deposition of Scott DeFoe. | 0.10 |
| 3/30/2022 | Communicated with Scott DeFoe regarding deposition testimony. | 0.20 |
| 3/30/2022 | Prepared for and attended MSJ Hearing. | 3.20 |
| 3/31/2022 | Reviewed Defendants' Supplemental Expert Designation. | 0.80 |
| 3/31/2022 | Read email from client regarding settlement conference. | 0.10 |
| 3/31/2022 | Communicated with Zenaida Cruz regarding availability for trial. | 0.10 |
| 4/1/2022 | Read email from client regarding trial. | 0.10 |
| 4/1/2022 | Prepared Veronica Ordaz Gonzalez Responses to Supplement Interrogatories. | 1.00 |
| 4/2/2022 | Communicated with client regarding supplemental discovery responses. | 0.70 |
| 4/4/2022 | Emailed client regarding trial. | 0.10 |
| 4/4/2022 | Drafted letter to client's employer regarding trial. | 0.20 |
| 4/4/2022 | Reviewed client's supplemental interrogatory response and supplemental responses to request for production of documents. | 0.40 |
| 4/4/2022 | Reviewed deposition notice for Scott DeFoe. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for Courtney Bush. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for Jaime Moreno-Lopez. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for James Dunn. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for Jeffrey Morse. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for Colleen Santos. | 0.10 |
| 4/5/2022 | Reviewed Notice in Lieu for Isaac Cervantes. | 0.10 |
| 4/6/2022 | Reviewed and researched Court Order regarding MSJ. | 1.50 |
| 4/7/2022 | Prepared for and communicated with Scott DeFoe regarding his deposition. | 0.80 |
| 4/11/2022 | Reviewed Defendants' Motion for Reconsideration. | 2.10 |
| 4/11/2022 | Reviewed Defendants' Ex Parte Application for Order Shortening Time. | 0.40 |
| 4/11/2022 | Communicated with witness Zenaida Cruz regarding trial dates and availability. | 0.10 |
| 4/11/2022 | Telephone call with Fresno State regarding witness subpoena for Zenaida Cruz. | 0.50 |
| 4/11/2022 | Communicated with Scott DeFoe regarding deposition. | 0.30 |
| 4/11/2022 | Emailed with Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/11/2022 | Reviewed Notice in Lieu for Veronica Ordaz Gonzalez. | 0.10 |
| 4/11/2022 | Reviewed Notice in Lieu for Jose Ramos Santiago. | 0.10 |
| 4/11/2022 | Reviewed Notice in Lieu for Omar Perez. | 0.10 |
| 4/11/2022 | Reviewed Notice in Lieu for Roberto Perez. | 0.10 |
| 4/11/2022 | Spoke with Nathan Munnelly, Paramedic, regarding contact information and availability for trial testimony. | 0.20 |

| | | |
|---|---|---|
| 4/12/2022 | Prepared for and attended hearing re Defendants' Ex Parte Application for Order Shortening Time. | 3.50 |
| 4/13/2022 | Trial preparation: reviewed document productions and prepared trial exhibits. | 3.30 |
| 4/14/2022 | Trial preparation: continued to review document productions and prepared trial exhibits. | 3.70 |
| 4/15/2022 | Trial preparation: continued to review document productions, discovery responses and deposition transcripts. | 2.70 |
| 4/15/2022 | Reviewed Motions in Limine – Legal Research. | 2.20 |
| 4/16/2022 | Trial preparation: reviewed and summarized deposition transcripts. | 4.40 |
| 4/17/2022 | Trial preparation: reviewed and summarized deposition transcripts. | 2.60 |
| 4/17/2022 | Prepared Plaintiff's Points and Authorities in Opposition to Defendant's Motion for Reconsideration and Stay Pending Writ Application. | 2.70 |
| 4/18/2022 | Reviewed Plaintiffs' Points and Authorities' in Opposition to Defendant's Motion for Reconsideration and Stay Pending Writ Application. | 1.60 |
| 4/18/2022 | Discussions with Scott DeFoe regarding deposition. | 0.30 |
| 4/18/2022 | Emailed Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/18/2022 | Read email from Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/18/2022 | Read email from Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/19/2022 | Emailed Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/19/2022 | Read email from Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/20/2022 | Trial preparation: prepare witness list, exhibit list, jury instructions and motions in limine. | 4.90 |
| 4/21/2022 | Reviewed Defendants' Reply to Plaintiffs' Opposition to Motion for Reconsideration or Stay Pending Writ Applicant. | 1.60 |
| 4/21/2022 | Emailed Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/21/2022 | Read email from Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/21/2022 | Edited and reviewed witness list. | 0.50 |
| 4/21/2022 | Edited and reviewed exhibit list. | 1.50 |
| 4/21/2022 | Edited and reviewed jury instructions. | 0.30 |
| 4/21/2022 | Continued preparing and researched motions in limine. | 1.80 |
| 4/22/2022 | Trial preparation: reviewed deposition transcripts, prepared witness exams, prepared jury selection questions, prepared opening statement and motions in limine. | 5.50 |
| 4/23/2022 | Trial preparation: reviewed deposition transcripts, prepared witness exams, prepared jury selection questions, prepared opening statement and motions in limine. | 6.00 |

| | | |
|---|---|---|
| 4/24/2022 | Trial preparation: reviewed deposition transcripts, prepared witness exams, prepared jury selection questions, prepared opening statement and motions in limine. | 4.50 |
| 4/24/2022 | Trial preparation: prepared exhibit list and reviewed exhibits. | 1.80 |
| 4/25/2022 | Communicate with ADR Department regarding case status. | 0.10 |
| 4/25/2022 | Prepared exhibit documents, exhibit binders and exhibit list. | 2.40 |
| 4/25/2022 | Communicated with defense counsel regarding exhibits. | 0.20 |
| 4/25/2022 | Reviewed fire department documents and attempted to locate Captain Mehrmann. | 0.20 |
| 4/25/2022 | Reviewed Defendants' Motion for Judgment on the Pleadings. | 0.80 |
| 4/25/2022 | Reviewed tentative ruling. | 0.40 |
| 4/25/2022 | Emailed defense counsel regarding tentative ruling and Scott DeFoe deposition. | 0.10 |
| 4/25/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 2.10 |
| 4/26/2022 | Prepared for and attended hearing regarding Defendants' Motion for Reconsideration and Stay of the Trial. | 3.00 |
| 4/27/2022 | Communicated with client regarding trial continuance and new jury trial dates. | 1.10 |
| 4/27/2022 | Emailed Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/27/2022 | Communicated with Nathan Munnelly, Paramedic, regarding trial availability. | 0.10 |
| 4/27/2022 | Communicated with Zenaida Cruz, LMFT, regarding trial availability. | 0.10 |
| 4/27/2022 | Emailed Defense Counsel regarding Scott DeFoe deposition. | 0.10 |
| 4/27/2022 | Communicated with Zenaida Cruz, LMFT, regarding trial availability. | 0.10 |
| 4/27/2022 | Reviewed deposition notice of Scott DeFoe. | 0.10 |
| 4/27/2022 | Communicated with Scott DeFoe regarding deposition. | 0.30 |
| 4/28/2022 | Emailed Defense Counsel regarding Judgment on the Pleadings. | 0.10 |
| 5/2/2022 | Emails exchanged with Defense Counsel regarding deposition of Scott DeFoe. | 0.10 |
| 5/3/2022 | Reviewed fire report and attempted to locate witness, Kendrick Mehrmann. | 0.20 |
| 5/4/2022 | Provided Defense Counsel with Scott DeFoe fee schedule. | 0.10 |
| 5/5/2022 | Reviewed Defendants' Supplemental Points and Authorities regarding MSJ. | 2.30 |
| 5/10/2022 | Reviewed Opposition to Defendants' Supplemental Points and Authorities regarding MSJ. | 1.80 |
| 5/11/2022 | Reviewed Opposition to Defendants' Supplemental Points and Authorities regarding MSJ. | 1.40 |
| 5/11/2022 | Drafted letter to client regarding new trial date and MSC hearing. | 0.10 |
| 5/12/2022 | Reviewed Plaintiffs' Opposition to Defendants' Supplemental Points and Authorities regarding MSJ. | 1.20 |

| | | |
|---|---|---|
| 5/19/2022 | Reviewed Defendants' Reply to Supplemental Points and Authorities for MSJ. | 0.70 |
| 6/7/2022 | Discussion regarding Motion for Reconsideration. | 0.40 |
| 6/8/2022 | Prepared for and attended hearing for Motion for Reconsideration. | 2.70 |
| 6/9/2022 | Prepared for deposition of Scott DeFoe. | 1.10 |
| 7/8/2022 | Reviewed Order regarding MSJ regarding Trespass/Conversion. | 0.00 |
| 7/22/2022 | Drafted Plaintiffs' Designation of Expert Witnesses. | 0.50 |
| 8/3/2022 | Prepared Notice in Lieu for Courtney Bush. | 0.10 |
| 8/3/2022 | Prepared Notice in Lieu for Jaime Moreno-Lopez. | 0.10 |
| 8/3/2022 | Prepared Notice in Lieu for James Dunn. | 0.10 |
| 8/3/2022 | Prepared Notice in Lieu for Jeffrey Morse. | 0.10 |
| 8/3/2022 | Prepared Notice in Lieu for Colleen Santos. | 0.10 |
| 8/3/2022 | Prepared Notice in Lieu for Isaac Cervantes. | 0.10 |
| 8/3/2022 | Prepared for trial testimony of and contacted Zenaida Cruz regarding trial availability. | 0.40 |
| 8/3/2022 | Prepared for trial testimony of and contacted Nathan Munnelly, Paramedic, regarding trial availability. | 0.40 |
| 8/3/2022 | Prepared for trial testimony of and contacted Kham Vang, EMT, regarding trial availability. | 0.40 |
| 8/9/2022 | Prepared, edited and reviewed MSC Statement. | 2.10 |
| 8/10/2022 | Contacted Zenaida Cruz, LMFT, regarding trial availability. | 0.10 |
| 8/11/2022 | Contacted Zenaida Cruz, LMFT, regarding trial availability. | 0.10 |
| 8/11/2022 | Reviewed and edited MSC Statement. | 1.10 |
| 8/12/2022 | Communicated with Zenaida Cruz regarding trial testimony. | 0.10 |
| 8/12/2022 | Call with Defense Counsel regarding trial. | 0.10 |
| 8/15/2022 | Reviewed Defendants' Settlement Conference Statement. | 0.90 |
| 8/15/2022 | Reviewed subpoena for Zenaida Cruz, LMFT. | 0.10 |
| 8/23/2022 | Contacted client regarding settlement conference. | 0.60 |
| 8/24/2022 | Discussion with Scott DeFoe regarding trial availability. | 0.10 |
| 8/24/2022 | Communicated with Defense Counsel regarding settlement. | 0.10 |
| 8/25/2022 | Communicated with client regarding exhibits. | 0.70 |
| 8/26/2022 | Communicated with client regarding exhibits. | 0.80 |
| 8/26/2022 | Trial preparation: reviewed deposition transcripts, prepared witness exams, prepared motions in limines. | 4.70 |
| 8/27/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 4.40 |
| 8/28/2022 | Trial preparation: reviewed and edited exhibits, exhibit list and exhibit binders. | 2.30 |
| 8/28/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 2.10 |
| 8/29/2022 | Prepared letter to client's employer regarding trial dates. | 0.10 |
| 8/29/2022 | Prepared Exhibit List and provided additional documents to defense counsel. | 1.50 |

| | | |
|---|---|---|
| 8/29/2022 | Trial preparation: prepared and edited motions in limine. | 3.50 |
| 8/31/2022 | Trial preparation: reviewed and edited jury instructions, verdict forms, neutral statement and witness list. | 2.10 |
| 9/1/2022 | Reviewed Notice in Lieu for Veronica Ordaz Gonzalez. | 0.10 |
| 9/1/2022 | Reviewed Notice in Lieu for Jose Ramos Santiago. | 0.10 |
| 9/1/2022 | Reviewed Notice in Lieu for Omar Perez. | 0.10 |
| 9/1/2022 | Reviewed Notice in Lieu for Roberto Perez. | 0.10 |
| 9/2/2022 | Call with Defense Counsel regarding court reporter for trial. | 0.10 |
| 9/2/2022 | Trial preparation: reviewed deposition transcripts and prepared witness exams. | 4.20 |
| 9/3/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.60 |
| 9/4/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.70 |
| 9/5/2022 | Reviewed new exhibits provided by Defense Counsel and added them to exhibit binder and exhibit list. | 1.30 |
| 9/5/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 4.80 |
| 9/7/2022 | Reviewed unredacted crime report for Jesus Ramos. | 0.90 |
| 9/7/2022 | Prepared exhibit list and exhibit binders. | 1.30 |
| 9/7/2022 | Prepared Witness List. | 0.30 |
| 9/7/2022 | Prepared Jury Instructions. | 0.60 |
| 9/7/2022 | Prepared and reviewed Plaintiffs' Motions in Limine Nos. 1-8. | 3.50 |
| 9/8/2022 | Reviewed Defendants Motions in Limine Nos. 1-9 | 2.10 |
| 9/8/2022 | Reviewed Defendants Judgment on the Pleadings. | 0.50 |
| 9/8/2022 | Reviewed Defendants Jury Instructions. | 0.30 |
| 9/8/2022 | Reviewed Defendants Proposed Special Jury Instructions. | 1.10 |
| 9/8/2022 | Reviewed Defendant' Joint Statement. | 0.10 |
| 9/8/2022 | Reviewed Defendants Witness List. | 0.10 |
| 9/8/2022 | Reviewed Defendants' Exhibit List. | 0.20 |
| 9/8/2022 | Reviewed Defendants' Proposed Verdict Form. | 0.40 |
| 9/8/2022 | Reviewed Defendants' video exhibits. | 0.60 |
| 9/8/2022 | Reviewed Defendants' Motion in Limine No. 10. | 0.40 |
| 9/8/2022 | Trial preparation: prepared, reviewed and edited jury selection questions, opening statement and closing argument, and prepared witness exams. | 1.00 |
| 9/9/2022 | Reviewed Defendants' 170.6 Motion. | 0.20 |
| 9/9/2022 | Prepared witness list for Clerk. | 0.10 |
| 9/9/2022 | Reviewed Defendants exhibits and added to binders and exhibit list. | 1.10 |
| 9/9/2022 | Attended Trial Readiness Hearing and Settlement Conference Hearing. | 2.50 |

| 9/9/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.80 |
|---|---|---|
| 9/10/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.10 |
| 9/11/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.20 |
| 9/12/2022 | Attended Hearing regarding Trial Setting Conference. | 1.50 |
| 9/12/2022 | Visited incident scene and met with client and witnesses. | 3.00 |
| 9/12/2022 | Reviewed and prepared Plaintiffs' Supplemental Motion in Limine. | 1.10 |
| 9/12/2022 | Coordinated with Kham Vang, EMT regarding trial availability. | 0.10 |
| 9/12/2022 | Reviewed Defendants' Trial Brief. | 0.20 |
| 9/12/2022 | Prepared Amended Witness List. | 0.10 |
| 9/12/2022 | Prepared Plaintiffs' Opposition to Defendants' MIL Nos. 1-10 | 2.10 |
| 9/12/2022 | Drafted letter to Fire Captain Kendrick Mehrmann regarding new trial date with subpoena. | 0.10 |
| 9/13/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.80 |
| 9/13/2022 | Prepared letter to client's employer. | 0.10 |
| 9/13/2022 | Prepared and reviewed 170.6 Opposition. | 0.60 |
| 9/14/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.20 |
| 9/15/2022 | Reviewed Defendant's Reply to 170.6 Motion. | 0.30 |
| 9/15/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.70 |
| 9/16/2022 | Attended Court Hearing regarding Jury Trial. | 1.50 |
| 9/16/2022 | Drafted timeline for opening statement. | 0.60 |
| 9/16/2022 | Prepared Exhibit List with objections for the Court. | 1.40 |
| 9/16/2022 | Prepared Plaintiffs' Motion in Limine No. 9. | 0.80 |
| 9/16/2022 | Reviewed Defendant's Motion in Limine No. 12. | 0.40 |
| 9/16/2022 | Communicated with witness Zenaida Cruz regarding trial availability. | 0.10 |
| 9/16/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 2.40 |
| 9/17/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.30 |
| 9/18/2022 | Emailed with defense counsel regarding trial continuance. | 0.10 |

| | | |
|---|---|---|
| 9/18/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.60 |
| 9/19/2022 | Attended hearing regarding trial setting. | 1.00 |
| 9/19/2022 | Prepared Plaintiffs Motion in Limine No. 10. | 0.80 |
| 9/19/2022 | Reviewed Defendants' Motion in Limine No. 13. | 0.30 |
| 9/19/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.10 |
| 9/20/2022 | Discussion with defense counsel regarding trial continuance. | 0.50 |
| 9/20/2022 | Contacted Kham Vang, EMT regarding trial continuance. | 0.10 |
| 9/20/2022 | Contacted Zenaida Cruz, LMFT regarding trial continuance. | 0.10 |
| 9/20/2022 | Prepared for and attended court call regarding trial continuance. | 0.50 |
| 9/20/2022 | Drafted Dismissal of Colleen Santos | 0.00 |
| 9/20/2022 | Discussion with client regarding trial continuance. | 0.60 |
| 9/23/2022 | Drafted letter to client regarding new trial date. | 0.10 |
| 9/23/2022 | Drafted letter to Scott DeFoe regarding new trial date. | 0.10 |
| 12/7/2022 | Emailed Defense Counsel regarding trial, notices in lieu and exhibits. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for Courtney Bush. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for Jaime Moreno-Lopez. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for James Dunn. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for Jeffrey Morse. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for Colleen Santos. | 0.10 |
| 12/12/2022 | Prepared Notice in Lieu for Isaac Cervantes. | 0.10 |
| 12/12/2022 | Prepared subpoena for Zenaida Cruz. | 0.10 |
| 12/12/2022 | Prepared subpoena for Nathan Munnelly, Paramedic. | 0.10 |
| 12/12/2022 | Prepared subpoena for Kham Vang, EMT. | 0.10 |
| 12/12/2022 | Prepared subpoena for Fire Captain Kendrick Mehrmann. | 0.10 |
| 12/13/2022 | Conducted legal research regarding Bane Act and verdict forms. | 3.50 |
| 12/13/2022 | Reviewed file and prepared witness exams and reviewed deposition transcripts. | 2.50 |
| 12/21/2022 | Communicated with ADR Department regarding trial status. | 0.10 |
| 12/27/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.10 |
| 12/28/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.90 |
| 12/29/2022 | Contacted Kham Vang, EMT regarding trial availability. | 0.10 |
| 12/29/2022 | Contacted Nathan Munnelly, Paramedic regarding trial availability. | 0.10 |
| 12/29/2022 | Drafted letter to Fire Captain Kendrick Mehrmann regarding new trial date with subpoena. | 0.10 |

| 12/29/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 4.10 |
|---|---|---|
| 12/30/2022 | Emailed defense counsel regarding status witness and trial date. | 0.10 |
| 12/30/2022 | Read email from defense counsel regarding witness status and trial date. | 0.10 |
| 12/30/2022 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.10 |
| 1/1/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 1.30 |
| 1/2/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.60 |
| 1/3/2023 | Reviewed subpoenas for Kham Vang, EMT, Nathan Munnelly, Paramedic and Zenaida Cruz, LMFT. | 0.10 |
| 1/3/2023 | Telephone call with Kham Vang regarding dates for trial testimony and court procedures. | 0.20 |
| 1/3/2023 | Telephone call with Nathan Munnelly regarding dates for trial testimony and court procedures. | 0.20 |
| 1/3/2023 | Emailed Zenaida Cruz regarding trial testimony availability. | 0.10 |
| 1/3/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 6.40 |
| 1/4/2023 | Emailed defense counsel regarding trial. | 0.10 |
| 1/4/2023 | Read email from defense counsel regarding trial. | 0.10 |
| 1/4/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.80 |
| 1/5/2023 | Reviewed doctor note and email from defense counsel regarding continuance. | 0.10 |
| 1/5/2023 | Reviewed defense counsel's motion to continue. | 0.60 |
| 1/5/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.80 |
| 1/6/2023 | Attended Trial Readiness and Motion to Continue Trial. | 3.00 |
| 1/6/2023 | Discussion with client regarding trial continuance. | 0.70 |
| 1/6/2023 | Discussion with Scott DeFoe regarding trial continuance. | 0.10 |
| 1/6/2023 | Discussion with witnesses (Munnelly, Vang, Mehrmann and Cruz) regarding trial continuance. | 0.40 |
| 1/6/2023 | Prepared Deposition Subpoena for Michael Azevedo, M.D. | 0.10 |
| 1/6/2023 | Drafted letter to Scott DeFoe regarding new trial date. | 0.10 |
| 1/7/2023 | Reviewed transcript of January 6, 2023, court proceedings. | 1.00 |
| 1/9/2023 | Drafted letter to client regarding new trial date. | 0.10 |

| 1/11/2023 | Emailed defense counsel regarding Michael Azevedo, M.D. deposition. | 0.10 |
|---|---|---|
| 1/11/2023 | Reviewed Defendants' objection to deposition notice of Michael Azevedo, M.D. | 0.10 |
| 1/13/2023 | Reviewed Defendants' Joinder of Deposition Subpoena for Michael Azevedo, M.D. | 0.10 |
| 1/17/2023 | Reviewed Notice of Case Reassignment. | 0.10 |
| 1/19/2023 | Reviewed medical records of Isaac Cervantes. | 1.60 |
| 1/29/2023 | Researched and drafted opposition to Motion to Continue. | 1.50 |
| 1/30/2023 | Continued to draft Opposition to Motion to Continuance. | 1.40 |
| 1/30/2023 | Reviewed and summarized Michael Azevedo, M.D. deposition transcript. | 2.20 |
| 2/1/2023 | Prepared for and attended telephone conference call with Judge Tharpe. | 0.70 |
| 2/1/2023 | Reviewed order moving Status Conference to February 8, 2023 | 0.10 |
| 2/2/2023 | Reviewed Stipulation to File Documents Under Seal. | 0.50 |
| 2/2/2023 | Reviewed Motion to Seal medical records. | 0.90 |
| 2/2/2023 | Prepared and reviewed status memo for the Court. | 2.50 |
| 2/3/2023 | Prepared Notice in Lieu for Courtney Bush. | 0.10 |
| 2/3/2023 | Prepared Notice in Lieu for Jaime Moreno-Lopez. | 0.10 |
| 2/3/2023 | Prepared Notice in Lieu for James Dunn. | 0.10 |
| 2/3/2023 | Prepared Notice in Lieu for Jeffrey Morse. | 0.10 |
| 2/3/2023 | Prepared Notice in Lieu for Colleen Santos. | 0.10 |
| 2/3/2023 | Prepared Notice in Lieu for Isaac Cervantes. | 0.10 |
| 2/3/2023 | Attended Court Call with Judge Tharpe. | 0.30 |
| 2/6/2023 | Reviewed Plaintiffs' Trial Status Conference Memo. | 0.30 |
| 2/6/2023 | Reviewed Defendants' Trial Status Conference Memo and Ex Parte Application to Continue the Trial. | 0.70 |
| 2/6/2023 | Reviewed Plaintiffs' Trial Status Conference Memo. | 1.10 |
| 2/6/2023 | Reviewed Defendants' Trial Status Conference Memo. | 0.30 |
| 2/7/2023 | Reviewed Plaintiffs' Response to Defendants' Amended Motion to Continue Trial Date. | 0.20 |
| 2/7/2023 | Prepared and reviewed Plaintiffs' Opposition to Continue Trial. | 2.70 |
| 2/7/2023 | Reviewed Defendants' Notice in Lieu objections to Courtney Bush, Isaac Cervantes, James Dunn, Jaime Moreno Lopez, Jeffrey Morse and Colleen Santos. | 0.20 |
| 2/7/2023 | Prepared for Status Conference Hearing. | 2.50 |
| 2/8/2023 | Prepared for and attended Status Conference with Court. | 2.50 |
| 2/13/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.30 |
| 2/14/2023 | Contacted witnesses regarding trial availability. | 0.40 |
| 2/14/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.50 |

| 2/15/2023 | Reviewed Order regarding Status Conference Hearing. | 0.10 |
|---|---|---|
| 2/15/2023 | Prepared and reviewed witness subpoena for Michael Scherbinski, Ph.D. | 0.10 |
| 2/15/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.30 |
| 2/16/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 4.60 |
| 2/17/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.80 |
| 2/18/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.10 |
| 2/19/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.40 |
| 2/20/2023 | Defense counsel provided new unredacted copies of exhibits. Reviewed and added to exhibit binders. | 1.20 |
| 2/20/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 5.20 |
| 2/21/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 3.30 |
| 2/22/2023 | Prepared Joint Statement regarding Trial Time Limits. | 1.00 |
| 2/22/2023 | Prepared Plaintiffs' Proposed Verdict Form. | 1.20 |
| 2/22/2023 | Prepared Plaintiffs' Proposed Witness List. | 0.10 |
| 2/22/2023 | Prepared Plaintiffs' Proposed Amended Trial Exhibit List. | 0.40 |
| 2/22/2023 | Reviewed Defendants' Amended Motion for Judgment on the Pleadings – Legal Research. | 0.80 |
| 2/22/2023 | Reviewed Defendants' Amended Motions in Limine. | 1.10 |
| 2/22/2023 | Reviewed Defendants' Proposed Jury Instructions. | 0.10 |
| 2/22/2023 | Reviewed Defendants' Proposed Special Jury Instructions. | 0.30 |
| 2/22/2023 | Reviewed Defendants' Request for Judicial Notice. | 0.10 |
| 2/22/2023 | Reviewed Defendants' Opposition to Plaintiffs' Motions in Limine Nos. 1-10 and Supplemental. | 1.50 |
| 2/23/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 4.50 |
| 2/24/2023 | Reviewed Radio Dispatch Transcript. | 3.00 |
| 2/24/2023 | Update Exhibit List and Exhibit Binders with Dispatch Audio Transcript. | 0.60 |
| 2/24/2023 | Attended Trial Readiness and Settlement Conference. | 3.00 |

| 2/24/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 2.20 |
|---|---|---|
| 2/25/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 7.10 |
| 2/26/2023 | Trial preparation: prepared, reviewed and edited jury selection questions and opening statement, reviewed exhibits, reviewed motions in limine, and prepared witness exams. | 7.30 |
| 2/27/2023 | Prepared for and attended Jury Trial Day 1 | 14.00 |
| 2/28/2023 | Prepared for and attended Jury Trial Day 2 | 14.00 |
| 3/1/2023 | Prepared for and attended Jury Trial Day 3 | 14.00 |
| 3/2/2023 | Prepared for and attended Jury Trial Day 4 | 14.00 |
| 3/3/2023 | Trial preparation: prepared opening statement, reviewed exhibits and prepared witness exams. | 6.60 |
| 3/4/2023 | Trial preparation: prepared opening statement, reviewed exhibits and prepared witness exams. | 7.90 |
| 3/5/2023 | Trial preparation: prepared opening statement, reviewed exhibits and prepared witness exams. | 6.10 |
| 3/6/2023 | Prepared for and attended Jury Trial Day 5 | 14.00 |
| 3/7/2023 | Prepared for and attended Jury Trial Day 6 | 14.00 |
| 3/8/2023 | Prepared for and attended Jury Trail Day 7 | 14.00 |
| 3/9/2023 | Prepared for and attended Jury Trial Day 8 | 11.00 |
| 3/10/2023 | Trial preparation: reviewed exhibits, prepared witness exams, reviewed daily transcripts and prepared closing and rebuttal arguments. | 7.80 |
| 3/11/2023 | Trial preparation: reviewed exhibits, prepared witness exams, reviewed daily transcripts and prepared closing and rebuttal arguments. | 8.40 |
| 3/12/2023 | Trial preparation: reviewed exhibits, prepared witness exams, reviewed daily transcripts and prepared closing and rebuttal arguments. | 9.00 |
| 3/13/2023 | Prepared for and attended Jury Trial Day 9 | 14.00 |
| 3/14/2023 | Prepared for and attended Jury Trial Day 10 | 12.00 |
| 3/15/2023 | Prepared for and attended Jury Trial Day 11 | 10.00 |
| 3/16/2023 | Prepared for and attended Jury Trial Day 12 | 10.00 |
| 3/17/2023 | Trial preparation: closing and rebuttal arguments, reviewed daily transcripts, reviewed and prepared jury instructions and verdict form. | 5.60 |
| 3/18/2023 | Trial preparation: closing and rebuttal arguments, reviewed daily transcripts, reviewed and prepared jury instructions and verdict form. | 9.10 |
| 3/19/2023 | Trial preparation: closing and rebuttal arguments, reviewed daily transcripts, reviewed and prepared jury instructions and verdict form. | 8.60 |
| 3/20/2023 | Prepared for and attended Jury Trial Day 13 | 9.00 |

| | | |
|---|---|---|
| 3/21/2023 | Prepared for and attended Jury Trial Day 14 | 8.00 |
| 3/22/2023 | Prepared for and attended Jury Trial Day 15 | 6.50 |
| 3/23/2023 | Legal Research regarding attorney fees motion. | 2.40 |
| 3/23/2023 | Reviewed and prepared Judgment of Jury Verdict regarding Veronica Ordaz Gonzalez. | 0.20 |
| 3/24/2023 | Reviewed Signed Judgment of Jury Verdict. | 0.10 |
| 3/26/2023 | Legal Research regarding attorney fees motion. | 2.20 |
| 3/28/2023 | Prepared and Reviewed Judgment regarding Veronica Ordaz Gonzalez. | 0.30 |
| 3/30/2023 | Discussion with client regarding settlement, judgment and post-trial motions. | 1.40 |
| 4/3/2023 | Discussion with client regarding settlement, judgment and post-trial motions. | 0.50 |
| 4/3/2023 | Drafted Judgment regarding Veronica Ordaz Gonzalez. | 0.30 |
| 4/4/2023 | Reviewed Judgment regarding Veronica Ordaz Gonzalez. | 0.20 |
| 4/10/2023 | Prepared Plaintiff's Memorandum of Costs. | 3.06 |
| 4/11/2023 | Attended in chambers hearing with the Court regarding Judgments. | 1.50 |
| 4/11/2023 | Reviewed and Filed Plaintiff's Memorandum of Costs. | 0.90 |
| 4/13/2023 | Prepared Amended Judgment on Jury Verdict. | 0.20 |
| 4/14/2023 | Reviewed correspondence from Defendants regarding resolution. | 0.30 |
| 4/14/2023 | Reviewed Defendants' Memorandum of Costs. | 0.40 |
| 4/17/2023 | Discussion with client regarding settlement negotiations and post-trial motions. | 0.60 |
| 4/18/2023 | Reviewed Defendants' Judgment. | 0.10 |
| 4/18/2023 | Reviewed Defendants' Notice of Motion to Tax Costs. | 1.50 |
| 4/19/2023 | Reviewed Notice of Motion for Judgment Notwithstanding the Verdict. | 0.80 |
| 4/19/2023 | Reviewed Notice for Motion for New Trial. | 0.30 |
| 4/19/2023 | Prepared Judgment regarding Veronica Ordaz Gonzalez | 0.20 |
| 4/19/2023 | Reviewed Defendants Notice of Judgment Notwithstanding the Verdict | 0.50 |
| 4/20/2023 | Reviewed Defendants Motion for New Trial. | 0.50 |
| 4/24/2023 | Discussion with client and drafted letter to client regarding Defendants post-trial offer and post-trial motions. | 0.60 |
| 4/28/2023 | Further reviewed Defendants' Motion for New Trial. | 3.00 |
| 4/30/2023 | Further reviewed Defendants' Motion for New Trial. | 2.40 |
| 5/4/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for Judgment Notwithstanding the Verdict. | 1.10 |
| 5/5/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for New Trial. | 1.20 |
| 5/6/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for Judgment Notwithstanding the Verdict. | 1.00 |
| 5/6/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for New Trial. | 1.00 |

| 5/8/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for Judgment Notwithstanding the Verdict. | 0.90 |
|---|---|---|
| 5/8/2023 | Reviewed Plaintiff's Opposition to Defendants Motion for New Trial. | 1.30 |
| | **TOTAL** | 1007.26 |

# EXHIBIT B

## Ordaz-Gonzalez v. COF (2303)

## STEPHANIE HAMILTON ATTORNEY TIME

| DATE | WORK PERFORMED | HOURS |
|------|----------------|-------|
| 1/14/20 | Receipt and review of Defendants' Motion for Summary Judgment;  legal research regarding Monell arguments; legal research regarding vicarious liability of City and liability issues related to individual officers. | 4.0 |
| 1/15/20 | Additional legal research regarding summary judgment issues and state law claims. | 3.0 |
| 1/16/20 | Legal research regarding procedural issues related to summary judgment, amendment and claims against individuals. | 6.0 |
| 5/11/20 | Continued legal research regarding Monell and review discovery regarding facts supporting same; legal research regarding procedural and pleading issues. | 5.5 |
| 5/12/20 | Continued legal research regarding Monell and review discovery regarding facts supporting same; legal research regarding procedural and pleading issues. | 5.0 |
| 5/14/20 | Begin preparation of response to separate statement of facts; preparation of objections to evidence and legal research regarding same. | 6.5 |
| 5/20/20 | Legal research regarding specific evidentiary issues related to separate statement. | 3.0 |
| 5/21/20 | Continued preparation to opposition to separate statement. | 4.0 |
| 5/27/20 | Review federal rules regarding certification for appellate review and begin preparation for motion to certify. | 6.7 |
| 5/28/20 | Draft certification motion and review and finalize same. | 8.0 |
| 6/4/20 | Legal research of separate state law claims in opposition to summary judgment and draft points and authorities for same. | 5.5 |
| 6/5/20 | Continued drafting of points and authorities in opposition to summary judgment. | 7.0 |

| 6/8/20 | Drafting of introduction and statement of facts for summary judgment opposition. | 6.0 |
|---|---|---|
| 6/10/20 | Continued preparation of opposition and supporting papers. | 7.5 |
| 6/11/20 | Legal research regarding possible remand and continued preparation of opposing papers. | 8.0 |
| 6/12/20 | Review and finalize all opposition papers; preparation of supporting evidence and review local rules regarding same; follow up regarding filing of all documents; receipt and review of Defendant's opposition to motion to certify. | 7.5 |
| 6/18/20 | Preparation of reply to opposition to motion to certify. | 4.5 |
| 6/19/20 | Review and analyze Defendant's Reply and note to file regarding same; preparation and finalization of reply to opposition for motion to certify. | 7.0 |
| 6/26/20 | Preparation for oral argument and conference with NCK regarding same. | 1.5 |
| 1/20/22 | Brief review of renewed motion for summary judgment. | 2.3 |
| 3/15/22 | Review NCK draft opposition to motion for summary judgment (state) and comments and revisions to same. | 6.0 |
| 3/16/22 | Final review of NCK opposition and finalization of various opposing documents. | 4.4 |
| 3/22/22 | Review and analysis of Defendants' reply. | 2.5 |
| 3/23/22 | Legal research regarding self defense and civil procedure rules related to evidentiary issues on summary judgment. | 4.0 |
| 4/11/22 | Review motion for reconsideration and legal research regarding issues raised in same. | 6.6 |
| 4/16/22 | Legal research and preparation of opposition to motion for reconsideration. | 3.5 |
| 4/17/22 | Continued preparation of opposition papers on reconsideration and legal research regarding same. | 5.0 |
| 4/18/22 | Finalize opposition to motion for reconsideration. | 2.8 |

| Date | Description | Hours |
|---|---|---|
| 4/22/22 | Review Defendants' reply on reconsideration motion and office discussions regarding same. | 1.5 |
| 5/5/22 | Review and legal research regarding Defendants' Supplemental Reconsideration papers. | 3.8 |
| 5/11/22 | Preparation of renewed reconsideration opposition. | 4.0 |
| 5/12/22 | Continued preparation of and legal research for supplemental reconsideration opposition. | 5.0 |
| 5/19/22 | Review and analysis of reply on reconsideration. | 1.5 |
| 9/9/22 | Review Defendants' Motion for Disqualification; legal research regarding timing of 170.6 motions at trial setting. | 3.3 |
| 9/10/22 | Legal research and revisions to motions in limine; legal research and preparation of supplemental motion in limine regarding methamphetamine. | 8.0 |
| 9/12/22 | Preparation of Opposition to 170.6 motion. | 2.5 |
| 9/13/22 | Finalize opposition to 170.6 motion and additional legal research regarding trial issues related to same. | 3.0 |
| 2/23/23 | Review motion for judgment on the pleadings; legal research regarding same and memo regarding arguing pleading issues. | 4.8 |
| 2/24/23 | Review renewed motions in limine and legal research regarding various issues related to same. | 6.6 |
| 2/27/23 | Argument on motions in limine; research regarding jury instruction and verdict form issues. | 7.0 |
| 2/28/23 | Continued argument on motions in limine and meetings and research on verdict form and Bane Act issues. | 6.5 |
| 3/16/23 | Trial court argument on verdict form and jury instructions; return to office and finalize same. | 5.7 |
| | | 206.50 |

**PROOF OF SERVICE**

**Ordaz-Gonzalez v. COF**
**Case No. 18CECG03672**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 720 West Alluvial Avenue, Fresno, CA 93711. My email address is avs@paboojianlaw.com.

On May 16, 2023, I served true copies of the following document(s) described as **DECLARATION OF NOLAN KANE IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

James D. Weakley
Leslie M. Dillahunty
WEAKLEY & ARENDT
5200 N. Palm Ave., Suite 211
Fresno, CA 93704
Fax: (559) 221-5262
jim@walaw-fresno.com
leslie@walaw-fresno.com
elina@walaw-fresno.com

*Attorneys for Defendants COUNTY OF FRESNO; FRESNO COUNTY SHERIFF'S OFFICE; DEPUTY COURTNEY BUSH (DOE 1); DEPUTY JEFFREY MORSE (DOE 2); DEPUTY COLLEEN SANTOS (DOE 3); SERGEANT JAMES DUNN (DOE 4); DEPUTY ISAAC CERVANTES (DOE 5)*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** A PDF version of said document was served via electronic mail to the party(s) identified herein using the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 16, 2023, at Fresno, California.

Andrea Salcido

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit G

1  Nolan C. Kane, No. 287918
   nck@paboojianlaw.com
2  PABOOJIAN, INC.
   720 West Alluvial Avenue
3  Fresno, California 93711
   Telephone: (559) 431-5366
4  Facsimile: (559) 431-1702

5  Attorneys for Plaintiffs
   VERONICA ORDAZ GONZALEZ;
6  JOSE RAMOS SANTIAGO; OMAR PEREZ;
   and ROBERTO PEREZ

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF FRESNO

10

11  VERONICA ORDAZ GONZALEZ; JOSE          Case No. 18CECG03672
    RAMOS SANTIAGO; OMAR PEREZ; and
12  ROBERTO PEREZ,                          **DECLARATION OF LISA EAKINS IN
                                            SUPPORT OF PLAINTIFF VERONICA
13                Plaintiffs,               ORDAZ GONZALEZ'S MOTION FOR
                                            ATTORNEYS FEES**
14        vs.

15  COUNTY OF FRESNO; FRESNO COUNTY
    SHERIFF'S OFFICE; and DOES 1 to 25,
16  inclusive,

17                Defendants.

18

19        I, Lisa Eakins, declare as follows:

20        1.    I am a paralegal employed with the law firm of Paboojian, Inc., attorneys for

21  Plaintiffs Veronica Ordaz Gonzalez, José Ramos Santiago, Omar Perez and Roberto Perez in the

22  above-captioned matter.  I have personal knowledge of the facts stated below and I could testify

23  competently to those facts.

24        2.    I make this declaration in support of Plaintiff's Motion for Attorneys' Fees.

25        3.    I graduated from the Paralegal Program at San Joaquin School of Law, Fresno,

26  California, and I received my Paralegal Certificate in 2003.  I have been employed and

27  working as a Civil Litigation Paralegal consistently since 2003.

28

---

3.     Having worked as a paralegal in law firms specializing in insurance defense, I am experienced in documenting the time spent working on a file. A copy of my time records for this case is attached as **Exhibit "1"**.

4.     The Paboojian, Inc., law office uses a rate of $125 per hour for my work.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 16, 2023, in Fresno, California.

Lisa Eakins

DECLARATION OF LISA EAKINS IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS FEES

# EXHIBIT 1

Ordaz-Gonzalez v. COF (2303)

## LAE PARALEGAL TIME

| DATE | WORK PERFORMED | HOURS |
|---|---|---|
| 3/16/22 | Research and analysis re verdicts relevant to law enforcement home entry/illegal search. | .5 |
| 9/12/22 | Investigation to locate percipient witness, (retired) Fire Capt. Mehrmann and multiple contact attempts in preparation to subpoena to trial. | .4 |
| 9/12/22 | Preparation of trial subpoena to witness Capt. Mehrmann (9/12/22 trial date). | .1 |
| 9/12/22 | Correspondence and documents to witness, Capt. Mehrmann coordinating trial appearance. | .1 |
| 9/13/22 | File analysis and preparation of timeline of key events for use and reference at trial. | .3 |
| 1/6/23 | Preparation of trial subpoena to witness Capt. Mehrmann (1/9/23 trial date). | .1 |
| 1/6/23 | Correspondence and documents to witness, Capt. Mehrmann coordinating updated trial appearance. | .1 |
| 2/27/23 | Analysis of witness and party deposition transcripts and preparation of documents with time stamps for relevant testimony re use of hand cuffs. | .4 |
| 3/1/23 | Investigation and research regarding potential jurors and memoranda re same in real time. | .9 |
| 3/3/23 | Call with witness Capt. Mehrmann re updated trial appearance. | .1 |
| 3/3/23 | Preparation of trial subpoena to witness Capt. Mehrmann (2/27/23 trial date). | .1 |
| 3/3/23 | Correspondence and documents to witness, Capt. Mehrmann coordinating updated trial appearance. | .1 |
| 3/14/23 | Research and investigation regarding defense expert, Clarence Chapman | .2 |
| 4/11/23 | Research and analysis re verdicts relevant to officer shooting/killing of dog | .2 |
| | **TOTAL** | 3.6 |

1

**PROOF OF SERVICE**

2

**Ordaz-Gonzalez v. COF**
**Case No. 18CECG03672**

3

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

4

5   At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 720 West Alluvial Avenue, Fresno, CA 93711. My email address is avs@paboojianlaw.com.

6

7   On May 16, 2023, I served true copies of the following document(s) described as **DECLARATION OF LISA EAKINS IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS' FEES** on the interested parties in this action as

8   follows:

9   James D. Weakley                          *Attorneys for Defendants COUNTY OF FRESNO;*
     Leslie M. Dillahunty                       *FRESNO COUNTY SHERIFF'S OFFICE;*
10  WEAKLEY & ARENDT                           *DEPUTY COURTNEY BUSH (DOE 1); DEPUTY*
     5200 N. Palm Ave., Suite 211               *JEFFREY MORSE (DOE 2); DEPUTY COLLEEN*
11  Fresno, CA 93704                            *SANTOS (DOE 3); SERGEANT JAMES DUNN*
     Fax: (559) 221-5262                        *(DOE 4); DEPUTY ISAAC CERVANTES (DOE 5)*
12  jim@walaw-fresno.com
     leslie@walaw-fresno.com
13  elina@walaw-fresno.com

14

15   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** A PDF version of said document was served via electronic mail to the party(s) identified herein using the e-mail address(es) indicated.

16   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 16, 2023, at Fresno, California.

17

18

19                                            Andrea Salcido

20

21

22

23

24

25

26

27

28

*Lewis, et al. v. County of Kern, et al.*
**San Luis Obispo County Superior Court Case No. - 1:21-cv-00378-KES-CDB**

# Exhibit H

1  Nolan C. Kane, No. 287918
   nck@paboojianlaw.com
2  PABOOJIAN, INC.
   720 West Alluvial Avenue
3  Fresno, California 93711
   Telephone: (559) 431-5366
4  Facsimile: (559) 431-1702

5  Attorneys for Plaintiffs
   VERONICA ORDAZ GONZALEZ;
6  JOSE RAMOS SANTIAGO; OMAR PEREZ;
   and ROBERTO PEREZ

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                               COUNTY OF FRESNO

10

11  VERONICA ORDAZ GONZALEZ; JOSE          Case No. 18CECG03672
    RAMOS SANTIAGO; OMAR PEREZ; and
12  ROBERTO PEREZ,                         **DECLARATION OF MICHELLE LUJAN
                                           IN SUPPORT OF PLAINTIFF
13                  Plaintiffs,            VERONICA ORDAZ GONZALEZ'S
                                           MOTION FOR ATTORNEYS FEES**
14          vs.

15  COUNTY OF FRESNO; FRESNO COUNTY
    SHERIFF'S OFFICE; and DOES 1 to 25,
16  inclusive,

17                  Defendants.

18

19          I, Michelle Lujan, declare as follows:

20          1.      I am a paralegal employed with the law firm of Paboojian, Inc., attorneys for

21  Plaintiffs Veronica Ordaz Gonzalez, José Ramos Santiago, Omar Perez and Roberto Perez in the

22  above-captioned matter. I have personal knowledge of the facts stated below and I could testify

23  competently to those facts.

24          2.      I make this declaration in support of Plaintiff's Motion for Attorneys' Fees.

25          3.      I graduated from California State University, Fresno, with a Bachelor's Degree in

26  Criminology, with a minor in Sociology in May 2007. I received my Paralegal Certificate in March

27  2011, after completing 1 year of law-related experience under the supervision of Attorney James D.

28  Emerson (SBN 042031), Partner at Emerson, Corey, Sorensen, Church & Libke, a Law Office in

1  Fresno, California. I have been employed and working as a Civil Litigation Paralegal consistently
2  since 2011.

3      4.      Having worked as a paralegal in a law firm specializing in insurance defense, I am
4  experienced in documenting the time spent working on a file. A copy of my time records for this
5  case is attached as **Exhibit "1"**.

6      5.      The Paboojian, Inc., law office uses a rate of $125 per hour for my work.

7      I declare under penalty of perjury under the laws of the State of California that the foregoing
8  is true and correct, and that this declaration was executed on May 16, 2023, in Fresno, California.

9

10

Michelle Lujan

Michelle Lujan

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## Ordaz-Gonzalez v. COF (2303)

## ML PARALEGAL TIME

| DATE | WORK PERFORMED | |
|------|----------------|---|
| 09/08/22 | Extract documents selected by Attorney for use at trial for Exhibits, Numbers 62 through 76, to include organizing, correlating and bate stamping in preparation for the pre-trial conference on September 9, 2022, pursuant to Fresno County Superior Court Local Rule 2.6 | 0.5 |
| 09/08/22 | Prepare exhibit binders (4), pursuant to Fresno County Superior Court Local Rule 2.6, for Exhibit Numbers 1 through 76, along with Tables of Contents | 2.5 |
| 09/09/22 | Amend exhibit binders (4), to include Defense Exhibit Numbers 100 through 103, to include Defense Index of Proposed Trial Exhibits | 0.2 |
| 09/12/22 | Extract photos selected by Attorney to create Exhibit Number 77 for use at trial, to include organizing, correlating and bate stamping | 0.3 |
| 09/13/22 | Amend Plaintiffs' Proposed Trial Exhibit List to include up to Exhibit Number 77, in preparation for service and filing with the court | 0.2 |
| 03/01/23 | Online research and investigation regarding potential jurors in preparation for voir dire commencing on March 1, 2023 | 1.0 |
| 03/06/23 | Organize trial testimony transcripts for February 27, February 28 and March 6, 2023 (540 pages) for Attorney use in preparation for upcoming witness testimony | .5 |
| 03/08/23 | Organize trial testimony transcripts for March 7 and March 8, 2023 (401 pages) for Attorney use in preparation for upcoming witness testimony | .3 |
| 03/14/23 | Organize trial testimony transcripts for March 9, March 13 and March 14156, 2023 (494 pages) for Attorney use in preparation for upcoming closing arguments | .5 |
| 03/14/23 | Revisit and review the testimony transcript from the February 28, 2023 Motions in Limine Hearing (62 pages) to confirm the Judge's ruling regarding Plaintiff's Motion in Limine No. 3 in preparation for Plaintiff's closing argument | .3 |
| 03/14/23 | Revisit and review the testimony transcript from witness Deputy Courtney Bush from March 7, 2023 (191 pages) to confirm the timing she testified to regarding when she looked in the shed and when Plaintiff Veronica Ordaz first met with Deputies | .5 |
| | **TOTAL** | 6.8 |

**PROOF OF SERVICE**

**Ordaz-Gonzalez v. COF**
**Case No. 18CECG03672**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Fresno, State of California. My business address is 720 West Alluvial Avenue, Fresno, CA 93711. My email address is avs@paboojianlaw.com.

On May 16, 2023, I served true copies of the following document(s) described as **DECLARATION OF MICHELLE LUJAN IN SUPPORT OF PLAINTIFF VERONICA ORDAZ GONZALEZ'S MOTION FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

| | |
|---|---|
| James D. Weakley<br>Leslie M. Dillahunty<br>WEAKLEY & ARENDT<br>5200 N. Palm Ave., Suite 211<br>Fresno, CA 93704<br>Fax: (559) 221-5262<br>jim@walaw-fresno.com<br>leslie@walaw-fresno.com<br>elina@walaw-fresno.com | *Attorneys for Defendants COUNTY OF FRESNO;*<br>*FRESNO COUNTY SHERIFF'S OFFICE;*<br>*DEPUTY COURTNEY BUSH (DOE 1); DEPUTY*<br>*JEFFREY MORSE (DOE 2); DEPUTY COLLEEN*<br>*SANTOS (DOE 3); SERGEANT JAMES DUNN*<br>*(DOE 4); DEPUTY ISAAC CERVANTES (DOE 5)* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** A PDF version of said document was served via electronic mail to the party(s) identified herein using the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 16, 2023, at Fresno, California.

*Andrea Salcido*
Andrea Salcido