1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Renee V. Masongsong, Esq. (SBN 281819)
3  rvalentine@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333 / Fax: (818) 347-4118

5
   Attorneys for Plaintiffs
6  R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro; A.W., a minor, by
   and through guardian *ad litem* Alisha White, Alisha White
7
   TONI JARAMILLA, A Professional Law Corp.
8  Toni J. Jaramilla, Esq. (SBN 174625)
   Toni@tjjlaw.com
9  1900 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
10 T: (310) 551-3020 | F: (310) 551-3019

11 ALEXANDER MORRISON + FEHR LLP
   J. Bernard Alexander, III (State Bar No. 128307)
12 balexander@amfllp.com
   1900 Avenue of the Stars, Suite 900
13 Los Angeles, California 90067
   T: (310) 394-0888 | F: (310) 394-0811

14 Attorneys for Plaintiffs
15 MICKEL ERICK LEWIS JR, ORIONA LEWIS and BRIONA LEWIS

16              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
17

18 MICKEL ERICK LEWIS JR, et al.,          Case No: 1:21−CV−00378−KES−CDB

19              Plaintiffs,                 Hon. District Judge Kirk E. Sherriff

20      vs.                                 **PLAINTIFFS' OPPOSITION TO
                                            DEFENDANTS' MOTION TO STAY**
21 COUNTY OF KERN; and JASON AYALA,         **ENFORCEMENT OF JUDGMENT AND
                                            WAIVE BOND**
22              Defendants.

23 _____
   R.L., et al.,                           Date: June 16, 2025
24                                          Time: 1:30 p.m.
                Plaintiffs,                 Dept: 6
25
        vs.
26
   COUNTY OF KERN; and JASON AYALA,
27
                Defendants.
28

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.     INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ...................................................................................................................... 2

    A.     Defendants Are Not Entitled to a Stay Under California Code of Civil Procedure 995.220 ............................................................................................ 2

    B.     Defendants Are Not Entitled to a Reduced or Unsecured Bond Under FRCP 62 or Ninth Circuit Authority ..................................................................................... 3

    C.     This Court Should Not Apply the *Dillon* Factors and Should Not Enter a Stay of Enforcement Without Requiring a Full Supersedeas Bond ........................ 4

        1.     The *Dillon* Factors Have Never Been Used by the Ninth Circuit and Are Inconsistent with Supreme Court Authority ........................................... 4

        2.     *Dillon* Does Not Support the Waiver Sought by Defendants ..................... 5

        3.     There Is No Reason to Create the Exception Advocated by Defendants ................................................................................................ 7

    D.     Even the *Dillon* Factors Do Not Support Waiver of the Bond Requirement ............ 8

        1.     Complexity of the Collection Process ........................................................ 8

        2.     Amount of Time Required to Obtain a Judgment ........................................ 9

        3.     Degree of Confidence in the Availability of Funds ...................................... 9

        4.     Ability to Pay a Judgment Versus the Cost of a Bond ................................. 11

        5.     Lack of Other Creditors ............................................................................ 11

    E.     Defendants' Insurers Should Not Be Excused From Posting a Bond ...................... 11

III.   CONCLUSION ................................................................................................................ 12

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND

# TABLE OF AUTHORITIES

### Cases

*Al Otro Lado, Inc. v. Wolf,*
    952 F.3d 999 (9th Cir. 2019) ................................................................................ 5

*Bennett v. Franklin Resources, Inc.,*
    Case No. 11-cv-05807-CRB (N.D. Cal. Dec. 18, 2018) ....................................... 7

*Bolt v. Merrimack Pharm., Inc.,*
    2005 WL 2298423 (E.D. Cal. Sep. 20, 2005) .................................................. 8, 11

*Cipes v. Mikasa, Inc.,*
    404 F. Supp. 2d 367 (D. Mass. 2005) .................................................................. 7

*Cotton v. City of Eureka,*
    860 F. Supp. 2d 999 (N.D. Cal. 2012) ........................................................... 3, 4, 5

*Dillon v. City of Chicago,*
    866 F.2d 902 (7th Cir. 1988) ...................................................................... 4, 5, 8, 10

*Geddes v. United Financial Group,*
    559 F.2d 557 (9th Cir. 1977) ................................................................................ 4

*Hamlin v. Charter Township of Flint,*
    181 F.R.D. 348 (E.D. Mich. 1998) .................................................................. 7, 12

*Hanna v. Plumer,*
    380 U.S. 460 (1965) ............................................................................................. 2

*Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.,* 2019 WL 2715616 (E.D. Cal. 2019).. 2, 9

*Hilton v. Braunskill,*
    481 U.S. 770 (1987) ............................................................................................. 5

*In re Hassan Imports Partnership,*
    2013 WL 6384649 (C.D. Cal. 2013) .................................................................. 2

*In re Nassau County Strip Search Cases,*
    783 F.3d 414 (2d Cir. 2015) ................................................................................ 8

*Indep. Towers of Wash. v. Wash.,*
    350 F.3d 925 (9th Cir.2003) ................................................................................ 5

*Lair v. Bullock,*
    697 F.3d 1200 (9th Cir. 2012) ............................................................................ 5

*Lamon v. City of Shawnee,*
    758 F. Supp. 654 (D. Kan. 1991) ..................................................................... 8, 9

*Latta v. Otter,*
    771  22 F.3d 496 (9th Cir 2014) .......................................................................... 5

*Lewis v. Cty. of San Diego,*
    2018 WL 1071704 (S.D. Cal. Feb. 27, 2018) ................................................. 8, 10

*Lightfoot v. Walker,*
    797 F.2d 505 (7th Cir. 1986) ........................................................................... 6, 9

*Nken v. Holder,*
    556 U.S. 418 (2009) ............................................................................................. 5

*Olympia Equip. Leasing Co. v. W. Union Tel. Co.,*
    786 F.2d 794 (7th Cir. 1986) ............................................................................ 11

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND

*Perez Rodriguez v. Rey Hernandez*,
    304 F. Supp. 2d 227 (D.P.R. 2004)............................................................... 9

*Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*,
    600 F.2d 1189 (5th Cir. 1979) ......................................................... 6, 8, 10

*Rachel v. Banana Republic, Inc.*,
    831 F.2d 1503 (9th Cir. 1987)...................................................................... 4

*Safeco Ins. Co. of Am. v. Cty. of San Bernardino*,
    2007 WL 9719254 (C.D. Cal. Jul. 27, 2007)............................................... 9

*Sierra Club v. Trump*,
    929 F.3d 670 (9th Cir 2019) ........................................................................ 5

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990)..................................................................... 3

*Townsend v. Holman Consulting Corporation*,
    881 F.2d 788 (9th Cir. 1989)........................................................................ 3

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
    2006 WL 897995 (D. Or. Apr. 6, 2006) ..................................................... 7

*Vacation Vill., Inc. v. Clark County*,
    497 F.3d 902 (9th Cir. 2007)....................................................................... 2

*Will v. Michigan Department of State Police*,
    491 U.S. 58 (1989)....................................................................................... 3

*Wunschel & Small, Inc. v. United States*,
    554 F. Supp. 444 (Cl. Ct. 1983)................................................................... 8

<u>Statutes</u>

California Code of Civil Procedure § 995.220............................................... 2

<u>Rules</u>

Federal Rule of Civil Procedure 62............................................................... 3

Federal Rule of Civil Procedure 67............................................................... 7

<u>Other</u>

The Rutter Group, California Practice Guide: Federal Ninth Circuit Civil Appellate  Practice §
    1:168 (2011) ................................................................................................. 4

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.**     <u>**INTRODUCTION**</u>

3     This Court should deny Defendants' Motion to Stay Enforcement of Judgment and Waive

4 Bond. Through the instant Motion, Defendants request that this Court deny Plaintiffs the

5 protections of the bond requirements in Federal Rule of Civil Procedure 62 on the grounds that

6 Defendant County "has sufficient financial resources to cover the settlement obligation," and "there

7 is no room for reasonable doubt that it can pay the judgment later if necessary." (Def. Mot at 9:4-

8 24, Dkt. 187-1). Defendants make this request to stay enforcement of judgment and waive the

9 bond requirement notwithstanding that (1) nothing in the language of the Federal Rules of Civil

10 Procedure authorizes such relief, (2) no Ninth Circuit case has granted or affirmed such relief, and

11 (3) multiple courts have held that merely demonstrating financial stability is not proper grounds for

12 excusing the security requirements of Rule 62.

13     Defendant County also represents that it has excess insurance anticipated to cover $12.5

14 million and that the County's self-insurance fund has the capacity to cover the balance of the

15 judgment. (Def. Mot. at 9:9-15). No case holds that maintaining insurance coverage which may

16 cover the loss excuses the security requirements of Rule 62, nor does the existence of stan

17 insurance company excuse the bond requirements. And, there is no guarantee that the insurance

18 policy will still exist with the same insurance company when a final judgment is rendered post

19 appeal. Given that "[in] the current fiscal year, the County's revenues are projected to be $4.4

20 billion" (Def. Mot. at 9:4), the County is more than capable of posting a bond and should be

21 required to do so. Defendants have not offered a compelling reason why Defendants should be

22 exempt from this rule.

23     As Defendants indicate in their Motion, Plaintiffs have agreed to stay enforcement of the

24 judgment only through this Court's ruling on the post-trial motions, provided the Court rules on the

25 post-trial motions within 21 days of the June 16, 2025, hearing. (Dkt. No. 170). Defendants'

26 anticipated appeal could take one to three years, and Plaintiffs' counsel has a duty to the Plaintiffs

27 to secure the large judgment, including interest and fees, throughout that time. As set forth more

28 fully below, pursuant to Rule 62, Plaintiffs request that the Court only grant an automatic stay upon

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND
WAIVE BOND

Defendants and/or their insurance companies posting a supersedeas bond or other security in the amount of $43,428,962.22, which is 125% of the current judgment of $34,743,169.78 (Verdict: $30,500,000 [Dkt. Nos. 153, 154]; Interest on Verdict Up To June 16, 2025, Hearing Date (89 days at 4.33%): $322,021.50; Anticipated Attorneys' Fees Up To April 25, 2025, Filing: $3,850,737 [Dkt. No. 172]; Bills of Costs and Expenses: $70,411.27 [Dkt. Nos. 173, 179, 181]). In addition to these amounts and the growing interest, Plaintiffs' counsels will be seeking attorneys' fees for their time spent opposing Defendants' three post-trial motions, replying to Plaintiffs' attorney fee motion, attending the June 16, 2025, hearing, and any work performed to defend against Defendants' anticipated appeal.

## II.    ARGUMENT

### A. Defendants Are Not Entitled to a Stay Under California Code of Civil Procedure 995.220

Defendants first argue that they are entitled to a stay under California Code of Civil Procedure § 995.220. (Def. Mot. at 1:14-20, Dkt. No. 187-1). However, this is a state law procedural rule. Federal courts apply state substantive law but federal procedural law. *Vacation Vill., Inc. v. Clark County*, 497 F.3d 902, 913-14 (9th Cir. 2007) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2019 WL 2715616, at *2 (E.D. Cal. 2019) ("California Civil Procedure Code section 995.220(b) is a procedural rule, so it does not apply in federal court when a federal rule is on point. . . . Because the instant motion requests a post-judgment stay, Rule 62 provides the applicable procedural rules"); *In re Hassan Imports Partnership*, 2013 WL 6384649, at *1 (C.D. Cal. 2013) ("Cal. Code Civ. P. § 995.220 is preempted by Fed. R. Civ. P. 62, which sets forth the procedures governing supersedeas bonds in federal court.").

Additionally, California Code of Civil Procedure § 995.220(b) only applies to "an officer of the local public entity in an official capacity or on behalf of the local public entity." In this case, Defendant Jason Ayala was sued in his individual capacity. Officials acting in their official capacities are not persons and not subject to suit under § 1983. *Will v. Michigan Department of*

*State Police*, 491 U.S. 58, 71 (1989). Accordingly, California Code of Civil Procedure § 995.220 does not apply to this case.

This was addressed in *Cotton v. City of Eureka*, which rejected the same contention Defendants make here:

> Officers Laird, Winkle and Whitmer, however, were sued in their individual capacities. As such, the officers are outside the purview of § 995.220(b). Defendants attempt to sidestep this critical distinction, claiming that "the individual officers have been defended in this action by the City of Eureka, and the judgments against them, upon approval by the City Council, will be paid by the City."      Defs.' Reply at 5.15. That contention misses the point. Nothing in § 995.220(b) states or suggests that its provisions may be extended to a non-enumerated party who has been represented and may be indemnified by a covered entity. Tellingly, Defendants cite no authority to support their novel interpretation of this statute.

*Cotton v. City of Eureka*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012).

**B. Defendants Are Not Entitled to a Reduced or Unsecured Bond Under FRCP 62 or Ninth Circuit Authority**

Defendants next argue that this Court has discretion to extend the stay of enforcement of judgment if Defendants post a reduced or unsecured bond. (Def. Mot. at 5:12-13). Contrary to Defendants' argument, nothing in language of Rule 62 of the Federal Rule of Civil Procedure authorizes the security waiver which Defendants now seek. Rather, the Rule specifically requires security. Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."). The only exception provided in the Rule applies to the ability of appellate courts to stay the judgment. Fed. R. Civ. P. 62(g). The appellate court's determination as to whether to stay pending appeal is, in turn, governed by Federal Rule of Appellate Procedure 8.

Moreover, no Ninth Circuit case has granted a complete security waiver as required by Rule 62. While Defendants cite to dicta in in *Townsend v. Holman Consulting Corporation*, 881 F.2d 788, 796–97 (9th Cir. 1989), that a district court has "broad discretionary power to waive the bond requirement if it sees fit," that decision was vacated *en banc* and similar language did not appear in the panel's subsequent decision. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990). The Ninth Circuit has specifically warned against deviating from the language of

Rule 62. *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977) ("Rule 62 of the Federal Rules of Civil Procedure is very explicit concerning the protection afforded to litigants who seek a stay at various stages of the proceedings. The presence of such comprehensive protection implies the absence of such power in time periods not covered by the Rules."). As set forth above, nothing in the language of Rule 62 authorizes a security waiver.

Although a district court has inherent discretionary authority in setting the amount of a bond, to fulfill the purpose of a bond, "a full supersedes bond . . . should be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *See Cotton*, 860 F. Supp. 2d at 1028 (citing Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)); *see also* The Rutter Group, California Practice Guide: Federal Ninth Circuit Civil Appellate Practice § 1:168 (2011). Accordingly, this Court should deny Defendants' request for a reduced or unsecured bond.

### C. This Court Should Not Apply the *Dillon* Factors and Should Not Enter a Stay of Enforcement Without Requiring a Full Supersedeas Bond

Defendants' request -- that this Court exercise discretion to enter a stay of enforcement without requiring a full supersedes bond --, is based in part on the Seventh Circuit decision in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). (Def. Mot. at 6:23-24, 7:11-16). There are multiple problems with this approach.

#### 1. The *Dillon* Factors Have Never Been Used by the Ninth Circuit and Are Inconsistent with Supreme Court Authority

First, the Court should not apply the *Dillon* framework because it has never been adopted by the Ninth Circuit. While certain district courts in the Ninth Circuit have either applied this Seventh Circuit authority or discussed it before declining to waive the bond requirement, there is no Ninth Circuit authority approving this analysis. Additionally, it is not supported by the language of Rule 62. As such, this Court should decline to apply it.

Even if this Court were authorized to grant a stay on terms not set forth in the Federal Rules of Civil Procedure, there is no basis to apply the *Dillon* factors. Rather, the Supreme Court has

1  held that the "traditional standard governing the grant of stays" where a particular standard is not

2  provided is the four-factor test from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *Nken v.*

3  *Holder*, 556 U.S. 418, 431 (2009) ("The fact that the issuance of a stay is left to the court's

4  discretion "does not mean that no legal standard governs that discretion . . . . '[A] motion to [a

5  court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be

6  guided by sound legal principles. [T]hose legal principles have been distilled into consideration of

7  four factors: . . . [of *Hilton*]"). Accordingly, the Ninth Circuit has applied the four factor *Hilton*

8  test to evaluate stays pending appeal, not the *Dillon* factors Defendants reference in their Motion.

9  *Al Otro Lado, Inc. v. Wolf*, 952 F.3d 999 (9th Cir. 2019); *Sierra Club v. Trump*, 929 F.3d 670 (9th

10  Cir 2019); *Latta v. Otter*, 771  22 F.3d 496 (9th Cir 2014); *Lair v. Bullock*, 697 F.3d 1200, 1202

11  (9th Cir. 2012).

12      This Court should exercise its discretion to deny Defendant's Motion because the Motion

13  does not address the traditional *Hilton* stay factors, for that reason alone. *See e.g.*, *Cotton v. City of*

14  *Eureka*, *supra*. ("Defendants' motion neglects to address any of the other *Dillon* factors, and the

15  Court declines to do so sua sponte.") (citing *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929

16  (9th Cir.2003) ("Our adversarial system relies on the advocates to inform the discussion and raise

17  the issues to the court.... [W]e have held firm against considering arguments that are not briefed.").

18              **2.  *Dillon* Does Not Support the Waiver Sought by Defendants**

19      Second, Defendants' request for a waiver of the bond, a reduced bond, or an unsecured bond,

20  is based upon a misapplication of *Dillon* and an incomplete reading of Seventh Circuit authority. As

21  set forth below, these out of circuit cases only waived the security requirement after the defendants

22  provided adequate assurance that a judgment would be paid. In *Dillon*, the plaintiff obtained an

23  approximately $167,000 judgment against the City of Chicago. 866 F.2d at 905. The City sought to

24  appeal without a posting bond by submitting an affidavit that it held an existing fund containing

25  $484 million and that payment would be processed in less than thirty days following the appeal. *Id*.

26  The Court of Appeal allowed Defendants to appeal without posting a bond because "The City [ ]

27  demonstrated the existence of previously appropriated funds, available for the purpose of paying

28  judgments without substantial delay or other difficulty." *Id*. Accordingly, *Dillon* does not stand for

1  the proposition Defendants who demonstrate significant financial resources have no obligations

2  under Rule 62. Rather, it sets forth certain standards a defendant should meet to obtain a stay

3  without posting a bond.  *See also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey*

4  *Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) ("If a judgment debtor objectively

5  demonstrates a present financial ability to facilely respond to a money judgment and presents to the

6  court a financially secure plan for maintaining that same degree of solvency during the period of an

7  appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment

8  responsibility for the usual supersedeas bond.").

9        The argument that all security requirements may be waived, or that a reduced bond suffices

10  because a Defendant can demonstrate significant financial resources was rejected by the Seventh

11  Circuit in *Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986).  There the State of Illinois sought to

12  waive the security requirement on the sole basis urged here, namely that the Defendant was solvent.

13  *Id*. at 506.  ("The state doesn't want to post a bond, however, and asked the district judge to excuse

14  it from doing so, on the ground that the State of Illinois is solvent.").  The Seventh Circuit noted

15  that the state was clearly solvent.  *Id*.  ("Unquestionably it is; and the payment of a $700,000

16  judgment [should the state lose the appeal] will not endanger that solvency."). However, the State

17  of Illinois did not provide any mechanism from which the plaintiff would be promptly paid

18  following the appeal.  *Id.* at 507  ("Illinois might choose to emulate the federal procedure for

19  paying judgments out of a general appropriation, and save the cost of the bond; but thus far it has

20  not chosen to do this; nor has it suggested any alternative security to a bond.").  Accordingly, the

21  Seventh Circuit rejected the security waiver in strongly dismissive language:

22      The state's argument for being excused from posting a bond is a non sequitur.
       The fact that the state has the financial wherewithal to pay a judgment for $700,000

23      can be of little solace to the plaintiffs when the state does not contest Judge
       Marshall's finding in *Preston* that the procedure for collecting a judgment

24      against the state is not only cumbersome and time-consuming, but uncertain in
       outcome, since the judgment cannot be paid unless and until the state legislature

25      votes to appropriate the money necessary to pay it. The philosophy underlying
       Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the

26      expense of defending his judgment on appeal unless the defendant takes
       reasonable steps to assure that the judgment will be paid if it is affirmed. Posting

27      a supersedeas bond is the simplest way of tendering this guaranty.

28

-6-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND
WAIVE BOND

*Id.* at 506-507.  This holding was echoed in *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998), where the Eastern District of Michigan held that "waiving the bond on this factor alone ignores the dual protections Rule 62(d) is designed to provide the appellee . . . "[i]deally, losing parties will always have sufficient funds to pay the award, . . . if this fact alone were enough to waive the bond requirement, the bond requirement would essentially be a nullity."

### 3.  There Is No Reason to Create the Exception Advocated by Defendants

Moreover, the rule advocated by Defendants—that this Court should waive the secured bond requirement or order only a reduced bond in light of the County's financial solvency—does not make sense in light of the rules and realities of posting a bond. Where a Defendant can demonstrate enormous financial resources there is even less reason to waive bond because a wealthy defendant's bond premium is lower than the premium for an ordinary defendant. *See Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367 (D. Mass. 2005) ("[I]f Mikasa is as financially secure as it assures the Court it is, its ability to obtain the bond will not be difficult. Consequently, Mikasa's motion to waive the bond requirement will be denied."). Here, Defendant County's claimed financial health does not justify a complete waiver of the bond requirement, a reduced bond, or an unsecured bond.

Defendants complain that "[a]nnual premiums for appeal bonds are often 2-3% of the face value of the bond." (Def. Mot. at 8:26-27). However, a Defendant like the County of Kern, with such certain financial solvency could avoid premiums altogether by simply posting the full amount of the judgment into the registry of the court. Fed. R. Civ. P. 67; *Bennett v. Franklin Resources, Inc.*, Case No. 11-cv-05807-CRB (N.D. Cal. Dec. 18, 2018) ("Blocked Assets in the Registry will do so, to the same extent that a supersedeas bond would."). Accordingly, it is not surprising why the rule advocated by Defendants does not appear in the Federal Rules of Civil Procedure or any Ninth Circuit precedent. As succinctly stated by the Court in *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2006 WL 897995, at *5-*6 (D. Or. Apr. 6, 2006) ("I see no reason to depart from the usual practice of requiring a bond pending appeal.  Defendants' size does not justify departing from this practice.").

1

                  **D.  Even the *Dillon* Factors Do Not Support Waiver of the Bond Requirement**

2
        Even if the *Dillon* factors are applied—which they should not be—Defendants have not

3
satisfied them.  Defendants bear the burden in seeking to waive the bond requirement.  *Lewis v.*

4
*Cty. of San Diego*, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) ("A party seeking a

5
departure from the normal requirement of a full security supersedeas bond bears the burden of

6
showing reasons for such a departure."); *Poplar Grove*, 600 F.2d at 1191 (5th Cir. 1979) (appellant

7
has burden to "objectively demonstrate" reasons for departing from usual requirement of full

8
supersedeas bond); *Lamon v. City of Shawnee*, 758 F. Supp. 654 (D. Kan. 1991) ("defendant has

9
failed to carry its burden to objectively demonstrate any reason why this court should depart from

10
the general rule that a judgment creditor is entitled to the posting of a supersedeas bond as a matter

11
of right").

12
        Moreover, even courts willing to waive the security requirement note that it should only be

13
done in unusual circumstances.  *Wunschel & Small, Inc. v. United States*, 554 F. Supp. 444 (Cl. Ct.

14
1983) ("[T]he court's discretion to issue a stay without a supersedeas bond is limited; it must be

15
exercised sparingly and with due regard for the interest of the appellee in securing prompt and

16
certain satisfaction of its judgment."); *Bolt v. Merrimack Pharm., Inc.*, 2005 WL 2298423, at *2

17
(E.D. Cal. Sep. 20, 2005) ( "[A]n unsecured stay is reserved for 'unusual circumstances' and

18
awarded at the district court's discretion.").  Each of the *Dillon* factors are addressed below.

19
                  **1.  Complexity of the Collection Process**

20
        The first *Dillon* factor is "the complexity of the collection process." Defendants have

21
presented no evidence or specifics on this point. Defendants only complain that the bond premiums

22
would divert funds from other "deserving" programs, while ignoring the fact that, having secured a

23
jury verdict, Plaintiffs are equally deserving in having their judgment protected. (Def. Mot. at 10:6-

24
12). Most municipalities, including the City of Chicago in *Dillon*, address this factor by taking

25
concrete steps to simplify the collection process.  *Dillon***,** 866 F.2d at 905 (the city established a

26
procedure under which payment would be processed in less than thirty days).  *See also In re*

27
*Nassau County Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015) (upholding a security waiver

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND
WAIVE BOND

1  where a county appropriated the funds to pay the judgment and adopted an ordinance to provide for

2  immediate payment following the appeal).

3      Indeed, courts have declined to apply *Dillon* where municipalities have not taken such

4  concrete steps. *Lightfoot*, 797 F.2d at 505 (waiver denied where state had no established fund or

5  plan for collection); *Lamon*, 758 F. Supp. at 656–57 (denied waiver where the city had no set aside

6  fund to pay the judgment and collection could be a "cumbersome and time-consuming" process).

7  As Defendants have presented no evidence or specifics on "the complexity of the collection

8  process" or their efforts to simplify it, Defendants have not met their burden as to this factor.

9              **2.  Amount of Time Required to Obtain a Judgment**

10     The second *Dillon* factor is "the amount of time required to obtain a judgment after it is

11  affirmed on appeal." Defendants do not know how long it would take to satisfy the judgment, in

12  part because it is unclear how long their anticipated appeal will take. Defendants also suggest that

13  the judgment would be paid in ten annual installments, which is an unreasonable amount of time

14  for Plaintiffs to wait for the judgment to be satisfied. (Declaration of Lisa Dearmore at ¶ 5, Dkt. No.

15  187-3). This weighs in favor of denying the instant Motion.

16          **3.  Degree of Confidence in the Availability of Funds**

17     The third *Dillon* factor is "the degree of confidence that the district court had in the

18  availability of funds to pay the judgment." The standard used by most courts addressing the issue

19  is that the court must find the ability to pay the judgment "with certainty." *Hardesty v. Sacramento*

20  *Metropolitan Air Quality Management District*, 2019 WL 2715616, at *4 (E.D. Cal. June 28, 2019)

21  (denying motion because "the County has not met its burden to show its ability to pay the judgment

22  with certainty."); *Safeco Ins. Co. of Am. v. Cty. of San Bernardino*, 2007 WL 9719254, at *3 (C.D.

23  Cal. Jul. 27, 2007) (waiving bond requirement where "County's ability to pay is so clear and

24  certain that the Court can 'say with certainty that allowing an unsecured stay will not jeopardize

25  plaintiff's recovery.'"); *Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 231 (D.P.R.

26  2004) ("[U]ntil there is absolute certainty that the [entity] has agreed unconditionally to pay the

27  judgment in this case, the mere existence of such possibility is an unacceptable substitute for the

28  guarantees provided by a supersedeas bond.").

1    Satisfying this factor requires demonstrating both current and continuing financial health.

2    *Poplar Grove*, 600 F.2d at 1191 ("If a judgment debtor objectively demonstrates a present financial

3    ability to facilely respond to a money judgment and presents to the court a financially secure plan

4    for maintaining that same degree of solvency during the period of an appeal, the court may then

5    exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual

6    supersedeas bond."). Accordingly, municipalities that have been granted a security waiver have

7    submitted detailed financial information to meet their burden.  *See e.g*., *Dillon*, 866 F.2d at 905 (the

8    city established by affidavit that an existing fund contained $484 million); *Lewis v. Cty. of San*

9    *Diego*, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) ("The County submitted a declaration by

10    the County's Assistant Auditor and Controller, explaining that the County has the highest possible

11    financial rating with three of the major credit rating agencies, that the County has an operating

12    budget of $5.79 billion, and that the County has funds set aside for future liability and judgments

13    sufficient to cover the attorneys' fees and costs awards in this case").

14    Defendants do not present evidence to create such certainty. The declarations Defendants

15    submitted (at Dkt. Nos. 187-2, 187-3), do not establish that the County of Kern would have future

16    financial stability to satisfy the judgment.  "It is not the burden of the judgment creditor to initiate

17    contrary proof."  *Poplar Grove*, 600 F.2d at 1191. Financial solvency cannot be assumed based

18    upon Defendant County's status as a municipality, even a municipality with a large tax base.  Since

19    2010, there have been 69 municipal bankruptcy filings in the United States.  Municipal bankruptcy

20    filings in the State of California include the County of Orange (1994, $2 billion, USBC CD CA

21    Case Nos. Bankruptcy Nos. SA 94-22272-JR, SA 94-22273-JR, including decision reported at *In re*

22    *County of Orange*, 179 B.R. 177 (Bankr. C.D. Cal. 1995), City of San Bernardino (2012, $500

23    million, USBC Case No. 6:12-bk-28006), City of Stockton (2012, $1 billion, USBC ED CA Case

24    No. 2012-32118), and City of Vallejo (2008, $1 billion, USBC ED CA Case No 2008-26813,

25    including decision reported at *In re City of Vallejo*, 403 B.R. 72 (Bankr. E.D. Cal. 2009)).  All of

26    these bankrupt municipalities could have made the same generic showing that the County of Kern

27    makes here. Moreover, while bankruptcy is a dramatic expression of financial distress,

28    municipalities, including Defendant County of Kern, may experience financial distress short of

-10-

1  bankruptcy that imperil creditors such as Plaintiffs herein. As Defendants have not met their burden

2  of proving the availability of funds "with certainty" to warrant deviating from Rule 62, their Motion

3  should be denied.

4  **4.  Ability to Pay a Judgment Versus the Cost of a Bond**

5  The fourth *Dillon* factor is "whether the defendant's ability to pay the judgment is so plain

6  that the costs of a bond would be a waste of money." As with the third factor, Defendants have not

7  met their burden as to this factor.  *Bolt*, 2005 WL 2298423, at *2 ("Other than defendant's

8  conclusory statement that requiring a bond at this time would cause defendant financial hardship, it

9  has failed to produce evidence of impracticability. Defendant County does not claim that it will

10  face bankruptcy, jeopardizing its other creditors, if a bond is required.  Quite the contrary, it has

11  expressed its intent to immediately file a supersedeas bond if the court denies this motion for an

12  unsecured stay."). Because Defendants have not submitted evidence of their ability to pay the

13  judgment, they cannot meet their burden of denying Plaintiffs their right to security under Rule 62.

14  **5.  Lack of Other Creditors**

15  The fifth *Dillon* factor is "whether the defendant is in such a precarious financial situation

16  that the requirement to post a bond would place other creditors of the defendant in an insecure

17  position."  This factor is based upon *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d

18  794, 796 (7th Cir. 1986), wherein the Seventh Circuit allowed a $36 million judgment to be secured

19  by $10 million in cash, $10 million in accounts receivables, and a $70 million security interest in

20  physical assets based upon Defendants' financial vulnerability and the risk to competing creditors.

21  Defendants have not presented any evidence of other creditors, which supports the requirement that

22  they post a bond.

23  **E.  Defendants' Insurers Should Not Be Excused From Posting a Bond**

24  Defendants have represented they have insurance coverage for this incident which defeats

25  the entire basis of the instant Motion.  Specifically, Defendants submit the Declaration of Elsa

26  Martinez averring that Defendant County has $12.5 million in excessive insurance coverage and is

27  self-insured to cover the balance of $21.9 million. (Martiez. Decl. at ¶ 7).  Taking these statements

28  as true, there is no reason to waive Defendants' bond requirement. There is no reason why an

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND

insured defendant or an insurance company should be excused from posting security.  Indeed,

posting a bond that provides security that a judgment will be satisfied upon becoming final is the

precise type of expenditure that insurance companies are obligated to make.  Moreover, no case has

ever held that an insured defendant or an insurance company are excused from posting security.  To

borrow the reasoning of *Hamlin*, 181 F.R.D. at 351 "if this fact alone were enough to waive the

bond requirement, the bond requirement would essentially be a nullity." Based upon their

representations of insurance coverage alone, Defendants should be required to post a bond in the

full amount of the judgment.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court only grant

Defendants a stay of enforcement of judgment pursuant to Rule 62(d) upon the filing of a

supersedeas bond or other security in the amount of $43,428,962.22, which is 125% of the current

judgment.  The current judgment is $34,743,169.78 (Verdict: $30,500,000 [Dkt. Nos. 153, 154];

Interest on Verdict Up To June 16, 2025, Hearing Date (89 days at 4.33%): $322,021.50;

Anticipated Attorneys' Fees Up To April 25, 2025, Filing: $3,850,737 [Dkt. No. 172]; Bills of

Costs and Expenses: $70,411.27 [Dkt. Nos. 173, 179, 181]). Defendants have not met their burden

and their request for a lesser bond amount or unsecured bond should be denied.

Respectfully submitted,

DATED:  May 27, 2025                    LAW OFFICES OF DALE K. GALIPO

By_____ */s/ Dale K. Galipo*
                    Dale K. Galipo
                    Renee V. Masongsong
                    Attorneys for Plaintiffs R.L., M.L., H.L., A.W.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND
WAIVE BOND

1

2 | DATED: May 27, 2025

ALEXANDER MORRISON + FEHR LLP

3

TONI JARAMILLA, A Professional Law Corp.

4

By:    *s/ J. Bernard Alexander, III*

5

J. Bernard Alexander, III
Toni Jaramilla

6

Britt L. Karp
Attorneys for Plaintiffs Mickel Erick Lewis, Jr.,

7

Oriona Lewis and Briona Lewis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND
WAIVE BOND