| | |
|---|---|
| 1 | James D. Weakley, Esq.      Bar No. 082853 |
| 2 | Brande L. Gustafson, Esq.   Bar No. 267130<br>**WEAKLEY & ARENDT** |
| 3 | A Professional Corporation<br>5200 N. Palm Avenue, Suite 211 |
| 4 | Fresno, California 93704<br>Telephone:  (559) 221-5256 |
| 5 | Facsimile:   (559) 221-5262<br>Jim@walaw-fresno.com |
| 6 | Brande@walaw-fresno.com |
| 7 | Attorneys for Defendant, Deputy Jason Ayala |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>                    Plaintiff,<br><br>            vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>                    Defendant. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No.*<br>*1:21−CV−01352−DAD−JLT*<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT AND WAIVE BOND** |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>                    Plaintiffs,<br>            vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>                    Defendants. | Date: June 16, 2025<br>Time: 1:30 p.m.<br>Ctrm: 6 (7th Floor)<br>Judge: Hon. District Judge Kirk E. Sherriff |

/ / /

/ / /

1  Defendants County of Kern ("County")—erroneously sued as Kern County—and Deputy Jason Ayala ("Deputy Ayala") (collectively "Defendants") submit the following reply to plaintiffs' opposition to their motion to stay enforcement of judgment and waive bond.

## I. INTRODUCTION

Defendants have asked the Court to either (1) stay enforcement of the judgment pending the appeal and waive the requirement that a supersedeas bond be posted or (2) stay enforcement of the judgment pending the appeal and set the amount of the bond at a significantly reduced amount.

In their opposition, the plaintiffs agree that enforcement of the judgment should be stayed pending the appeal, provided that the defendants post a bond. The plaintiffs argue that the Court lacks discretion to waive the bond requirement, and propose that the supersedeas bond be set in the amount of $43,428,962.22, which they claim to be 125% of the "current" judgment "$34,743,169.78 (Verdict: $30,500,000 [Dkt. Nos. 153, 154]; Interest on Verdict Up To June 16, 2025, Hearing Date (89 days at 4.33%): $322,021.50; Anticipated Attorneys' Fees Up To April 25, 2025, Filing: $3,850,737 [Dkt. No. 172]; Bills of Costs and Expenses: $70,411.27 [Dkt. Nos. 173, 179, 181])." *See* Doc. No. 190, at p. 2:2-5.  However, Plaintiffs have not yet been awarded any attorneys' fees, costs, or expenses; with the hearing set for June 16, 2025 and no guarantee that they will be awarded everything that they requested.  This means the current judgment is $30.5 million, with the possibility to increase in an amount to be determined by the court.

Otherwise, Plaintiffs argue that there is nothing in the language of Rule 62 of the Federal Rules of Civil procedure that authorizes a security waiver and that the Ninth Circuit has never held that the bond requirement can be waived. The plaintiffs are wrong. *See* Declaration of of Brande L. Gustafson ("Gustafson Decl."), Exh. A (June 3, 2019 Order from the Ninth Circuit Court of Appeals in *Parsons v. Ryan*, Nos. 18-16358, 18-16365, 18-16368)

Plaintiffs also argue that the Court should not follow the factors outlined by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988) because the Ninth Circuit has never expressly applied those factors and claim it is inconsistent with Supreme Court authority. Plaintiffs, instead, suggest that the factors identified by the Supreme Court in *Hilton v. Braunskill*,

1  481 U.S. 770 (1987) are what the court should follow and that Defendants' motion should be
2  denied simply for failing conduct an analysis of the *Hilton* factors. *See* Doc. No. 190, p. 4:20-
3  5:17. Contrary to Plaintiffs' assertion, numerous district courts within the Ninth Circuit, and
4  numerous district courts within the Eastern District of California have all applied the Dillon
5  factors, including this court in *Hackworth v. Arevalos*, No. 1:19-cv-01362-KES-CDB, 2025 WL
6  240832, at *3 (E.D. Cal. Jan. 17, 2025), when determining whether to waive the bond requirement
7  under Rule 62 of the Federal Rules of Civil Procedure. More importantly, the *Hilton* factors that
8  Plaintiffs advocate for apply to appeals of orders for injunctive relief, not money damages like
9  we have here.

10  Alternatively, Plaintiffs argue that even if the Court were to consider the *Dillon* factors,
11  the defendants have not established that the bond requirement should be waived or reduced. In
12  making this argument, Plaintiffs ignore the declaration of Elsa Martinez (Doc. No. 187-2) that the
13  County not only has sufficient funds in its general liability fund to satisfy the judgment in full, in
14  addition to the $12.5 million in insurance coverage for this incident available. Instead, Plaintiffs
15  vaguely cite to other municipal bankruptcies, asserting that those municipalities could have made
16  the same showing as the County of Kern, in an attempt to speculate as to the future solvency of
17  County of Kern based on what has happened with other municipal entities. Yet plaintiffs point to
18  no evidence, nor is there evidence, that County of Kern is in financial crisis which would
19  substantiate their concerns. The fact that other municipalities have at other points in time declared
20  bankruptcy is irrelevant. There is no evidence that the County of Kern is plagued with financial
21  problems or is on the brink of bankruptcy. Rather, its economy is robust and fueled by its large
22  oil and gas industry.

## II. LEGAL ANALYSIS

### A. Rule 62 and Relevant Ninth Circuit Authority Allow for Reduced or Unsecured Bond

26  Plaintiffs urge the Court to reject Defendants' request to waive or reduce the requirement
27  of a bond, and argue that the text of Federal Rule of Civil Procedure 62 does not give the Court
28  the discretion to waive the bond, and "no Ninth Circuit case has granted or affirmed such relief."

Doc. No. 190, p. 1:10. The plaintiffs are wrong.

Rule 62(b) of the Federal Rules of Civil Procedures provides that: "At any time after judgment is entered, a party may obtain a stay by providing a bond <u>or other security</u>. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond <u>or other security</u>." Fed. R. Civ. P. 62(b) (emphasis added). Other security does not have to limited to cash deposited in the registry of the court or a bond, there are some cases that have included parties maintaining investment accounts and reporting quarterly to confirm a certain amount was maintained in that account. *Paskenta Band of Nomlaki Indians v. Crosby*, No. 215CV00538MCECMK, 2017 WL 4700031, at *3-*4 (E.D. Cal. Oct. 19, 2017).

In 2019, the Ninth Circuit granted a motion to stay and waived the requirement of a bond in *Parsons v. Ryan*. *Parsons*. *See* Gustafson Decl., Exh. A (June 3, 2019 Order from the Ninth Circuit Court of Appeals in *Parsons v. Ryan*, Nos. 18-16358, 18-16365, 18-16368) ("We WAIVE Federal Rule of Civil Procedure 62(b)'s bond requirement and STAY enforcement of the Judgment in a Civil Case, district court docket 2899, pending appeal. . . . ¶ In 18-16365, Defendants-Appellants' motion to stay the district court's Attorneys' Fees Order and Judgment is GRANTED. We WAIVE Federal Rule of Civil Procedure 62(b)'s bond requirement and STAY enforcement of the Judgment on Attorney Fees Costs, district court docket 2903, pending appeal.").

Moreover, in *Townsend v. Holman Consulting Corp.*, 881 F.2d 788 (9th Cir. 1989), the Ninth Circuit expressly stated that, "[w]hile the most common justification for allowing alternatives to a supersedeas bond is the financial hardship that the bond may impose on appellants, [citation], the district court has broad discretionary power to waive the bond requirement if it sees fit." *Id*. at 796-97. The plaintiffs dismiss this language as dicta and suggest that it should not be considered at all because the decision was vacated by a later *en banc* decision. However, the plaintiffs neglect to acknowledge that the later *en banc* decision did not change the panel's ruling relative to the Rule 62 issue.

In *Townsend*, the district court imposed Rule 11 sanctions against counsel for the plaintiffs after a lawsuit was filed and a motion to dismiss was granted. The plaintiffs appealed the sanctions

order and filed a motion for reconsideration of the sanctions order and a stay of their imposition pending appeal. *Id.*, at 791. The district court found that the subsequent motion for reconsideration also violated Rule 11 and imposed additional sanctions. *Id.* In the initial panel decision, the Ninth Circuit reversed both sanctions orders. Although the later *en banc* decision ultimately upheld the district court's initial sanctions order (reversing the panel's decision as to that issue), the *en banc* decision agreed with the panel's decision regarding the motion to stay imposition of the sanctions pending the appeal.

The Ninth Circuit – both in its panel decision and in the later *en banc* decision – found that the attorney did not engage in sanctionable conduct by asking the district court to stay the imposition of the sanctions pending the appeal without having to post a bond. *Id*. at 796-97 (panel decision); *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1145 (9th Cir. 1990) (*en banc*). In the *en banc* decision, the Ninth Circuit agreed with the panel, stating:

> The district court's rationale for finding the motion for a stay frivolous, however, was legally incorrect and therefore an abuse of discretion. [Citation.] In referring to Rule 62, the district court suggested that a stay could not be granted without the giving a supersedeas bond. See Fed. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."). However, we have held that the district court may permit security other than a bond. *International Telemeter v. Hamlin International Co.,* 754 F.2d 1492, 1495 (9th Cir. 1985).

*Id.*, at 1145.

There is sufficient authority–including Ninth Circuit authority–that supports stay of enforcement of the judgment against Defendants pending the appeal, without requiring Defendants to post a bond. *See Id.*; *Valenzuela v. City of Anaheim*, No. SACV1700278CJCDFMX, 2020 WL 10731248, at *1 (C.D. Cal. Apr. 20, 2020) (acknowledging that District courts have inherent discretionary authority in setting supersedeas bonds, including broad discretionary power to waive the bond requirement if they see fit); *Augustin v. Nassau County Sheriff's Dep't (In re Nassau County Strip Search Cases),* 783 F.3d 414 (2d Cir. 2015) (granting stay pending appeal, with waiver of supersedeas bond requirement, in case involving constitutionality of county's blanket policy of strip searching certain arrested individuals, where

1  county demonstrated existence of appropriated funds to pay judgments without substantial delay); *United States v. Certain Real & Personal Property Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991) (noting that bond requirement for stay pending appeal may be waived in court's discretion); *Kirby v. GE*, 210 F.R.D. 192 (W.D.N.C. 2001) (finding that Rule 62 does not preclude issuance of stay on basis of some lesser bond or of no bond at all); *Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755 (D.C. Cir. 1980) (recognizing that district Court does not abuse its discretion in granting stay on appeal without requiring supersedeas bond where documented net worth of judgment debtor who is long-time resident of district is 47 times amount of damage award); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190 (E.D. Va. 1999), *aff'd, Alexander v. Modrak*, 2 Fed. Appx. 298 (4th Cir. 2001), *aff'd, Al'Rashid v. Catoe*, 243 F.3d 535 (4th Cir. 2001) (noting that Rule 62 leaves unimpaired district court's inherent, discretionary power to stay judgments pending appeal on terms other than full supersedeas bond); *Wunschel & Small, Inc. v. United States*, 554 F. Supp. 444 (Cl. Ct. 1983) (same).

In fact, this Court as recently as January 17, 2025, indicated that "[c]ourts often grant unbonded stays in cases involving 'demonstrably solvent government entities.'" *Hackworth v. Arevalos*, No. 1:19-CV-01362-KES-CDB, 2025 WL 240832, at *4 (E.D. Cal. Jan. 17, 2025, *quoting Edmo v. Idaho Dep't of Corr.*, 2022 WL 17975984, at *6 n.9 (D. Idaho Dec. 28, 2022) (surveying cases).

B. **The *Dillon* Factors Apply and Weigh in Favor of Waiving or Reducing the Bond Requirement in this Case**

Plaintiffs ask the court to disregard the Seventh Circuit, numerous other courts throughout the country, and every district court within the Ninth Circuit and instead decline to follow the factors outlined by the Seventh Circuit in *Dillon* when determining whether to either waive the requirement of a bond entirely or to reduce the bond to an amount lower than the judgment. Plaintiffs claim that "there is no Ninth Circuit authority approving the analysis" and because it is purportedly "not supported by the language of [Federal Rules of Civil Procedure] Rule 62." Doc. No 190, p. 4:23-26. This argument lacks merit.

Indeed, the *Dillon* factors have been uniformly used by district courts within the Eastern District of California when determining whether to waive the requirement of a bond entirely or to set the bond at a lower amount. *See, e.g., Hackworth v. Arevalos,* No. 1:19-CV-01362-KES-CDB, 2025 WL 240832 (E.D. Cal. Jan. 17, 2025); *United States v. Schoenfeld*, No. 2:21-MC-0076 KJM DB, 2023 WL 170019 (E.D. Cal. Jan. 12, 2023); *Lampkin v. Cnty. of Sacramento*, No. 220CV01204JAMJDP, 2022 WL 17348378 (E.D. Cal. Nov. 30, 2022); *Est. of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035 (E.D. Cal. 2020) *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 210CV02414KJMKJN, 2019 WL 2715616 (E.D. Cal. June 28, 2019); *Paskenta Band of Nomlaki Indians v. Crosby*, No. 215CV00538MCECMK, 2017 WL 4700031 (E.D. Cal. Oct. 19, 2017); *C.B. v. Sonora Sch. Dist.*, 819 F. Supp. 2d 1032 (E.D. Cal. 2011), *rev'd and vacated sub nom. on other grounds C.B. v. City of Sonora*, 730 F.3d 816 (9th Cir. 2013), *on reh'g en banc*, 769 F.3d 1005 (9th Cir. 2014), and *aff'd in part, rev'd in part sub nom. C.B. v. City of Sonora*, 769 F.3d 1005 (9th Cir. 2014); *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.,* No. CIV. 2:11-1787 WBS, 2012 WL 1085535, at *2 (E.D. Cal. Mar. 30, 2012); and *United States v. Simmons*, No. CV F 96–5948 AWI DLB, 2002 WL 1477460 (E.D. Cal. May 14, 2002).

Plaintiffs cite to four Ninth Circuit cases for the proposition that the Ninth Circuit has rejected the *Dillon* factors in favor of the factors outlined by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See* Doc. No. 190, p. 4:27-5:11, *citing Al Otro Lado, Inc. v. Wolf*, 952 F.3d 999 (9th Cir. 2019); *Sierra Club v. Trump*, 929 F.3d 670 (9th Cir 2019); *Latta v. Otter*, 771 F.3d 496 (9th Cir 2014*); Lair v. Bullock*, 697 F.3d 1200, 1202 (9th Cir. 2012). None of these cases, however, apply to money judgments or even reference Rule 62; instead, they are all cases involving injunctive relief. *See Al Otro Lado*, 952 F.3d 999 (appeal from order enjoining enforcement of federal regulation regarding qualification for asylum); *Sierra Club*, 929 F.3d 670 (appeal from order enjoining president from appropriating funds to construct border wall); *Latta*, 771 F.3d 496 (appeal from order enjoining enforcement of laws against same-sex marriage); *Lair*, (appeal from order enjoining state of Montana from enforcing campaign contribution limits). Similarly, *Nken v. Holder*, 556 U.S. 418 (2009)–which Plaintiffs claim supports the notion that the *Hilton* factors should apply when assessing bonds under Rule 62–also involved injunctive

relief only (an alien's appeal of a removal order) and makes no reference at all to Rule 62. *Hilton*, itself, was a case involving injunctive relief (prison officials' appeal of order compelling release of inmate) and specifically cited to Rule 62(c), which is entitled, "Stay of an Injunction, Receivership, or Patent Accounting Order." *Hilton*, 481 U.S. at 776.

        The four factors the Supreme Court articulated in *Hilton* that should be analyzed when determining whether to stay an order for injunctive relief were: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776. Not unsurprisingly, these four factors track the showing required to obtain injunctive relief in the first place. *See Winter v. NRDC, Inc*., 555 U.S. 7, 22 (2008) (outlining four showings required for injunctive relief as: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) the balance of equities tips in the moving party's favor; and (4) injunctive relief is in the public interest).

        Plaintiffs taking the position that the *Hilton* test controls and not *Dillon*, urge the denial Defendants' motion "for that reason alone." Doc. No. 190, p. 5:12-13. Since this case involves an appeal from a money judgment and not injunctive relief, the *Hilton* factors do not apply and there was no need for Defendants to address those factors. As set forth in the moving papers and this reply, Defendants have demonstrated that the *Dillon* factors weigh in favor of either a complete waiver of the bond requirement or a reduction of the bond requirement.

        As outlined in the Declarations of Elsa Martinez and Lisa Dearmore, County has the ability to satisfy the full judgment from its general liability fund alone. Declaration of Elsa Martinez ("Martinez Reply Decl.") in Support of Reply, para. 5-9; Doc. No. 187-2 (Martinez Decl.), paras. 8 & 11; Declaration of Lisa Dearmore ("Dearmore Reply Decl."), paras. 3-6. In addition, the County is insured for this judgment, up to $12.5 million. Doc. No. 187-2 (Martinez Decl.), para. 8; Dearmore Decl., paras. 3-5. Moreover, the County is putting into place a fiscal mitigation strategy dedicated ensuring that the funds are approved and budgeted for this judgment, that will minimize impacts on County projects, programs, jail operations, criminal justice system

costs, and jobs that would otherwise by reduced or restricted if immediate payment were required of judgment in lieu of a bond or waiver of a bond. Martinez Reply Decl., paras. 6-9; Doc. No. 187-2, (Martinez Decl.), paras. 5-12. Otherwise, the process for payment of the judgment, should it come to that, is relatively straight forward, with payment being made within approximately 40 to 60 days once all the necessary information is received for payment[1]. *See* Martinez Reply Decl., para. 4.

Not all five of the *Dillon* factors have to be satisfied in order to be granted a waiver or reduction of the bond requirement. In fact, the fifth factor (whether the defendant is in such a precarious financial situation that the requirement to post a bond would place creditors of the defendant in an insecure position) tends to contradict the other four factors and does not apply to Defendants in this situation. Overall, the *Dillon* factors weigh in favor of either a complete waiver of the bond requirement or a reduction of the bond requirement.

### C. Deposit of Judgment Into Registry of Court Would be Impractical and a Punishment of Kern County Residents and Taxpayers

Plaintiffs argue that it makes little sense to allow a waiver of the bond requirement due to County's financial solvency and that County should just deposit the full judgment amount into registry of court. Doc. No. 190, p. 7:7-27. While the County does have the ability to do so, depositing in excess of $43 million, as Plaintiffs propose, in the immediate future without the ability to implement fiscal mitigations strategies, would effectively punish the tax payers of Kern County by delaying an important Public Safety Communication Project that supports public safety response through the 911 system, forcing hiring freezes, and a reduction in funding for jail operations and criminal justice system costs. *See* Martinez Reply Decl., paras. 6-9; Doc. No. 187-2, (Martinez Decl.), paras. 5-12. If County does not prevail on its post-trial motions or any related appeal, then County will pay the judgment, but the County does not want to do so at the expense of its residents and tax payers, which is why the County would like the ability to properly implement a fiscal mitigation strategy to avoid or limit any of the impacts on projects, services,

---

[1] Considering several of the plaintiffs are minors, they will need to comply with the provisions of Cal. Prob. Code § 3600, et seq.

1  programs, and jobs. *Id.*

2  Plaintiffs alternatively argue that County's insurance coverage for this incident should defeat Defendants' request for a waiver of a bond and imply that there is no reason an insured defendant should be excused from posting security. Doc. No. 190, pp. 11:24-12:1. Plaintiffs also go so far as to say there is no case that has ever held that an insured defendant or an insurance company are excused from posting security. Doc. No. 190, p. 12:3-4. This is inaccurate as the court in *Valenzuela v. City of Anaheim* waived the requirement for a bond taking note of the fact that the City had sufficient funds to satisfy the judgment from its general liability fund without needing to access its deep pool of insurance which provided $200 million in coverage per incident. *Valenzuela*, No. SACV1700278CJCDFMX, 2020 WL 10731248, at *2. Contrary to Plaintiffs' assertion, having insurance—by itself—is not a factor considered in determining whether to waive or reduce a bond requirement for staying enforcement of a judgment pending appeal.

### III. CONCLUSION

This Court should enter an order staying enforcement of the judgment pending appeal without requiring a bond or other security from Defendants. Requiring the City to post a supersedeas bond in the amount of $43,428,962.22 will cost the City upwards of $430,000 - $650,000 over the course of what is expected to be a two to three year appeal process, even if the City prevails on the appeal. Given the financial strength of the County of Kern, the plan that is being implemented to budget for the expense of the judgment, and the relatively straight forward nature of the payment process, the public interest would be far better served by waiving the bond requirement entirely. Alternatively, the Court should require a reduced bond amount for Defendants to obtain a stay of enforcement, and should extend the stay currently in place by an additional 45 days to procure such a bond.

Dated: June 6, 2025

WEAKLEY & ARENDT
A Professional Corporation

By: */s/ Brande L. Gustafson*
James D. Weakley
Brande L. Gustafson
Attorneys for Defendant, Deputy Jason Ayala

MARGO A. RAISON, COUNTY COUNSEL

By: */s/ Andrew C. Hamilton*
Marshall S. Fontes, Chief Deputy
Andrew C. Hamilton, Deputy
Kimberly L. Marshall, Deputy
Attorneys for Defendant County of Kern,
("erroneously sued as Kern County")