MARGO A. RAISON, COUNTY COUNSEL
Kimberly L. Marshall, Deputy (SBN 186838)
Andrew C. Hamilton, Deputy (SBN 299877)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
ahamilton@kerncounty.com
marshallkim@kercounty.com

Attorneys for Defendant County of Kern

James D. Weakley, Esq. (SBN 082853)
Brande L. Gustafson, Esq. (SBN 267130)
**WEAKLEY & ARENDT**
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
Jim@walaw-fresno.com
Brande@walaw-fresno.com

Attorneys for Defendant Jason Ayala

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEL ERICK LEWIS JR., individually and as successor-in-interest to MICKEL E. LEWIS, SR., ORIONA LEWIS; and BRIONA LEWIS, individually and as successor-in-interest,<br><br>Plaintiff,<br><br>vs.<br><br>KERN COUNTY, Deputy JASON AYALA, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 1:21-CV-00378-KES-CDB<br>*Consolidated with Case No. 1:21-CV-01352-DAD-JLT*<br><br>**DEFENDANTS COUNTY OF KERN AND JASON AYALA'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW (Fed.R.Civ.P. 50(b)) PURSUANT TO LOCAL RULE 230(m)(2)** |
| R.L., M.L., and H.L., minors, by and through guardian *ad litem* Roberta Haro, individually and as successors in interest to Michel Lewis Sr., deceased; A.W., a minor, by and through her guardian *ad litem* Alisha White, individually and as a successor in interest to Michel Lewis Sr., deceased; ALISHA WHITE, individually and as a successor in interest to Mickel Lewis Sr.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KERN; JASON AYALA; and DOES 1-10, inclusive,<br><br>Defendants. | Judge: Hon. District Judge Kirk E. Sherriff<br>Courtroom: 6<br>Date: June 16, 2025<br>Time: 1:30 p.m. |

Pursuant to Local Rule 230(m)(2), Defendants County of Kern and Jason Ayala hereby provide notice of supplemental authority. On May 15, 2025, after Defendants filed their Reply in

–1–

Defendants' Supplemental Authority on Renewed Motion for Judgment as a Matter of Law

Support of their Motion for Judgment as a Matter of Law (Fed. R. Civ. P. 50(b)), the Supreme Court issued its decision in the matter *Barnes v. Felix*, 145 S. Ct. 1353, 605 U.S. ___, (2025) (per curiam). In relevant part, the Supreme Court held, as it relates to Plaintiffs' claims of excessive force under the Fourth Amendment:

> That inquiry into the reasonableness of police force requires analyzing the "totality of the circumstances." *Id.*, at 427–428, 137 S.Ct. 1539; *Garner*, 471 U.S., at 9, 105 S.Ct. 1694. There is no "easy-to-apply legal test" or "on/off switch" in this context. *Scott v. Harris*, 550 U.S. 372, 382–383, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). Rather, the Fourth Amendment requires, as we once put it, that a court "slosh [its] way through" a "factbound morass." *Id.*, at 383, 127 S.Ct. 1769. Or said more prosaically, deciding whether a use of force was objectively reasonable demands "careful attention to the facts and circumstances" relating to the incident, as then known to the officer. *Graham*, 490 U.S., at 396, 109 S.Ct. 1865. For example, the "severity of the crime" prompting the stop can carry weight in the analysis. *See ibid.*; *Garner*, 471 U.S., at 11, 105 S.Ct. 1694. So too can actions the officer took during the stop, such as giving warnings or otherwise trying to control the encounter. *See id.*, at 12, 105 S.Ct. 1694; *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015). And the stopped person's conduct is always relevant because it indicates the nature and level of the threat he poses, either to the officer or to others. *See ibid.*; *Graham*, 490 U.S., at 396, 109 S.Ct. 1865.
>
> Most notable here, the "totality of the circumstances" inquiry into a use of force has no time limit. Of course, the situation at the precise time of the shooting will often be what matters most; it is, after all, the officer's choice in that moment that is under review. But earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones. Or as the Federal Government puts the point, those later, "in-the-moment" facts "cannot be hermetically sealed off from the context in which they arose." Brief for United States as Amicus Curiae 14. Taking account of that context may benefit either party in an excessive-force case. Prior events may show, for example, why a reasonable officer would have perceived otherwise ambiguous conduct of a suspect as threatening. Or instead they may show why such an officer would have perceived the same conduct as innocuous. The history of the interaction, as well as other past circumstances known to the officer, thus may inform the reasonableness of the use of force.

*Barnes*, *supra*, at 1358.

Dated: June 6, 2025                                    Respectfully Submitted,

                                          MARGO A. RAISON, COUNTY COUNSEL

                                          By: /s/ Kimbery L. Marshall
                                              Kimberly L. Marshall, Deputy
                                              Andrew C. Hamilton, Deputy
                                              Attorneys for County of Kern

                                          WEAKLEY & ARENDT, APC

                                          By: /s/ Brande L. Gustafson
                                              James D. Weakley, Esq.
                                              Brande L. Gustafson, Esq.
                                              Attorneys for Jason Ayala